The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY BROWN,<br>    individually and on behalf of all other persons similarly situated;<br><br>            Plaintiffs,<br><br>    vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>            Defendants. | CASE NO. 2:20-cv-00680-RSL<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION TO REMAND & REQUEST FOR LIMITED DISCOVERY**<br><br>Note for Motion Calendar:<br><br>June 12, 2020 |

Plaintiff Tommy Brown, by his undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), files this motion to extend his time to file a Motion to Remand this action to the King County Superior Court and to pursue limited discovery to identify the citizenship of certain defendants, and in support states the following:

1. Plaintiff Tommy Brown initiated this action on April 6, 2020 in the Superior Court for King County, Washington.

2. The Defendants removed the action to this Court on May 5, 2020 based on complete diversity jurisdiction between the Plaintiff and all Defendants. (ECF. 1 at pg. 4). However, the Notice of Removal did not identify enough information to determine the citizenship of Defendants National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate

MOTION FOR EXTENSION OF TIME TO FILE
MOTION TO REMAND - 1

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 (collectively, "the NCSLTs"). *Id.*

3. Thereafter, the Defendants each submitted to the Court corporate disclosure statements identifying their parent company and affiliates as required by FED. R. CIV. P. 7.1(a). Several of the Defendants have also amended their corporate disclosure statements. However, none of the Trusts named the identities or locations of their beneficiaries in those FED. R. CIV. P. 7.1(a) notices.[1]

4. The NCSLTs are each a Delaware statutory trust. Com. at ¶ 9. *See also* ECF No. 25 ("…each NCSLT is a Delaware Statutory Trust, 12 Del. C. § 3801, *et seq.*").

1. The Ninth Circuit has identified additional "considerations to analyze when defining a trust," including "the nature of the trust as defined by the applicable state law, whether the trust has or lacks juridical person status, whether the trustee possesses real and substantial control over the trust's assets, and the rights, powers, and responsibilities of the trustee, as described in the controlling agreement." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229–30 (9th Cir. 2019).

1. Several courts have recognized that Delaware statutory trusts are a relatively new corporation form. *Dargahi v. Hymas*, No. 05 CIV. 8500 BSJ, 2008 WL 8586675, at *4 (S.D.N.Y. Oct. 15, 2008), *aff'd sub nom. Dargahi v. Honda Lease Tr.*, 370 F. App'x 172 (2d

---

[1] It should be noted that LCR 7.1 also goes further and only excludes individuals or sole proprietorships from the corporate disclosure requirements in this Court.

MOTION FOR EXTENSION OF TIME TO FILE
MOTION TO REMAND - 2

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

Cir. 2010)("Because a Delaware statutory trust is so similar to a corporation, the Court applies Delaware law governing the domicile of a corporation to determine [a Delaware statutory trust's] domicile"); *Cox on Behalf of ING Glob. Real Estate Fund v. ING Investments LLC*, 47 F. Supp. 3d 209, 211 (D. Del. 2014)("In the court's view, a statutory trust is an analogous artificial entity to a corporation. Therefore, the framework for analyzing the proper venue for a corporation is applicable to the Delaware statutory trust at issue in this case").

2. A "statutory trust" is also an unincorporated association. Del. Code Ann. tit. 12, § 3801(g). Any owner of a beneficial interest in a statutory trust is known as a "beneficial owner." *Id.* § 3801(a). As a statutory business trust, the proper calculus for determining diversity jurisdiction is the citizenship of each of the members or beneficiaries of the trust. *Ventures Tr. 2013-I-H-R Shores Villas Condominium Ass'n, Inc.*, No. 16-21677-CIV, 2016 WL 4542160, at *2 (S.D. Fla. Aug. 31, 2016). See also *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 227 (S.D.N.Y. 2013).

3. Until the NCSLTs identify their beneficiaries and locations of each beneficiary, the information as to whether there is in fact complete diversity has been concealed from the Court and from the Plaintiff.

4. In light of the above, Plaintiff is seeking an extension of time to file a Motion to Remand for a period of ninety days. Plaintiff also seeks leave of the Court to conduct limited, jurisdictional discovery of the NCSLTs to determine and identify each of their beneficiaries and the locations of the beneficiaries.

5. Pursuant to LCR 7(j), Plaintiff has sought consent from the Defendants for the relief requested in this motion and the Defendants have not responded.

MOTION FOR EXTENSION OF TIME TO FILE
MOTION TO REMAND - 3

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

6. Plaintiff asked for the Defendants' consent to this motion on June 3, 2020, but Defendants are unable to indicate their response, and instead have asked Plaintiff if he intends to move to remand. Plaintiff does not have enough information to move to remand because the Trusts have not properly identified their citizenship as required by parties seeking this Court's limited jurisdiction. Therefore, Plaintiff's requested relief herein is necessary and appropriate.

DATED 3rd of June, 2020.

_/s/ Christina L Henry_
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com.

_/s/ Scott C. Borison_
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

_/s/ Phillip R. Robinson_
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

MOTION FOR EXTENSION OF TIME TO FILE
MOTION TO REMAND - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

CERTIFICATE OF SERVICE

I, Christina L Henry, declare as follows:

I am a citizen of the United States and of the State of Washington, over the age of 21 years, not a party to the above-entitled action and competent to be a witness.

On June 3, 2020, I caused to be served a Joint Status Report and Discovery Plan electronically via USDC court system CM/ECF:

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of June 2020, at Bothell, Washington.

                                            */s/ Christina L Henry*
                                            Christina L Henry

MOTION FOR EXTENSION OF TIME TO FILE
MOTION TO REMAND - 5

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609