# Exhibit A

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>Defendants. | No. 2:20-cv-00680-RSL<br><br>[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION |

TO:      THE CLERK OF THE COURT

AND TO:      PLAINTIFF, NAMED ABOVE, AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT defendants, Transworld Systems Inc. ("TSI"), Patenaude & Felix, APC ("P&F"), U.S. Bank National Association ("U.S. Bank"), National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 (collectively, "the Trusts," and together with TSI, P&F, and U.S. Bank, "Defendants") hereby jointly remove to this Court the state court action described below pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and as grounds for their

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

removal state as follows:

## I. STATEMENT OF THE CASE

1. On April 6, 2020, plaintiff, Tommy Brown, filed a putative class action complaint (the "Complaint") in King County Superior Court entitled *Tommy Brown, on their behalf and on behalf of other similarly situated persons v. Transworld Systems, Inc., et al.*, Case No. 20-2-07499-3 SEA (the "State Court Action"). A copy of the Complaint, together with exhibits, is attached as **Exhibit A** hereto.

2. TSI became aware of the Complaint on or about April 6, 2020.

3. P&F became aware of the Complaint on or about April 23, 2020.

4. U.S. Bank became aware of the Complaint on or about April 21, 2020.

5. The Trusts became aware of the Complaint on or about April 6, 2020.

6. The Complaint purports to assert six causes of action, including: (1) Civil Conspiracy to violate the Washington Consumer Protection Act; (2) violations of the Washington Collection Agency Act; (3) violations of the Washington Consumer Protection Act; (4) per se violations of the Washington Consumer Protection Act based on per se violations of the Fair Debt Collection Practices Act; (5) injunctive relief; and (6) Invasion of Privacy.

7. Plaintiff purports to bring each of his claims on behalf of himself as well as a putative class.

8. Plaintiff seeks various relief for himself and on behalf of the putative class, including: (1) actual damages "in an aggregated amount in excess of $75,000.00 for the Plaintiff"; (2) actual damages for the putative class in an unspecified amount; (3) punitive damages in an unspecified amount; (4) "costs, including attorney fees, pursuant to the Washington Consumer Protection Act"; (5) "treble damages, pursuant to RCW 19.86.090"; (6) injunctive relief; and (7) "such other and further relief as may be appropriate and proper."

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II.     FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

9.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because plaintiff's claim of a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., as a per se violation of the Washington Consumer Protection Act arises under Federal Law and "turn[s] upon the substantial federal question" of whether Defendants violated federal law. *See Burr v. Volkswagen Grp. of Am., Inc.*, No. C16-0073-JCC, 2016 WL 6075575, *1 (W.D. Wash. Mar. 8, 2016).

10.     Specifically, plaintiff alleges violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

## III.    DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

11.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because there is (1) complete diversity of citizenship between plaintiff and Defendants; and (2) more than $75,000, exclusive of interest and costs, at stake.

12.     Plaintiff alleges he is a citizen of Washington State.

13.     Plaintiff purports to assert claims on behalf of a putative class of Washington State citizens.

14.     TSI is not a citizen of Washington because it is a California Corporation with its principal place of business in the State of Illinois.

15.     P&F is not a citizen of Washington because it is a California Professional Corporation with its principal place of business in the State of California.

16.     U.S. Bank is not a citizen of Washington because it is a National Banking Association with its main office in the State of Ohio and principal place of business in the State of Minnesota.

17.     The Trusts are not citizens of Washington because they are Delaware Statutory Trusts whose beneficial owners are not citizens of Washington. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014, 194 L. Ed. 2d 71 (2016) (unincorporated business trust

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

possesses the citizenship of its beneficiaries). The respective Trusts are each owned by NC Owners LLC and Pathmark Associates, LLC, which are the only two entities to which the respective Trusts have issued Trust Certificates pursuant to their respective Trust Agreements.

18. The Trusts' beneficial owner NC Owners LLC (formerly known as The National Collegiate Funding LLC) is a Delaware limited liability company whose only member is NC Residuals Owners Trust.

    a. NC Residual Owners Trust is a Delaware statutory trust whose sole beneficial owner is VCG Owners Trust.

    b. VCG Owners Trust is a Delaware statutory trust whose sole beneficial owner is VCG Securities, LLC.

    c. VCG Securities, LLC is a Florida limited liability company whose sole member is VCG Securities Holdings, Inc.

    d. VCG Securities Holdings, Inc. is a Delaware corporation which has a principal place of business in Delray Beach, Florida.

19. The Trusts' beneficial owner Pathmark Associates, LLC is a Delaware limited liability company whose sole member is CECE and Co. Ltd.

    a. CECE and Co. Ltd., LLC, is a Delaware limited liability company whose sole member is Highland Undertakings, LLC, a Nevis limited liability company.

    b. Highland Undertakings, LLC has two individual members. Each member is a foreign citizen who is not a citizen of the United States or the State of Washington.

20. Therefore, there is complete diversity between plaintiff, including the putative class, and Defendants in this action.

21. Plaintiff seeks actual damages "in an aggregated amount in excess of $75,000.00 for the Plaintiff." Thus, over $75,000 is in controversy, and the jurisdictional amount of 28 U.S.C. § 1332(a) is satisfied.

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**IV.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

22.    This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there exists minimum diversity between the parties; (2) the number of putative class members exceeds 100; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

23.    Minimum diversity pursuant to CAFA exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

24.    Plaintiff alleges he is a citizen of Washington State.

25.    TSI is not a citizen of Washington because it is a California Corporation with its principal place of business in the State of Illinois.

26.    Therefore, there is minimum diversity pursuant to CAFA.

27.    Plaintiff defines the putative class as "Those persons in the State of Washington whom the trusts have communicated with, directly or indirectly, for the purpose of collecting a purported student loan owned by a Trust since April 3, 2016."

28.    Plaintiff alleges, as a basis for the numerosity of the putative class, that "NCSLT Trusts have sued thousands of consumers nationwide, including hundreds of cases in Washington by P&F and Transworld."

29.    From April 3, 2016 through April 6, 2020, when the State Court Action was filed, more than 700 residents of the State of Washington were communicated with directly or indirectly relating to a defaulted student loan owned by one of the Trusts. *See* Declaration of Bradley Luke, attached hereto as **Exhibit B**[1], at ¶ 5.

30.    Accordingly, plaintiff alleges a putative class with members exceeding 100.

31.    Additionally, plaintiff alleges, as a question of law and fact common to the putative class, "[W]hether the Defendants filed and served lawsuits without standing or ownership of the alleged debt." As the basis for his claims that Defendants' lacked ownership of the student loans,

---

[1] Exhibit B was filed with the original Notice of Removal and is Dkt. # 2.

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

plaintiff alleges "[n]o entity has the Loan Schedules and thus these loans are completely uncollectable."

32. Plaintiff therefore alleges the student loans owned by the Trusts in the State of Washington are uncollectable.

33. Furthermore, plaintiff seeks broad based injunctive relief "which would enjoin Defendants from collecting debts in the manner described above from the Plaintiff and Class members and from any other person similarly situated." In other words, plaintiff seeks an injunction prohibiting the collection of all Trust loans in the State of Washington.

34. As of the filing of the State Court Action on April 6, 2020, the outstanding loan balances owed by the individuals referenced in ¶ 27 exceeds $23,000,000. *Id.* at ¶ 6.

35. Plaintiff seeks an order finding that the Trusts do not own these loans and that they are "completely uncollectable." Such a result would effectively release all of the borrowers of those loans from any liability thereon in a windfall exceeding $73,000,000.

36. Thus, minimum diversity exists between the parties, the membership of the putative class exceeds 100, and the amount in controversy exceeds $5,000,000; therefore, this Court has jurisdiction under CAFA.

## V. PROCEDURAL REQUIREMENTS

37. Because the State Court Action was filed on April 6, 2020 and no defendant had been properly served as of the filing of the original Notice of Removal, removal was timely pursuant to 28 U.S.C. 1446(b).

38. A copy of this Amended Notice of Removal is being served upon plaintiff and will be filed in the State Court Action.

39. The State Court Action is located within the Western District of Washington. Therefore, venue for purposes of removal is proper because the United States District Court for the Western District of Washington embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

40. Defendants choose to remove this action to the Seattle Division of this Court because plaintiff's claims arose in King County. Compl. ¶ 33.

41. Removal of the State Court Action is therefore proper under 28 U.S.C. §§ 1441 and 1446..

## VI.   CONCLUSION

By this Amended Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

Dated: August 28, 2020

CORR CRONIN LLP

Emily J. Harris, WSBA No. 35763
Benjamin C. Byers, WSBA No. 52299
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
eharris@corrcronin.com
bbyers@corrcronin.com

SESSIONS, FISHMAN, NATHAN & ISRAEL

Bryan C. Shartle, *Pro Hac Vice*
Justin H. Homes, *Pro Hac Vice*
Bradley J. St. Angelo, *Pro Hac Vice*
Lakeway Two
3850 North Causeway Boulevard, Suite 200
Metairie, LA 70002-7227
(504) 828-3700 Phone
(504) 828-3737 Fax

*Attorneys for Transworld Systems Inc.*

PERKINS COIE

Kristine E. Kruger, WSBA No. 44612
Thomas N. Abbott, WSBA No. 53024
**Perkins Coie LLP**

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KKruger@perkinscoie.com

*Attorneys for Defendants U.S. Bank National Association, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust*

JONES DAY

_____

Albert J. Rota, *Pro Hac Vice*
Dan Syed, *Pro Hac Vice*
2727 North Harwood St.
Dallas, TX 75201

*Attorneys for U.S. Bank National Association*

LEE SMART P.S., INC.

_____

Marc Rosenberg, WSBA No. 31034
1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

*Attorney for Patenaude & Felix, APC*

[PROPOSED] AMENDED NOTICE OF REMOVAL OF ACTION (No. 2:20-cv-00680-RSL) –8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000