THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al*.,<br><br>Defendants. | Case No.: No. 2:20-cv-00680-RSL<br><br>PLAINTIFF'S COMBINED MOTION TO REMAND, OPPOSITION TO DEFENDANTS' MOTION TO AMEND NOTICE OF REMOVAL (ECF. 59), AND MOTION FOR AN ORDER REQUIRING THE NCSLT DEFENDANTS' ATTORNEYS TO SHOW AUTHORITY TO REPRESENT THE NCSLT DEFENDANTS<br><br>NOTE ON MOTION CALENDAR:<br><br>**October 16, 2020** |

Plaintiff Tommy Brown ("Brown"), by his undersigned attorneys, respectfully submits this motion under 28 U.S.C. § 1447(c), and moves the Court to remand, all or part of, this action to the Superior Court of the State of Washington in and for the County of King.[1]

Because certain other issues have arisen in these and other recent proceedings and public actions involving the Defendants around the country which relate to the issue of whether this

---

[1] While Plaintiff has no concerns having his claims adjudicated in this Court, neither he nor the Defendants may confer on this Court subject matter jurisdiction by consent or inaction. Brown brings this combined motion and opposition now at this early stage to avoid any later, collateral challenges and to save time and resources for the Court and the Parties.

PLAINITFF'S COMBINED MOTION - 1

action was properly removed to and should remain in this Court, Brown also in this paper (i) opposes Defendants' Motion to Amend Notice of Removal (ECF 59) and (ii) moves for an Order of the Court requiring counsel for the NCSLT Trust Defendants[2] at Perkins Coie, including Kristine E. Kruger and Thomas N. Abbott, "to produce or prove the authority under which he or she appears" pursuant to Wash. Rev. Code Ann. § 2.44.030.

As explained in the accompanying memorandum in support of this combined motion and opposition, Defendants have failed to carry its burden establishing that this Court has subject matter jurisdiction under either basis stated in its original Notice of Removal: (i) 28 U.S.C. § 1331 (federal question jurisdiction)(ECF. 1 at ¶¶ 9-10), (ii) 28 U.S.C. § 1332(a)(general diversity jurisdiction)(ECF. 1 at ¶¶ 11-19), or (iii) the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA")(ECF. 1 at ¶¶ 20-34).

The Defendants effort to convert state law claims into federal question jurisdiction has been repeatedly rejected by the Courts. The claims of diversity jurisdiction rests on improperly aggregating the claims of the plaintiff and class members to meet the jurisdictional amount required for diversity jurisdiction. Finally, the assertion that jurisdiction can be established under CAFA also cannot be sustained.

Aware of these defects, the Defendants have untimely sought to amend their Notice of Removal to add purported jurisdictional facts that were known to them at the time of removal but concealed from the Plaintiff and the Court for 128 days. ECF. 59-1. More importantly, the amendment sought does not cure the defects in the removal since the Defendants fail to disclose

---

[2] These Defendants include National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 ("NCSLT Trusts")

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

to the Court, the plaintiff and the public the identifies of all persons who have an interest in this litigation including two beneficial owners of the NCSLT Trusts saying nothing more than there are "two individual members…who is a foreign citizen who is not a citizen of the United States or the State of Washington. ECF. 59-1 at ¶ 19(b). By failing to disclose the identities of the purported 'foreign citizens' who have an ownership of the NCSLT Trusts, the Defendants' cannot meet their burden to show the removal of this action falls within this Court's limited jurisdiction.

Also, as explained in the accompanying memorandum there is pending litigation as to who has authority to manage the NCSLT Trusts. *In re Nat'l Collegiate Student Loan Trusts Litig.*, No. CV 12111-VCS, 2020 WL 5049402, at *1-3 (Del. Ch. Aug. 27, 2020)("The key constituents of [the Trusts] cannot agree on how the [T]rusts should be governed or how they should operate…[and has] "left the Trusts in a state of near paralysis….[where] [t]hird parties interacting with the Trusts cannot determine who actually speaks for the Trusts and who has authority to bind the Trusts"). In light of the issues concerning the management of the NCSLT Trusts, it is unclear whether counsel in this action is truly authorized to act on behalf of the NCSLT Trust Defendants.  If counsel were not properly authorized to act on behalf of the Trusts at the time of removal, removal was improper.

Based on the foregoing this case should be remanded to the state court.

In the alternative, if the Court believes Defendants' Notice of Removal is not defective on its face as to whether CAFA jurisdiction exists and the Defendants properly consented to removal by persons actually authorized to make that decision and the time to properly amend it has not passed, Brown challenges the assertions made by Defendants for CAFA jurisdiction and seeks by separate motion file contemporaneously with this motion, for leave to conduct limited jurisdictional discovery to obtain evidence to support or decline the Court's CAFA jurisdiction pursuant to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

(2014).

Based on this alternative relief, Plaintiff requests leave to supplement this motion if necessary and/or appropriate.

Respectfully submitted this September 21, 2020.

| HENRY & DEGRAAFF, P.S. | CONSUMER LAW CENTER, LLC |
|---|---|
| By: /s/ Christina L. Henry<br>Christina L. Henry, WSBA No. 31273<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Telephone: 206.330.0595<br>Facsimile: 206.400.7609<br>chenry@HDM-legal.com | By: /s/ Phillip Robinson<br>Phillip Robinson, *Pro Hac Vice*<br>8737 Colesville Road, Suite 308<br>Silver Spring, MD 20910<br>phillip@marylandconsumer.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

BORISON FIRM, LLC

By: /s/ Scott Borison
Scott Borison, *Pro Hac Vice*
1900 S. Norfolk St., Suite 350
San Mateo, CA 94403
scott@borisonfirm.com

*Counsel for Plaintiff*

PLAINITFF'S COMBINED MOTION - 4

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609