THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>     Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>     Defendants. | Case No.:  No. 2:20-cv-00680-RSL<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COMBINED MOTION TO REMAND, OPPOSITION TO DEFENDANTS' MOTION TO AMEND NOTICE OF REMOVAL (ECF. 59), AND MOTION FOR AN ORDER REQUIRING THE NCSLT DEFENDANTS' ATTORNEYS TO SHOW AUTHORITY TO REPRESENT THE NCSLT DEFENDANTS<br><br>NOTE ON MOTION CALENDAR:<br><br>**October 16, 2020** |

Plaintiff Tommy Brown ("Brown"), by his undersigned attorneys, respectfully submits this memorandum of law in support of his (i) motion under 28 U.S.C. § 1447(c) to remand, all or part of, this action to the Superior Court of the State of Washington in and for the County of King, (ii) opposition to the Defendants' Motion to Amend Notice of Removal (ECF. 59), and (iii) motion for an Order of the Court requiring counsel for the NCSLT Trust Defendants[1] at

---

[1] These Defendants include National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 ("NCSLT Trusts")

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

Perkins Coie, including Kristine E. Kruger and Thomas N. Abbott, "to produce or prove the authority under which he or she appears" pursuant to Wash. Rev. Code Ann. § 2.44.030. In support of this combined motion and opposition, Brown says:

## I.      INTRODUCTION AND BACKGROUND

Brown filed his Class Action Complaint in the Superior Court of the State of Washington in and for the County of King. Defendants filed a Notice of Removal to this court. (ECF 1-2) None of the grounds stated in the removal apply because (i) there is no Federal claim or cause of action in this case, (ii) the amount in controversy does not meet the requirement for diversity jurisdiction, and (iii) the action does not qualify for this Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

The Defendants have also failed to meet their burden to identify and publicly disclose to the Court the (i) identities and (ii) principal place of business of each of the Defendants' members or beneficial owners to determine if complete diversity exists.

Instead, the Defendants conceal the identities of the NCSLT Trusts' beneficial owners from the Court, the Plaintiff, and the public. The Defendants only say the beneficial owners of the NCSLT Trusts include "two individual members…who is a foreign citizen who is not a citizen of the United States or the State of Washington. ECF. 59-1 at ¶ 19(b). The requirement of public disclosure of the identity of the persons to show jurisdiction was explained in *Smith v. Westminster Mgmt., LLC*, No. CV JKB-17-3282, 2018 WL 572867, at *6 (D. Md. Jan. 26, 2018):

> The other members themselves may wish to keep their identities private, but such desires are not sufficient to overcome the presumption of access. Two other district courts dealt with similar concerns by LLC members and determined that such concerns were not sufficient countervailing interests. *See 3376 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, No. 3:14-CV-632-J-34PDB, 2014 WL 12621574 (M.D. Fla. Aug. 25, 2014); *Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967 (E.D. Wis. 2013). In *3376 Lake Shore*, the plaintiff LLC wished to file what was essentially a removal statement under seal, arguing that its members wished to remain private and their identities were "not central to the merits of the case." 2014 WL 12621574, at *2 (internal quotation marks omitted). The court found that the plaintiff had not "articulated a legitimate privacy interest in the members' identities and its preference that the identities remain private [was] not a valid reason to overcome the presumption of public access." *Id.* Similarly, in *Signicast*, a plaintiff LLC moved to

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S COMBINED MOTION - 2

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

seal "certain documents in the record having to do with [its] ownership structure," and "[t]he only reason given for keeping this information secret [was] that the various individuals and entities ... prefer[red] to not have their identities disclosed." 920 F. Supp. 2d at 970. This was not a "valid reason for removing documents that influence or underpin a judicial decision from the public record in civil litigation." *Id.* (citing *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545-47 (7th Cir. 2002)).

To be sure, the parties seeking to seal their removal statements in *3376 Lake Shore* and *Signicast* were plaintiffs, who had sought to initiate litigation and not, as here, defendants who are subject to it. But that distinction is not particularly important. Both the plaintiffs in *3376 Lake Shore* and *Signicast* and the Defendants here chose to avail themselves of federal jurisdiction on the basis of diversity of citizenship—either by filing a suit in federal court or through removal—and knew (or should have known) that doing so would require an exposition of their members for the purpose of determining citizenship. Furthermore, the members of an LLC are not unsuspecting bystanders caught in the litigational crossfire when the LLC is hauled into court. Rather, under the law, these "remote disinterested investors/families" comprise the parties in this case. *See Carden*, 494 U.S. at 195-96 ("[D]iversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members." (internal quotation marks omitted)). But even were the Court to view these members (and their members, and so forth) as remote entities unfairly snagged in this litigation, that sympathetic treatment would not tip the scales in their favor on the issue of access.

*See also Smitherman v. Bayview Loan Servicing, L.L.C.*, 675 F. App'x 428, 429 (5th Cir. 2017)(recognizing that the identities of all sub-members of an LLC must be identified to determine diversity); *Tylt, Inc. v. Wireless Advocates, LLC*, No. C19-0646JLR, 2020 WL 1286174, at *1 (W.D. Wash. Mar. 18, 2020)(same); *Sirousian v. KinderCare Learning Centers LLC*, No. 2:19-CV-00072-TSZ, 2019 WL 1306413, at *1 (W.D. Wash. Mar. 22, 2019)(same).

Disclosure of the identity of the owners is also required under Fed. R. Civ. P. 7.1. It is necessary for the Court, the parties, and the public to know if any potential or actual conflicts of interest exist in the action. Here, the Defendants' failure to disclose of all of the NCSLT Trusts' beneficial owners defeats the public disclosure requirement for every other party seeking to acquire this Court's limited jurisdiction and there is no way to know if any potential or actual conflict exists. Absent proper disclosure, this action should be remanded to the state court.

Finally, in light of recent rulings in related action concerning the NCSLT Trusts, it is not clear to Tommy Brown that counsel representing the NCSLT Trusts in this action were retained by the persons actually authorized to manage the affairs of the NCSLT Trusts. If in fact, unauthorized persons engaged the NCSLT Trusts' counsel in this action, then removal of this

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

action was not consensual, and it should be remanded to the state court. In light of these public facts and findings of law concerning the NCSLT Trusts, this Court should Order counsel for the NCSLT Trusts pursuant Wash. Rev. Code Ann. § 2.44.030 to identify who retained them as counsel and whether that person(s) had the authority to act upon the NCSLT Trusts to do so.

In sum, by their removal, the Defendants are asking this Court to exercise jurisdiction over an entire class of small-dollar, state law claims without showing the action falls within this Court's limited jurisdiction.

## II.  STANDARD OF REVIEW

Brown is entitled to the benefit of any doubts with respect to removal, and the Defendants have a very heavy burden to meet the requisites of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)("We strictly construe the removal statute against removal jurisdiction. (citations omitted). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") See also *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). *See also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim….[R]emoval statutes are construed narrowly: where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

### A.  Standard of Review for Removal under Federal Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. "This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Federal jurisdiction pursuant to 28 U.S.C.A. § 1331 may also exist in a limited, narrow number of other circumstances beyond the actual causes of action before the Court. In *Merrill*

MEMORANDUM OF LAW IN SUPPORT OF
PLAINITFF'S COMBINED MOTION - 4

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

*Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) the Court recognized that

> even when "a claim finds its origins" in state law, there is "a special and small category of cases in which arising under jurisdiction still lies."…As this Court has explained, a federal court has jurisdiction of a state-law claim if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance" of federal and state power.

*Id.* (citations omitted).

> However, a federal question is not "necessarily" raised under § 1331 unless it is essential to resolving a state-law claim, meaning that "*every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon*, 369 F.3d at 816. If, on the other hand, each of the Burrells' claims is supported by a state-law theory that does not require recourse to federal law, then that claim does not "arise under" federal law — even if the Burrells have alleged an alternative federal-law theory that also could prove liability. *See Pressl*, 842 F.3d at 304; *Flying Pigs*, 757 F.3d at 182. In other words, so long as "even one theory" for each of the Burrells' claims does *not* require "interpretation of federal law," resolution of the federal-law question is not necessary to the disposition of their case. *Pressl*, 842 F.3d at 304.

*Burrell v. Bayer Corp.*, 918 F.3d 372, 383 (4th Cir. 2019).

Multiple courts have rejected efforts to expand federal question jurisdiction to every state law claim that references or partially relies upon the portions of Fair Debt Collection Practices Act for liability under the state causes of action. *See e.g. Olson v. Wells Fargo Bank, N.A.*, 961 F. Supp. 2d 1149, 1150 at FN 2 (C.D. Cal. 2013)(rejecting notion of federal question jurisdiction based on violations of state law which incorporate the FDCPA); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS VBKX, 2011 WL 977819, at *2 (C.D. Cal. Mar. 18, 2011)(collecting cases under California law based on violations of the FDCPA do not created federal question jurisdiction); *Ghalehtak v. Fay Servicing, LLC*, No. 18-CV-02306-PJH, 2018 WL 2553570, at *1 (N.D. Cal. June 4, 2018)(same). *Compare Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir. 1999)("a state cannot expand federal jurisdiction by deciding to copy a federal law. David P. Currie, *Federal Jurisdiction in a Nutshell* 101–02 (3d ed.1990). If it incorporates federal law into state law and then gets the federal law wrong, it has made a mistake of state law"); *Cherry v. One Stop Auto Parts, Inc.*, No. CV RDB-18-3054, 2019 WL 2164096, at *4

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

(D. Md. May 17, 2019) ("Courts have found that alleging a violation of a state statute that incorporates the Truth in Lending Act does not create a substantial federal question").

### B.   Standard of Review for Removal under Diversity Jurisdiction

If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to Gaus's claim, which is governed by Nevada Rule of Civil Procedure 8(a), then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 9th Cir. 1992)

The amount in controversy requirement cannot be met by aggregating the claims of the plaintiffs. "In general, a removing defendant may not aggregate the claims of multiple plaintiffs or class members to satisfy the amount-in-controversy requirement. *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943 (9th Cir.2001)." *Body Recovery Clinic LLC v. Concentra, Inc.*, 2014 WL 651981, at *3 (W.D.Wash.,2014)

### C.   Standard of Review for Removal under CAFA

CAFA confers federal jurisdiction over class actions in which (a) any class member is a citizen of a State different from any defendant, (b) there are 100 or more members in the putative class, and (c) the amount in controversy exceeds $5 million exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

The defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged. *Rodriguez,* 728 F.3d at 981. In light of *Standard Fire,* 133 S.Ct. at 1350, this rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million. *Rodriguez,* 728 F.3d at 981. The parties may submit evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997) (internal quotation marks omitted). Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture.

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The determination of this issue may require further proceedings. *Ibarra*, 775 F.3d at 1200, FN 5.  And the Supreme Court noted that the legislative history set forth that discovery may be needed. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 574

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

U.S. 81, 89 (2014)("Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H.R.Rep. No. 112–10, p. 16 (2011).")

## III.   ARGUMENT

### A.   The Defendants are Not Permitted to Acquire and Maintain this Court's Subject Matter Jurisdiction Without Providing the Identities of all the Sub-Members of the NCSLT Trusts

The Defendants have failed to identify the identities of all sub-members of the NCSLT Trusts. Instead, they merely claim the ultimate beneficial owners of the NCSLT Trusts to include "two individual members…who is a foreign citizen who is not a citizen of the United States or the State of Washington." ECF. 59-1 at ¶ 19(b). As the parties claiming this Court's subject matter jurisdiction, the Defendants must comply with the Federal Rules of Civil Procedure and this Court's rules. Having failed to identify the purported foreign citizens, who are allegedly the ultimate owners of the NCSLT Trusts, the Defendants are not entitled to maintain this Court's jurisdiction.[2] The public, the parties, and the Court have a right to know the identities of the individuals so the conclusory representations can be verified and there can be confidence in the adjudication of the disputes raised herein are open and free of any appearance of conflict or impropriety. *Smith,* 2018 WL 572867, at *6; *Smitherman,* 675 F. App'x at 429; See also *Sirousian v. KinderCare Learning Centers LLC,* 2019 WL 1306413, at *1 (W.D.Wash., 2019)("As a result, Defendant has been unable to determine with certainty the citizenship of all members or owners of each of the Seven Members of its parent LLC.")

Individuals with an interest in these proceedings are not entitled to keep their identities secret—especially if they wish to acquire this Court's limited subject matter jurisdiction. Since the Defendants have failed to identify the ultimate beneficial owners of the NCSLT Trusts to Plaintiff and the Court, their Notice of Removal (ECF 1) and proposed Amended Notice of

---

[2] The Plaintiff notes that they also obtained declarations through discovery as attached hereto as Exhibit 1 and 2 to independently obtain information regarding all of the NCSLT Trusts' beneficial owners to no avail.

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Removal (ECF. 59-1), which does not cure this defect, are both defective and this action can be remanded without consideration of any of the additional argument herein.

If should also be noted that the Defendants are not permitted to amend their Notice of Removal as a matter of right to cure jurisdictional defects more than thirty days after they were served. Instead, the linchpin of their Motion to Amend Notice of Removal is that they were permitted (i) to simply make bare assertions in their original Notice of Removal which parrot the statutory elements of the jurisdiction claimed and nothing more and (ii) amend later if the Plaintiff disputed the assertions. Just like a Plaintiff may not initiate an action in this Court based on bare assertions without any factual foundation, the Defendants may not do so either. Financial service entities are entitled to no special deference under the Federal Rules of Civil Procedure which apply equally and fairly to all parties. Fed. R. Civ. P. 1.

> [A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a "defective allegation of jurisdiction." *See* 28 U.S.C. § 1653; *see also* 16 Moore's Federal Practice § 107.30[2][a][iv] ("[A]mendment may be permitted after the 30–day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."). The rationale for permitting amendment to correct allegations of jurisdictional facts is that "[i]n determining whether a removal petition is incurably defective, the court not only examines the specific allegations of the petition itself, but also must scrutinize the record of the state court proceedings" for omitted jurisdictional facts. *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273 (7th Cir.1982).

*ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000). *See also Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014)("after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. **Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis**")(emphasis added).[3]

---

[3] However, such amendments are only "appropriate for technical changes" such as changing the plausible factual allegation from describing a party as a "Kentucky corporation" to "stating that Kentucky was merely the party's 'principal place of business.'" *Wood*, 764 F.3d at 323. Here, however, Defendants do not seek to simply correct plausible allegations already present in their Notice of Removal but they seek to improperly "furnish new allegations of a jurisdictional basis" altogether in wholesale fashion. *Id.* But the Court has no discretion to grant such relief and it should be rejected. *Id.*

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Allowing amendments to include entirely new allegations would "substantially eviscerate" the thirty-day time limit for removal prescribed by Congress in § 1446(b). *Council of Unit Owners of Fireside Condominium,* 2013 WL 2370515 at *3 (quoting *Mann Bracken,* 2012 WL 2921355 at *6). This definite time limit, prescribed by Congress, is necessary to allow parties quickly to know what court has jurisdiction over their case.

*Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 750 (D. Md. 2013).

Because the Defendants have not timely or otherwise identified the necessary information for this Court's subject matter jurisdiction by failing to provide the identities of the ultimate beneficial owners of the NCSLT Trusts, this action should be remanded to the state court. It is too late at this stage to cure the jurisdictional defects.

**B.** **Federal Jurisdiction Exists for Claims Based on Federal Statutes: None of Plaintiff's Claims Before the Court in Plaintiff's Complaint Arise Under Federal Law or Constitute a Federal Cause of Action; A Mere Reference to a Violation of One Statute which Partially Triggers a Violation of a State Statute Does Not Amount to a Substantial Federal Question**

It is true that this Court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. Keying upon this alternative basis for this Court's jurisdiction, Defendants claim that Brown's Complaint will require resolution and determination of significant, disputed issues arising under federal law— i.e. under the Fair Debt Collection Practices Act. Notice of Removal (ECF 1) at ¶¶ 9-10. *See also* Proposed Amended Notice of Removal (ECF. 59-1) at ¶¶ 9-10. Defendants offer no facts or basis whatsoever to support their conclusory statements of counsel. *Id.* Further, a close reading of the Complaint before the Court demonstrates that Brown has not stated a federal claim but has only stated claims under state law.

Brown's claim under the Washington Consumer Protection Act does not raise a substantial federal question since the FDCPA only involves one element of his state law claims and does not override that Brown's claims under the state law are also based on violations of state law.

---

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

The Ninth Circuit explained in *Nevada v. Bank of America Corp.*, 672 F.3d 661, 674–75 (9th Cir. 2012):

> [A] Complaint's reference to the FDCPA necessarily raise a substantial issue of federal law. The Nevada DTPA includes a "borrowing" provision, making it a violation of the DTPA to "[v]iolate[ ] a state or federal statute or regulation relating to the sale or lease of goods or services." Nev.Rev.Stat. § 598.0923(3). California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200, contains a similar "borrowing" provision, and "California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action." *Guerra v. Carrington Mortg. Servs. LLC,* 2010 WL 2630278, at *2 (C.D.Cal. June 29, 2010) (citations omitted); *see also Garduno v. Nat'l Bank of Ariz.,* 738 F.Supp.2d 1004, 1009 (D.Ariz.2010). Bank of America concedes that the mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim, but asserts that this case is an exception to the general rule because it poses substantial questions about the scope and applicability of the FDCPA—specifically, whether the FDCPA applies at all to mortgage loan servicers. However, the Supreme Court has cautioned against finding federal question jurisdiction on the ground that a case presents a novel issue of federal law: "We do not believe the question whether a particular claim arises under federal law depends on the novelty of the federal issue." *Merrell Dow,* 478 U.S. at 817, 106 S.Ct. 3229. Therefore, Nevada's glancing reference to federal law is insufficient to confer federal jurisdiction over Nevada's state law claims.
>
> Even where a state law claim does necessarily turn on a substantial and disputed question of federal law, removal is subject to a "possible veto" where exercising federal jurisdiction is not "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable,* 545 U.S. at 313, 125 S.Ct. 2363. The exercise of federal jurisdiction must not "disturb [ ] any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 125 S.Ct. 2363. The Supreme Court has instructed federal courts to approach 28 U.S.C. § 1331 " 'with an eye to practicality and necessity.' " *Merrell Dow,* 478 U.S. at 810, 106 S.Ct. 3229 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 20, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The Court has "consistently emphasized that, in exploring the outer reaches of § 1331, determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system."

*Id. See also Olson v. Wells Fargo Bank, N.A.*, 961 F. Supp. 2d 1149, 1150 at FN 2 (C.D. Cal. 2013); *Ghalehtak v. Fay Servicing, LLC*, No. 18-CV-02306-PJH, 2018 WL 2553570, at *2 (N.D. Cal. June 4, 2018); *Greenspon v. Deutsche Bank Nat'l Tr. Co.*, No. CV 19-00516 JAO-KJM, 2020 WL 68583, at *5 (D. Haw. Jan. 7, 2020)("even if Plaintiff's UDAP claim necessarily raised a federal issue, the Court would conclude the allegations regarding RESPA and FDCPA do not raise a *substantial* federal issue and, further, that exercising federal

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

jurisdiction here would be inconsistent with congressional judgment about the sound division of labor between state and federal courts").

In this matter, the Defendants cannot claim that Brown's discussion of a Federal Statute that triggers a part of claim arising under a state statute qualifies as a "substantial" federal issue in this case. *Compare Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1063 (6th Cir. 2008)*("A contrary result would effectively shift the burden of establishing federal question jurisdiction in removal cases away from defendants by requiring plaintiffs to affirmatively establish the *lack* of such jurisdiction. Any complaint that included even a passing mention of federal law would, so long as the facts could possibly have supported an undeclared federal claim, be subject to the expensive and delaying removals that § 1447(c) was designed to discourage. *See Martin,* 546 U.S. at 140, 126 S.Ct. 704"); *Greer v. Crown Title Corp.*, 216 F. Supp. 2d 519, 523 (D. Md. 2002)("The fact that the complaint references, or is in some part based upon, federal law does not mean that this case 'arises under' federal law as contemplated by § 1331").

Based on the foregoing argument (which also incorporates § III.B *infra*), this Court does not have federal question jurisdiction over this action, and it should be remanded to the state court.

**C.  Defendants May Not Aggregate Smith's and Class Members' Damages in Order to Meet the Amount in Controversy Threshold for General Diversity Jurisdiction as to Plaintiff's Claims**

The Defendants may not aggregate the damages of the named plaintiff and putative class members to acquire this Court's general diversity jurisdiction pursuant to 28 U.S.C. § 1332. Yet, they have claimed such a right which misstates the actual prayer for damages in Plaintiff's Complaint. In ECF. 1 at ¶ 10 Defendants claim that "Plaintiff seeks actual damages 'in an aggregated amount in excess of $75,000.00 for the Plaintiff. Thus, over $75,000 is in

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

controversy, and the jurisdictional amount of 28 U.S.C. § 1332(a) is satisfied."[4] But that is not what the Plaintiff's complaint says. The prayer does not break out the Plaintiff's damages as $75,000 but instead presents an aggregate for the Plaintiff and the Class: "prays for the following relief and judgment in his favor and the other members of the Class and against the Defendants…The Plaintiff and the Washington Class be awarded actual damages against each of the Defendants, jointly and severely, pursuant to the Washington Consumer Protection Act in an aggregated amount in excess of $75,000 for the Plaintiff." ECF 1-2 at ECF Page 28 of 197 (Prayer for Relief ¶ A(iii)).

The Defendants bear the burden of establishing that the amount in controversy exceeds the jurisdictional threshold of $75,000. *anchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996); Wright, Miller & Cooper, Federal Practice and Procedure 3rd, § 3702, n. 5. To meet this burden the Defendants must proffer actual evidence (like that in support of summary judgment) establishing it is more likely than not that the amount in controversy exceeds that sum; conclusory allegations by a defendant are *not* sufficient to overcome the strong presumption against removal jurisdiction.

As noted above the Defendant may not aggregate the value of the plaintiff class members' claims to show the amount in controversy necessary for purposes of establishing general federal diversity pursuant to 28 U.S.C. § 1332(a). *Body Recovery Clinic LLC v. Concentra, Inc*., 2014 WL 651981, at *3 (W.D.Wash.,2014).

Other circuits are also in accord with the Plaintiff's argument. *See e.g. Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012)(only permitting jurisdiction by aggregating putative class member claims in a common fund case where there is a "single pool of money to be allocated among the plaintiffs" such as a single sum of insurance proceeds available to a class of similar individuals); *Pruell v. Caritas Christi*, 645 F.3d 81, 84 (1st Cir. 2011)("It

---

[4] The Defendants repeat this knowing misstatement in their proposed Amended Notice of Removal. ECF 59-1 at ¶ 21.

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

follows that, as Judge Posner stated, where the 'district court never had jurisdiction over the claim of the class representative ... it had no jurisdiction over the class action either even if the claims of some of the members of the class were within its jurisdiction.' *Denberg v. U.S. R.R. Ret. Bd.,* 696 F.2d 1193, 1197 (7th Cir.1983) (en banc), *cert. denied,* 466 U.S. 926, 104 S.Ct. 1706, 80 L.Ed.2d 180 (1984)"); *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003)("Although the class members' claims satisfy the jurisdictional amount in the aggregate, it appears to a legal certainty (whether considered when the original complaint was filed or now) that none of the named class members' claims satisfies the jurisdictional amount individually. As a result, we have no choice but to remand this case to the district court, with directions to remand it to the state court from which it was removed. *See* 28 U.S.C. § 1447(c)").

In *Snyder v. Harris*, 394 U.S. 332 (1969), the Supreme Court rejected the argument that amendments to Rule 23 had eliminated the non-aggregation rule for class actions. It reaffirmed the well-settled rule that aggregation to meet the amount-in-controversy requirement is permissible only "(1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id.* at 335.

In the context of class actions, aggregation is only appropriate where the defendant "owes an obligation to the group of plaintiffs as a group and not to individuals severally." *Gibson*, 261 F.3d at 944 (citations omitted). The paradigmatic case in which aggregation is allowed is where the claims involve "a single indivisible res" and concern "matters that cannot be adjudicated without implicating the rights of everyone involved with the res." *Id.* (citations omitted).[5] By contrast, aggregation is not permissible where the class members' claims "are

---

[5] *See also Eagle v. American Tel. & Tel. Co.,* 769 F.2d 541, 545-46 (9th Cir. 1984) (holding that the claims of a corporation's shareholders for breach of fiduciary duty could be aggregated as a "common and undivided interest" because shareholders cannot normally bring suit individually, but must instead institute a derivative suit on behalf of the corporation as a whole); *Skokomish Indian Tribe v. France*, 269 F.2d 555, 559 (9th Cir. 1959) (allowing an Indian tribe to aggregate its quiet title actions against multiple defendants because the land at issue had been given to the tribe in a single treaty, the land was contiguous, and all of the defendants derived title from a single source).

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

each cognizable, calculable, and correctable individually," even though they might rest on a "common legal theory." *Id.* at 945. *See also Gilman v. BHS Secs., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997) (refusing to aggregate disgorgement claims that "could be adjudicated on an individual basis"); *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983) (refusing to aggregate where each plaintiff sought a "fixed sum"); *Portero Hill Cmty. Action Comm. v. Housing Auth.*, 410 F.2d 974, 978 (9th Cir. 1969) (refusing to aggregate claims of tenants in a housing project because their claims derived from individual leases).

Based on these principles, the Ninth Circuit held in *Gibson* that the claims of multiple plaintiffs against a car manufacturer seeking the disgorgement of profits from "defective electrocoat finish techniques" could not be aggregated, because the claims could be "separated into discrete and quantifiable sums attributable to each vehicle sold" and could be "traced to particular transactions involving individual plaintiffs, each of whom can sue [the manufacturer] for disgorgement of this per-vehicle profit." *Gibson*, 261 F.3d at 945.

Here, the sum sought by Brown in his Complaint is aggregated with the sums sought by the putative class members. ECF 1-2 at ECF Page 28 of 197 (Prayer for Relief ¶ A(iii)). Nowhere else in the Complaint does Brown identify the sum of any damages. The Defendants could have sought in their Notice of Removal to calculate Brown's individual damages but did not do so. Neither have they done so in their proposed Amended Notice of Removal. ECF. 59-1 at ¶ 21. Therefore, the Defendants have not shown that the amount in controversy for any individual class member or even Brown exceeds $75,000.00 which is their burden—even after months of jurisdictional discovery.

The Defendants' Notice of Removal and proposed Amended Notice of Removal claims the aggregated amounts of controversy for Brown and the putative class members satisfies the amount in controversy for general diversity. *See* In ECF. 1 at ¶ 10; ECF. 59-1 at ¶ 21. However, Defendants are not permitted to obtain this Court's diversity jurisdiction based on the plaintiff's and class members' aggregated sum in controversy.

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

Based on the foregoing additional argument, the general amount in controversy requirement under 28 U.S.C. § 1332 is not met for Brown or any putative class member and this action should be remanded to the Superior Court of the State of Washington in and for the County of King as this Court does not have general diversity jurisdiction.

**D. Defendants' Notice of Removal Fails to Provide any Admissible Evidence to Conclude that the CAFA Amount in Controversy Has Been Met in this Case**

The Defendants' alternative grounds for the Court for this Court's limited jurisdiction under CAFA also fails since it has offered no admissible facts or evidence by anyone qualified to know if the jurisdictional amount actually in controversy for CAFA jurisdiction, i.e. $5,000,000.00, is plausibly met in this case. The sole basis for the Defendants' assertion is the purported Declaration of Bradley Luke. ECF. 2 at ¶¶ 5-6.

In the prior state court proceedings between Brown and the NCSLT Trust Defendants here, the state court struck the affidavit of Bradley Luke utilized in that litigation and granted summary judgment in favor of Brown.  *See* Com. at ¶¶ 52-55. Specifically, the state court "struck the affidavit of Bradley Luke as hearsay, because Mr. Luke was not employed by the entity that had custody and possession of the [NCSLT Trust] records and did not have knowledge of the retention policies of [Bank of American, NA], the alleged originator of the loans." Com. at ¶ 54. No appeal of the state court's judgment was ever taken, and it is a final order.[6]

Because of the prior state court ruling, Defendants here, who are all in privity with the NCSLT Trusts who were the parties in the prior action, Mr. Luke is not competent to offer any factual allegations or facts concerning the NCSLT Trusts' loan documents, records, or sums claimed in his Declaration before the Court. Therefore, there can be no legal basis to accept

---

[6] This Court is also required to give full faith and credit to the state court judgment.  28 U.S.C.A. § 1738. *See also Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003) ("Section 1738, designed to take into account concerns of both finality and federalism, requires a federal court to give precisely the preclusive effect to a state court judgment that the state prescribes for its own courts. If a state court judgment is not entitled to preclusive effect under the law of that state, subsequent litigation in federal court is no more precluded by that judgment than subsequent litigation in state court").

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

Luke's testimony in this action since as a matter of collateral estoppel the issue of his purported

knowledge and ability to provide such testimony has already been rejected in the prior action.

Previously this Court has explained

> the doctrine of collateral estoppel…"prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case." *Hanson v. City of Snohomish*, 121 Wash.2d 552, 561, 852 P.2d 295 (1993). The doctrine applies if the second litigation raises the same issues between the same parties, even though a different claim or cause of action is asserted. *Rains v. State*, 100 Wash.2d 660, 665, 674 P.2d 165 (1983).

> [T]he party seeking application of the doctrine must establish that (1) the issue decided in the earlier proceeding is identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wash.2d 299, 307, 96 P.3d 957 (2004);

*Plancich v. Cty. of Skagit*, 147 F. Supp. 3d 1158, 1162–63 (W.D. Wash. 2015).

Here, all four *Christensen* factors are met. First, Luke's competence to testify about the

purported records of the NCSLT Trusts was given a full and fair opportunity for consideration

in the prior litigation and the state court found he was not qualified to provide such testimony.

Com. at ¶ 54. Second, the prior state court ruling was a judgment on the merits. *Id.* Third, the

NCSLT Trusts were all parties in the prior action and the remaining defendants in this action are

all in privity with the NCSLT Trusts and/or participated directly or indirectly in the prior

litigation on behalf of the NCSLT Trusts.  Com. at ¶¶ 6-8, 11-12, 39-54. Fourth, as sophisticated

collectors and financial service companies, the application of collateral estoppel against eh

Defendants in this instance cannot be unfair or create any injustice. The Defendants knew when

they removed this action and knew when they sought leave of the Court to file an Amended

Notice of Removal that Luke had been deemed by the state court as unqualified to present the

type of testimony they present this Court. Yet, they did not even attempt to find a different

witness who could actually present admissible facts and evidence.

Without the Luke Declaration, the Defendants simply offer simple bald assertion with

no contextual basis to support it. *Id.* Allegations in a notice of removal are governed by the

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

same standards as allegations in a complaint under Fed. R. Civ. P. 8(a). *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)("Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992) (per curiam)"). *See also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65). Rule 8(a) requires allegation of facts – legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. at 677-78 (2009).

Notwithstanding this case law, the Defendants simply alleged is a conclusory statements and unqualified testimony in the Luke Declaration. Such conclusions are not facts showing the Court's CAFA jurisdiction and for that reason this Court does not have CAFA jurisdiction and this action should be remanded to the state court. There is no credible basis to make any reasonable calculations that the sum of $5,000,000.00 or more is at issue in this case plausible based simply on the Notice of Removal or the unqualified Luke Declaration. Instead, the Defendants' removal was based at best on pure speculation without any plausible facts of support. The Notice of Removal is defective on its face and removal was improper since no plausible facts were advanced at all. *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)").

In this case, Defendants' cannot continue to rely on Notice of Removal allegations when it is challenged. It cannot overcome that challenge solely on the testimony of an unqualified witness. Therefore, there is no right at this juncture to permit the Defendants to cure their defective Notice of Removal and proposed Amended Notice of Removal since more than thirty

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

days has passed since the Defendants were served with the Plaintiff's initial complaint and summons from the state court.

The Fourth Circuit explained the basis for Plaintiff's argument as follows:

> It is thus reasonable to expect that a litigant would raise every ground for removal in his initial filing. Such a rule prevents precisely the incessant back-and-forth controversy we see here. Crane made a strategic decision not to assert removal as to the gasket claims. We usually hold parties to that sort of strategic decision, and are unable to discern why this situation would merit a departure from the general rule.

*Wood,* 764 F.3d at 326 (FN omitted). *See also Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 749 (D. Md. 2013) ("Where a removal notice fails to make the basis for federal jurisdiction sufficiently clear and does not contain enough information for the district judge to determine whether jurisdiction exists, it is defective. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3733 (4th ed.)").

*Covert* also recognizes that a defective Notice of Removal that does not provide plausible facts for each element of CAFA jurisdiction and cannot be permitted.

> Defendant's notice of removal completely omits to allege the size of the putative class, which is one of the three required elements for federal jurisdiction under CAFA. § 1332(d)(5)(B); *Strawn,* 530 F.3d at 295, (ECF No. 1). This is unlike the cases cited above in which a defendant alleges diversity of citizenship, albeit imperfectly. In this respect, the case at bar most closely resembles *Tincher,* 268 F.Supp.2d 666, where the issue of improper joinder was never alleged in the original notice of removal. As in *Tincher,* allowing Defendant to amend its notice would allow it to insert an allegation that is entirely missing from the notice. As courts of both the liberal and conservative schools agree, § 1653 does not afford this Court the discretion to permit Defendant to so amend its notice of removal.

*Covert*, 968 F. Supp. 2d at 751.

Based on the foregoing, the jurisdictional facts required by CAFA in Defendant's Notice of Removal are not present and the Notice cannot be cured at this stage. This action should therefore be remanded to the state court.

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

**E.    In Light of Recent Findings of Fact and Law Concerning the NCSLT Trusts, this Court Should also Order Counsel for the Trusts Pursuant to Wash. Rev. Code Ann. § 2.44.030 to Produce or Prove the Authority Under They Appear in this Action; If counsel were not Engaged by the Responsible Party for the Management of the NCSLT Trusts, this Action Should also be Summarily Remanded based on the Defendants' Misrepresentations in their Notice of Removal and Proposed Amended Notice of Removal that the NCSLT Trusts Joined in the Removal**

The NCSLT Trusts are subject to litigation concerning their mismanagement by multiple parties claiming certain rights under the various trust agreements governing each NCSLT Trust. These disputes arose following an investigation brought by the Consumer Financial Protection Bureau against the NCSLT Trusts in Delaware federal court to obtain permanent injunctive relief, restitution, refunds, disgorgement, damages, civil money penalties, and other relief for the NCSLT Trusts' who were in violation of federal consumer financial laws in connection with the servicing and collection of private student loan debt. *Consumer Financial Protection Bureau v. National Collegiate Master Student Trust,* C.A. No. 17-1323 (MN), 2020 WL 2915759, at *2 (D. Del. May 31, 2020). The same day, the CFPB filed a motion in the same court for approval of a proposed Consent Judgment purportedly entered into between the CFPB and the NCSLT Trusts. *Id.* The attorneys with whom the CFPB had been dealing with, purportedly for the NCSLT Trusts, signed the proposed Consent Judgment. *Id.* The attorneys were instructed to sign the proposed Consent Judgment by the equity owners of the NCSLT Trusts. *Id.*

Several interested parties intervened in the CFPB's federal court action to contest the validity of the Consent Judgment, arguing that the attorneys purportedly representing the NCSLT Trusts had not been validly retained and that therefore, the proposed Consent Judgment was invalid and ineffective, and should not be approved by the court. *Id., passim.* The court concluded that the attorneys that executed the proposed Consent Judgment on behalf of the NCSLT Trusts were not validly retained by the NCSLT Trusts and did  not validly represent them, and therefore denied the motion to approve the CFPB's motion to approve the proposed Consent Judgment. *Id.*, at *6.

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington  98104
telephone (206) 330-0595
fax (206) 400-7609

Additional litigation amongst various parities has also taken place in the Delaware state court since the botched Consent Judgment with the CFPB concerning who are the proper parties responsible for the management of the NCSLT Trusts. "The key constituents of [the NCSLT Trusts] cannot agree on how the [NCSLT Trusts] should be governed or how they should operate," which has "left the Trusts in a state of near paralysis," resulting in the present situation where "[t]hird parties interacting with the [NCSLT Trusts] cannot determine who actually speaks for the Trusts and who has authority to bind the [NCSLT Trusts]." *In re Nat'l Collegiate Student Loan Trusts Litig.*, No. CV 12111-VCS, 2020 WL 5049402, at *1-3 (Del. Ch. Aug. 27, 2020).

This Court has "inherent powers to manage [its] own proceedings and to control the conduct of those who appear before them[.]" *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (federal courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Brumfield v. City of Seattle,* No. C10-01247-JCC, 2011 WL 13127184, at *2 (W.D. Wash. June 14, 2011) ("[T]he Court has inherent power to manage attorney conduct and protect the integrity of its processes."); *Greenfield MHP Associates, L.P. v. Ametek, Inc.*, No. 3:15-cv-01525-GPC-AGS, 2018 WL 538961, at *2 (S.D. Cal. Jan. 24, 2018) (federal courts have "inherent power to preserve the integrity of the adversary process"); *Ballew v. City of Pasadena*, No. CV 18-0712 FMO (ASX), 2020 WL 4919384, at *2 (C.D. Cal. Apr. 13, 2000) (federal courts have the obligation "to manage the conduct of attorneys who appear before it and to ensure the fair administration of justice").

As part of its inherent power to manage their own proceedings, federal trial courts have "power, at any stage of the case, to require an attorney, one of its officers, to show his authority to appear" for a party to an action. *Pueblo of Santa Rosa v. Fall*, 273 US. 315, 319, 47 S.Ct. 361 (1927). Thus, in *Pueblo of Santa Rosa,* an attorney brought an action to prevent the United States Secretary of the Interior from offering, listing, or disposing of land in Arizona as public

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S COMBINED MOTION - 20

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

lands of the United States. The plaintiff's attorney was purportedly acting on behalf of a purported assignee of land owned by Native Americans; however, the assignee had little proof of ownership of some of the property, and no proof as to some of it. The Native Americans who supposedly had conveyed their interest to this assignee made it known to the District Court that they did not approve of the action. The Supreme Court held that the attorney representing the purported assignee did not have authority to bring the action and remanded the case to the trial court for dismissal without prejudice. *Id.* at 321.

Wash. Rev. Code Ann. § 2.44.030 also grants authority to the Court for situations like that presented here and provides as follows:

> The court, or a judge, may, on motion of either party, and on showing reasonable grounds therefor, require the attorney for the adverse party, or for any one of several adverse parties, to produce or prove the authority under which he or she appears, and until he or she does so, may stay all proceedings by him or her on behalf of the party for whom he or she assumes to appear.

*Id.*

It was the intent of the legislature in passing Wash. Rev. Code Ann. § 2.44.030 that a party opposing the party whose attorney's authority is questioned has the right to request that a court invoke the requirements of Wash. Rev. Code Ann. § 2.44.030 to show the authority under which he or she acts. *Johnsen v. Petersen,* 43 Wn. App. 801, 806, 719 P.2d 607 (1986).

Given the irregularities about the management of the NCSLT Trusts that is now publicly known and the Defendants' failure in this action to identify facts that should be known and readily apparent to the NCSLT Trusts, if in fact the authorized individuals engaged counsel to represent them in this action, it is necessary to ensure the legitimacy of any future litigation process and procedures in this case with the NCSLT Trusts and other Defendants, to require Kristine E. Kruger and Thomas N. Abbott, "to produce or prove the authority under which he or she appears" pursuant to Wash. Rev. Code Ann. § 2.44.030. If it turns out that neither counsel were engaged to represent the NCSLT Trusts by the party who is responsible for the management of the NCSLT Trusts, then this action should be remanded to the state court since counsel's acts were not proper and were not actually authorized by the proper party.

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

On these additional grounds, if in fact neither Kristine E. Kruger nor Thomas N. Abbott were not authorized by the property party to appear in this action on behalf of the NCSLT Trusts, the Court should summarily remand the action to state court.

## IV.     CONCLUSION

Based on the foregoing, this action should be remanded to the Superior Court of the State of Washington in and for the County of King and Defendants' Motion to Amend Notice of Removal should be denied since this Court does not have subject matter jurisdiction. If necessary, this Court should also order counsel for the NCSLT Defendants, i.e. Kristine E. Kruger and Thomas N. Abbott, "to produce or prove the authority under which he or she appears" pursuant to Wash. Rev. Code Ann. § 2.44.030 to confirm that all proper parties authorized removal of this action at the time it occurred.

Dated this September 21, 2020.

HENRY & DEGRAAFF, P.S.

By: /s/ Christina L. Henry
Christina L. Henry, WSBA No. 31273
787 Maynard Ave S
Seattle, WA 98104
Telephone: 206.330.0595
Facsimile: 206.400.7609
chenry@HDM-legal.com

*Counsel for Plaintiff*

BORISON FIRM, LLC

By: /s/ Scott Borison
Scott Borison, *Pro Hac Vice*
1900 S. Norfolk St., Suite 350
San Mateo, CA 94403
scott@borisonfirm.com

*Counsel for Plaintiff*

CONSUMER LAW CENTER, LLC

By: /s/ Phillip Robinson
Phillip Robinson, *Pro Hac Vice*
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
phillip@marylandconsumer.com

*Counsel for Plaintiff*

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S COMBINED MOTION - 22

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609