THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons,

Plaintiff,

v.

TRANSWORLD SYSTEMS, INC., *et al.*,

Defendants.

No. 2:20-cv-00680-RSL

DEFENDANTS NATIONAL COLLEGIATE STUDENT LOAN TRUSTS, TRANSWORLD SYSTEMS INC. AND U.S. BANK NATIONAL ASSOCIATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

NOTE ON MOTION CALENDAR:

OCTOBER 16, 2020

*ORAL ARGUMENT REQUESTED*

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL)

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................. 1

II.    ARGUMENT ....................................................................................................... 2

    A.    The Court has Jurisdiction Under CAFA............................................... 2

        1.    Dart Cherokee and Arias dictate CAFA Jurisdiction Exists..................... 2

        2.    Brown's Collateral Estoppel Arguments are Meritless .......................... 4

        3.    Luke's Supplemental Declaration Further Establishes that the Number of Potential Class Members Exceeds 100 and Amount in Controversy Exceeds $5,000,000 ............................................. 7

        4.    Plaintiff Should Not Be Granted Additional Jurisdictional Discovery .................................................................................. 8

        5.    CAFA Jurisdiction Exists Regardless of Whether the Trusts' Counsel Has Properly Been Retained ......................................... 8

    B.    Plaintiff's Complaint Triggers Federal Question Jurisdiction .............................. 9

        1.    References to the FDCPA are Ubiquitous in Brown's Complaint ............ 9

        2.    Defendants Satisfy the Supreme Court's Four Factor Test .................... 11

        3.    Plaintiff's Cases are Distinguishable and Factually Analogous Cases Have Found Federal Question Jurisdiction Exists........................ 12

    C.    Defendants Adequately Alleged Diversity Jurisdiction....................................... 15

III.    CONCLUSION.................................................................................................. 16

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –i

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page**

CASES

*Arias v. Residence Inn by Marriott*,
936 F.3d 920 (9th Cir. 2019) ............................................................................2, 4

*Burr v. Volkswagen Group of America, Inc.*,
No. C16-0073, 2016 WL 6075575 (W.D. Wash. Mar. 8, 2016) ...........................14

*Carrington v. City of Tacoma*,
276 F. Supp.3d 1035 (W.D. Wash 2017)..............................................................14

*Chase v. United Residential Mortgage LLC*,
No. 3:10-cv-365, 2011 WL 198008 (D. Nev. Jan. 19, 2011) ...............................14

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014)...........................................................................2, 3, 4, 7

*Desaigoudar v. California Micro Devices Corp.*,
168 F.3d 498 (9th Cir. 1999) ...............................................................................10

*Dibb v. AllianceOne Receivables Mgmt., Inc.*,
No. 14-5835 RJB, 2015 WL 1527606 (W.D. Wash. Apr. 2, 2015).......................10

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,
463 U.S. 1 (1983) ................................................................................................11

*Ghalehtak v. Fay Servicing, LLC*,
No. 18-cv-2306, 2018 WL 2553570 (N.D. Cal. June 4, 2018).......................13, 14

*Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005)............................................................................................11

*Greene v. Harley-Davidson, Inc.*,
965 F.3d 767 (9th Cir. 2020) .................................................................................9

*Greenspon v. Deutsche Bank Nat'l Tr. Co.*,
No. 19-516, 2020 WL 68583 (D. Haw. Jan. 7, 2020)...........................................13

*Gunn v. Minton*,
568 U.S. 251 (2013)............................................................................................11

*Holmes v. Cornerstone Credit Services, Inc.*,
3:10-CV-0002-RRB, 2010 WL 1874903 (D. Alaska May 6, 2010)................12, 15

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149813456.1

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3

4

*Holmes v. Cornerstone Credit Servs., Inc.*,
   No. 3:10-cv-02-RRB, 2010 WL 1874903 (D. Alaska May 6, 2010)......................................14

5

*Hunt v. Wash. State Apple Advert. Comm'n*,
   432 U.S. 333 (1977)........................................................................................5

6

7

*Ibarra v. Manheim Investments, Inc.*,
   775 F.3d 1193 (9th Cir. 2015) .......................................................................2, 9

8

9

*In re Dependency of M.I.S.*,
   87 Wash. App. 1005, 1997 WL 435887 (Wash. Ct. App. 1997) (unpublished).......................5

10

*In re Ford Motor Co./Citibank (S. Dakota), N.A.*,
   264 F.3d 952 (9th Cir. 2001) ...........................................................................4

11

12

*In re Greer-Allen*,
   602 B.R. 831 (Bankr. D. Mass. 2019) ................................................................7

13

14

*Indep. Living Ctr. of S. California, Inc. v. Kent*,
   909 F.3d 272 (9th Cir. 2018) ..........................................................................11

15

*Jordan v. Nationstar Mortg. LLC*,
   781 F.3d 1178 (9th Cir. 2015) ..........................................................................2

16

17

*Lindbloom v. Specialized Loan Servicing, LLC*,
   3:12-CV-00071, 2012 WL 12872725 (D. Alaska June 12, 2012) ..................................13, 15

18

19

*Luna v. Kemira Specialty, Inc.*,
   575 F. Supp. 2d 1166 (C.D. Cal. 2008) ................................................................5

20

*McDaniels v. Carlson*,
   108 Wash.2d 299 (Wash. 1987)........................................................................5

21

22

*Medina v. Nat'l Collegiate Student Loan Tr. 2*,
   No. 17-05276-LT7, 2020 WL 5545682 (Bankr. S.D. Cal. Aug. 4, 2020)...............................7

23

24

*Nevada v. Bank of America Corp.*
   672 F.3d 661 (9th Cir. 2012) .......................................................................12, 13

25

*O'Halloran v. Univ. of Washington*,
   856 F.2d 1375 (9th Cir. 1988) ..........................................................................9

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Olson v. Wells Fargo Bank, N.A.*,
　　961 F. Supp. 2d 1149 (C.D. Cal 2013) ...................................................................13

*Sanchez v. Monumental Life Ins. Co.*,
　　102 F.3d 398 (9th Cir. 1996) ..................................................................................5

*Wheeler v. Broggi*,
　　No. C19-1410-JCC-MAT, 2020 WL 5350641 (W.D. Wash. Feb. 11, 2020)...........6

*Young v. NPAS, Inc.*,
　　361 F. Supp. 3d 1171 (D. Utah 2019)....................................................................12

STATUTES

15 U.S.C. § 1692.................................................................................. passim

28 U.S.C. § 1331.................................................................................1, 2, 9, 15

28 U.S.C. § 1332(d) ............................................................................ passim

28 U.S.C. § 1446(a) ............................................................................3

28 U.S.C. § 1453(b) ............................................................................9

RCW § 19.86.020 ...............................................................................11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.    INTRODUCTION

Defendants Transworld Systems Inc. ("TSI"), U.S. Bank National Association ("U.S. Bank"), National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 (collectively, "the Trusts," and together with TSI and U.S. Bank, "Defendants") submit this memorandum of law in opposition to Plaintiff's Motion to Remand (Dkt. # 62 and Dkt. # 63) ("Motion").[1]

Defendants timely filed their Notice of Removal on May 5, 2020 after Plaintiff filed his class action complaint in King County Superior Court (Dkt. # 1).  Defendants submitted the Declaration of Bradley Luke with their Notice of Removal (Dkt. # 2).  The Declaration stated that more than 700 residents of the State of Washington were communicated with relating to the relevant student loans and the total loan balance was in excess of $23,000,000.  *Id.*  Following months of jurisdictional discovery, Plaintiff now seeks to remand this case to state court.  He argues the Court lacks jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") because "there can be no legal basis to accept [Bradley] Luke's testimony in this action as a matter of collateral estoppel."  Dkt. # 63 at 15–16.  Brown further asserts that he "has not stated a federal claim," so there is no federal question jurisdiction under 28 U.S.C. § 1331.  *Id.* at 9.  Brown is mistaken on both counts.

First, Brown argues that Defendants were required to submit admissible evidence with their Notice of Removal.  This argument is soundly rejected by Supreme Court and Ninth Circuit

---

[1] Plaintiff's Motion is a combined brief with multiple requests for relief on numerous issues. For efficiency purposes and to more clearly delineate the legal issues before the Court, Defendants respond with three briefs: 1) an Opposition to Plaintiff's Motion to Remand, 2) an Opposition to the Motion for an Order Requiring the NCSLT Defendants' Attorneys to Show Authority, and 3) a Reply in Support of Defendants' Motion to Amend (Dkt. # 64). *See* LCR 7(b)(2).

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –1

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  precedent.  Second, under Washington law, collateral estoppel does not apply to evidentiary facts.

2  Even if the doctrine applies, Brown cannot satisfy the requirements for collateral estoppel as to

3  Luke's declaration because the issues in this case and the underlying state court litigation, as well

4  as the topics of the two Luke declarations, are distinguishable.  And Brown's alternative request

5  for discovery ignores the fact that although the parties have conducted jurisdictional discovery for

6  months, he cites *nothing* to contest whether the jurisdictional threshold has been met.  Regardless,

7  in an abundance of caution, Defendants have provided a second affidavit further supporting CAFA

8  jurisdiction.   Second, Brown's Complaint alleges violations under the Fair Debt Collection

9  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").  Brown does more than just reference the

10  FDCPA—the statute is a recurring and central theme of Plaintiff's complaint and he has expressly

11  alleged liability predicated upon FDCPA violations.  Because jurisdiction exists under both 28

12  U.S.C. 1331 and CAFA, Defendants respectfully request the Court deny Plaintiff's Motion.

## II.      ARGUMENT

### A.      The Court has Jurisdiction Under CAFA

#### 1.      *Dart Cherokee* and *Arias* dictate CAFA Jurisdiction Exists

16  CAFA jurisdiction exists over purported class actions where (1) any class member is a

17  citizen of a state different from any defendant (*i.e.*, minimal diversity), (2) there are 100 or more

18  members in the putative class, and (3) the amount in controversy exceeds $5,000,000, exclusive

19  of interests and costs.  28 U.S.C. § 1332(d)(2).  Unlike general diversity, "no antiremoval

20  presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of

21  certain class actions in federal court."  *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183

22  (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82,

23  (2014)).  Congress also "intended CAFA to be interpreted expansively."  *Ibarra v. Manheim*

24  *Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Further, a removing defendant "is

25  permitted to rely on a chain of reasoning that includes assumptions" in alleging the amount in

26  controversy.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –2

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Here, Defendants asserted 1) minimal diversity between Plaintiff and TSI; 2) that the number of putative class members exceeds 700; and 3) that the amount in controversy was more than $23,000,000.  *See* 28 U.S.C. § 1446(a); Notice of Removal (Dkt. # 1 at ¶¶ 20-34). Defendants therefore made a specific and "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 574 U.S. at 89.  Defendants went over and above the required showing by also filing the Declaration of Bradley Luke ("Original Declaration"), on behalf of TSI (his employer) and the Trusts, in support of the notice of removal.  (Dkt. # 2).  Luke testified that "more than 700 residents of the State of Washington were communicated with directly or indirectly relating to a defaulted student loan owned by one of the Trusts," and "the total outstanding balance, including principal and interest, for [those] defaulted student loans [] is in excess of $23,000,000."  *Id*. at ¶¶ 5-6; (Dkt. # 1 at ¶¶ 25-33).  The Original Declaration established that TSI maintains records relating to the loans it services on behalf of the Trusts, including the demographical and transaction information Defendants used to base their allegations of the size of the putative class and amount in controversy.  *See* Original Luke Declaration (Dkt. # 2 at ¶¶ 4-6).

Indeed, Brown does not challenge the specifics of Defendants' CAFA allegations, such as the method used to calculate the amount in controversy.  Instead, he argues Defendants "offered no admissible facts or evidence by anyone qualified to know if the jurisdictional amount . . . is plausibly met in this case."[2]  Dkt. # 63 at 15.  He similarly argues that Defendants' amount-in-controversy allegations are "conclusory" and implausible because there is no "credible basis" for the allegations without admissible evidence.  *See id.* at 16-17.  But "[t]o assert the amount in controversy adequately" under CAFA, a removal notice only requires a short and plain statement and "need not contain evidentiary submissions."  *Dart Cherokee*, 574 U.S. at 84.  Accordingly, Defendants' "amount in-controversy allegation should be accepted when not contested by the

---

[2] Plaintiff's complaint states "NCLST trusts have sued . . . hundreds of cases in Washington."  (Dkt. # 1-2 at ¶ 80).

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –3

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

plaintiff or questioned by the court." *Arias*, 936 F.3d at 924 (quoting *Dart Cherokee*, 574 U.S. at 82). The Court should deny the Motion to Remand on this basis alone.

Even if the Court considered Plaintiff's argument to contest Defendants' allegations, "*both sides* [then] submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 925 (quoting *Dart Cherokee*, 574 U.S. at 82) (emphasis added). Although Brown purports to challenge the amount in controversy, he provides no proof or any support for his position.[3] Rather, he asks the court to ignore a declaration made by a TSI employee concerning records that TSI creates, maintains, and updates in the regular course of its business, without coming forward with any evidence that the information is not trustworthy, based on a state court ruling considering different issues. On the other hand, Defendants provide both the Original Declaration, as well as the Supplemental Luke Declaration, filed herewith. The preponderance of the evidence therefore demonstrates the amount-in-controversy requirement has been met. Moreover, Brown has not and cannot distinguish either *Arias* or *Dart Cherokee*—if anything, Defendants are in a *better* position in this case with respect to CAFA jurisdiction.

## 2.   Brown's Collateral Estoppel Arguments are Meritless

As stated above, Brown does *not* dispute the basis for Defendants' calculation of the amount in controversy, *i.e.*, the monetary amount in loans owned by the Trusts in the State of Washington that would be deemed uncollectable were Brown to obtain injunctive relief. *See* (Dkt. # 1 at ¶¶ 29-33); *see also In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (observing that the Ninth Circuit has "rejected the 'plaintiff-viewpoint' rule, which states that courts attempting to determine the value of a claim for purposes of the amount in controversy requirement should look only to the benefit to the plaintiff, rather than to the

---

[3] In fact, Brown's own complaint cuts against his CAFA argument—he seeks attorneys' fees under several Washington laws. (Dkt. # 1-2 at ¶¶ 99, 114). But where a "statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees *must* be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922.

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –4

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

potential loss to the defendant." (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 n.6 (9th Cir. 1996))); *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008) ("Where a lawsuit seeks declaratory or injunctive relief, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977))).  Instead, he argues the Defendants are collaterally estopped from relying upon the Original Declaration because of an evidentiary ruling in the underlying state court litigation.  Dkt. # 63 at 15-18.  Brown incorrectly argues that the state court's order,[4] which held an affidavit from Bradley Luke was hearsay, has rendered Mr. Luke incapable of *ever* testifying to *any of TSI's records* relating to *any* of the student loans TSI services on behalf of the Trusts.  Said another way, Brown claims that the state court's rejection of a single Luke affidavit in a single case means that Luke, a TSI employee, is forever prohibited from testifying about any of TSI's business records.

As a preliminary matter, collateral estoppel is not available to Brown under Washington law.  Washington courts apply the doctrine of collateral estoppel to issues of law and fact; and for issues of fact, estoppel "extends *only to* 'ultimate facts,' *i.e.*, those facts directly at issue in the first controversy upon which the claim rests, and *not to* 'evidentiary facts' which are merely collateral to the original claim."  *McDaniels v. Carlson*, 108 Wash.2d 299, 305 (Wash. 1987) (emphasis added).  Further, "the issue . . . [of] whether the statements . . . were inadmissible because the statements were hearsay . . . is *not* an appropriate issue on which to seek preclusion."  *See In re Dependency of M.I.S.*, 87 Wash. App. 1005, 1997 WL 435887, at *2 (Wash. Ct. App. 1997) (unpublished) (emphasis added).  Collateral estoppel is inapplicable here and cannot be used to preclude the Original Luke Declaration.

---

[4] A copy of the state court order granting Osure Brown and Tommy Brown's Motion for Summary Judgment in consolidated Case No. 19-2-09402-8-KNT, King County Superior Court (the "State Court Actions"), is attached to the Declaration of Kristine E. Kruger in Support of Defendants' Opposition to Plaintiff's Motion to Remand as Exhibit A.

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –5

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1          Even if the doctrine of collateral estoppel applied, Brown cannot satisfy the required

2   elements because the issues are not identical, and barring Mr. Luke from testifying to

3   information of which he is knowledgeable and competent would cause an injustice to

4   Defendants.  *See Wheeler v. Broggi*, No. C19-1410-JCC-MAT, 2020 WL 5350641, at *5 (W.D.

5   Wash. Feb. 11, 2020) (stating two required elements of collateral estoppel under Washington law

6   are that "the issue in the prior and current action is identical" and that "the application of

7   collateral estoppel would not work an injustice").

8          The issues in the consolidated state court collection actions are not identical to the issues

9   in this case, nor is the subject of Luke's declaration.  In the underlying state court litigation,

10  various Trusts sought to collect amounts purportedly owed by the Browns, and Luke's testimony

11  was offered to introduce evidence of the loan documents, assignment documentation, and other

12  records needed to establish the chain of title.  On the other hand, the Original Luke Declaration

13  here was *not* offered to establish the chain of title for the loans (*i.e.*, "prove up" the original

14  credit agreements for the loans or the assignments from the originating lender, Bank of

15  America).

16         Luke's Original Declaration offers testimony relating to the business records of his

17  employer, TSI, who is also the Subservicer and dedicated records custodian for the Trusts, to

18  identify the potential size of the putative class and the amount in controversy.  Luke's testimony

19  in this case relates only to the outstanding balances owed on loans TSI services on behalf of the

20  Trusts, which are maintained and reflected in TSI's records.  In other words, the underlying loan

21  and assignment documents are not presently at issue, nor are they the subject of Luke's

22  declarations filed in this case.  The underlying state court only found that Luke's affidavit *in that

23  case and on those issues* constituted hearsay.  Mr. Luke did not testify at the summary judgment

24  hearing, nor did the court there make any declaratory ruling concerning Luke's future ability to

25  testify or ability to testify on behalf of TSI as to other issues or information.  Because the basis

26  for the Original Declaration is information maintained by TSI concerning the balances for the

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –6

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

loans at issue and is different than the information relied upon in the state court litigation, the issue here is *not* identical to the issue in the state court collection actions, and Plaintiff cannot meet the requirements for collateral estoppel.

Brown's position would also work a substantial injustice because it extends the state court's evidentiary ruling on a particular affidavit to bar all testimony from Mr. Luke relating to TSI's records.  Other federal courts have admitted Mr. Luke's testimony on similar issues.  *See, e.g.,* *Medina v. Nat'l Collegiate Student Loan Tr. 2*, No. 17-05276-LT7, 2020 WL 5545682, at *2 (Bankr. S.D. Cal. Aug. 4, 2020) ("The Court is inclined to find that Mr. Luke is qualified to authenticate the [borrower credit agreements, among other exhibits] to the extent the Court relies on them in deciding the motion for summary judgment[.]"); *In re Greer-Allen*, 602 B.R. 831, 837 (Bankr. D. Mass. 2019) ("TSI is responsible for subservicing student loans held by the defendants. Luke testified that all three loans were made under a loan program.").

### 3.    Luke's Supplemental Declaration Further Establishes that the Number of Potential Class Members Exceeds 100 and Amount in Controversy Exceeds $5,000,000

Defendants offer the attached Supplemental Luke Declaration in addition to the Original Declaration pursuant to *Dart Cherokee* to further prove the number of potential class members and the basis for Defendants' calculation of the amount in controversy.  *See* Supplemental Luke Declaration filed herewith.  As the Supplemental Declaration makes clear, Mr. Luke relied on TSI records to make his declarations.  *Id.* at ¶ 3.  TSI, on its own behalf and on behalf of the Trusts in its role as Subservicer and dedicated record custodian, maintains records of the number of student loans it services on behalf of the Trusts, the available address information for the borrowers of those loans, and the current balances outstanding on those loans, as reflected in TSI's system of record.  *Id.* at ¶ 6.

At issue in this action is the collectability of the Trust loans.  Plaintiff is seeking broad based injunctive relief "which would enjoin Defendants from collecting debts in the manner described above from the Plaintiff and class members and from any other person similarly

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-00680-RSL) –7

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

situated." (Dkt. # 1-2 at ¶ 130).  Plaintiff essentially seeks an injunction prohibiting the collection of all Trust loans in the State of Washington.  The Original Luke Declaration and the Supplemental Declaration provide competent testimony and evidence concerning the potential number of class members and the amount in controversy in this action.  The number of potential class members is over 700 and satisfies the 100-member threshold.  And the amount in controversy exceeds $23,000,000 and thus the $5,000,000 threshold under CAFA.  Original Luke Declaration, Dkt. # 2 at ¶ 6; Supplemental Declaration, at ¶ 7.  As such, this Court has subject matter jurisdiction over this action pursuant to CAFA, and Plaintiff's Motion to Remand should be denied.

### 4. Plaintiff Should Not Be Granted Additional Jurisdictional Discovery

Incredibly, Plaintiff makes an alternative request: instead of adjudicating his own Motion, Brown asks the Court grant "leave to conduct limited jurisdictional discovery to obtain evidence to support or decline the Court's CAFA jurisdiction." (Dkt. # 62 at 3).  But as Plaintiff himself notes, "months of jurisdictional discovery" have already occurred.  Dkt. # 63 at 14.  Plaintiff sought jurisdictional discovery in this matter, including a Request for Production seeking the information underlying the Original Declaration, and has had ample time to seek additional information relating to Defendants' CAFA assertions.  And the Trusts produced the underlying information to the Original Declaration, including a spreadsheet reflecting TSI's loan-level data. *See* Supplemental Declaration at ¶ 8.  Brown could have sought to continue such discovery, but instead decided to file his Motion to Remand.  He should not be permitted to continue a never-ending fishing expedition when the evidence supports this Court's jurisdiction over the action.

### 5. CAFA Jurisdiction Exists Regardless of Whether the Trusts' Counsel Has Properly Been Retained

Finally, CAFA jurisdiction is not affected by Brown's meritless Motion to Show Authority.  Regardless, even if undersigned counsel for the Trusts was not properly retained and the Trusts could not consent to removal of this action (which is not the case), the remaining

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –8

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

parties could still have removed this action.  Indeed, it is well settled that "[a] class action 'may be removed by any defendant without the consent of co-defendants' under CAFA."  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 775 (9th Cir. 2020) (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015)); *see also* 28 U.S.C. § 1453(b) ("[S]uch action may be removed by any defendant without the consent of all defendants.").  This Court has original jurisdiction over this action pursuant to CAFA, and Plaintiff's Motion should be denied.

**B.      Plaintiff's Complaint Triggers Federal Question Jurisdiction**

**1.      References to the FDCPA are Ubiquitous in Brown's Complaint**

Federal district courts have "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To determine the existence of removal jurisdiction based on a federal question, the Court looks to the complaint as of the time the removal petition was filed.  *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988).  Here, Brown's complaint is replete with allegations of FDCPA violations.  For example, he asserts:

- "Transworld is a debt collector as defined in the FDCPA." (Dkt. # 1-2 at ¶ 6(a));

- "Patenaude & Felix, A.P.C. is a "debt collector as defined in the FDCPA" because "it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (as defined in 15 U.S.C. § 1692a(6)) (Dkt. # 1-2 at ¶ 8(a));

- P&F is "subject to laws that govern the practice of such [collection] agencies, including the federal Fair Debt Collection Practices Act" (Dkt. # 1-2 at ¶ 38);

- Questions common to the purported class including whether "Defendants have used false, deceptive or misleading statements in connection with its attempts to collect debts from the Plaintiff" (as expressly enumerated in 15 U.S.C. § 1692e(10)) (Dkt. # 1-2 at ¶ 81(l));

- Whether "Defendants have made any false statements concerning the character, amount or legal status of any debts" (as expressly enumerated in 15 U.S.C. § 1692e(2)(A)) (Dkt. # 1-2 at ¶ 81(j));

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –9

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- Whether "Defendants have made any threat to take legal action that they do not have the right to take" (as expressly enumerated in 15 U.S.C. 1692e(5) (Dkt. # 1-2 at ¶ 81(k); [5]

- "Violations of the FDCPA are *per se* violations of the CPA." (Dkt. # 1-2 at ¶ 118);

- "Defendants conduct violates the FDCPA through the following conduct as follows: Transworld and P&F acquired their interest in the Named Plaintiff and FDCPA class members consumer loans . . .Transworld and P&F are Debt Collectors within the meaning of 15 U.S.C. § 1692a(6) . . .because their principal business activity utilizes instrumentalities of interstate commerce or the mails related to the collection of consumer debts . . .Transworld and P&F used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts . . .in violation of 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10) . . .Transworld and P&F's actions [are] in violation of 15 U.S.C. § 1692f (Dkt. # 1-2 at ¶ 119).

Brown also expressly alleges liability based on a violation of the FDCPA, as Count IV states a claim based on a *per se* violation of the FDCPA. *See Dibb v. AllianceOne Receivables Mgmt., Inc.*, No. 14-5835 RJB, 2015 WL 1527606, at *5 (W.D. Wash. Apr. 2, 2015) ("Under Washington law, a violation of the FDCPA is a per se violation of the CPA."). The Court cannot address Count IV's allegations without first adjudicating whether Defendants have violated the FDCPA.

In addition, contrary to Brown's assertions, the FDCPA does not just "involve[] one element of his state law claims." Dkt. # 63 at 9. The FDCPA is inextricably embedded into his complaint and is the sole basis for Plaintiff's *per se* Washington Consumer Protection Act claim. For example, many of Brown's alleged "questions of law and fact common to the Washington Class" are simply copied and pasted from various provisions of the FDCPA. *See* Dkt. # 1-2 at ¶ 81. Notably, the *only* specific provision in Brown's complaint from the Washington Consumer Protection Act is § 19.86,020, [sic] which generally states "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared

---

[5] Brown directly quotes language from the FDCPA throughout his complaint without citing the corresponding statutory provision. Brown cannot evade federal question jurisdiction in such a manner. *See Desaigoudar v. California Micro Devices Corp.*, 168 F.3d 498 (9th Cir. 1999) (holding plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim).

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –10

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    unlawful." *See* RCW § 19.86.020.  Thus, nearly *every* aforementioned example of conduct Brown

2    claims is unlawful is based on an alleged FDCPA violation.

3         **2.    Defendants Satisfy the Supreme Court's Four Factor Test**

4         Brown's Motion contends that he "has not stated a federal claim but only has stated

5    claims under state law."  Dkt. # 63 at 9.  But "where, as here, state law creates the cause of

6    action, federal jurisdiction may also lie if 'it appears that some substantial, disputed question of

7    federal law is a necessary element of *one* of the well-pleaded state claims.'"  *Indep. Living Ctr.*

8    *of S. California, Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) (citing *Franchise Tax Bd. of*

9    *Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983) (emphasis added)).  The

10   Supreme Court has recognized "in certain cases federal-question jurisdiction will lie over state-

11   law claims that implicate significant federal issues" and that "a federal court ought to be able to

12   hear claims recognized under state law that nonetheless turn on substantial questions of federal

13   law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal

14   forum offers on federal issues."  *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*,

15   545 U.S. 308, 312 (2005).  Federal question jurisdiction over state-law claims will lie if a federal

16   issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

17   resolution in federal court without disturbing the federal-state balance approved by Congress."

18   *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*).  All four factors are met here.

19        First, there is no dispute that Brown's claims are based on alleged violations of the

20   FDCPA—a number of Brown's class allegations along with Count IV of the complaint

21   necessarily turns on an interpretation of federal law because it requires the Court to determine

22   whether Defendants are liable under the FDCPA.  Defendants dispute violating any provision of

23   the FDCPA, thus satisfying the second factor.

24        The FDCPA issue in this case is also substantial and important to "the federal system as a

25   whole."  *Gunn*, 568 U.S. at 251.  Both Congress and federal courts have an interest in regulation

26   of the debt collection industry.  Indeed, courts have noted "Congress intended to create a uniform

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –11

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

law governing debt collection." *Young v. NPAS, Inc.*, 361 F. Supp. 3d 1171, 1199 (D. Utah 2019) (citing *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991)).  Moreover, plaintiffs in other jurisdictions, represented by the same counsel as Brown, have brought FDCPA claims against one or more of the Defendants with similar allegations regarding student loans.  The federal courts have a substantial interest in ensuring the adjudication of these disputes are uniform, coherent, and consistent.

Finally, the FDCPA states: "An action to enforce *any liability created by this subchapter* may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).  This creates an "explicit federal private remedy prescribed by Congress." *Holmes v. Cornerstone Credit Services, Inc.,* 3:10-CV-0002-RRB, 2010 WL 1874903, at *3 (D. Alaska May 6, 2010) (holding "[Plaintiff's] petition for an injunction, although couched within the context of a state law claim, is by its very nature an action to enforce a liability created by the FDCPA.").  By including this jurisdiction provision, Congress expressly intended to make federal courts the appropriate place for claims with alleged FDCPA violations.  Thus, finding federal question jurisdiction would not disturb the "federal-state balance approved by Congress."

### 3. Plaintiff's Cases are Distinguishable and Factually Analogous Cases Have Found Federal Question Jurisdiction Exists

Without providing context or analysis, Brown ostensibly relies upon a block quote from *Nevada v. Bank of America Corp.* 672 F.3d 661, 674–75 (9th Cir. 2012) to support his position. Dkt. # 63 at 10.  But *Nevada* is distinguishable for several reasons.  First, *Nevada* was a case brought by the Nevada Attorney General which held "[u]nder these circumstances, the claim of sovereign protection from removal arises in its most powerful form . . . considerations of comity make federal courts reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it . . . [and] removing a state's action from its own courts

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –12

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

must serve an overriding federal interest." *Id*. at 676 (citation omitted, cleaned up).  Defendants face no such hurdle here.  Second, the plaintiff's allegations in *Nevada* substantially differ from Brown's.  There, the plaintiff only alleged misrepresentations about—not violations of—the federal Home Affordable Mortgage Program.  Here, Brown *affirmatively* alleges Defendants violated numerous provisions of the FDCPA.  At least one district court in the Ninth Circuit has noted this precise distinction and found federal question jurisdiction concerning a state law claim based on purported violations of federal law.  *See Lindbloom v. Specialized Loan Servicing, LLC,* 3:12-CV-00071, 2012 WL 12872725, at *1 (D. Alaska June 12, 2012) (holding "Unlike the plaintiff in *Nevada* who alleged misrepresentation *about* HAMP, Lindbloom is actually alleging that defendant has not complied with HAMP . . .").  Finally, *Nevada* notes that federal question jurisdiction does not exist "when a claim can be supported by alternative and independent theories."  *Nevada*, 672 F.3d at 675.  But Count IV of Brown's Complaint *cannot* be supported by any alternative or independent theory—it necessarily and expressly depends on a violation of the FDCPA.

The district court cases in Brown's string cite fare no better.  Dkt. # 63 at 10.  For example, *Greenspon v. Deutsche Bank Nat'l Tr. Co.*, No. 19-516, 2020 WL 68583 (D. Haw. Jan. 7, 2020) is distinguishable because the complaint there "explicitly state[d] that Plaintiff is *not* bringing a federal claim under the FDCPA." *Id*. at *4.  Here, Brown alleges Defendants' conduct violated various provisions of the FDCPA throughout his complaint.  Meanwhile, both *Olson v. Wells Fargo Bank, N.A.*, 961 F. Supp. 2d 1149, 1150 at n. 2 (C.D. Cal 2013) as well as *Ghalehtak v. Fay Servicing, LLC*, No. 18-cv-2306, 2018 WL 2553570, at *2 (N.D. Cal. June 4, 2018) are inapposite for a different reason.  In both cases, plaintiffs made state law claims for alleged violations of California's Rosenthal Fair Debt Collection Practices Act, which expressly references the FDCPA.  The defendants argued that these references in the statute, in and of themselves, raised a federal question.  The *Olson* and *Ghalehtak* courts held the California's

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-00680-RSL) –13

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   statute's references to the FDCPA alone did not confer federal question jurisdiction.[6]  But

2   Defendants here do not argue that mere references to the FDCPA in a statute confer jurisdiction.

3   Rather, Defendants argue that Brown's separate and distinct allegations of FDCPA violations to

4   support a *per se* state law claim confer federal question jurisdiction.

5          In fact, courts in the Western District consistently deny motions to remand under analogous

6   factual circumstances to this case.  For example, in *Burr v. Volkswagen Group of America, Inc.*,

7   No. C16-0073, 2016 WL 6075575 (W.D. Wash. Mar. 8, 2016), plaintiff alleged three state law

8   claims, including a violation of Washington's Consumer Protection Act, but did *not* expressly

9   allege a federal claim.  Even so, the court denied the motion to remand because an exhibit to

10  plaintiff's complaint listed several federal statutes that defendants allegedly violated and plaintiff's

11  "claims turn upon the substantial federal question of whether Volkswagen violated federal law,"

12  thus "vindication of the state right necessarily turns upon the determination of a substantial

13  question of federal law."  *Id*. at *1.  That is precisely the case here.  Similarly, in *Carrington v.*

14  *City of Tacoma*, despite six state law claims, the court held "Plaintiffs' claims implicate a

15  substantial issue of federal law" because it was necessary to interpret the Federal Power Act.  276

16  F. Supp.3d 1035, 1042 (W.D. Wash 2017).

17         Furthermore, district courts in the Ninth Circuit have found federal question jurisdiction

18  existed over state law claims based on FDCPA violations.  For example, in *Chase v. United*

19  *Residential Mortgage LLC*, the court held that although "plaintiff pled no federal causes of action

20  directly . . . the claim that refers to the FDCPA necessarily relies directly on the federal cause of

21  action [and] necessarily require[s] substantial interpretation of federal law."  No. 3:10-cv-365,

22  2011 WL 198008, at *1 (D. Nev. Jan. 19, 2011).  In *Holmes v. Cornerstone Credit Servs., Inc.*, the

23  court denied plaintiff's motion to remand and found federal question jurisdiction based on alleged

24

25         [6] In *Ghalehtak*, the court stated, "the propriety of removal in this case turns on a single issue: whether
    federal question jurisdiction exists over plaintiffs' RFDCPA claim—a California cause of action created by a
26  California statute—solely because that statute incorporates certain provisions of the FDCPA."  2018 WL 2553570 at
    *1.

CERTAIN DEFENDANTS' OPPOSITION TO                           **Perkins Coie LLP**
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-                  1201 Third Avenue, Suite 4900
00680-RSL) –14                                             Seattle, WA  98101-3099
                                                            Phone:  206.359.8000
149813456.1                                                 Fax:  206.359.9000

violations of the FDCPA.  No. 3:10-cv-02-RRB, 2010 WL 1874903, at *3 (D. Alaska May 6, 2010).   And as noted above, the court in *Lindbloom* found federal question jurisdiction and distinguished *Nevada*.  2012 WL 12872725, at *1.  Both *Lindbloom* and *Holmes* are also relevant to the current case because they note that an injunction request that uses the FDCPA as a basis to prove state law claims is a further distinguishing factor to confer federal jurisdiction.  The *Holmes* court stated:

> the FDCPA prescribes federal jurisdiction for an action to enforce liability created by the FDCPA. [Plaintiff's] petition for an injunction, although couched within the context of a state law claim, is by its very nature an action to enforce a liability created by the FDCPA.  Thus, it not only presents a substantial question of federal law, but it also is the sort of action for which Congress has expressly provided federal jurisdiction.

2010 WL 1874903 at *3.  *Holmes* is directly on point—the conduct Brown seeks an injunction from is the exact same conduct Brown alleges violates the FDCPA.  Dkt. # 1-2 at ¶ 131.  Accordingly, federal question jurisdiction exists, and the Motion to Remand should be denied.

## C.   Defendants Adequately Alleged Diversity Jurisdiction

The Court need not reach the issue of diversity because it has jurisdiction under both CAFA and 28 U.S.C. § 1331.  The parties, however, dispute how Plaintiff's Complaint should be read as to the amount in controversy for diversity jurisdiction.  Defendants disagree with Plaintiff's interpretation and believe diversity jurisdiction has been established.  Therefore, to clarify the issue, Defendants sent Plaintiff's attorney a stipulation for signature stating that the amount in controversy as to Plaintiff Tommy Brown was less than $75,000 on October 9, 2020.  *See* Declaration of Kristine E. Kruger in Support of Defendants' Opposition to Plaintiff's Motion to Remand at ¶¶ 3-4.  Despite the representations made in Plaintiff's Motion, Plaintiff's attorney did not sign the stipulation.  Plaintiff's unwillingness to sign the stipulation supports defendants' position that the amount-in-controversy exceeds $75,000. Nevertheless, given the dispute on the $75,000 amount-in-controversy threshold, Defendants withdraw their diversity jurisdiction argument.

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –15

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.   CONCLUSION

For the reasons stated above, Defendants respectfully request this Court deny Plaintiff's Motion to Remand.

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

149813456.1

1

**DATED**: October 13, 2020.

2

**SESSIONS, FISHMAN, NATHAN & ISRAEL**

**CORR CRONIN LLP**

3

By: /s/ Bryan C. Shartle, Esq.

By: /s/ Emily J. Harris

4

Bryan C. Shartle, *Pro Hac Vice*
Justin Homes, *Pro Hac Vice*

Emily J. Harris, WSBA No. 35763
Benjamin C. Byers, WSBA No. 52299

5

Bradley St. Angelo, *Pro Hac Vice*
3850 North Causeway Boulevard, Suite 200

1001 Fourth Avenue, Suite 3900
Seattle, WA 98154

6

Metairie, LA 70002
bshartle@sessions.legal

eharris@corrcronin.com
bbyers@corrcronin.com

7

jhomes@sessions.legal
bstangelo@sessions.legal

*Attorneys for Transworld Systems Inc.*

8

9

*Attorneys for Transworld Systems Inc.*

**PERKINS COIE LLP**

10

**JONES DAY**

By: /s/ Kristine E. Kruger
By: /s/ Thomas N. Abbott

11

By: /s/ Albert J. Rota

Kristine E. Kruger, WSBA No. 44612
Thomas N. Abbott, WSBA No. 53024

12

Albert J. Rota, *Pro Hac Vice*
Dan Syed, *Pro Hac Vice*

1201 Third Avenue, Suite 4900
Seattle, WA 98101

13

2727 North Harwood St.
Dallas, TX 75201

Telephone: 206.359.8000
Facsimile: 206.359.9000

14

ajrota@jonesday.com
dsyed@jonesday.com

KKruger@perkinscoie.com
TAbbott@perkinscoie.com

15

*Attorneys for U.S. Bank National Association*

*Attorneys for U.S. Bank National Association,
National Collegiate Student Loan Trust 2004-*

16

*1, National Collegiate Student Loan Trust
2004-2, National Collegiate Student Loan*

17

*Trust 2005-1, National Collegiate Student
Loan Trust 2005-2, National Collegiate*

18

*Student Loan Trust 2005-3, National
Collegiate Student Loan Trust 2006-1,*

19

*National Collegiate Student Loan Trust 2006-
2, National Collegiate Student Loan Trust*

20

*2007-1, National Collegiate Student Loan
Trust 2007-2*

21

22

23

24

25

26

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –17

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

 I hereby certify under the penalty of perjury under the laws of the United States that on the date below, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of records.

 DATED at Seattle, Washington this 13th day of October, 2020.

/s/ Kate Johnson
Kate Johnson, Legal Practice Assistant

CERTAIN DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (No. 2:20-cv-
00680-RSL) –1

149813456.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000