THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00680-RSL<br><br>**PLAINTIFF'S REPLY TO DEFENDANT PATENUDE & FELIX'S OPPOSITION TO MOTION TO REMAND (ECF 66).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 16, 2020** |

In response to the Motion to Remand, the only grounds for removal that defendant, Patenaude & Felix ("P & F") only argues exists is that there is federal question jurisdiction. ECF. 66. Even though P&F claimed in its Notice of Removal (ECF. 1) and its proposed Amended Notice of Removal (ECF. 59-1), that it claimed the Court had subject matter jurisdiction under (i) 28 U.S.C. § 1332(a) (general diversity) and (ii) the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, its response does not address Plaintiff's Motion to Remand (ECF. 62)("Motion") under those theories.

Under P & F 's now revised view, if any state adopts the structure of a federal law as a basis for a state claim, the state has created federal question jurisdiction before federal courts even if the federal law is not the only basis for the claims asserted. P & F's arguments are without merit.

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

### I.    Only Actions That Rely Exclusively On Federal Law Support Removals Based On Federal Question

Brown has asserted two claims under the Washington Consumer Protection Act ("WCPA") in Count III and IV of his complaint. DKT NO. 1-2, Compl. ¶¶ 107-128. Count IV also includes an allegation that Defendants violated the WCPA by filing false affidavits. *Id*. at ¶ 122. The use of false affidavits can be actionable as an unfair or deceptive act or practice prohibited by the WCPA.  RCW §19.86.020. Brown can obtain relief under the WCPA whether he proves violations of the FDCPA or not.

Simply showing that a claim may involve a federal law does not establish federal question jurisdiction under 28 U.S.C.A. 1332.  A party must show "a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 103 S.Ct. 2841, 2854 (1983). *See also* § 3722 Removal Based on Federal-Question Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3722 (Rev. 4th ed.)("If a state-law based theory can be offered for the plaintiff's cause of action, even though the state-law basis does not appear in the complaint, some federal courts have held that the case cannot be removed. Indeed, plaintiff's right to relief will be found to depend on federal law only when every legal theory asserted requires the resolution of a federal issue").

The FDCPA Does Not Completely Preempt State Law Claims. *See* infra Part III.

P & F's position was again rejected by the Supreme Court in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 106 S.Ct. 3229, 3234 (1986) where the court explained that an earlier decision did not change the law:

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, WA 98104
V (206) 330-0595 /  F (206) 400-7609

> Franchise Tax Board, however, did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.

*Id.*

Further, if a claim does not rest exclusively on federal law, it does establish federal question jurisdiction. The Supreme Court set forth in *Christianson v. Colt Industries Operating Corp.*, 108 S.Ct. 2166, 2174, (1988):

> In a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.

*Id.*

The fact *Christianson* was made under 28 U.S.C.A. §1338 does not diminish the impact of the decision on the issue before this court under 28 U.S.C.A. §1331. It amplifies the importance because even under a statute, 28 U.S.C.A.§1338, that vests exclusive jurisdiction in federal courts, the Supreme Court required the federal law to be the exclusive basis for the state claim before it permitted removal to a district court. *Id.*

In *Gunn v. Minton*, 133 S.Ct. 1059, 1065, 568 U.S. 251, 258–59 (2013) the Court held that a legal malpractice that included claims that raised issues relating to patents, which were in the exclusive jurisdiction of federal courts, did not create federal question jurisdiction. The Court set forth the four factors considered: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. In *Gunn*, the Court concluded that the third factor was not present because the federal issue was not "substantial in the relevant sense." 133 S. Ct. at 1066.

PLAINTIFF'S RREPLY TO DEFENDANT PATENAUDE & FELIX'S
OPPOSITION TO MOTION TO REMAND - 3

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

The Court held that "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim "necessarily raise[s]" a disputed federal issue"... The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Id. The Court found that the federal issue carrie[d] no significance ... [and] No matter how the state courts resolve that hypothetical "case within a case," it will not change the real-world result of the prior federal patent litigation." 133 S.Ct. at 1067.  "Nor will allowing state courts to resolve these cases undermine "the development of a uniform body of [patent] law." *Id.*

*Gunn* dealt with statutes which Congress had vested exclusive jurisdiction in the federal courts and despite this they found that the litigation of claims that focused on the federal laws within the exclusive jurisdiction of the federal courts did not meet the substantial test. Here, Congress did not vest exclusive jurisdiction over the FDCPA in the federal courts. State courts can decide claims under the FDCPA and regularly do so. The decision by the Washington state court for claims that may rely in part on the FDCPA will not change the real world result or interfere with the development of a uniform body of law any more than already allowed by Congress when it extended jurisdiction to adjudicate such claims to state courts.

## II.   P & F Does Not Show Brown's Claim Rely Exclusively On Federal Law

P & F's characterization that the FDCPA is the "centerpiece" of Brown's claims under the Washington CPA claims or its statement that "[a] CPA claim that depends upon alleged violations of the FDCPA for liability is some liability based on the

PLAINTIFF'S RREPLY TO DEFENDANT PATENUADE & FELIX'S
OPPOSITION TO MOTION TO REMAND - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

1   FDCPA[]" does not establish federal question jurisdiction. "Some liability" does not

2   meet the test – it must be only liability based on federal law.

3           Washington law permits recovery for violations of the WCPA that do not rely on

4   the adoption of the FDCPA provisions as part of Washington's substantive law. *See*

5   Count III and ¶ 122 of Count IV.  Therefore, this is another reason that federal question

6   jurisdiction is not present in this removed action.  Other courts have rejected

7   arguments similar to those advanced here by P&F.  *Griffiths v. Nationstar Mortg.,*

8   *LLC*, No. 3:19CV503-HEH, 2019 WL 5088747 (E.D. Va. Oct. 10, 2019) rejected the

9   nearly identical argument (involving a different federal statute than the FDCPA[1]);

10  *White v. NewRez LLC*, No. CV RDB-20-1259, 2020 WL 4748539, at *3 (D. Md. Aug. 17,

11  2020)("Here, resolution of Plaintiff's claims does not rise and fall on the FDCPA.

12  Instead, Maryland statutory law creates the independent causes of action for which

13  Plaintiff seeks relief").

14          The Plaintiff's motion to remand should be granted since there is no basis for

15  this Court to exercise jurisdiction over this action.

16  **III.    The FDCPA Does Not Vest Exclusive Jurisdiction in Federal**
        **Courts**

17          P & F 's argument that 15 U.S.C.A. 1692k(d) also mandates federal court

18  jurisdiction also fails. First, that provision does not establish exclusive federal court

19  jurisdiction. By its own terms it provides that actions can also be brought "...in any

20  other court of competent jurisdiction" Congress knows how to provide for exclusive

21  jurisdiction over federal claims. *See e.g,* 28 U.S.C.A. §1338(a)("The district courts shall

22  have original jurisdiction of any civil action arising under any Act of Congress relating

23  ─────────────────

24  [1]        The Virginia statute at issue in *Griffiths* created a state cause of action for
    violations of the federal Servicemembers Civil Relief Act. VA. CODE ANN. § 44-102.1.

PLAINTIFF'S RREPLY TO DEFENDANT PATENAUDE & FELIX'S
OPPOSITION TO MOTION TO REMAND - 5

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

to patents ... No State court shall have jurisdiction over any claim for relief arising

under any Act of Congress relating to patents...").

"Congress did not intend the FDCPA to preempt consistent state consumer

protection laws." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1067 (9th Cir.

2011). The opposite is true, the FDCPA only provides for conflict preemption and

allows greater state law protections:

> This subchapter does not annul, alter, or affect, or exempt any person
> subject to the provisions of this subchapter from complying with the laws
> of any State with respect to debt collection practices, except to the extent
> that those laws are inconsistent with any provision of this subchapter,
> and then only to the extent of the inconsistency. For purposes of this
> section, a State law is not inconsistent with this subchapter if the
> protection such law affords any consumer is greater than the protection
> provided by this subchapter.

Relation to State laws, 15 USCA § 1692n.  See also *Jackson v. Blitt & Gaines, P.C.*, 833

F.3d 860, 864 (7th Cir. 2016)("When referring to state law though, we must be mindful

that the FDCPA preempts state law to the extent state law affords a consumer less

protection than the FDCPA does"); *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 127

(2d Cir. 2016)("the FDCPA expressly contemplates the existence of state laws that offer

protections to consumers that go beyond the FDCPA itself").

As noted above, even when Congress has granted exclusive jurisdiction to federal

courts over a claim, it does not mean any case that raises a claim involving the federal

law creates federal question jurisdiction. See *Gunn v. Minton*.

P&F's argument on this issue is without merit and the Motion should be granted.

## IV.    P & F's Case Law Does Not Help It

P & F's citation to *Carrington v. City of Tacoma, Department of Public Utilities,*

*Light Division*, 276 F.Supp.3d 1035, 1041 (W.D.Wash., 2017) does not help it. There the

PLAINTIFF'S RREPLY TO DEFENDANT PATENAUDE & FELIX'S
OPPOSITION TO MOTION TO REMAND - 6

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, WA 98104
V (206) 330-0595 / F (206) 400-7609

1    claims for negligence against a dam operator were based exclusively on federal law

2    because the federal law preempted any state law. And, the federal law at issue

3    "provide[d] no evidence that Congress intended these issues to be litigated in state

4    courts. Conversely, the fact that the FPA's judicial review provisions both vest the

5    federal courts with "exclusive jurisdiction" evidences Congress' intent to resolve such

6    disputes in a federal forum. See 16 U.S.C. §§ 825l(b), 825p"." As shown above, the

7    FDCPA does not preempt state law unless there is a conflict. There is no conflict

8    between the Washington CPA and the FDCPA. Nor did Congress vest exclusive

9    jurisdiction over the FDCPA claims in federal courts.

10

11          The *Carrington* case is consistent with the case law cited by Brown – that a

12   defendant who removes an action must show the claims asserted rely exclusively on

13   federal law. P & F cannot show that here and has not done so, thus this case should be

14   remanded to the state court.

15

16          Dated this 16th of October, 2020.

17

18          _/s/ Christina L Henry_____
            Christina L Henry, WSBA 31273

19          HENRY & DEGRAAFF, PS
            Counsel for Plaintiffs

20          787 Maynard Ave S
            Seattle, WA 98104

21          206-330-0595 Fax 206-400-7609
            chenry@hdm-legal.com.

22

23          _/s/ Scott C. Borison_____
            Scott C. Borison (Pro Hac Vice)

24          Borison Firm, LLC.
            Counsel for Plaintiffs

25          1900 S. Norfolk St. Suite 350
            San Mateo CA 94401

26          301-620-1016 Fax 301-620-1018
            scott@borisonfirm.com

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

 _/s/ Phillip R. Robinson_____
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

PLAINTIFF'S RREPLY TO DEFENDANT PATENUADE & FELIX'S
OPPOSITION TO MOTION TO REMAND - 8

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609