THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00680-RSL<br><br>**PLAINTIFF'S REPLY TO THE DEFENDANT TRUSTS' OPPOSITION TO MOTION TO REMAND (ECF 67).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 16, 2020** |

The Defendant Trusts' removal cited three grounds: (i) diversity, (ii) federal question jurisdiction, and (iii) the Class Action Fairness Act ("CAFA").

The Trusts have apparently abandoned the diversity argument since they only reference that this Court has jurisdiction under federal question jurisdiction and CAFA. *See* Defendant's Opp. (ECF 67) at Page 2 (Because jurisdiction exists under both 28 U.S.C. § 1331 and CAFA, Defendants respectfully request the Court deny Plaintiff's Motion.) There is therefore no dispute that the diversity jurisdiction contention fails.

The Defendants' federal question argument fares no better. As more fully set forth in the Plaintiff's Reply to Defendant Patenaude & Felix's Opposition to Remand, the FDCPA does not completely preempt state laws, and Congress did not prohibit state courts from adjudicating claims under the FDCPA. The FDCPA does not meet the

PLAINTIFF'S REPLY TO THE DEFENDANT TRUSTS' OPPOSITION
TO MOTION TO REMAND (ECF 67) - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

requirements to turn every state law action for unfair or deceptive practices into federal cases.

In addition, the Defendants' effort to show CAFA jurisdiction relies on an affidavit by an individual who lacks personal knowledge. Its position fails if the affidavit is not admissible and should be stricken. A state court already decided that the affiant, Bradley Luke, is not competent to testify as to the Trusts' records. The reasons offered by the state court apply equally here since the affiant again tries to provide statement regarding the Trusts' records. Also, the affidavit itself fails to show competency as to the records of the Trusts and can be stricken for this additional reason. Without the affidavit or even with it as it is, the Defendants fail to meet their burden to show that the action was properly removed.

Finally, the Defendants' continued concealment of the identities of all the beneficial owners of the Trusts presents a different and final basis for remanding this action. As the Parties seeking to evoke the jurisdiction of the Court, the Defendants have the basic burden of complying with the rules of procedure required for all other parties in the same position.

Specifically, here, the Defendants wish to conceal the identifies of two individuals from the public records who have a beneficial interest in the Trusts. The Defendants have failed to comply with the disclosure requirements. LR Civ. 7.1(a)(2). The public, the parties, and the Court have a right to know the identities of the individuals so the conclusory representations can be verified and there can be confidence in the adjudication of the disputes raised herein are open and free of any appearance of conflict or impropriety.  Mem. In Sup. of Mot. to Remand (ECF 63) at Pages 2-3. The issue could also become an issue on appeal if this Court does not address it. *See* the Declaration of Christina L Henry ("Henry Dec."), at ¶ 3, Ex. C.

PLAINTIFF'S REPLY TO THE DEFENDANT TRUSTS' OPPOSITION
TO MOTION TO REMAND (ECF 67) - 2

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

### I. The Trusts are Precluded from Relying on the Affidavit of Bradley Luke to Provide Facts Relating to the Trusts Records. It Should be Stricken.

The Trusts claim that the issue of whether Mr. Luke was competent to provide any testimony about the Trusts was not determined in the prior litigation. Trusts' Response (ECF 67) at Page 10-12. They also claim that the Plaintiffs have not produced any evidence that the information provided is "not trustworthy." Response (ECF 67) at Page 9. On both points the Trusts are wrong. As the removing parties, the Defendants are also not permitted to shift their burden of showing this Court's limited jurisdiction with competent evidence onto the Plaintiff.

Defendants inaccurately characterize Plaintiffs' argument as holding that "an affidavit from Bradley Luke was hearsay, has rendered Mr. Luke incapable of *ever* testifying to *any of TSI's records* relating to *any* of the student loans TSI services on behalf of the Trusts.". Trusts' Response (ECF 67) at Page 5. Plaintiff takes no position as to the competence of Mr. Luke to testify regarding records held by TSI that were originated by TSI and maintained solely by TSI thereafter, nor is it an issue here. The issue here is that Defendants seek to admit Mr. Luke's testimony regarding records of other entities (which is what he claimed in his original affidavit to the Court), the Trusts, as the self-proclaimed "dedicated record custodian." He claims to provide the amounts allegedly owed to the Trusts by class members—which were from the third-party records of the Trusts, which the state court has already ruled that Mr. Luke is *not* competent to provide testimony about.

Indeed, Defendants themselves aver that "the Original Luke Declaration here was not offered to establish the chain of title for the loans (i.e., 'prove up' the original credit agreements for the loans or the assignments from the originating lender, Bank of America)." Trusts' Response (ECF 67) at Page 6. But the state court held that Mr. Luke was not competent to testify about the amounts owed precisely because he was not able to establish the chain of title, the existence of which is a necessary first step to

establishing that the Trusts owned the loans at all.[1] To borrow a doctrine from criminal law, the figures held in TSI's servers are the fruit of the poisonous tree. If Defendants cannot establish chain of title to the loans allegedly incurred by the class members, and if they do not represent to this Court that they can establish the chain of title—which they explicitly did not do in their Opposition—then they have no basis for making any argument predicated on numeric amounts they decline to even attempt to substantiate.

"One of the purposes of [collateral estoppel which is also known as issue preclusion] is to encourage respect for judicial decisions by ensuring finality." *State Farm Mut. Auto. Ins. Co. v. Avery*, 57 P.3d 300, 303 (Wash. 2002). The Trusts had the right to appeal the adverse judgments against them in the state court in the prior proceedings including the exclusion of any testimony from Mr. Luke whose testimony was found to be inadmissible in relation to the Trusts' business records. WA R RAP 2.2. Yet, the Trusts elected *not* to do so, and as a result they may not avoid the application of collateral estoppel in this case. *Avery*, 57 P.3d at 309 (holding an exception to utilizing collateral in a second action when prior small claims judgment and no right of appeal). *See also City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 193 P.3d 1077, 1089 (Wash. 2008) ("When a subsequent action is on a different claim, yet depends on issues which were determined in a prior action, the relitigation of those issues is barred by collateral estoppel") (internal citation omitted).[2]

Similarly, this Court has also explained that

> Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior

---

[1] Note that the Original Luke Declaration referenced Mr. Luke's knowledge of business records at length in ¶ 4. The Motion's (ECF 63) reference to the state court ruling was a direct attack on the trustworthiness of the Original Luke Declaration.

[2] Not only are the Trusts barred by collateral estoppel from relying on Mr. Luke's purported testimony about the Trusts' business records since it has been judicially determined he is not competent to provide such testimony, so too are the other Defendants who are in privity with the Trusts. *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008); *Weaver v. City of Everett*, 450 P.3d 177, 182 (2019).

> judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)...
>
> Relitigation of a legal or factual issue is foreclosed if "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012) (citing *Montana v. U.S.*, 440 U.S. 147, 153-54 (1979)).

*Ishow.com, Inc. v. Lennar Corp.*, No. C15-1550RSL, 2016 WL 1720764, at *2 (W.D. Wash. Apr. 29, 2016).

As the Trusts admit, the state court found Mr. Luke to be unqualified to provide testimony about the Trusts because his purported knowledge was inadmissible, and they now seek to rely on his testimony in this case. ECF. 67, Page 12. Tellingly, the Trusts do not provide any replacement witness who are actually competent to provide admissible testimony. *See* generally ECF 66-69 (tens of pages of responses and replies without a single sworn declaration by any other person to provide any basis to support the Trusts' claim for this Court's CAFA jurisdiction). Instead, they filed declarations with the same defects adjudged material in *Brown*. *See* Luke Declarations, ECF 2 and ECF 69. The business records exception assumes that business records generally have an assumption of reliability and particularized guaranties of trustworthiness, but a witness must do more than simply proclaim that something is a business record; a court needs a basis from which to make that finding. *N.L.R.B. v. Cal-Maine Farms, Inc.* (5th Cir. 1993) 998 F2d 1336, 1343. Testimony must establish that an affiant knows how the business records are made and kept in order to lay a proper foundation. *N.L.R.B. v. First Termite Control Co.*, 646 F.2d 424, 427 (9th Cir. 1981), opinion amended on reh'g sub nom. *Nat'l Labor Relations Bd. v. First Termite Control Co. Inc.* (9th Cir. Aug. 5, 1981).

Mr. Luke's only basis for providing testimony on behalf of the Trusts in the two declarations filed to support removal is in his capacity as a "dedicated records

custodian" of the Trusts through his employer TSI and through a review of the "business records… [maintained] on behalf of the Trusts." (ECF 2 and ECF 69). Judge Phelps, in the unappealed and final prior state court proceedings, expressly found that "Mr. Luke does not have the ability to testify about … business records [of the Trusts] since he is not employed by the entity" and TSI is not "the entity that has custody and possession of the records and he does not have knowledge of the retention policies of the alleged predecessor's in interest, Bank of America, National Collegiate Funding, LLC." Henry Dec., at ¶ 2, Ex. A. The declarations filed here by the Trusts do not provide any new information about Mr. Luke's training or qualifications to establish that TSI is the "dedicated records custodian" for the Trusts. There are no details when or how long he has held this alleged position or even since the prior state court action what he has done, if anything, to actually be able to provide competent testimony about the Trusts' business records. Additionally, new information from the Default Prevention Collection Services Agreement filed by US Bank, shows that TSI relies on what media the Trusts provide it and there are clearly instances where no media is available. (Dkt No. 71-Ex B, pg. 6). Thus, the issue remains NCSLT's records, not TSI's records.

In the prior proceeding the state court held Mr. Luke was not competent and excluded the evidence related to the Trusts he was offered to testify about. Here, the Defendants' claim for CAFA jurisdiction is based solely on Mr. Luke's testimony; testimony he is not competent to provide. The precise issue of Mr. Luke's competence was litigated in the state court and the Trusts were represented in those actions by counsel and Defendants were given a full and fair opportunity to litigate this issue. In addition, the issue was necessary to the state court's judgment in favor of the Plaintiff. The Trusts also had the right to appeal the adverse judgments against them but chose not to do so. Tellingly, the Trusts' counsel in the state court action, P&F, does not even

PLAINTIFF'S REPLY TO THE DEFENDANT TRUSTS' OPPOSITION
TO MOTION TO REMAND (ECF 67) - 6

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609

attempt to support their original claim to the Court's CAFA jurisdiction in their opposition to the Motion to Remand. ECF. 63.

Here, when the Defendants' assertion of CAFA jurisdiction was made based on Mr. Luke's purported affidavit knowing that the state court found he was not competent to provide any admissible evidence about the Trusts and their purported business records. When Defendants moved to amend their notice of removal (without the right to do so), they elected to continue to rely upon Mr. Luke's purported affidavit knowing the state court had found he was not a competent witness to testify about the Trusts' records. Finally, even after the Plaintiff moved to remand, the Trusts still did present any competent evidence to support their claim of CAFA jurisdiction.

Defendants have the burden to show the Court's CAFA jurisdiction. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The only purported "evidence" they have provided the Court is an affidavit made by an individual who is not qualified to testify to the claims and facts asserted. The Defendants are precluded from again litigating an issue they lost in state court. The affidavit should be stricken. The Defendants have failed to provide admissible evidence to meet their burden.

### II.     The Affidavit Provides Inadmissible Hearsay and Should Be Stricken or Disregarded.

The Defendants' reliance on the statements made by Mr. Luke is hearsay and is therefore inadmissible. Fed. R. Evid. 802. Mr. Luke's statements do not meet the business records exception to hearsay under Fed. R. Evid. 803(b)(6) for several reasons.

First, in addition to the state court ruling, the affidavit itself fails to provide sufficient details to show that the affiant meets the requirement that the conditions of Fed. R. Evid. 803(6)(A)-(C) are shown by "the testimony of the custodian or another qualified witness…." Fed. R. Evid. 803(6)(D).

The records that matter here are the records of the Trusts. The affidavit begins with Mr. Luke identifying himself as a "dedicated record custodian" of the Trusts. ECF 69 at ¶ 1. The affiant does not explain what this label means or if it has any meaning at all. There are no facts to explain what duties, if any, are associated with his asserted position. There are no facts presented why the affiant would be in a position to testify as to any facts relevant to the Trusts' records.

The affiant weaves in allegations relating to Defendant TSI to try to fill in gaps, but the issue here concerns the records of the Trusts, not TSI, since the basis of the Defendants' removal under CAFA were the records of the Trusts.[3] The only details offered concerning any record keeping policies and procedures relate to TSI. ¶ 3. The effort to collapse the separate existence of TSI and the Trusts because they now find it convenient does not justify treating the entities as if they are one. As noted above, the records are separate. (Dkt No. 71-2, Ex B, pg. 6)("Special Servicer recognizes that back up media, sworn statements of account, affidavits and other documentation may be required to pursue legal treatment on accounts placed with NCO. In the event that documentation is required, Special Servicer will comply with NCO's request for media and follow request procedures as agreed upon in work standards.")

Second, to meet the hearsay exception as business records, the party must show that the records meet all of the requirements of Fed. R. Evid. 803(6)(A)-(C). The initial affidavit submitted by Bradley Luke, ECF 2, made no effort to show any of the requirements were met. The second affidavit, ECF 69, goes further but makes no statement to show that the "record was made at or near the time by--or from information transmitted by--someone with knowledge" as required by Fed. R. Evid.

---

[3] At this stage the Defendants are not permitted to change the jurisdiction facts to some other theory. *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014)(recognizing a district court has "no discretion to permit amendments furnishing new allegations of a jurisdictional basis" after thirty days).

803(6)(A). *Angelone v. Furst*, 2011 WL 5873379, at *2 (W.D. Wash. 2011) (rejecting records because the affiant "…does not have knowledge of 'acts, events, conditions, opinions, or diagnoses, made at or near the time' of the medical records and therefore, this evidence is not properly before the Court"). Mr. Luke's carefully worded affidavit cannot overcome the fact that its earliest involvement was in March 2009, years after the Trusts were formed in 2006 and 2007. *See* Default Servicing Agreement dated March 1, 2009. *See* ECF 71-2. Therefore, he lacks any direct knowledge of how the records were created and he has not even attempted to demonstrate any indirect knowledge of how the purported records were made.

The second affidavit also falls short of establishing that the records were "kept in the course of a regularly conducted activity of" the Trusts as required by Fed. R. Evid. 803(6)(B). Paragraph 6 begins with a reference to TSI's practices and ends with a reference to TSI's practices but never explains the Trusts' practices. Also, TSI cannot testify to practices before TSI had any involvement with the Trusts. TSI's involvement was years after the Trusts were formed. *See Id.* ECF 71-2.

Finally, Mr. Luke only states that "[i]t is TSI'S regular practice to enter and maintain such records…". There is nothing to show that it is or was the Trusts practice to meet the requirements of 803(6)(C).

Third, the "source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E). TSI's access to the purported records of the Trusts is for purposes of litigation. The Default Servicing Agreement provides for the Trusts to provide records to TSI as part of its litigation management functions under ¶ 2.4 of the agreement:

> NCO will handle all routine communication with the attorney on Special Servicer's behalf and will be responsible for monitoring the attorney's performance in litigating the case, collecting on the accounts pre-judgment and collecting on any judgment or settlement. Except in the case where there is no media availability, any decision regarding

settlement, dismissal of the action, or the removal of an attorney will require Special Servicer's written consent. Special Servicer recognizes that back up media, sworn statements of account, affidavits and other documentation may be required to pursue legal treatment on accounts placed with NCO. **In the event that documentation is required, Special Servicer will comply with NCO's request for media** and follow request procedures as agreed upon in work standards. If Special Servicer cannot comply with media or documentation requests within a fourteen (14) day period, NCO reserves the right to dismiss any legal action, with our without prejudice and close and return the account back to Special Servicer. In the event that lack of media or documentation results in liability for NCO or Special Servicer, Special Servicer bears the burden of indemnification. At all times, Special Servicer and not NCO will be the client of the collection attorney. **Special Servicer agrees promptly to provide all available documentation, written testimony, witnesses and other reasonably necessary materials and assistance requested by NCO in support of such litigation.**

ECF 71-2 (emphasis added).

This provision makes clear that the information is supplied to TSI (a successor to another party named NCO) for the purposes of supporting litigation. In *U.S. v. Baxter*, 492 F.2d 150, 165 (9th Cir. 1973), the Court noted that "**[i]t is true that business records prepared specifically to assist in imminent litigation are unreliable**, because they are likely to be self-serving in a way that cannot be scrutinized by cross-examination at trial." *Id.* (emphasis added).

### III.   Conclusion

Given all of the circumstances in regard to the affidavit of Mr. Luke and the prior state court ruling, Plaintiff has shown that his testimony that seeks to establish an exception to the admission of hearsay indicates a lack of trustworthiness. The affidavit should be stricken. Alternatively, it does not meet Defendants' burden to establish jurisdiction before this court and the action should be remanded. In addition, give the Defendants' failure to identify all of the Trusts' beneficial owners when required to do so, the Defendants' removal is improper and such conduct should not be permitted.

PLAINTIFF'S REPLY TO THE DEFENDANT TRUSTS' OPPOSITION TO MOTION TO REMAND (ECF 67) - 10

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, WA 98104
V (206) 330-0595 /  F (206) 400-7609

Dated this 16th of October 2020

*/s/ Christina L Henry*
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com.

*/s/ Scott C. Borison*
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

*/s/ Phillip R. Robinson*
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

PLAINTIFF'S REPLY TO THE DEFENDANT TRUSTS' OPPOSITION
TO MOTION TO REMAND (ECF 67) - 11

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 /  F (206) 400-7609