# EXHIBIT A

```
 1    SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

 2   _____

 3   NATIONAL COLLEGIATE STUDENT      )

 4   LOAN TRUST 2007-2,               )

 5                   Plaintiff,       )

 6        vs.                         ) 19-2-09402-8 KNT

 7   OSURE BROWN and TOMMY BROWN,     )

 8                   Defendants.      )

 9   _____

10   Consolidated with:

11   19-2-09403-6 KNT; 19-2-09404-4 KNT; 19-2-09405-2 KNT;

12   19-2-09406-1 KNT; 19-2-09407-9 KNT; 19-2-09408-7 KNT;

13   19-2-09409-5 KNT; 19-2-09410-9 KNT; 19-2-09411-7 KNT

14   _____

15               VERBATIM REPORT OF PROCEEDINGS

16                  BEFORE THE HONORABLE

17                  NICOLE GAINES-PHELPS

18   _____

19                   OCTOBER 24, 2019

20

21

22

23

24   TRANSCRIBED FROM RECORDING BY:

25   CHERYL J. HAMMER, RPR, CCR 2512
```

Page 1

```
 1                    A P P E A R A N C E S
 2
 3    FOR THE PLAINTIFF:
                  MATTHEW CHEUNG
 4                Patenaude & Felix, A.P.C.
                  19401 40th Avenue West, Suite 280
 5                Lynnwood, Washington 98036
                  425.361.1662
 6                matthew.cheung@pandf.us
 7
      FOR THE DEFENDANTS:
 8                CHRISTINA LATTA HENRY
                  Henry & DeGraaff, PS
 9                787 Maynard Avenue South
                  Seattle, Washington 98104
10                206.330.0595
                  chenry@hdm-lega.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 2

1                    TABLE OF CONTENTS

2

3    PROCEEDINGS:                                    PAGE

4    Continuance denied                                5

5    Argument re: Summary judgment                     6

6    Court presents ruling                            26

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

```
1                        --oOo--

2

3              (BEGINNING OF TRANSCRIPTION)

4            (Proceedings begin at 3:33 p.m.)

5                 FEMALE VOICE:  Superior Court is now

6    in session.  The Honorable Judge Nicole Gaines-Phelps

7    presiding.

8                 THE COURT:  Good afternoon, everyone.

9    Welcome to Department 14.  Okay.  We are here on

10   National Collegiate Student Loan Trust versus Braum --

11   versus Brown; Cause Number 19-2-09402-8.

12                 I'll have counsel introduce

13   themselves.  And for plaintiff.

14                 MR. CHEUNG:  Matt Cheung, for the

15   plaintiff.

16                 THE COURT:  And for defendants.

17                 MS. HENRY:  Christina Henry, attorney

18   for defendants Osure Brown and Tommy Brown.

19                 THE COURT:  Thank you.  So let me

20   begin by saying, I know that there are -- well, I

21   found out, essentially today, that there was a motion

22   for -- from plaintiffs to continue that was supposedly

23   set last week.

24                 For some reason, something happened

25   with the working copies.  Not quite sure what.  I did
```

Page 4

```
1    read and review that, though, and so I am ready to
2    address that.  What I read and reviewed was through
3    ECR I read plaintiff's motion for continuance and then
4    I did receive a response, a written response, from
5    plaintiffs to the motion and I have read that.
6              And then on ECR I read -- I mean, from
7    defendant, and then -- defendants and then on ECR I
8    also read plaintiff's reply.
9              So did you have anything else that you
10   wanted to add other than your written materials?
11             MR. CHEUNG:  There's also a
12   declaration that included -- essentially it was just
13   all the discovery that we had -- that had so far, with
14   the defendants' responses.
15             THE COURT:  Okay.  All right.  I did
16   not look at that, but I did read the motion alluding
17   to what discovery you had received.
18             So in terms of the motion, both
19   parties have acknowledged to continue in their written
20   materials, that under CR 56 it's discretionary whether
21   the court wants to continue or not.  Having read all
22   of the materials, and understanding the issue that is
23   at hand, I'm going to deny the request.
24             And the reason why I'm going to deny
25   the request for continuance of the summary judgment is
```

Page 5

```
1    basically in light of what the true issue is in this
2    case, and in light of plaintiffs basically arguing
3    they haven't had time to depose defendants, the court,
4    on the record that's before it, as far as the summary
5    judgment, can't -- doesn't have a reason to believe
6    that further discovery as far as propounding discovery
7    against the defendants is in any way going to resolve
8    the issue that essentially is before the court on the
9    summary judgment motion, because the issue on the
10   summary judgment essentially has to do with what
11   evidence plaintiffs have -- have propounded to support
12   their claims.  So motion for continuance is denied.
13                    And as to the motion for summary
14   judgment, the court received and reviewed plaintiff's
15   -- I'm sorry -- defendants' -- my notes -- defendants'
16   motion for summary judgment, reviewed the proposed
17   order, the declaration of Defendant Brown as well as
18   Exhibits A through Y.
19                    And then in responsive materials --
20   oh, and then the court also later received and
21   reviewed the notice errata and the corrected Exhibit Q
22   and S.
23                    Then the court in response received
24   the plaintiff's response to motion for summary
25   judgment, proposed order of denial, as well as the --
```

Page 6

1    it's interesting.  My working papers...  Let me read

2    what I read.  My notes don't have the printout from

3    the E working papers.

4                    So what I can tell you is attached to

5    -- in addition to the motion, was an affidavit of

6    Bradley Luke and then there were five parts to Mr.

7    Luke's declaration -- I mean, affidavit, and the court

8    reviewed those.

9                    Then in reply the court received and

10   reviewed the reply and the declaration of Sam Leonard

11   in support -- or motion for summary judgment, the

12   declaration of counsel in support and in reply, as

13   well as Exhibits 1 through -- I'm sorry.  Then in

14   addition, the court received with that was a Westlaw

15   case of Saccameno versus Ocwen Loan Servicing, and I

16   have briefly read through that as well.

17                   Is there anything that the court

18   should have received that you didn't hear mentioned by

19   the court?

20                   MS. HENRY:  No, Your Honor.

21                   THE COURT:  Anything the court should

22   have reviewed that you didn't have mentioned -- hear

23   mentioned by the court?

24                   MR. CHEUNG:  Nothing here.

25                   THE COURT:  Okay.  All right.  So

Page  7

```
1    first, let's address -- before we get there, let's

2    address counsel's motion.  Defense -- no --

3    plaintiff's motion to exclude the prior records from

4    the court that I believe were in defendants' working

5    papers.  I want to say B through --

6                    MS. HENRY:  B through Y, Your Honor.

7                    THE COURT:  B through Y.  Under the

8    evidence rules, public records generally -- well, it's

9    not really that much (unintelligible).  In Washington

10   we have Evidence Rule 803, but it literally cites to

11   the statute that governs the admission of public

12   records, and that's RCW 5.44.010 and then 544.040.

13                   Essentially, here in Washington,

14   public records and court records in proceedings of

15   court do not fall under the hearsay rule.  And they

16   are admissible, but for them to be admissible as

17   public records they have to be certified copies.  I

18   did not see anything that was included in any of the

19   declarations as far as prior court proceedings or

20   records for certified copies.

21                   MS. HENRY:  And Your Honor --

22                   THE COURT:  Did I miss that?

23                   MS. HENRY:  And Your Honor, I believe

24   that in our response we suggested that we would have

25   to supplement with that, if the court will allow us to
```

                                                    Page 8

```
 1    do that.  I'm not sure that there's a question as to
 2    them being authentic records, but we would request
 3    that the court allow us to do that.
 4              Definitely for the record that was
 5    submitted from Delaware we did do everything to
 6    support that record, and we also supported the
 7    transcript with the attorney who had actually been on
 8    that transcript.
 9              THE COURT:  I'm going to deny that
10    request.  Honestly, for purposes of what I have read,
11    everything here, honestly, for purposes of that, I
12    don't necessarily feel that it's of such a nature that
13    I need to make a decision.
14              MS. HENRY:  Okay.
15              THE COURT:  So, and actually,
16    honestly, it should have been done without the court
17    having to do it.  It's your motion.  You brought it.
18    You should have provided the certified copy.  So I'm
19    going to deny that request.
20              With that said, I think I have
21    addressed all of the preliminary matters.  We
22    addressed the evidentiary issues.  We addressed the
23    continuance.  Did I miss anything else?
24              MR. CHEUNG:  Sorry.  Just for
25    clarification, which exhibits did you...
```

Page 9

```
 1                      THE COURT:  The court, any court, any
 2   --
 3                      MR. CHEUNG:  Court proceedings.  Okay.
 4                      MS. HENRY:  So Your Honor.
 5                      THE COURT:  And in reply there was
 6   also some more.
 7                      MS. HENRY:  Your Honor, my question,
 8   just to reiterate, is the CFPB action, are you also
 9   requesting that that somehow be certified?  It was --
10   there was further evidence that I attached as to how
11   it was obtained.  It is obtained off of the court
12   website.
13                      THE COURT:  It's still -- okay.  And I
14   understand that it's off the court website, but it's
15   still a noncertified copy.
16                      MS. HENRY:  Understood, Your Honor.
17                      THE COURT:  So, and so that's a
18   problem as far as admissibility under the statute,
19   so...
20                      MR. CHEUNG:  And as far as the
21   supplemental declaration of Ms. Henry with the
22   subsequent deposition transcripts and then the
23   declaration of Sam Leonard, they would fall under the
24   same rationale, that they're not certified copies and
25   therefore inadmissible?
```

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

1              THE COURT:  The deposition
2     transcripts, she was there at the deposition, so she
3     can certify and they actually are -- had the copy of
4     the stamp.  I believe they have the stamp.  So for
5     deposition, for purposes of summary judgment, it's --
6     I don't find that to be excludable, the deposition
7     transcript.
8              MR. CHEUNG:  Even though they're also
9     not filed with the original summary judgment?  These
10    were offered in reply, so we have no opportunity to
11    respond to them?
12             THE COURT:  I think that the -- if
13    it's -- let's make sure we're talking about the same
14    one.  Are you referring to the transcript from the TSI
15    guy, who -- I can't remember his name.
16             MR. CHEUNG:  Bradley Luke.
17             THE COURT:  I have it -- Bradley.  I
18    have it tabbed.  I just need to get to the proper
19    page.  Bradley Luke.
20             MR. CHEUNG:  Correct.
21             THE COURT:  Are you referring to him?
22    Well, that was in reply to plaintiff's argument that
23    Mr. Luke -- and Mr. Luke's declaration that he
24    provided, that he had the requisite knowledge too.  So
25    it's their (unintelligible) in their reply, so...

```
 1                    MS. HENRY:  So just to reiterate, Your
 2   Honor, so the orders from the superior court judges
 3   are out, the CFPB order is out, and then in the
 4   supplemental declaration there was also a verified
 5   complaint that was filed from Delaware.
 6                    THE COURT:  Out.
 7                    MS. HENRY:  That is out also, Your
 8   Honor?
 9                    THE COURT:  Well, it's sun -- I didn't
10   see that that was certified.
11                    MS. HENRY:  That -- that was verified,
12   and it is the only way to obtain it, from what I could
13   tell.  So I included all the references --
14                    THE COURT:  You mean it's --
15                    MS. HENRY:  I included in Exhibit 3
16   all the --
17                    THE COURT:  Right.  Case cites.
18                    MS. HENRY:  -- opportunities --
19                    THE COURT:  Two.
20                    MS. HENRY:  Yes.  And I included all
21   the opportunities that we had to obtain it, how the
22   court told us to obtain it, and the actual verified
23   complaint that I obtained.
24                    THE COURT:  So I want to be very
25   clear.  I saw that, and I don't understand how -- it
```

                                                    Page 12

```
 1   didn't make sense to me that you can't get a certified
 2   copy from the federal court in Delaware.  I didn't
 3   understand how that -- this is how they certify, is to
 4   ask you to print out a copy with the e-filed stamp?
 5                   MS. HENRY:  Yes, Your Honor.  If you
 6   -- in Exhibit 3, I actually included the directions of
 7   how they inform attorneys in the public to actually
 8   obtain documents from their court.
 9                   THE COURT:  And maybe I missed that in
10   Exhibit 3, because what I saw attached to Exhibit 3
11   was just an example of the printout that you were
12   arguing that what plaintiff's counsel is purporting to
13   be Schedule 2 is really just a printout from.
14                   MS. HENRY:  No, the next page,
15   actually, is the docket from that Delaware Chancery
16   court and it says specifically the docket and
17   pleadings in this case are available and it tells you
18   how to obtain them.  And that's exactly what I did.
19                   THE COURT:  So still, it says that
20   it's the responsibility of file and Serve Express to
21   maintain the e-file.  So are you telling me that you
22   can't contact Serve Express to get a certified copy?
23                   MS. HENRY:  This is the copy that I
24   was given, and understood that it was verified to the
25   best of my ability to obtain.
```

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

```
 1                    THE COURT:  All right.
 2                    MS. HENRY:  So otherwise, in the
 3      future, I guess, you're telling me that I'm sending a
 4      messenger or an attorney down there to see if there's
 5      some other way to do it?
 6                    THE COURT:  Well, the problem is the
 7      top of it says not an official document.
 8                    MS. HENRY:  Understood.
 9                    THE COURT:  So that that's a problem.
10                    MS. HENRY:  Understood, Your Honor.
11                    THE COURT:  So, you know, without a
12      letter from the court saying that this is a certified
13      -- this is the best we can do.  I mean, it literally
14      says right on the top, not an official document.  That
15      means it's not certified.  It's not certified, that
16      takes it out of being --
17                    MS. HENRY:  Okay.
18                    THE COURT:  -- admissible under the
19      RCWs.  So, okay.  Anything else we need to address?
20                    MR. CHEUNG:  I don't believe so.
21                    THE COURT:  All right.  So this is
22      defendants' motion for summary judgment.  So I will
23      give you each 10 minutes, beginning now.
24                    MS. HENRY:  Your Honor, we're here
25      today on behalf of defendants Osure Brown and Tommy
```

Page 14

1    Brown.  They were fi -- they were sued in 10 separate

2    lawsuits brought by trusts of National Collegiate

3    Student Loan Trust, and they were filed and served

4    with these lawsuits in April.

5                    The defendants brought a motion to

6    consolidate the 10 lawsuits here to bring before this

7    court and also to defend against plaintiff's attempts

8    to arbitrate all 10 lawsuits separately.

9                    When these lawsuits were filed, the

10   complaints were filed, and subsequent to that they

11   were filed affidavits by Jennifer Audet in each case.

12   I have attached those documents to my affidavit for

13   convenience of the court, since all 10 of those

14   lawsuits are before the court in the consolidated

15   matter.

16                    Jennifer Audet testified in the

17   affidavits and attached various documents, and we are

18   challenging the sufficiency of their standing and

19   ability to bring these lawsuits on behalf of National

20   Collegiate Trust against our clients, Osure Brown and

21   Tommy Brown.

22                    The essence of this lawsuit is that

23   TSI, who purports to be the subservicer for the

24   National Colligate Student Loan Trust, does not have

25   the requisite knowledge and the requisite authority to

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

1   present affidavits in support of the trust and the

2   information they have supported is hearsay.

3            It does not meet the qualifications of

4   RCW 5.45.020 as a business record, and they do not

5   have the ability to testify as to the loans of

6   defendants Tommy Brown and Osure Brown.

7            When this lawsuit was initially

8   brought, it's brought on behalf of the affidavits

9   filed in all 10 cases that include documents that

10  variously say loan request and credit agreement or

11  loan request, loan application and promissory note.

12           Either way, they purport to be

13  applications for loans, attached with documents that

14  are an unsigned note of some sort or credit agreement

15  of some sort and then an unsigned note disclosure

16  statement and then attached to a (unintelligible)

17  supplement documents, and attached to that, a note

18  disclosure statement or one other document, the

19  deposit and sale agreement from National Collegiate

20  Student Loan Trust.

21           We bring this to your court to note

22  that there is no evidence there that our clients'

23  notes are in these documents actually made it into the

24  trust.  There's no assignment that has been proposed

25  to this court to show that the loan has actually been

Page 16

1    moved from three or four different entities to

2    supposedly Transworld Trust, and that Transworld Trust

3    has the capacity to represent the trust against my

4    clients, the Browns.

5                    Now, as the court is well aware,

6    responses were filed that changed the affidavits to

7    the affidavit of Bradley Luke, and included an

8    additional document in place of either Schedule 1 or

9    Schedule 2, depending on the loan, which is now an

10   excerpt that supposedly is an excerpt of some bigger

11   document that purports to be our loan.

12                   It appears to be something that was

13   created for litigation purposes, it is not a business

14   record, and there's not been a foundation that Bradley

15   Luke has the requisite authority to testify.

16                   As the court has acknowledged, I have

17   deposed Bradley Luke in a prior matter with these

18   trusts, and Bradley Luke, as described, does not have

19   the requisite knowledge and is -- and has also

20   testified that TSI is not a custodian of records,

21   actually, here, which I think is an important thing to

22   note.

23                   Their entire affidavit is based on the

24   fact that they are custodian of records and that these

25   records have come into their files and they are

                                                Page 17

1    integrated in.

2                    Now, Your Honor, I realize the case

3    law seems to be trending in that manner, but in a

4    situation as this, where their reliability and

5    trustworthiness is being questioned, where they have

6    been deposed, and they have actually admitted that

7    they actually do not have custody of these records,

8    they are retrieving them from some other entity who

9    has not been disclosed, has not been discussed here,

10   and because of that, I do not think that they have the

11   ability to actually testify in the broad strokes and

12   manner that some of the case law allows business

13   records to be admitted under RCW 5.45.020.

14                   They do not -- they cannot testify to

15   the mode and preparation of documents under that

16   statute, and specifically we know from the testimony

17   that I provided as excerpts from the deposition that

18   they do not know about how those documents were

19   maintained.

20                   We do not know how they were -- how

21   the retention was done, and they do not have the

22   knowledge to know that they actually are the documents

23   they purport to be, and we've objected to their

24   authenticity.

25                   We also note, Your Honor, that

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

1    attached to Bradley Luke's affidavit appears to be

2    just SEC documents, things that were obtained off the

3    Web.  We went to the Web and looked them up and we

4    could download them in Tegland too.  I certainly can't

5    put them as an affidavit and attach them and say

6    therefore I have knowledge that this happened and that

7    appears to be what's done here.

8                    If you look at each one of the

9    documents, they don't -- they're not all the same.

10   There's no evidence here of -- that they all purport

11   to the same loan.  The first two pages, the credit

12   agreement and application, they appear to be in most

13   cases a fax in numbers of 2 through 3.

14                    I think in my reply I noted

15   specifically the one loan in the lead case of

16   192-09402-8, that the facts there, you know, shows

17   that there are -- should be 3 of 5 pages and 4 of 5

18   pages, yet there only seems to be two pages here.

19                    Then attached is another set of

20   documents which are unsigned and they purport to be

21   pages 3 through 7.  I don't know how they relate or

22   whether they are the authentic documents or what they

23   are.

24                    The no disclosure agreement presumes

25   to be the terms of the loan.  So there's an issue here

Page 19

 1   too that the only document that talks about the

 2   material terms of the loan, the actual amount,

 3   interest or whatever else, also is not signed.

 4                    There's no evidence that it has ever

 5   been mailed.  There's no evidence that it was sent to

 6   the school.  There's no evidence that it was used for

 7   an educational purpose.  Yet all of those things have

 8   been reported as true to this court, and we're asking

 9   that this court look at them in detail and come to the

10   conclusion that the affidavits supporting this loan

11   are hearsay and that they cannot -- they cannot

12   actually come forward and prove this loan.

13                    And with that, I will rest for the

14   moment and take any questions that the court might

15   have.

16                    THE COURT:  The court has no

17   questions.  Counsel.

18                    MR. CHEUNG:  Thank you, Your Honor.

19   So as far as her characterization, which I believe is

20   a mischaracterization to say that Brad Luke has been

21   said he's not a custodian of records, I think she's

22   drawing her own legal conclusion based on statements

23   that he made.

24                    I think Bradley Luke has been found to

25   be a custodian of records and the proper person to

Page 20

```
 1    testify on behalf of the trust in multiple cases, and
 2    including ones in many other superior court
 3    proceedings, even at trial, which we did a few months
 4    ago.
 5                    So I think that's actually kind of
 6    really misleading to say that, you know, his testimony
 7    says that he's not able to testify.
 8                    I'm also a little concerned --
 9    curious, like, why she's bringing so much about the
10    affidavit that was used in the default judgment.
11    That's not before the court.  The affidavit in front
12    of the court is from Bradley Luke, and I think he has
13    laid a very proper foundation for why those business
14    records are indeed admissible.
15                    So with regard to this motion, I mean,
16    I think it's the defendants' burden to, you know, to
17    really show that there's no issue of material fact.
18    And I think it's also -- I feel like a lot of the
19    arguments that she's using are to show that there --
20    are actually kind of contrary to what she's -- the
21    deposition she's taking, which is she stated there's a
22    question as to whether or not Bradley Luke can
23    testify.
24                    Well, then maybe she should be putting
25    him on the stand and/or depose him.  Or if it's -- I
```

Page 21

```
 1    think all she's doing is raising a lot of issues of

 2    material fact, and in this case the court has to look

 3    at the facts most favorable to the nonmoving party,

 4    which is NCSLT.

 5              So they keep on -- she's made a lot of

 6    arguments that we've lacked -- we don't have the

 7    docket -- the correct documentation, but, I mean, we

 8    haven't received a single discovery request asking for

 9    that documentation.

10              She made an initial mention that we

11    don't have Schedule 2 in her initial -- in her motion

12    for summary judgment, but this is before she even

13    asked us to produce that, which we did.

14              As far as whether or not -- again,

15    going back to this idea of admissibility, I think case

16    law's pretty clear that the objections that she makes

17    can go to the weight of the evidence and maybe the how

18    much credibility, how much weight that the court feels

19    Mr. Luke's testimony is, but not to the admissibility.

20              I think we can look at State v.

21    Ben-Neth, which is 34 Wn App 600, just to point out

22    that it's -- his testimony is admissible, and at the

23    very minimum, that creates an issue of material fact,

24    which would be a reason for the court to deny the

25    defendants' motion for summary judgment.
```

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

1              I mean, we've also just said that we
2    would also still like the opportunity to propound more
3    discovery and to really explain how (unintelligible)
4    chain of title.  If you say there's no chain of title,
5    there's no standing.  But one of the initial points
6    we're trying to make is that we do want to establish
7    that her clients did enter in these loans.
8              And she's -- I think the argument that
9    there's no chain of title is kind of premature, if her
10   clients won't even admit that this is indeed their
11   loan.  Of course there's no chain of title, I guess,
12   if you say that -- if her clients won't even
13   acknowledge that the loans at issue in this case
14   aren't hers -- or aren't theirs.
15             So once we establish that, I think
16   then we can -- we could clearly show the link between
17   her loan, how it was transferred, and why it's with
18   the current plaintiff today.
19             And on that point I just want to point
20   out that, you know, she's made (unintelligible)
21   transfer from party to party, but it's actually a
22   fairly simple transfer.  It was with the original Bank
23   of America, the original lender.  It gets transferred
24   to NCSLT Trust through National Collegiate Funding,
25   which is really just a depositor in this, the

Page 23

1    securitization process.  They're like an escrow

2    company.  That's it.

3                    So we have Bank of America, we have

4    NCSLT trust.  It goes straight there.  It's not really

5    that complicated.  This is done in one day, and it was

6    done before default, about a few months after each

7    loan is originated.  I don't think the chain of title

8    is actually going to be very -- that complicated to

9    explain.

10                    As far as whether or not she'll try to

11   say that Bradley Luke or someone at TSI can't testify

12   on behalf of the trust, I mean, she can make the

13   objection, but I think that he will be able to provide

14   a good foundation for his testimony to explain why the

15   documents are in the possession of -- you know, why

16   they're in the possession of TSI, why TSI can -- the

17   employee there actually knows how those documents are

18   -- how they were serviced, because TSI has the letter

19   that says they're the subservicer appointed by US Bank

20   of the trust.  I think the documents kind of speak for

21   themselves.

22                    As for -- and I guess that the court's

23   already (unintelligible) to the older stuff, so I'll

24   just leave out that.  But I think that, you know, that

25   the burden is on her to show that there is no issue of

1    material fact.  I think, based on what she's saying, I

2    think there's plenty of material facts for the court

3    to consider at this point.

4                    THE COURT:  Any reply?

5                    MS. HENRY:  Yes, Your Honor.  I just

6    would clarify that my clients are Osure Brown and

7    Tommy Brown, both male defendants, so when I'm

8    speaking on their behalf, I'm speaking on -- speaking

9    about their loans or them as defendants.

10                   And I would also note that the rules

11   clearly say that if there was an issue with the

12   supplemental declaration of Bradley Luke's deposition,

13   they could have challenged it or moved to strike it

14   and none of those -- none of those -- there was no

15   motion to strike made.

16                   So Your Honor, that evidence is clear,

17   it impeaches Bradley Luke's affidavit.  As plaintiff's

18   counsel has stated, they have replaced the affidavits

19   of Jennifer Audet with Bradley Luke, and Bradley Luke

20   is the deponent that we brought information to prove

21   that his evidence is not trustworthy.

22                   He's not a proper affiant for business

23   records, and most importantly, he's testified that

24   they do not have custody of the records and does not

25   have information about the retention of the records

                                        Page 25

1    from any prior entity.

2              And on that basis, Your Honor, I do

3    not believe that they can go forward and we ask the

4    court that there are no materials of -- there are no

5    issues of material fact on those important, basic,

6    initial standing issues in bringing this lawsuit, and

7    we ask the court to enter summary judgment today.

8              THE COURT:  Thank you.  This matter

9    comes before the court on a motion by a defendants for

10   summary judgment.  Summary judgment on Civil Rule 56,

11   both counsel have acknowledged that in might -- what

12   the court's responsibility in this matter is to view

13   the light -- to view the facts in light most favorable

14   to the nonmoving party, which in this case would be

15   the plaintiffs, and if there's no genuine material

16   issues of fact, then the moving party is entitled to

17   summary judgment.

18             In this case, defense is requesting

19   summary judgment, and as pointed out by counsel, in

20   moving paperworks the original documents did not

21   contain schedules as purported to be.  Many of the

22   document -- many of the contracts were missing the all

23   important schedules, depending on the contract.

24   Sometimes it was referred to as Schedule 2, some

25   contracts, 3.  I saw one contract where it was

Page 26

1    actually referred to as Schedule 1.

2                    And then, also, counsel for defendants

3    points out that the declaration from the custodian of

4    records initially was insufficient to establish

5    basically what we refer to in the criminal world as

6    chain of custody, but basically appropriate transition

7    from the original loan or orientation with Bank of

8    America to then the LLC to now the trust.

9                    In response, plaintiffs attempted to

10   rectify that by supplementing the declaration of Mr.

11   Bradley Luke.  And so the court points -- the court

12   finds it interesting that Mr. Luke's dec -- affidavit

13   tries to carefully and cautiously tailor what they

14   know -- what he knows, and the court finds it very

15   interesting that in Mr. Luke's declaration -- or

16   affidavit -- my pages aren't numbered, so I can only

17   refer to by paragraph -- it's very artfully crafted in

18   a very interesting language.

19                    It says, defendants' educational loan

20   records at issue were created, compiled, and recorded

21   as part of a regularly conducted business activity at

22   or near the time of the event and from information --

23   and this is what the court finds interesting -- from

24   information transmitted from a person with personal

25   knowledge of said event.

                                                Page 27

```
 1                    Mr. Luke is not that person.  In fact,
 2    the court -- that's further supported by the fact that
 3    he acknowledges in his deposition, which was taken by
 4    counsel for defendants, that the information that he
 5    did -- his employer TSI prints out is not from their
 6    server.  It's from another server, EA -- AES's, and
 7    that he is not their custodian of records.
 8                    Further, more probable than not, that
 9    he is not trained and has no knowledge of the document
10    retention policies for Bank of America, which is where
11    the loans originated from.
12                    Without that information, there's no
13    way to verify -- verify that the documents upon which
14    Mr. Bradley -- I mean, Mr. Luke is relying upon are
15    actually the documents that they were purported to be
16    and that these liens are actually the loans that are
17    purported to be transferred to the trust at this point
18    in time.
19                    As such, counsel is correct, counsel
20    for defendants is correct, as a matter of law the
21    defendants are entitled to summary judgment, and the
22    court will grant that.
23                    MS. HENRY:  Thank you, Your Honor.
24    And I have a -- I cleaned up the proposed order a bit.
25                    MR. CHEUNG:  Uh-huh.
```

Page 28

```
 1   (Unintelligible.)  You changed it from the previous
 2   one?
 3                  MS. HENRY:  Your Honor, do you want to
 4   add something to this or do you want us to?
 5                  THE COURT:  No, the record -- the
 6   court's record stands for itself, but even regardless,
 7   it doesn't matter, because the Court of Appeals
 8   reviews summary judgment de novo.
 9                  MS. HENRY:  Okay.
10                  THE COURT:  So, I mean, I incorporate
11   my findings, but it's a de novo review for summary
12   judgment, so it's pretty much irrelevant.  As long as
13   the court has identified the documents that the court
14   reviewed.
15                  MS. HENRY:  We should probably put in
16   there the documents were -- the evidence was stricken.
17                  MR. CHEUNG:  Yeah.  (Unintelligible.)
18   Let's -- can we get this back?  (Unintelligible) over
19   email and we'll get this back to you?
20                  THE COURT:  Absolutely, yeah, because
21   I did strike several documents.
22                  MS. HENRY:  Right.  And we need to
23   make that clear on the record.  Thank you, Your Honor.
24                  THE COURT:  Yeah.  All right.  So if
25   you want to submit that at a later time, that's fine.
```

Page 29

1                    MS. HENRY:  For now, I'll give you a

2    copy.

3              (Proceedings concluded at 4:09 p.m.)

4                    (END OF TRANSCRIPTION)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                            Page 30

```
 1              TRANSCRIPTION CERTIFICATE

 2

 3         I, CHERYL J. HAMMER, the undersigned

 4   Certified Court Reporter in and for the state of

 5   Washington, do hereby certify:

 6              That the foregoing transcript was

 7   transcribed under my direction; that the transcript is

 8   true and accurate to the best of my knowledge and

 9   ability to hear the audio; that I am not a relative or

10   employee of any attorney or counsel employed by the

11   parties hereto; nor am I financially interested in the

12   event of the cause.

13

14              WITNESS MY HAND this 12th day of November

15   2019.

16

17

18

19

20

21   CHERYL J. HAMMER
     Certified Court Reporter
22   CCR No. 2512
     cheryl.hammer.courtreporter@frontier.com
23

24

25

                                        Page 31
```

**[& - back]**

**&**

**&**  2:4,8

**1**

**1**  7:13 17:8 27:1
**10**  14:23 15:1,6,8
  15:13 16:9
**12th**  31:14
**14**  4:9
**19-2-09402-8**  1:6
  4:11
**19-2-09403-6**  1:11
**19-2-09404-4**  1:11
**19-2-09405-2**  1:11
**19-2-09406-1**  1:12
**19-2-09407-9**  1:12
**19-2-09408-7**  1:12
**19-2-09409-5**  1:13
**19-2-09410-9**  1:13
**19-2-09411-7**  1:13
**192-09402-8**  19:16
**19401**  2:4
**19856**  31:20

**2**

**2**  13:13 17:9 19:13
  22:11 26:24
**2007-2**  1:4
**2019**  1:19 31:15
**206.330.0595**  2:10
**24**  1:19
**2512**  1:25 31:22
**26**  3:6
**280**  2:4

**3**

**3**  12:15 13:6,10,10
  19:13,17,21 26:25
**34**  22:21
**3:33**  4:4

**4**

**4**  19:17
**40th**  2:4
**425.361.1662**  2:5
**4:09**  30:3

**5**

**5**  3:4 19:17,17
**5.44.010**  8:12
**5.45.020**  16:4
**5.45.020.**  18:13
**544.040.**  8:12
**56**  5:20 26:10

**6**

**6**  3:5
**600**  22:21

**7**

**7**  19:21
**787**  2:9

**8**

**803**  8:10

**9**

**98036**  2:5
**98104**  2:9

**a**

**a.p.c.**  2:4
**ability**  13:25 15:19
  16:5 18:11 31:9
**able**  21:7 24:13
**absolutely**  29:20
**accurate**  31:8
**acknowledge**
  23:13
**acknowledged**
  5:19 17:16 26:11
**acknowledges**
  28:3
**action**  10:8

**activity**  27:21
**actual**  12:22 20:2
**add**  5:10 29:4
**addition**  7:5,14
**additional**  17:8
**address**  5:2 8:1,2
  14:19
**addressed**  9:21,22
  9:22
**admissibility**
  10:18 22:15,19
**admissible**  8:16,16
  14:18 21:14 22:22
**admission**  8:11
**admit**  23:10
**admitted**  18:6,13
**aes's**  28:6
**affiant**  25:22
**affidavit**  7:5,7
  15:12 17:7,23
  19:1,5 21:10,11
  25:17 27:12,16
**affidavits**  15:11,17
  16:1,8 17:6 20:10
  25:18
**afternoon**  4:8
**ago**  21:4
**agreement**  16:10
  16:14,19 19:12,24
**allow**  8:25 9:3
**allows**  18:12
**alluding**  5:16
**america**  23:23
  24:3 27:8 28:10
**amount**  20:2
**app**  22:21
**appeals**  29:7
**appear**  19:12
**appears**  17:12
  19:1,7

**application**  16:11
  19:12
**applications**  16:13
**appointed**  24:19
**appropriate**  27:6
**april**  15:4
**arbitrate**  15:8
**arguing**  6:2 13:12
**argument**  3:5
  11:22 23:8
**arguments**  21:19
  22:6
**artfully**  27:17
**asked**  22:13
**asking**  20:8 22:8
**assignment**  16:24
**attach**  19:5
**attached**  7:4 10:10
  13:10 15:12,17
  16:13,16,17 19:1
  19:19
**attempted**  27:9
**attempts**  15:7
**attorney**  4:17 9:7
  14:4 31:10
**attorneys**  13:7
**audet**  15:11,16
  25:19
**audio**  31:9
**authentic**  9:2
  19:22
**authenticity**  18:24
**authority**  15:25
  17:15
**available**  13:17
**avenue**  2:4,9
**aware**  17:5

**b**

**b**  8:5,6,7
**back**  22:15 29:18
  29:19

Page 1

[bank - court]

| | | | |
|---|---|---|---|
| **bank**  23:22 24:3 24:19 27:7 28:10 | **browns**  17:4 | **cheryl.hammer....**  31:22 | **consolidate**  15:6 |
| **based**  17:23 20:22 25:1 | **burden**  21:16 24:25 | **cheung**  2:3 4:14 4:14 5:11 7:24 9:24 10:3,20 11:8 11:16,20 14:20 20:18 28:25 29:17 | **consolidated**  1:10 15:14 |
| **basic**  26:5 | **business**  16:4 17:13 18:12 21:13 25:22 27:21 | | **contact**  13:22 |
| **basically**  6:1,2 27:5,6 | | | **contain**  26:21 |
| **basis**  26:2 | **c** | **christina**  2:8 4:17 | **contents**  3:1 |
| **beginning**  4:3 14:23 | **c**  2:1 | **cites**  8:10 12:17 | **continuance**  3:4 5:3,25 6:12 9:23 |
| **behalf**  14:25 15:19 16:8 21:1 24:12 25:8 | **capacity**  17:3 | **civil**  26:10 | **continue**  4:22 5:19 5:21 |
| | **carefully**  27:13 | **claims**  6:12 | |
| **believe**  6:5 8:4,23 11:4 14:20 20:19 26:3 | **case**  6:2 7:15 12:17 13:17 15:11 18:2,12 19:15 22:2,15 23:13 26:14,18 | **clarification**  9:25 | **contract**  26:23,25 |
| | | **clarify**  25:6 | **contracts**  26:22,25 |
| | | **cleaned**  28:24 | **contrary**  21:20 |
| **ben**  22:21 | | **clear**  12:25 22:16 25:16 29:23 | **convenience**  15:13 |
| **best**  13:25 14:13 31:8 | **cases**  16:9 19:13 21:1 | | **copies**  4:25 8:17 8:20 10:24 |
| **bigger**  17:10 | **cause**  4:11 31:12 | **clearly**  23:16 25:11 | **copy**  9:18 10:15 11:3 13:2,4,22,23 30:2 |
| **bit**  28:24 | **cautiously**  27:13 | **clients**  15:20 16:22 17:4 23:7,10,12 25:6 | |
| **brad**  20:20 | **ccr**  1:25 31:22 | | **correct**  11:20 22:7 28:19,20 |
| **bradley**  7:6 11:16 11:17,19 17:7,14 17:17,18 19:1 20:24 21:12,22 24:11 25:12,17,19 25:19 27:11 28:14 | **certainly**  19:4 | **collegiate**  1:3 4:10 15:2,20 16:19 23:24 | **corrected**  6:21 |
| | **certificate**  31:1 | | **counsel**  4:12 7:12 13:12 20:17 25:18 26:11,19 27:2 28:4,19,19 31:10 |
| | **certified**  8:17,20 9:18 10:9,24 12:10 13:1,22 14:12,15,15 31:4 31:21 | **colligate**  15:24 | |
| | | **come**  17:25 20:9 20:12 | |
| | | **comes**  26:9 | **counsel's**  8:2 |
| **braum**  4:10 | **certify**  11:3 13:3 31:5 | **company**  24:2 | **county**  1:1 |
| **briefly**  7:16 | **cfpb**  10:8 12:3 | **compiled**  27:20 | **course**  23:11 |
| **bring**  15:6,19 16:21 | **chain**  23:4,4,9,11 24:7 27:6 | **complaint**  12:5,23 | **court**  1:1 3:6 4:5,8 4:16,19 5:15,21 6:3,8,14,20,23 7:7 7:9,14,17,19,21 7:21,23,25 8:4,7 8:14,15,19,22,25 9:3,9,15,16 10:1,1 10:1,3,5,11,13,14 10:17 11:1,12,17 11:21 12:2,6,9,14 12:17,19,22,24 13:2,8,9,16,19 |
| **bringing**  21:9 26:6 | | **complaints**  15:10 | |
| **broad**  18:11 | **challenged**  25:13 | **complicated**  24:5 24:8 | |
| **brought**  9:17 15:2 15:5 16:8,8 25:20 | **challenging**  15:18 | | |
| | **chancery**  13:15 | **concerned**  21:8 | |
| | **changed**  17:6 29:1 | **concluded**  30:3 | |
| **brown**  1:7,7 4:11 4:18,18 6:17 14:25 15:1,20,21 16:6,6 25:6,7 | **characterization**  20:19 | **conclusion**  20:10 20:22 | |
| | **chenry**  2:10 | **conducted**  27:21 | |
| | **cheryl**  1:25 31:3 31:21 | **consider**  25:3 | |

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

[court - federal]

14:1,6,9,11,12,18
14:21 15:7,13,14
16:21,25 17:5,16
20:8,9,14,16,16
21:2,11,12 22:2
22:18,24 25:2,4
26:4,7,8,9 27:11
27:11,14,23 28:2
28:22 29:5,7,10
29:13,13,20,24
31:4,21
**court's** 24:22
26:12 29:6
**cr** 5:20
**crafted** 27:17
**created** 17:13
27:20
**creates** 22:23
**credibility** 22:18
**credit** 16:10,14
19:11
**criminal** 27:5
**curious** 21:9
**current** 23:18
**custodian** 17:20
17:24 20:21,25
27:3 28:7
**custody** 18:7 25:24
27:6

**d**

**day** 24:5 31:14
**de** 29:8,11
**dec** 27:12
**decision** 9:13
**declaration** 5:12
6:17 7:7,10,12
10:21,23 11:23
12:4 25:12 27:3
27:10,15
**declarations** 8:19

**default** 21:10 24:6
**defend** 15:7
**defendant** 5:7 6:17
**defendants** 1:8 2:7
4:16,18 5:7,14 6:3
6:7,15,15 8:4
14:22,25 15:5
16:6 21:16 22:25
25:7,9 26:9 27:2
27:19 28:4,20,21
**defense** 8:2 26:18
**definitely** 9:4
**degraaff** 2:8
**delaware** 9:5 12:5
13:2,15
**denial** 6:25
**denied** 3:4 6:12
**deny** 5:23,24 9:9
9:19 22:24
**department** 4:9
**depending** 17:9
26:23
**deponent** 25:20
**depose** 6:3 21:25
**deposed** 17:17
18:6
**deposit** 16:19
**deposition** 10:22
11:1,2,5,6 18:17
21:21 25:12 28:3
**depositor** 23:25
**described** 17:18
**detail** 20:9
**different** 17:1
**direction** 31:7
**directions** 13:6
**disclosed** 18:9
**disclosure** 16:15
16:18 19:24
**discovery** 5:13,17
6:6,6 22:8 23:3

**discretionary** 5:20
**discussed** 18:9
**docket** 13:15,16
22:7
**document** 14:7,14
16:18 17:8,11
20:1 26:22 28:9
**documentation**
22:7,9
**documents** 13:8
15:12,17 16:9,13
16:17,23 18:15,18
18:22 19:2,9,20
19:22 24:15,17,20
26:20 28:13,15
29:13,16,21
**doing** 22:1
**download** 19:4
**drawing** 20:22

**e**

**e** 2:1,1 7:3 13:4,21
**ea** 28:6
**ecr** 5:3,6,7
**educational** 20:7
27:19
**either** 16:12 17:8
**email** 29:19
**employed** 31:10
**employee** 24:17
31:10
**employer** 28:5
**enter** 23:7 26:7
**entire** 17:23
**entities** 17:1
**entitled** 26:16
28:21
**entity** 18:8 26:1
**errata** 6:21
**escrow** 24:1
**essence** 15:22

**essentially** 4:21
5:12 6:8,10 8:13
**establish** 23:6,15
27:4
**event** 27:22,25
31:12
**evidence** 6:11 8:8
8:10 10:10 16:22
19:10 20:4,5,6
22:17 25:16,21
29:16
**evidentiary** 9:22
**exactly** 13:18
**example** 13:11
**excerpt** 17:10,10
**excerpts** 18:17
**excludable** 11:6
**exclude** 8:3
**exhibit** 6:21 12:15
13:6,10,10
**exhibits** 6:18 7:13
9:25
**explain** 23:3 24:9
24:14
**express** 13:20,22

**f**

**fact** 17:24 21:17
22:2,23 25:1 26:5
26:16 28:1,2
**facts** 19:16 22:3
25:2 26:13
**fairly** 23:22
**fall** 8:15 10:23
**far** 5:13 6:4,6 8:19
10:18,20 20:19
22:14 24:10
**favorable** 22:3
26:13
**fax** 19:13
**federal** 13:2

Page 3

**[feel - leonard]**

| | | | |
|---|---|---|---|
| **feel**  9:12 21:18 | **good**  4:8 24:14 | **identified**  29:13 | 7:11 11:5,9 14:22 |
| **feels**  22:18 | **governs**  8:11 | **impeaches**  25:17 | 21:10 22:12,25 |
| **felix**  2:4 | **grant**  28:22 | **important**  17:21 | 26:7,10,10,17,19 |
| **female**  4:5 | **guess**  14:3 23:11 | 26:5,23 | 28:21 29:8,12 |
| **fi**  15:1 | 24:22 | **importantly**  25:23 | **k** |
| **file**  13:20,21 | **guy**  11:15 | **inadmissible**  10:25 | |
| **filed**  11:9 12:5 | **h** | **include**  16:9 | **keep**  22:5 |
| 13:4 15:3,9,10,11 | | **included**  5:12 8:18 | **kind**  21:5,20 23:9 |
| 16:9 17:6 | **hammer**  1:25 31:3 | 12:13,15,20 13:6 | 24:20 |
| **files**  17:25 | 31:21 | 17:7 | **king**  1:1 |
| **financially**  31:11 | **hand**  5:23 31:14 | **including**  21:2 | **know**  4:20 14:11 |
| **find**  11:6 | **happened**  4:24 | **incorporate**  29:10 | 18:16,18,20,22 |
| **findings**  29:11 | 19:6 | **inform**  13:7 | 19:16,21 21:6,16 |
| **finds**  27:12,14,23 | **hdm**  2:10 | **information**  16:2 | 23:20 24:15,24 |
| **fine**  29:25 | **hear**  7:18,22 31:9 | 25:20,25 27:22,24 | 27:14 |
| **first**  8:1 19:11 | **hearsay**  8:15 16:2 | 28:4,12 | **knowledge**  11:24 |
| **five**  7:6 | 20:11 | **initial**  22:10,11 | 15:25 17:19 18:22 |
| **foregoing**  31:6 | **henry**  2:8,8 4:17 | 23:5 26:6 | 19:6 27:25 28:9 |
| **forward**  20:12 | 4:17 7:20 8:6,21 | **initially**  16:7 27:4 | 31:8 |
| 26:3 | 8:23 9:14 10:4,7 | **insufficient**  27:4 | **knows**  24:17 27:14 |
| **found**  4:21 20:24 | 10:16,21 12:1,7 | **integrated**  18:1 | **knt**  1:6,11,11,11 |
| **foundation**  17:14 | 12:11,15,18,20 | **interest**  20:3 | 1:12,12,12,13,13 |
| 21:13 24:14 | 13:5,14,23 14:2,8 | **interested**  31:11 | 1:13 |
| **four**  17:1 | 14:10,17,24 25:5 | **interesting**  7:1 | **l** |
| **front**  21:11 | 28:23 29:3,9,15 | 27:12,15,18,23 | |
| **frontier.com**  31:22 | 29:22 30:1 | **introduce**  4:12 | **lacked**  22:6 |
| **funding**  23:24 | **hereto**  31:11 | **irrelevant**  29:12 | **laid**  21:13 |
| **further**  6:6 10:10 | **honestly**  9:10,11 | **issue**  5:22 6:1,8,9 | **language**  27:18 |
| 28:2,8 | 9:16 | 19:25 21:17 22:23 | **latta**  2:8 |
| **future**  14:3 | **honor**  7:20 8:6,21 | 23:13 24:25 25:11 | **law**  18:3,12 28:20 |
| **g** | 8:23 10:4,7,16 | 27:20 | **law's**  22:16 |
| | 12:2,8 13:5 14:10 | **issues**  9:22 22:1 | **lawsuit**  15:22 16:7 |
| **gaines**  1:17 4:6 | 14:24 18:2,25 | 26:5,6,16 | 26:6 |
| **generally**  8:8 | 20:18 25:5,16 | **j** | **lawsuits**  15:2,4,6,8 |
| **genuine**  26:15 | 26:2 28:23 29:3 | | 15:9,14,19 |
| **give**  14:23 30:1 | 29:23 | **j**  1:25 31:3,21 | **lead**  19:15 |
| **given**  13:24 | **honorable**  1:16 4:6 | **jennifer**  15:11,16 | **leave**  24:24 |
| **go**  22:17 26:3 | **huh**  28:25 | 25:19 | **lega.com**  2:10 |
| **goes**  24:4 | **i** | **judge**  4:6 | **legal**  20:22 |
| **going**  5:23,24 6:7 | | **judges**  12:2 | **lender**  23:23 |
| 9:9,19 22:15 24:8 | **idea**  22:15 | **judgment**  3:5 5:25 | **leonard**  7:10 10:23 |
| | | 6:5,9,10,14,16,25 | |

[letter - paperworks]

**letter** 14:12 24:18
**liens** 28:16
**light** 6:1,2 26:13
  26:13
**link** 23:16
**literally** 8:10
  14:13
**litigation** 17:13
**little** 21:8
**llc** 27:8
**loan** 1:4 4:10 7:15
  15:3,24 16:10,11
  16:11,20,25 17:9
  17:11 19:11,15,25
  20:2,10,12 23:11
  23:17 24:7 27:7
  27:19
**loans** 16:5,13 23:7
  23:13 25:9 28:11
  28:16
**long** 29:12
**look** 5:16 19:8
  20:9 22:2,20
**looked** 19:3
**lot** 21:18 22:1,5
**luke** 7:6 11:16,19
  11:23 17:7,15,17
  17:18 20:20,24
  21:12,22 24:11
  25:19,19 27:11
  28:1,14
**luke's** 7:7 11:23
  19:1 22:19 25:12
  25:17 27:12,15
**lynnwood** 2:5

**m**

**mailed** 20:5
**maintain** 13:21
**maintained** 18:19
**male** 25:7

**manner** 18:3,12
**material** 20:2
  21:17 22:2,23
  25:1,2 26:5,15
**materials** 5:10,20
  5:22 6:19 26:4
**matt** 4:14
**matter** 15:15
  17:17 26:8,12
  28:20 29:7
**matters** 9:21
**matthew** 2:3
**matthew.cheung**
  2:6
**maynard** 2:9
**mean** 5:6 7:7
  12:14 14:13 21:15
  22:7 23:1 24:12
  28:14 29:10
**means** 14:15
**meet** 16:3
**mention** 22:10
**mentioned** 7:18,22
  7:23
**messenger** 14:4
**minimum** 22:23
**minutes** 14:23
**mischaracterizat...**
  20:20
**misleading** 21:6
**missed** 13:9
**missing** 26:22
**mode** 18:15
**moment** 20:14
**months** 21:3 24:6
**motion** 4:21 5:3,5
  5:16,18 6:9,12,13
  6:16,24 7:5,11 8:2
  8:3 9:17 14:22
  15:5 21:15 22:11
  22:25 25:15 26:9

**moved** 17:1 25:13
**moving** 26:16,20
**multiple** 21:1

**n**

**n** 2:1
**name** 11:15
**national** 1:3 4:10
  15:2,19,24 16:19
  23:24
**nature** 9:12
**ncslt** 22:4 23:24
  24:4
**near** 27:22
**necessarily** 9:12
**need** 9:13 11:18
  14:19 29:22
**neth** 22:21
**nicole** 1:17 4:6
**noncertified** 10:15
**nonmoving** 22:3
  26:14
**note** 16:11,14,15
  16:17,21 17:22
  18:25 25:10
**noted** 19:14
**notes** 6:15 7:2
  16:23
**notice** 6:21
**november** 31:14
**novo** 29:8,11
**number** 4:11
**numbered** 27:16
**numbers** 19:13

**o**

**objected** 18:23
**objection** 24:13
**objections** 22:16
**obtain** 12:12,21,22
  13:8,18,25

**obtained** 10:11,11
  12:23 19:2
**october** 1:19
**ocwen** 7:15
**offered** 11:10
**official** 14:7,14
**oh** 6:20
**okay** 4:9 5:15 7:25
  9:14 10:3,13
  14:17,19 29:9
**older** 24:23
**once** 23:15
**ones** 21:2
**ooo** 4:1
**opportunities**
  12:18,21
**opportunity** 11:10
  23:2
**order** 6:17,25 12:3
  28:24
**orders** 12:2
**orientation** 27:7
**original** 11:9
  23:22,23 26:20
  27:7
**originated** 24:7
  28:11
**osure** 1:7 4:18
  14:25 15:20 16:6
  25:6

**p**

**p** 2:1,1
**p.m.** 4:4 30:3
**page** 3:3 11:19
  13:14
**pages** 19:11,17,18
  19:18,21 27:16
**pandf.us** 2:6
**papers** 7:1,3 8:5
**paperworks** 26:20

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

**[paragraph - rest]**

paragraph 27:17
part 27:21
parties 5:19 31:11
parts 7:6
party 22:3 23:21
  23:21 26:14,16
patenaude 2:4
person 20:25
  27:24 28:1
personal 27:24
phelps 1:17 4:6
place 17:8
plaintiff 1:5 2:3
  4:13,15 23:18
plaintiff's 5:3,8
  6:14,24 8:3 11:22
  13:12 15:7 25:17
plaintiffs 4:22 5:5
  6:2,11 26:15 27:9
pleadings 13:17
plenty 25:2
point 22:21 23:19
  23:19 25:3 28:17
pointed 26:19
points 23:5 27:3
  27:11
policies 28:10
possession 24:15
  24:16
preliminary 9:21
premature 23:9
preparation 18:15
present 16:1
presents 3:6
presiding 4:7
presumes 19:24
pretty 22:16 29:12
previous 29:1
print 13:4
printout 7:2 13:11
  13:13

prints 28:5
prior 8:3,19 17:17
  26:1
probable 28:8
probably 29:15
problem 10:18
  14:6,9
proceedings 1:15
  3:3 4:4 8:14,19
  10:3 21:3 30:3
process 24:1
produce 22:13
promissory 16:11
proper 11:18
  20:25 21:13 25:22
proposed 6:16,25
  16:24 28:24
propound 23:2
propounded 6:11
propounding 6:6
prove 20:12 25:20
provide 24:13
provided 9:18
  11:24 18:17
ps 2:8
public 8:8,11,14
  8:17 13:7
purport 16:12
  18:23 19:10,20
purported 26:21
  28:15,17
purporting 13:12
purports 15:23
  17:11
purpose 20:7
purposes 9:10,11
  11:5 17:13
put 19:5 29:15
putting 21:24

**q**

qualifications 16:3
question 9:1 10:7
  21:22
questioned 18:5
questions 20:14,17
quite 4:25

**r**

r 2:1
raising 22:1
rationale 10:24
rcw 8:12 16:4
  18:13
rcws 14:19
read 5:1,2,3,5,6,8
  5:16,21 7:1,2,16
  9:10
ready 5:1
realize 18:2
really 8:9 13:13
  21:6,17 23:3,25
  24:4
reason 4:24 5:24
  6:5 22:24
receive 5:4
received 5:17 6:14
  6:20,23 7:9,14,18
  22:8
record 6:4 9:4,6
  16:4 17:14 29:5,6
  29:23
recorded 27:20
recording 1:24
records 8:3,8,12
  8:14,14,17,20 9:2
  17:20,24,25 18:7
  18:13 20:21,25
  21:14 25:23,24,25
  27:4,20 28:7

rectify 27:10
refer 27:5,17
references 12:13
referred 26:24
  27:1
referring 11:14,21
regard 21:15
regardless 29:6
regularly 27:21
reiterate 10:8 12:1
relate 19:21
relative 31:9
reliability 18:4
relying 28:14
remember 11:15
replaced 25:18
reply 5:8 7:9,10,12
  10:5 11:10,22,25
  19:14 25:4
report 1:15
reported 20:8
reporter 31:4,21
represent 17:3
request 5:23,25
  9:2,10,19 16:10
  16:11 22:8
requesting 10:9
  26:18
requisite 11:24
  15:25,25 17:15,19
resolve 6:7
respond 11:11
response 5:4,4
  6:23,24 8:24 27:9
responses 5:14
  17:6
responsibility
  13:20 26:12
responsive 6:19
rest 20:13

[retention - title]

**retention**  18:21
    25:25 28:10
**retrieving**  18:8
**review**  5:1 29:11
**reviewed**  5:2 6:14
    6:16,21 7:8,10,22
    29:14
**reviews**  29:8
**right**  5:15 7:25
    12:17 14:1,14,21
    29:22,24
**rpr**  1:25
**rule**  8:10,15 26:10
**rules**  8:8 25:10
**ruling**  3:6

**s**

**s**  2:1 6:22
**saccameno**  7:15
**sale**  16:19
**sam**  7:10 10:23
**saw**  12:25 13:10
    26:25
**saying**  4:20 14:12
    25:1
**says**  13:16,19 14:7
    14:14 21:7 24:19
    27:19
**schedule**  13:13
    17:8,9 22:11
    26:24 27:1
**schedules**  26:21,23
**school**  20:6
**seattle**  2:9
**sec**  19:2
**securitization**  24:1
**see**  8:18 12:10
    14:4
**sending**  14:3
**sense**  13:1
**sent**  20:5

**separate**  15:1
**separately**  15:8
**serve**  13:20,22
**served**  15:3
**server**  28:6,6
**serviced**  24:18
**servicing**  7:15
**session**  4:6
**set**  4:23 19:19
**she'll**  24:10
**show**  16:25 21:17
    21:19 23:16 24:25
**shows**  19:16
**signature**  31:20
**signed**  20:3
**simple**  23:22
**single**  22:8
**situation**  18:4
**sorry**  6:15 7:13
    9:24
**sort**  16:14,15
**south**  2:9
**speak**  24:20
**speaking**  25:8,8,8
**specifically**  13:16
    18:16 19:15
**stamp**  11:4,4 13:4
**stand**  21:25
**standing**  15:18
    23:5 26:6
**stands**  29:6
**state**  22:20 31:4
**stated**  21:21 25:18
**statement**  16:16
    16:18
**statements**  20:22
**statute**  8:11 10:18
    18:16
**straight**  24:4
**stricken**  29:16

**strike**  25:13,15
    29:21
**strokes**  18:11
**student**  1:3 4:10
    15:3,24 16:20
**stuff**  24:23
**submit**  29:25
**submitted**  9:5
**subsequent**  10:22
    15:10
**subservicer**  15:23
    24:19
**sued**  15:1
**sufficiency**  15:18
**suggested**  8:24
**suite**  2:4
**summary**  3:5 5:25
    6:4,9,10,13,16,24
    7:11 11:5,9 14:22
    22:12,25 26:7,10
    26:10,17,19 28:21
    29:8,11
**sun**  12:9
**superior**  1:1 4:5
    12:2 21:2
**supplement**  8:25
    16:17
**supplemental**
    10:21 12:4 25:12
**supplementing**
    27:10
**support**  6:11 7:11
    7:12 9:6 16:1
**supported**  9:6 16:2
    28:2
**supporting**  20:10
**supposedly**  4:22
    17:2,10
**sure**  4:25 9:1
    11:13

**t**

**tabbed**  11:18
**table**  3:1
**tailor**  27:13
**take**  20:14
**taken**  28:3
**takes**  14:16
**talking**  11:13
**talks**  20:1
**tegland**  19:4
**tell**  7:4 12:13
**telling**  13:21 14:3
**tells**  13:17
**terms**  5:18 19:25
    20:2
**testified**  15:16
    17:20 25:23
**testify**  16:5 17:15
    18:11,14 21:1,7
    21:23 24:11
**testimony**  18:16
    21:6 22:19,22
    24:14
**thank**  4:19 20:18
    26:8 28:23 29:23
**theirs**  23:14
**thing**  17:21
**things**  19:2 20:7
**think**  9:20 11:12
    17:21 18:10 19:14
    20:21,24 21:5,12
    21:16,18 22:1,15
    22:20 23:8,15
    24:7,13,20,24
    25:1,2
**three**  17:1
**time**  6:3 27:22
    28:18 29:25
**title**  23:4,4,9,11
    24:7

[today - yeah]

**today** 4:21 14:25 23:18 26:7
**told** 12:22
**tommy** 1:7 4:18 14:25 15:21 16:6 25:7
**top** 14:7,14
**trained** 28:9
**transcribed** 1:24 31:7
**transcript** 9:7,8 11:7,14 31:6,7
**transcription** 4:3 30:4 31:1
**transcripts** 10:22 11:2
**transfer** 23:21,22
**transferred** 23:17 23:23 28:17
**transition** 27:6
**transmitted** 27:24
**transworld** 17:2,2
**trending** 18:3
**trial** 21:3
**tries** 27:13
**true** 6:1 20:8 31:8
**trust** 1:4 4:10 15:3 15:20,24 16:1,20 16:24 17:2,2,3 21:1 23:24 24:4 24:12,20 27:8 28:17
**trusts** 15:2 17:18
**trustworthiness** 18:5
**trustworthy** 25:21
**try** 24:10
**trying** 23:6
**tsi** 11:14 15:23 17:20 24:11,16,16 24:18 28:5

**two** 12:19 19:11 19:18

**u**

**uh** 28:25
**undersigned** 31:3
**understand** 10:14 12:25 13:3
**understanding** 5:22
**understood** 10:16 13:24 14:8,10
**unintelligible** 8:9 11:25 16:16 23:3 23:20 24:23 29:1 29:17,18
**unsigned** 16:14,15 19:20

**v**

**v** 22:20
**various** 15:17
**variously** 16:10
**verbatim** 1:15
**verified** 12:4,11,22 13:24
**verify** 28:13,13
**versus** 4:10,11 7:15
**view** 26:12,13
**voice** 4:5
**vs** 1:6

**w**

**want** 8:5 12:24 23:6,19 29:3,4,25
**wanted** 5:10
**wants** 5:21
**washington** 1:1 2:5,9 8:9,13 31:5
**way** 6:7 12:12 14:5 16:12 28:13

**we've** 18:23 22:6 23:1
**web** 19:3,3
**website** 10:12,14
**week** 4:23
**weight** 22:17,18
**welcome** 4:9
**went** 19:3
**west** 2:4
**westlaw** 7:14
**witness** 31:14
**wn** 22:21
**working** 4:25 7:1,3 8:4
**world** 27:5
**written** 5:4,10,19

**y**

**y** 6:18 8:6,7
**yeah** 29:17,20,24

Page 8

Washington State Court Rules

Rule CR 30

Depositions Upon Oral Examination

(e) Submission to Witness; Changes; Signing.
When the testimony is fully transcribed the
deposition shall be submitted to the witness for
Examination and shall be read to or by the witness,
unless such examination and reading are waived by
the witness and by the parties. Any changes in
Form or substance which the witness desires to make
shall be entered upon the deposition by the officer
with a statement of the reasons given by the
Witness for making them. The deposition shall then
be signed by the witness, unless the parties by
stipulation waive the signing or the witness
Is ill or cannot be found or refuses to sign. If
the deposition is not signed by the witness within
30 days of its submission to the witness, the
Officer shall sign it and state on the record the
fact of the waiver or of the illness or absence of
the witness or the fact of the refusal to sign
Together with the reason, if any, given therefor;
and the deposition may then be used as fully as
though signed unless on a motion to suppress under

Rule 32(d)(4) the court holds that the reasons

given for the refusal to sign require rejection of

the deposition in whole or in part.

DISCLAIMER:  THE FOREGOING CIVIL PROCEDURE RULES

ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY.

THE ABOVE RULES ARE CURRENT AS OF APRIL 1,

2019.  PLEASE REFER TO THE APPLICABLE STATE RULES

OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

## VERITEXT LEGAL SOLUTIONS
### COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.