1

2

3

4

5

THE HONORABLE ROBERT S. LASNIK

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00680-RSL<br><br>**PLAINTIFF'S REPLY TO DEFENDANT TRUSTS' OPPOSITION TO MOTION TO PROVIDE AUTHORITY (ECF 70).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 16, 2020** |

8

9

10

11

12

13

14

15

16

17

18

19

Plaintiff raised the issue of whether the counsel for the Trusts have authority to represent the Trusts in this litigation. In response, the Defendants have presented the affidavit of John G. Richards II, Vice President of U.S. Bank (ECF 71). The affidavit raises more question than it answers.

20

21

22

A party carefully crafts what it chooses to include in the affidavit and therefore, often what the affiant does not say can be more telling than what the affidavit does say. That appears to be true here.

23

24

25

In Paragraph 5 the affiant states the powers that he perceives the Special Servicer has to act on behalf of the Trusts:

26

> In addition, the Special Servicing Agreement, among other things, designated FMER as a "Special Servicer" and as a "Servicer"

> pursuant to each Trust's respective Indenture. The agreement authorized the Special Servicer to, among other things: (1) "retain[] counsel on behalf of the applicable Trust (whether directly or through collections agencies) to further pursue enforcement and collection . . . including through litigation"; (2) engage Subservicers, "for and on behalf of the applicable Trust . . . to seek enforcement and collections of [defaulted or delinquent] Loans," and (3) commence any actions or proceedings "necessary or appropriate in connection with" such enforcement or collection efforts (Id. at ¶ 2(B)(i), (xv), and ¶ 4).

ECF. 71 at ¶ 5.

This case does not involve any of the three categories set forth which are limited to collection efforts. This is not a collection case. It is also not a counterclaim in a collection case. The authority identified in response to the motion does not apply here.

The Affiant does try to salvage the lack of authority later in the affidavit to show the special servicers alleged authority beyond the limited collection efforts identified in Paragraph 5. In Paragraph 10, the affiant references an agreement it has entered into with a collector, and a co-defendant in this case, TSI. He says:

> TSI is also contracted under the TSI Agreement to manage litigation of defaulted student loans owned by the Trusts and, upon the Special Servicer's request, to manage litigation of claims asserted by debtors against the Trusts as counterclaims or arising out of special servicing debt collection. However, after it learns of a lawsuit, the Special Servicer has the right to defend such action on behalf of the Trusts.

ECF. 71 at ¶ 10.

Unlike in ¶ 5, the affiant in ¶ 10 does not cite to any provision of the Special Servicing Agreement when he sets forth the alleged rights given to TSI by the special servicer. The only reference is to the TSI Agreement (formerly known as the "default Prevention and Collection Agreement (ECF 71-2). The affiant seems to claim that by entering into an agreement with a collector, the special servicer's powers have been

enlarged beyond the actual authority granted in the Special Servicing Agreement. It is equivalent to saying: if I give a deed to land I do not own, I can then rely on the deed to show I have an interest in the land.

But even if the Court accepts that a special servicer can enlarge its rights to act by entering into an agreement where it bestows rights (it does not have) to a collector, the wording used cannot be ignored.

First it says TSI is the manager of the litigation if requested. If TSI was requested to manage this litigation (and assuming it had the authority to do so), there is nothing to show that it hired counsel for the Trusts in this action. In a different action pending before this District, the Defendants maintained that the authority to hire counsel for the Trusts rested with TSI pursuant to its role as manager of the litigation. In *Hoffman v. Transworld Systems, Inc.*, Case No. 18-cv-01132-TSZ, (ECF 88) the Trusts argued at p. 5 "The Default Prevention And Collection Services Agreement Grants TSI The Right To Retain Counsel To Defend The Trusts." The same Default Prevention And Collection Services Agreement applies in *Hoffman* as here. Therefore, TSI has the right to retain counsel for the Trusts. There is nothing presented to show that TSI retained the Defendant Trusts' counsel in this case.

If we assume that TSI was not asked to manage this litigation, and the special servicer was in charge under its agreement with TSI, the issue of whether the special servicer has the power to hire counsel to defend an action like this one is brought to the forefront. It is not a power its own affiant identified as a power of the special servicer in ¶ 5. Thus, the effort to create a power out of whole cloth fails.

PLAINTIFF'S REPLY TO DEFENDANT TRUSTS' OPPOSITION TO
MOTION TO PROVIDE AUTHORITY (ECF 70) - 3

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

**CONCLUSION**

Washington law requires counsel for NCSLT Trusts "to produce or prove the authority under which he or she appears". Wash. Rev. Code Ann. § 2.44.030. This should not be a difficult task.

Given the irregularities that have been going on in multiple cases around the country, this District, and the irregular and incomplete response to the motion here, it is necessary now, to avoid problems later, that counsel who have appeared on behalf of the Trusts show they are authorized to do so. They have not done so. Kristine E. Kruger and Thomas N. Abbott have not produced or proven the "authority under which he or she appears" pursuant to Wash. Rev. Code Ann. § 2.44.030. Therefore, their prior or future acts in this litigation cannot be relied on by the Court or the Plaintiff until this issue is resolved. The Court should grant appropriate relief.

Dated this 16th of October 2020.

*/s/ Christina L Henry*
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com.

*/s/ Scott C. Borison*
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

PLAINTIFF'S REPLY TO DEFENDANT TRUSTS' OPPOSITION TO
MOTION TO PROVIDE AUTHORITY (ECF 70) - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

1

_/s/ Phillip R. Robinson_____
Phillip R. Robinson (Pro Hac Vice)

2

Consumer Law Center LLC

3

8737 Colesville Road, Suite 308
Silver Spring, MD 20910

4

(301) 448-1304
phillip@marylandconsumer.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S REPLY TO DEFENDANT TRUSTS' OPPOSITION TO
MOTION TO PROVIDE AUTHORITY (ECF 70) - 5

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609