THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00680-RSL<br><br>**PLAINTIFF'S SUPPLEMENT TO REPLY TO DEFENDANT TRUSTS' OPPOSITION TO MOTION TO PROVIDE AUTHORITY (ECF 70).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 16, 2020** |

Plaintiff moved to require counsel of record for the Trusts in this action to provide authority for them to represent the Trusts in this litigation. After Plaintiff filed his reply, Judge Zilly issued a minute order in *Hoffman, et al. v. Transworld Systems, Inc., et al.*, Case No. 2:18-cv-01132-TSZ (ECF 99), attached hereto as Ex. A, that ordered the counsel of record for the Defendant Trusts before that Court to provide evidence showing their authority to represent the Trusts. While this decision is not controlling, the Court may find it persuasive on the same issue before this Court on Plaintiff's Motion to Provide Authority.

Dated this 2nd of November 2020.

/s/ Christina L Henry
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com,

/s/ Scott C. Borison
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

/s/ Phillip R. Robinson
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

PLAINTIFF'S SUPPLEMENT TO REPLY TO DEFENDANT TRUSTS'
OPPOSITION TO MOTION TO PROVIDE AUTHORITY (ECF 70) - 2

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN, SARAH DOUGLASS, ANTHONY KIM, IL KIM, and DARIA KIM,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC., PATENAUDE & FELIX APC, MATTHEW CHEUNG, JANE DOE CHEUNG, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, NATIONAL | C18-1132 TSZ<br><br>MINUTE ORDER |

MINUTE ORDER - 1

|  |
|---|
| COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4, NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, and DOES 1–10, <br><br> Defendants. |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Motion to Strike Portions of Plaintiffs' Second Amended Complaint ("SAC"), docket no. 76, is DENIED. Plaintiffs' allegations, contained in ¶¶ 136–146 of the SAC and in Exhibit C attached thereto, accurately state that a proposed consent decree between the National Collegiate Student Loan Trust ("NCSLT") Defendants and the Consumer Financial Protection Bureau has not yet been entered. SAC at ¶ 146 (docket no. 61). While Plaintiffs' allegations omit certain details of that proceeding, they are not "redundant, immaterial, impertinent, or scandalous" as contemplated under Federal Rule of Civil Procedure 12(f). *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965–67 (9th Cir. 2014). The Court may also take judicial notice of proceedings that have a direct relation to matters at issue in this case. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

(2) Plaintiffs' Amended Motion for Order Requiring NCSLT Defendants' Attorneys to Show Authority to Represent NCSLT Defendants, docket no. 82, is GRANTED. The special servicing agreement, which was signed by the owner trustee of the NCSLT Defendants, the Wilmington Trust Company, grants the special servicers authority to "[r]etain counsel on behalf of the [NCSLT Defendants] (whether directly or through collection agencies) to further *pursue enforcement and collection* of" delinquent loans. March 1, 2009 Special Servicing Agreement, Ex. A to Defendants' Response at ¶ 3 & Ex. A (docket no. 88-1 at 3, 11) (emphasis added). The agreement does not, however, expressly allow the special servicers to delegate authority to retain counsel on behalf of the NCSLT Defendants to *defend against the alleged unfair loan collection practices* at issue here. *Id.* at 9–11. Nor do Defendants point to any other evidence showing that the Wilmington Trust Company granted the special servicers such authority.

MINUTE ORDER - 2

1   *See generally* Defendants' Response (docket no. 88).  Regardless of whether RCW 2.44.030 applies, this Court may regulate the conduct of attorneys appearing before it. *See Paul E. Iacono Structural Eng'r Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir. 1983).  Defendants' attorneys are DIRECTED to produce evidence showing their authority to represent the NCSLT Defendants in this action on or before the deadline to file a responsive pleading or motion to the SAC, *see* Minute Order (docket no. 91), or by Monday, November 16, 2020, whichever occurs earlier.

      (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of November, 2020.

                           William M. McCool
                           Clerk

                           s/Gail Glass
                           Deputy Clerk

MINUTE ORDER - 3