THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOMMY BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00680-RSL<br><br>**PLAINTIFF'S RESPONSE TO PRAECIPE TO REPLY TO DEFENDANT TRUSTS' AND US BANK'S OPPOSITION TO MOTION TO PROVIDE AUTHORITY (ECF 79).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 16, 2020** |

Plaintiff responds to the Defendant Trusts and US Bank's Praecipe to further support their opposition to Plaintiff's Motion to Provide Authority ("Praecipe"). ECF No. 79. Although Judge Zilly has ruled that US Bank and the Trusts have provided adequate evidence of their right to engage attorneys, the basis for the showing authority here is brought in the context of a motion for remand. *See* ECF No. 63. The Plaintiff here relies on his original motion and reply to the NCSLT Trusts at ECF No. 75.

Plaintiff raised the issue here not to ask for disqualification of counsel but to make sure the attorneys who removed this action on behalf of the Trusts were authorized to do so. Public records show from other actions that counsel acting on behalf of these same trusts has entered into settlement agreements and consent orders

without the proper authority. *See e.g. Consumer Financial Protection Bureau v. The Nat'l Collegiate Master Student Trust, et.al.*, No. 1:17-cv-01323, 2020 WL 2915759 at *6 (D. Del. May 31, 2020) ("CFPB Action")

Rather than find out later after years of litigation that the actions were improperly removed by the Trusts through an unauthorized counsel, Plaintiff simply raised it early in the context of his remand motion to avoid the result that occurred in the CFPB Action. Here, all we have before the Court are letters from attorneys relying on the Special Servicing Agreement and the Default Prevention and Collection Services Agreement. No document signed by a managing agent of the NCSLT Trusts has been presented to the Court and the Defendants have the burden to show the Court has proper jurisdiction.

Dated this 30th of November 2020.

*/s/ Christina L Henry*
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com

*/s/ Scott C. Borison*
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

*/s/ Phillip R. Robinson*
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com