1                       THE HONORABLE DAVID G. ESTUDILLO

2

3

4

5

6

7                UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9 TOMMY BROWN, on his own behalf    No. 2:20-cv-00680-DGE
and on behalf of other similarly situated
10 persons,                       DEFENDANTS NATIONAL COLLEGIATE
                          STUDENT LOAN TRUST 2004-1,
11            Plaintiff,         NATIONAL COLLEGIATE STUDENT
                          LOAN TRUST 2004-2, NATIONAL
12      v.                   COLLEGIATE STUDENT LOAN TRUST
                          2005-1, NATIONAL COLLEGIATE
13 TRANSWORLD SYSTEMS, INC., *et al.*,   STUDENT LOAN TRUST 2005-2,
           Defendants.      NATIONAL COLLEGIATE STUDENT
14                           LOAN TRUST 2005-3, NATIONAL
                          COLLEGIATE STUDENT LOAN TRUST
15                          2006-1, NATIONAL COLLEGIATE
                        STUDENT LOAN TRUST 2006-2,
16                          NATIONAL COLLEGIATE STUDENT
                        LOAN TRUST 2007-1, AND NATIONAL
17                          COLLEGIATE STUDENT LOAN TRUST
                        2007-2'S MOTION TO DISMISS
18                          PLAINTIFF'S AMENDED COMPLAINT
19

20                        NOTE ON MOTION CALENDAR:

21                        Friday, June 17, 2022

22                        ORAL ARGUMENT REQUESTED

23

24

25

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT
(No. 2:20-cv-00680-DGE)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................ 3

III. ARGUMENT .................................................................................................... 4

    A.   Legal Standard ...................................................................................... 4

    B.   The Compulsory Counterclaim Rule Bars Each Claim Asserted Against the Trusts ............................................................................................... 5

        1.   The Loans, Debt Collection, and Collection Lawsuits are Logically Related ...................................................................... 6

        2.   The Claims Matured Before Brown Filed Answers in the Collection Lawsuits ................................................................ 7

    C.   Plaintiff's Claim for Civil Conspiracy to Violate the Washington State Consumer Protection Act Fails as a Matter of Law ............................... 9

        1.   Plaintiff Fails to Plausibly Show a "Meeting of the Minds" ...................... 9

        2.   Plaintiff Fails to Show the Trusts Acted in Concert With Other Defendants ................................................................................ 9

        3.   Litigation Relating to TSI Does Not Support Claims Against the Trusts.................................................................................... 10

        4.   Plaintiff Fails to State Specific Facts to Plead Conspiracy Based on Fraud .................................................................................. 12

        5.   Civil Conspiracy Cannot Exist Independently .......................... 12

    D.   Plaintiff's Third Cause of Action Based on Violations of the CPA Fail as a Matter of Law .............................................................................. 13

        1.   No Plausible Allegation of an Unfair or Deceptive Act or Practice ......... 13

        2.   No Plausible Injury to Plaintiff's Business or Property Caused by the Trusts ............................................................................... 14

    E.   Count V (Injunctive Relief) Fails as a Matter of Law ......................... 15

    F.   Count VI (Invasion of Privacy) Fails as a Matter of Law..................... 16

    G.   Further Leave to Amend Should be Denied ........................................ 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

IV.    CONCLUSION ............................................................................................... 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

C ASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................4, 5

*Atlas Supply, Inc. v. Realm, Inc.*,
  170 Wash. App. 234 (2012)........................................................................................5

*Babrauskas v. Paramount Equity Mortg.*,
  No. C13-0494RSL, 2013 WL 5743903 (W.D. Wash. Oct. 23, 2013)....................15

*Bavand v. OneWest Bank*,
  196 Wash. App. 813 (2016), *as modified* (Dec. 15, 2016) .....................................15

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................4, 5

*Bisson v. Bank of Am., N.A.*,
  919 F. Supp. 2d 1130 (W.D. Wash. 2013)..............................................................16

*Bundren v. Superior Ct.*,
  145 Cal. App. 3d 784 (1983) ...................................................................................17

*Chew v. Lord*,
  143 Wash. App. 807 (2008)..............................................................................6, 7, 8

*Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*,
  No. C.A. 17-1323 (MN), 2020 WL 2915759 (D. Del. May 31, 2020)....................8

*Corbit v. J. I. Case Co.*,
  70 Wash. 2d 522 (1967)............................................................................................9

*Doe v. Gonzaga Univ.*,
  143 Wash. 2d 687 (2001), *reversed on other grounds,* 536 U.S. 273 (2002).........16

*DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*,
  No. C14-5880JLR, 2015 WL 3797162 (W.D. Wash. June 17, 2015)....................18

*Feldman v. Allstate Ins. Co.*,
  322 F.3d 660 (9th Cir. 2003) ..................................................................................10

*Frias v. Asset Foreclosure Servs., Inc.*,
  181 Wash. 2d 412 (2014).........................................................................................14

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – iii
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

3
4
*Gilchrist v. First Nat'l Bank of Omaha*,
No. C17-5104 MJP, 2018 WL 317267 (W.D. Wash. Jan. 8, 2018) ...............................6, 7, 18

5
*Giron v. Hong Kong*,
No. 215CV08869ODWJC, 2017 WL 5495504 (C.D. Cal. Nov. 15, 2017) ....................11, 12

6
7
*Gupta v. Thai Airways Int'l, Ltd.*,
487 F.3d 759 (9th Cir. 2007) ....................................................................................................5

8
9
*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wash. 2d 778 (1986)........................................................................................................13

10
*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*,
162 Wash. 2d 59 (2007)..........................................................................................................15

11
12
*Inzerillo v. Green Tree Servicing, LLC*,
No. 13-CV-06010-MEJ, 2014 WL 6660534 (N.D. Cal. Nov. 24, 2014) ...............................17

13
14
*Johnson v. Buckley*,
356 F.3d 1067 (9th Cir. 2004) ...............................................................................................18

15
*Knecht v. Fid. Nat'l Title Ins. Co.*,
No. C12-1575RAJ, 2015 WL 3618358 (W.D. Wash. 2015).................................................15

16
17
*Kwan v. SanMedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) .................................................................................................4

18
19
*Lane v. Skamania Cty.*,
164 Wash. App. 490 (2011)......................................................................................................8

20
*Mark v. Seattle Times*,
96 Wash. 2d 473 (1981) .........................................................................................................16

21
22
*McLenan-Kenny v. Wash. Dep't of Labor & Indus.*,
No. C13-6026 RBL, 2014 WL 1648501 (W.D. Wash. Apr. 24, 2014)..................................16

23
24
*Moore v. New York Cotton Exch.*,
270 U.S. 593 (1926)..................................................................................................................6

25
*Nunes v. Ashcroft*,
348 F.3d 815 (9th Cir. 2003) ................................................................................................18

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – iv
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

**TABLE OF AUTHORITIES (continued)**

2
                                                                    **Page(s)**

3    *Nw. Laborers-Employers Health & Sec. Tr. Fund v. Philip Morris, Inc.*,
4       58 F. Supp. 2d 1211 (W.D. Wash. 1999)............................................................13

5    *O'Donnell v. United States*,
        891 F.2d 1079 (3d Cir. 1989).........................................................................16
6
     *Osure Brown v. Transworld*
7       (Case No. 2:20-cv-00669-DGE) ......................................................................7

8    *Panag v. Farmers Ins. Co. of Washington*,
        166 Wash. 2d 27 (2009)..................................................................................15
9
     *Pochiro v. Prudential Ins. Co. of Am.*,
10      827 F.2d 1246 (9th Cir. 1987) ..........................................................................5

11   *Poore-Rando v. United States*,
12      No. C16-5094 BHS, 2017 WL 5756871 (W.D. Wash. Nov. 28, 2017) ............16

13   *Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*,
        No. C12-276 RAJ, 2014 WL 1350788 (W.D. Wash. Apr. 3, 2014)..................5
14
     *Rosenthal v. Fowler*,
15      12 F.R.D. 388 (S.D.N.Y. 1952) .........................................................................6

16   *Schoeman v. New York Life Ins. Co.*,
17      106 Wash. 2d 855 (1986)..................................................................................6

18   *Starr v. Baca*,
        652 F.3d 1202 (9th Cir. 2011) ..........................................................................5
19
     *Veridian Credit Union v. Eddie Bauer, LLC*,
20      295 F. Supp. 3d 1140 (W.D. Wash. 2017)......................................................15

21   *Wasco Prod., Inc. v. Southwall Techs., Inc.*,
22      435 F.3d 989 (9th Cir. 2006) .......................................................................9, 12

23   *Wray v. Gregory*,
        61 F.3d 1414 (9th Cir. 1995) ..........................................................................10
24
     *Young v. Key Pharms., Inc.*,
25      112 Wash. 2d 216 (1989)................................................................................14

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – v
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

STATUTES

4

RCW 19.86.090 ............................................................................................................15

5

OTHER AUTHORITIES

6

Civil Rule 17 .................................................................................................................7

7

Fed. R. Civ. P. 9(b) ...................................................................................................2, 12

8

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1, 4

9

Federal Rule of Evidence 201 .....................................................................................11

10

Federal Rule of Evidence 801 .....................................................................................10

11

RESTATEMENT (SECOND) OF TORTS § 652B (1977) ................................................16, 17

12

Washington Rule of Evidence 801(d)(2) ......................................................................10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – vi
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants National Collegiate

2    Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate

3    Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate

4    Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate

5    Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National

6    Collegiate Student Loan Trust 2007-2 (collectively, the "Trusts") respectfully move to dismiss

7    Plaintiff Tommy Brown's Amended Complaint with prejudice and without leave to amend.

## I.    INTRODUCTION

8

9    After failing to make payments on ten student loans for which Plaintiff Tommy Brown

10   ("Plaintiff" or "Brown") co-signed, the Trusts, as owners of the loans, attempted to collect the debt

11   and eventually filed collection lawsuits in April 2019 ("Collection Lawsuits"). Despite his failure

12   to pay the balance due on the loans, Plaintiff now brings this lawsuit alleging that the Trusts

13   engaged in unlawful debt collection practices by collecting on accounts for which they could not

14   prove their ownership.

15   Plaintiff's claims asserted against the Trusts fail as a matter of law for several reasons.

16   First, all of Plaintiff's claims are barred by the compulsory counterclaim rule. Plaintiff failed to

17   bring his claims when he responded to the Trusts' complaints in the Collection Lawsuits. Because

18   Plaintiffs claims existed at the time that he filed his Answers his claims are now barred by the

19   compulsory counterclaim rule.

20   Indeed, Plaintiff's affirmative defenses in the Collection Lawsuits relied on the same legal

21   and factual theories that form the basis of his claims here. Moreover, there is a logical relationship

22   between (1) each student loan, (2) the Trusts' debt collection letters to Plaintiff, (3) the Trusts'

23   Collection Lawsuits against Plaintiff based on the student loan debt, and (4) Plaintiff's lawsuit

24   against the Trusts for purported violations of the Washington Consumer Protection Act ("CPA"),

25   invasion of privacy and for injunctive relief. Simply put, each claim asserted against the Trusts

26   here is a compulsory counterclaim that should have been asserted in the underlying Collection

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 1
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    Lawsuits. Plaintiff's failure to assert his claims in the Collection Lawsuits bars this action against

2    the Trusts.

3          Even if Plaintiff's claims were not barred by the compulsory counterclaim rule, they fail

4    as a matter of law. Plaintiff's claim for civil conspiracy to violate the CPA (Count I) fails for

5    multiple reasons. First, he asserts that the Trusts conspired with their co-defendants to violate the

6    CPA. However, Plaintiff also alleges that the Trusts, through the Trusts' Owners, sued U.S. Bank

7    National Association and Transworld Systems, Inc. in Delaware Chancery Court alleging that the

8    Owners did not consent to Transworld conducting any servicing on behalf of the Trusts. The

9    contradictions in Plaintiff's Amended Complaint establish that his factual allegations fail to state

10   a claim for relief that is plausible on its face. Simply put, Plaintiff fails to plausibly allege that the

11   Trusts entered into an agreement to accomplish an unlawful purpose, as is required under

12   Washington law.

13         In support of his conspiracy claim, Plaintiff also relies on the King County Superior Court's

14   Order granting summary judgment in his favor in the Collection Lawsuits and on filings in the

15   District of Delaware in a case by the CFPB against Transworld. However, the summary judgment

16   order does not support Plaintiff's allegations that the Trusts do not own the loans at issue—only

17   that the Trusts failed to prove their ownership in the Collection Lawsuits. Litigation against

18   Transworld also fails to support Plaintiff's claim for civil conspiracy, and merely highlights the

19   lack of any possible conspiracy among the defendants.

20         Plaintiff also fails to state facts with the specificity required to plausibly allege a conspiracy

21   based on fraud under Fed. R. Civ. P. 9(b). Finally, his conspiracy claim fails because it cannot

22   exist independently; it must be based on a separate underlying valid claim—which as set forth

23   herein does not exist.

24         Plaintiff's CPA claim against the Trusts (Count III) also fails for several reasons. Plaintiff

25   fails to plausibly allege an unfair or deceptive act or practice by the Trusts. The claim is based on

26   the notion that the Trusts unfairly collected on the student loan debt. Plaintiff's reliance on his

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 2
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  summary judgment in the Collection Lawsuits is again misplaced because he never established in
2  those cases that the Trusts did not own the loans. Instead, he relied solely on challenging the
3  sufficiency of the evidence of the Trusts, as plaintiffs, and prevailed based on evidentiary rulings
4  that excluded two affiants from testifying as to the Trusts' interests in the loans. Plaintiff's reliance
5  on enforcement actions against Transworld fails to support his claim for the same reason.

6      Plaintiff's claim for injunctive relief (Count V) fails because he cannot establish a
7  substantive claim for relief against the Trusts. He has also failed to allege an "immediate
8  controversy."

9      Finally, Plaintiff's claim for invasion of privacy (Count VI) fails because he cannot allege
10  a reasonable expectation that collection activity, including lawsuits, would not ensue if his son (the
11  primary obligor on the student loans) did not repay the loans and he (the co-signer on the loans)
12  did not pay in his son's stead. To the contrary, the only reasonable expectation Brown could have
13  had when he co-signed on his son's student loans is that if his son did not repay the loans he would
14  be named as a defendant in the resulting civil action to enforce the delinquent debt. That is exactly
15  what is alleged here.

16      For these reasons, the Trusts move for dismissal with prejudice and without further leave
17  to amend as to the entire Amended Complaint.

18              ## II.      FACTUAL BACKGROUND

19      This dispute arises out of debt collection efforts brought on behalf of the Trusts related to
20  ten private student loans (the "Student Loans") taken out by Plaintiff's son, Osure Brown, for
21  which Plaintiff co-signed.[1] (*See* Dkt. No. 104 ¶¶ 71-78.) Beginning in October 2018, debt
22  collection efforts began with a series of written notices to Plaintiff and his son regarding their
23  outstanding balance owed. (*Id.* ¶ 71.) In a further attempt to resolve the defaulted Student Loans,

24

25      _____
        [1] A more detailed background on the loans for which Tommy Brown co-signed and the Trusts' acquisition
26  of those loans from Bank of America is provided in his son's companion lawsuit filed as case 2:20-cv-00669. The
    history of the loans is described in Osure Brown's Amended Complaint in that action. *See* the Trusts' Request for
    Judicial Notice ("RJN"), filed herewith, Ex. A: Dkt. No. 56 in Case No. 20-cv-00669 at ¶¶ 6, 13, 15-17, 22.

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 3
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   in January 2019, Plaintiff and his son received a series of settlement offers for each loan whereby

2   the Trusts would "discount a considerable portion of the obligation[s]." (*Id*. ¶ 73.) Because they

3   failed to cure the default, on April 5, 2019, the Trusts filed the Collection Lawsuits against both

4   Plaintiff and his son Osure Brown in King County Superior Court relating to each of the Student

5   Loans. (*Id*. ¶ 75.) In the Collection Lawsuits, the Trusts alleged that Plaintiff was liable for each

6   of Osure Brown's Student Loans because he was a co-signer on each of the Student Loans. (*Id*.

7   ¶ 76.)

8        By August 15, 2019, Plaintiff filed an Answer in each Collection Lawsuit. (*See* RJN, Ex. C:

9   Tommy Brown's Answers to Collection Lawsuits.) He asserted as an affirmative defense, inter

10  alia, that the Trusts were barred from relief by the doctrine of unclean hands, the Trusts lacked

11  standing to enforce the Student Loans, and the Student Loans were void and unenforceable based

12  on unconscionability. (*Id*.)

13       In his Complaint, Plaintiff now asserts claims against the Trusts for (1) civil conspiracy to

14  violate Washington State's Consumer Protection Act; (2) violation of Washington State's

15  Consumer Protection Act; (3) injunctive relief; and (4) invasion of privacy. (*See* Dkt. No. 104

16  ¶¶ 121-130, 136-143, 158-169.)

17                          **III.    ARGUMENT**

18  **A.   Legal Standard**

19       Dismissal under Fed. R. Civ. P. 12(b)(6) is required when the plaintiff either lacks a

20  "cognizable legal theory" or fails to present sufficient facts to support a cognizable legal theory.

21  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). In assessing whether the complaint

22  presents sufficient facts to support a cognizable legal theory, the Court uses the pleading standards

23  established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556

24  U.S. 662 (2009).

25       Although factual allegations in a complaint are assumed to be true, "a complaint must

26  contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 4
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face

2   when "the plaintiff pleads factual content that allows the court to draw the reasonable inference

3   that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

4        Therefore, to defeat a motion to dismiss, the complaint's factual allegations must plausibly

5   suggest, and not merely be consistent with, the claimed wrongful conduct. *Twombly*, 550 U.S. at

6   557. The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of

7   the elements of a cause of action," and the factual allegations "must be enough to raise a right to

8   relief above the speculative level[.]" *Id*. at 555.

9        Thus, "where the well-pleaded facts do not permit the court to infer more than the mere

10  possibility of misconduct," or where the complaint's factual allegations support an "obvious

11  alternative explanation" for why the plaintiff was harmed, the plaintiff fails to show an entitlement

12  to relief and his claim should be dismissed. *See Twombly* at 567; *Iqbal*, 556 U.S. at 679; *see also*

13  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations [of the complaint]

14  that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

15  require the opposing party to be subjected to the expense of discovery and continued litigation.").

16  **B.     The Compulsory Counterclaim Rule Bars Each Claim Asserted Against the Trusts**

17       Whether Plaintiff's claims against the Trusts in this action "are compulsory counterclaims

18  which should have been pleaded in the earlier [Collection Lawsuits] is a question of state law."

19  *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see also Gupta v. Thai*

20  *Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007). In Washington, a compulsory counterclaim

21  is one that "arises out of the transaction or occurrence that is the subject matter of the opposing

22  party's claim" and "a party must assert its compulsory counterclaims or those claims are forever

23  barred." *Atlas Supply, Inc. v. Realm, Inc.*, 170 Wash. App. 234, 237–38 (2012); *see also Puget*

24  *Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*, No. C12-276 RAJ, 2014 WL

25  1350788, at *4 (W.D. Wash. Apr. 3, 2014) (Washington's compulsory counterclaim rule is

26  identical to the federal rule).

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 5
(No. 2:20-cv-00680-DGE)

"In determining what constitutes a 'transaction or occurrence,' Washington courts … consider whether the claim and counterclaim are logically related." *Chew v. Lord*, 143 Wash. App. 807, 813 (2008); *Schoeman v. New York Life Ins. Co.*, 106 Wash. 2d 855, 865 (1986) ("the one compelling test of compulsoriness" is "whether the claim and counterclaim are logically related.").

### 1.   The Loans, Debt Collection, and Collection Lawsuits are Logically Related

In *Schoeman*, the Supreme Court of Washington explained:

> [C]ourts should give the phrase "transaction or occurrence that is the subject matter" of the suit a broad realistic interpretation in the interest of avoiding a multiplicity of suits. Subject to the exceptions, [not instantly relevant] any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim; only claims that are unrelated or are related, but within the exceptions, need not be pleaded.

*Schoeman*, 106 Wash. 2d at 865–66 (quoting *Rosenthal v. Fowler*, 12 F.R.D. 388, 391 (S.D.N.Y. 1952)). The *Schoeman* court further explained:

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Id.* at 866-7 (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 609 (1926)).

The Western District of Washington recently found that a claim challenging debt collection under the Telephone Consumer Protection Act ("TCPA") was a compulsory counterclaim that had to be asserted in the original debt collection action:

> There is no question in the Court's mind that there is a logical relationship between (1) the credit agreement between the Bank and Plaintiff, (2) the Bank calling Plaintiff to collect on the debt, (3) the Bank's suit against Plaintiff based on the debt and (4) Plaintiff suing the Bank for violations of the TCPA on the basis of the calls.

*Gilchrist v. First Nat'l Bank of Omaha*, No. C17-5104 MJP, 2018 WL 317267, at *2 (W.D. Wash. Jan. 8, 2018), *appeal dismissed*, No. 18-35103, 2018 WL 2176083 (9th Cir. Apr. 9, 2018).

Here, the same analysis holds true. There is a logical relationship between the Student Loans, the debt collection letters sent beginning in October 2018, the series of settlement offers for each loan whereby the Trusts would "discount a considerable portion of the obligation[s]" received by Plaintiff in January 2019, and the filing of the Collection Lawsuits on April 5, 2019.

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 6
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   As this Court noted in its Order on Motions to Dismiss dated February 17, 2022 in *Osure Brown*
2   *v. Transworld* (Case No. 2:20-cv-00669-DGE), the final link in the chain of any claim based on
3   the Trusts' attempt to collect on the Student Loans accrued when the complaints in the Collection
4   Lawsuits were filed. (*Osure Brown* Dkt. No. 120 at pp. 7-8.) Finally, each of the forgoing relates
5   to the same ten Student Loans made by Bank of America to Osure Brown and co-signed by
6   Plaintiff. (*See* Dkt. No. 104 ¶¶ 71-78.)

7         In the Collection Lawsuits, Plaintiff asserted affirmative defenses alleging, inter alia, that
8   the Trusts were barred from relief by the doctrine of unclean hands, that the Trusts lacked standing
9   because the Trusts failed to produce the proper documentation in support of their ownership of the
10  loans, and therefore, were not the real party in interest as required under Civil Rule 17, and thus
11  the Student Loans were void and unenforceable based on unconscionability. (*See* RJN, Ex. C.)
12  Plaintiff moved for and was granted summary judgment on these grounds. (*See* RJN, Ex. D:
13  Defendant Osure Brown and Tommy Brown's Motion for Summary Judgment as to Plaintiff's
14  Claims filed in the Collection Lawsuits on September 20, 2019; RJN, Ex. E: Order Granting
15  Defendant Osure Brown and Tommy Brown's Motion for Summary Judgment as to Plaintiffs'
16  Claims filed in the Collection Lawsuits on December 27, 2019.) Thus, Plaintiff's affirmative
17  defenses in the Collection Lawsuits were based on the same alleged wrongdoing that he asserts
18  here regarding the Trusts' attempts to enforce the student loan debt. Like the debtor in *Gilchrist*,
19  however, Plaintiff's claims here are compulsory counterclaims because the Student Loans are
20  logically related to the collection letters, settlement offers, and purported wrongdoing by agents of
21  the Trusts in seeking recovery for the Student Loans.

22        **2.    The Claims Matured Before Brown Filed Answers in the Collection Lawsuits**

23        "One exception to the compulsory counterclaim requirement is when the counterclaim has
24  not matured at the time the proponent of the claim serves pleadings." *Chew*, 143 Wash. App. at
25  814. Here, the exception does not apply. Plaintiff served Answers to all the Collection Lawsuits
26  by August 15, 2019, including affirmative defenses that raise the same claims asserted here—

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 7
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    namely that the Trusts failed to establish ownership of the Student Loans through proper

2    documentation and that the Student Loans are void and unenforceable based on unconscionability.

3    (*See* RJN, Ex. C.) Thus, Plaintiff's claims clearly matured before he filed his Answers in the

4    Collection Lawsuits.

5         Plaintiff's claims depend on whether the Trusts unlawfully attempted to collect on student

6    loan debts or on debts that they did not own.[2] And, under Plaintiff's theory of liability, those

7    collection attempts commenced both prior to and with the initiation of the Collection Lawsuits. At

8    most, then, it was only the "question of damages or the existence of defenses to the counterclaim

9    that may have [had] to await the adjudication of the main claim." *Lane v. Skamania Cty.*, 164

10   Wash. App. 490, 500 (2011). But that does not eliminate the compulsory counterclaim

11   requirement. *See Chew*, 143 Wash. App. at 814-15 ("[A] counterclaim will not be denied treatment

12   as a compulsory counterclaim solely because recovery on it depends on the outcome of the main

13   action. This approach seems sound when the counterclaim is based on *pre-action events* and *only*

14   *the right to relief* depends upon the outcome of the main action." (Emphasis added)).

15        Accordingly, there was no valid basis for Plaintiff to omit a counterclaim rooted in the

16   notion that the Trusts purportedly violated the CPA by seeking repayment of the Student Loans

17   when Plaintiff already asserted an affirmative defense based on the same theories he asserts here:

18   that the Student Loans were unenforceable because the Trusts lacked standing.

19

20

21

22        [2] Plaintiff's claims are dubious. Among other things, he relies heavily on enforcement actions against TSI.
     Plaintiff's reliance on other pending lawsuits is misplaced because those lawsuits have not resulted in binding

23   judgments regarding the loans at issue in this case, or any loans, or a judgment against the Trusts. Indeed, in at least
     one pending action referenced by Plaintiff, the district court denied the CFPB's motion to approve a Proposed Consent

24   Judgment. (*See Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*, No. C.A. 17-1323 (MN), 2020
     WL 2915759, at *1 (D. Del. May 31, 2020) (denying CFPB motion to approved Proposed Consent Order) attached as
     Ex. F to the RJN contemporaneously filed here with this Motion). That case is still pending with answers filed to the

25   CFPB's amended complaint in January 2022 and an order granting defendants' motion for interlocutory appeal issued
     on February 11, 2022. (*See* RJN, Ex. G.) Plaintiff also relies on a series of enforcement actions against TSI (*see* 104-

26   1, Exs. C, E-F, H-I) but none of those create a plausible basis for a claim against the Trusts.

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 8
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C.    Plaintiff's Claim for Civil Conspiracy to Violate the Washington State Consumer Protection Act Fails as a Matter of Law**

Plaintiff's claim for civil conspiracy to violate the Washington State CPA is alleged against all defendants. (Dkt. No. 104 ¶¶ 121-130.) To establish a civil conspiracy, Plaintiff must show that (1) two or more people contributed to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy. *Corbit v. J. I. Case Co.*, 70 Wash. 2d 522, 528 (1967). This claim asserted against the Trusts fails for several reasons.

**1.    Plaintiff Fails to Plausibly Show a "Meeting of the Minds"**

Plaintiff's factual allegations belie any "meeting of the minds" necessary to allege a civil conspiracy. Although Transworld Systems, Inc. filed the Collection Lawsuits on behalf of the Trusts, Plaintiff alleges that the Trusts had not "approved these arrangements with . . . Transworld. To the contrary, . . . [it] did not want [Transworld] to perform any services relating to the Trusts." (Dkt. No. 104 ¶¶ 48-49[3].) Moreover, Plaintiff does not (and cannot) identify any instance or basis for when or how the Trusts or U.S. Bank would have had a "meeting of the minds" with each other or Transworld to file an allegedly incomplete affidavit in the Collection Lawsuits. Here, Plaintiff's own allegations prevent him from plausibly establishing that the Trusts "entered into an Agreement to accomplish the object of the conspiracy" as required under *Corbit. See also Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th Cir. 2006) (courts require a plaintiff to plead the basic elements of the conspiracy, "especially the existence of an agreement.").

**2.    Plaintiff Fails to Show the Trusts Acted in Concert With Other Defendants**

Plaintiff fails to set forth any facts that plausibly allege acts by the Trusts in concert with other defendants to accomplish an unlawful purpose. As noted above, Plaintiff cites to litigation

---

[3] The lawsuit Plaintiff references in ¶ 48 of his Amended Complaint, *The National Collegiate Master Student Loan Trust 1, et al v. U.S. Bank National Association, GSS Data Services Inc., Turnstile Capital Management, LLC and Transworld Systems, Inc.*; Chancery Court of Delaware, Cause #2018-0167-JRS filed on June 15, 2018, was filed on behalf of the owners of the beneficial interest in the Trusts. (*See* ¶¶ 24-25 of the Trusts' Complaint, attached as Exhibit D to Plaintiff's Amended Complaint [Dkt. No. 104-1 at pp. 92-159].)

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 9
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    brought by the Trusts in Delaware that suggests the Trusts did not act in concert. Further, it is not

2    unlawful for the Trusts to seek repayment on student loans that it owns. Indeed, the gravamen of

3    this action is purportedly unfair debt collection (*see* Dkt. No. 104 ¶ 33) and Plaintiff concedes that

4    the Trusts are Delaware statutory trusts that assert ownership of student loans originated by Bank

5    of America, on behalf of Osure Brown. (*See id* ¶ 42.) Although Plaintiff heavily relies on his

6    obtaining summary judgment in the Collection Lawsuits filed by the Trusts to recover on the

7    unpaid student loans, the only thing established in his motion for summary judgment was that the

8    Trusts failed to establish standing because it relied on declarations from TSI employees, which the

9    state court deemed inadmissible hearsay.[4] (*See, e.g.*, Dkt. No. 104 ¶¶ 84-87.) Plaintiff has yet to

10   establish any plausible basis for his assertion that the Trusts did not acquire the student loans owed

11   by Osure Brown.[5]

12          **3.      Litigation Relating to TSI Does Not Support Claims Against the Trusts**

13          Plaintiff's reliance on foreign litigation relating to TSI fails to establish a plausible claim

14   against the Trusts. Plaintiff seeks judicial notice of several enforcement actions against TSI and

15   affidavits by two fired TSI employees in a CFPB administrative proceeding against TSI to support

16   his claims against the Trusts. (*See* Dkt. No. 104 ¶ 19 n.3, ¶ 25 n.4, ¶ 28 n.5, ¶ 30). He contends

17   that these are judicially noticeable and admissible under Rule 801(d)(2).[6] (*Id.* ¶ 55.) Rule 801

18   enumerates exceptions to the hearsay rule, including the "opposing party's statement." Fed. R.

19

20          [4] Plaintiff seeks judicial notice of several enforcement actions against TSI to support his claims. (*See* Dkt.
     No. 104 ¶¶ 19, 25, 28, 30). He contends that these are judicially noticeable and admissible under Washington Rule of
21   Evidence 801(d)(2). (*Id.* ¶ 55.)

            [5] There is a significant difference between establishing that a plaintiff has failed to show standing to sue in
22   one case and establishing in another case that the former plaintiff does not own the indebtedness it sought to enforce.
     Plaintiff successfully defended the Collection Lawsuits. But he did not carry the burden of proof there and failed to
23   counterclaim his unfair debt collection practices act theories in that case. Here, Plaintiff has the burden of proof and
     at this stage must state facts that plausibly allege that the Trusts do not actually own the loans. He fails to carry his
24   own burden as plaintiff here.

25          [6] Plaintiff cites to Washington Rule of Evidence 801(d)(2). (Dkt. No. 104 ¶ 55.) However, because
     "evidentiary rules are procedural in nature," the "Federal Rules of Evidence ordinarily govern…" *Feldman v. Allstate*
26   *Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995)). Therefore,
     this Motion discusses the hearsay rule under Federal Rules of Evidence, Rule 801.

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 10
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   Evid. 801(d)(2). Federal Rule of Evidence 201 governs judicial notice and limits notice to facts

2   that are "not subject to reasonable dispute…" Fed. R. Evid. 201(b). None of the materials for which

3   Plaintiff seeks judicial notice falls within these rules. As acknowledged by Plaintiff, the Trusts

4   disputed TSI's authority to act on the Trusts' behalf (Dkt. No. 104 ¶ 48, Ex D [Dkt. No. 104-1 at

5   92-159]), and therefore, any purported statements by TSI are not "opposing party's statements"

6   admissible as to the Trusts. Moreover, the matters at issue in the actions against TSI relate to its

7   attempts to prove up ownership of the loans but does not establish that the Trusts do not own the

8   loans for which Plaintiff co-signed. Therefore, the matters for which Plaintiff seeks judicial notice

9   are disputed, not properly subject to judicial notice, and inadmissible. *See Giron v. Hong Kong*,

10  No. 215CV08869ODWJC, 2017 WL 5495504, at *7 (C.D. Cal. Nov. 15, 2017) (denying judicial

11  notice of Consent to Judgment in SEC action and citing *Lee v. City of Los Angeles*, 250 F.3d 668,

12  689 (9th Cir. 2001)). Plaintiff's attempt to borrow facts alleged in enforcement actions against TSI

13  to state a claim against the Trusts lacks merit for the additional reason that TSI did not admit

14  liability. (*See* Dkt. No. 104-1 at 61 ¶ 2 ["Respondent has consented to the issuance of this Consent

15  Order … without admitting or denying any of the findings of fact or conclusions of law…"]; *see*

16  *also* Dkt. No. 104-1 at 202 ¶ 12 [noting TSI's consenting to CFPB order "without admitting or

17  denying liability…"].) Indeed, in the Assurance of Discontinuance by the New York Attorney

18  General, attached as Exhibit H to the Amended Complaint, the Attorney General expressly bars

19  the use of the Assurance by any third party in any other proceeding. (Dkt. No. 104-1 at 216 ¶ 72

20  ["This Assurance may not be used by any third party in any other proceeding. This Assurance is

21  not intended to be, and should not be construed as, an admission of liability by TSI."]; *see* RJN,

22  Ex. H: Assurance of Discontinuance in Commonwealth of Massachusetts enforcement action

23  against TSI at pp. 13-14 ¶ 65 ["This Assurance may not be used by any third party in any other

24  proceeding."]; *see also* Consent Order in State of Connecticut Department of Banking action

25  against TSI attached as Exhibit I to Amended Complaint, Dkt. 104-1 at 221 ["TSI neither admits

26  nor denies any of the Commissioner's allegations stated herein"]; *see also* Consent Order in CFPB

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 11
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    administrative proceeding against TSI attached as Exhibit C to Amended Complaint, Dkt. 104-1

2    at 61 ["Respondent [TSI] has consented to the issuance of this Consent Order … without admitting

3    or denying any of the findings of fact or conclusions of law…"]; *See* RJN, Ex. H: Assurance of

4    Discontinuance in Commonwealth of Massachusetts enforcement action against TSI at p. 2 ¶ 6

5    ["Transworld denies the allegations made by the Attorney General and further denies that it has

6    violated any applicable provision of law."].) *Giron*, 2017 WL 5495504, at *7 (C.D. Cal. Nov. 15,

7    2017) (judicial notice of consent judgment improper where party consented to judgment "[w]ithout

8    admitting or denying the allegations…").

9        **4.**    **Plaintiff Fails to State Specific Facts to Plead Conspiracy Based on Fraud**

10           The complaint fails to comply with the specificity requirements for pleading a conspiracy

11   where the object is fraudulent. *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990 (9th

12   Cir. 2006) (where "the object of the alleged conspiracy is fraudulent" … "Rule 9(b) of the Federal

13   Rules of Civil Procedure requires plaintiffs to plead fraud with particularity."). Here, Plaintiff

14   alleges that his action is based on "unlawful … debt collection practices" of the Trusts where they

15   sought to enforce his son's student loans when they "do not have the right to collect any sums…"

16   (Dkt. No. 104 ¶¶ 33-33a.) Put another way, Plaintiff contends that the Trusts sought to collect on

17   debt they did not owe. Although he alleges a fraud, Plaintiff fails to plead any facts with

18   particularity. For this reason, too, Plaintiff fails to state a claim for civil conspiracy.

19       **5.**    **Civil Conspiracy Cannot Exist Independently**

20           Finally, a civil conspiracy claim cannot exist independently—it must be based on a separate

21   underlying claim of wrongdoing. *Nw. Laborers-Employers Health & Sec. Tr. Fund v. Philip*

22   *Morris, Inc.,* 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999) ("A conspiracy claim fails if the

23   underlying act or claim is not actionable."). Whether Plaintiff relies on the FDCPA or the CPA,

24   his underlying claims lack merit. Therefore, his derivative civil conspiracy claim similarly fails.

25

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 12
(No. 2:20-cv-00680-DGE)

1

**D.     Plaintiff's Third Cause of Action Based on Violations of the CPA Fail as a Matter of Law**

2

3         In addition to his civil conspiracy claim, Plaintiff also asserts a stand-alone claim for

4   violation of the CPA (Claim III) against "the Defendants." (Dkt. No. 104 ¶¶ 136-143.)[7] To prevail

5   on a CPA claim, Plaintiff must demonstrate five distinct elements: (1) that the defendant engaged

6   in an unfair or deceptive act or practice, (2) that the act occurred in trade or commerce, (3) that the

7   act impacts the public interest, (4) that the plaintiff suffered injury to his or her business or

8   property, and (5) that the injury was causally related to the unfair or deceptive act. *Hangman Ridge*

9   *Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 792–93 (1986). Failing to satisfy

10  any of the five elements is fatal to a CPA claim. Plaintiff fails to plausibly allege any element,

11  much less all the elements, of a CPA claim against the Trusts.

12         **1.      No Plausible Allegation of an Unfair or Deceptive Act or Practice**

13         Plaintiff fails to plausibly allege that the Trusts engaged in an unfair or deceptive act or

14  practice. He relies on a Consent Order entered on September 18, 2017 to establish a purported

15  violation of the CPA. In the original complaint Plaintiff asserted that "Defendants have engaged

16  in unfair and deceptive business practices in violation of the Revised Code of Washington Ch.

17  19.86," and that "the filing of this lawsuit after [the Trusts'] submission of the consent judgment

18  and motion in the District of Delaware District Court [sic]…" establishes that such practices are

19  likely to be repeated further. (Dkt. No. 1-2 ¶¶ 107-114.) In his Amended Complaint, Plaintiff relies

20  on the same faulty logic. (Dkt. No. 104 ¶¶ 136-143.) Specifically, Plaintiff alleges that at the time

21  the Trusts filed suit against he and his son Osure Brown, the Trusts were aware of the CFPB

22  Consent Order entered on September 18, 2017 and attached as Exhibit C to Plaintiff's Amended

23  Complaint and makes the inferential leap that based on this knowledge, the Trusts acted unfairly

24  or deceptively in collecting on his loans.

25

---

[7] Plaintiff's second cause of action for violations of the Washington Collection Agency is not asserted against

26  the Trusts. (Dkt. No. 104 ¶ 144 ("Plaintiff … assert [sic] this claim …. against the Defendants Transworld and P & F".))

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 13
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff's reliance on the CFPB Consent Order is misplaced. He fails to allege that the actions referred to in the Consent Order apply to his loan—in fact, the Consent Order was limited to the time period from November 1, 2012 to September 18, 2017, prior to the collection attempts on his own loan. (*See* Exhibit C to Plaintiff's Amended Complaint: Consent Judgment.) Further, contrary to Plaintiff's allegation that the Consent Judgment is a knowing statement by the party and admission against interest, in the Consent Judgment itself (attached to Plaintiff's Amended Complaint,), the Trusts "neither admit nor deny any allegations in the Complaint." (*Id.*) Thus, Plaintiff cannot rely on the Consent Order to establish an unfair or deceptive act or practice on behalf of the Trusts.

As noted above, the District court in Delaware denied the CFPB's motion to enter the consent order and that case is still pending. Thus, Plaintiff not only relies on speculation and innuendo—his conclusions are not cogent.

Additionally, Plaintiff's reliance on obtaining summary judgment against the Trusts in the Collection Lawsuits (*see* Dkt. No. 104 ¶¶ 84-87) also does not establish an unfair or deceptive act or practice. Plaintiff moved for summary judgment by "challenging the sufficiency of the non-moving party's evidence." (Request for Judicial Notice, Ex. D at p. 3 (citing *Young v. Key Pharms., Inc.*, 112 Wash. 2d 216, 224 (1989)). He argued that the declarations of employees at TSI were inadmissible hearsay. He proved no affirmative facts; he prevailed solely on a challenge to the evidence. Therefore, the fact that Plaintiff prevailed in the Collection Lawsuits establishes nothing other than that the Trusts failed to meet their burden as plaintiffs in those cases.

At bottom, Plaintiff states no facts to plausibly allege that the Trusts committed an unfair or deceptive act or practice, and his Amended Complaint should be dismissed.

### 2.    No Plausible Injury to Plaintiff's Business or Property Caused by the Trusts

Although "quantifiable monetary loss is not required" to establish the element of injury for a claim under the CPA, *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash. 2d 412, 431 (2014), Plaintiff must plausibly allege an injury to his business or property as required by RCW 19.86.090.

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 14
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 39 (2009). In addition to the forgoing,

2    Plaintiff must establish that "but for the [Trusts'] unfair or deceptive practice, [he] would not have

3    suffered an injury." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*,

4    162 Wash. 2d 59, 83 (2007). Plaintiff does not—and cannot—meet this standard.

5         In support of his claim, Plaintiff alleges that he "sent notices of appearance on all ten

6    [Collection Lawsuit] cases to counsel at P & F…" (Dkt. 104 ¶ 77.) He further alleges having to

7    move "for summary judgment…" (*Id*. ¶ 84.) Plaintiff, however, does not dispute that he co-signed

8    on his son's student loans or that his son failed to make the payments required under the loans.

9    (*See generally* Dkt. 104.) He also does not allege that he tendered funds to discharge his obligations

10   as a co-signer. (*Id*.) Indeed, the only reason that Plaintiff incurred litigation expenses is because of

11   his son's failure to make payments on the Student Loans at issue. So, Plaintiff cannot establish that

12   "but for" the Trusts' alleged unfair or deceptive practice debt collection efforts, he would not have

13   suffered an injury. Plaintiff's failure to pay a note that he co-signed—not the allegedly false

14   affidavits or lack of documentation—was the proximate cause of his alleged damages. *See*

15   *Babrauskas v. Paramount Equity Mortg.*, No. C13-0494RSL, 2013 WL 5743903, at *4 (W.D.

16   Wash. Oct. 23, 2013) ("plaintiff's failure to meet his debt obligations is the "but for" cause of the

17   default, the threat of foreclosure, any adverse impact on his credit, and the clouded title.").

18        Failure to establish injury and causation are fatal to a CPA claim. *Bavand v. OneWest Bank*,

19   196 Wash. App. 813, 846 (2016), *as modified* (Dec. 15, 2016) (failure to show injury makes any

20   factual dispute on other elements irrelevant); *see also*, *Knecht v. Fid. Nat'l Title Ins. Co.,* No. C12-

21   1575RAJ, 2015 WL 3618358, *10 (W.D. Wash. 2015). Here, Plaintiff caused his own "injury" by

22   promising to pay on the Student Loans, then failing to do so. His failure to pay was the only

23   proximate cause of his purported injuries.

24   **E.    Count V (Injunctive Relief) Fails as a Matter of Law**

25        Plaintiff's claim for injunctive relief fails because he fails to state a substantive claim for

26   relief against the Trusts. *See Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140,

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 15
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  1156 (W.D. Wash. 2017) (injunctive relief is a form of relief available "when a plaintiff succeeds

2  on a substantive cause of action that lends itself to this remedy" it is not a "separate legal cause[]

3  of action"). Moreover, Plaintiff states no facts to show an "immediate controversy." Thus, the

4  question becomes whether there is a predicate substantive cause of action for which the remedy of

5  injunctive relief is proper. *See Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D.

6  Wash. 2013).

7         As explained above, Plaintiff asserts no viable substantive claim for relief against the

8  Trusts. Because his CPA claims against the Trusts fail, his claim for injunctive relief from the

9  Trusts must be dismissed.

10  **F.     Count VI (Invasion of Privacy) Fails as a Matter of Law**

11        To establish an invasion of privacy claim, Plaintiff must prove the following elements:

12  (1) "[A]n intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff,

13  or his private affairs;" (2) "[W]ith respect to the matter or affair which plaintiff claims was invaded,

14  that plaintiff had a legitimate and reasonable expectation of privacy;" (3) "[T]he intrusion would

15  be highly offensive to a reasonable person; and" (4) "[T]hat the defendant's conduct was a

16  proximate cause of damage to the plaintiff." *Doe v. Gonzaga Univ.*, 143 Wash. 2d 687, 705 (2001),

17  *reversed on other grounds,* 536 U.S. 273 (2002) (relying upon RESTATEMENT (SECOND) OF TORTS

18  § 652B (1977)); *see also McLenan-Kenny v. Wash. Dep't of Labor & Indus.,* No. C13-6026 RBL,

19  2014 WL 1648501, at *3 (W.D. Wash. Apr. 24, 2014); *Mark v. Seattle Times*, 96 Wash. 2d 473,

20  497 (1981) (citing RESTATEMENT (SECOND) OF TORTS § 652B (1977)). "[A]n actor commits an

21  intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal

22  or personal permission to commit the intrusive act." *Poore-Rando v. United States*, No. C16-5094

23  BHS, 2017 WL 5756871, at *2 (W.D. Wash. Nov. 28, 2017) (quoting *O'Donnell v. United States*,

24  891 F.2d 1079, 1083 (3d Cir. 1989)).

25        Plaintiff does not and cannot plausibly allege a claim under *Doe*. Instead, he offers only

26  conclusory allegations, alleging that he "had a reasonable expectation that [his] solitude would not

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 16
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

be intruded by demand letters and lawsuits by the Defendants," and that "Defendants [sic] intrusion given their knowledge that they did not have any legitimate claims against the Plaintiff and the members of the Washington Class and Defendants [sic] actions would be highly offensive to a reasonable person." (*See* Dkt. No. 104 ¶¶ 166-167.) But debt collection is not, in itself, an invasion of privacy:

> There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object. Thus there is no liability for knocking at the plaintiff's door, or calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

RESTATEMENT (SECOND) OF TORTS § 652B cmt. d; *see also Inzerillo v. Green Tree Servicing, LLC*, No. 13-CV-06010-MEJ, 2014 WL 6660534, at *4 (N.D. Cal. Nov. 24, 2014) ("In the debtor-creditor situation the right of a debtor to privacy is subject to the right of a creditor to take reasonable steps to collect the debt.") (quoting *Bundren v. Superior Ct.*, 145 Cal. App. 3d 784, 789 (1983)). Plaintiff admits to co-signing Osure Brown's loans (*see* Dkt. No. 104 at ¶ 36 ("Plaintiff Tommy Brown is a citizen of Washington state, the father of Osure Brown, and the cosigner on the loans at issue in this matter."))—and therefore, the only reasonable expectation Plaintiff could have had when he co-signed on his son's student loans is that if his son did not repay the loans he would receive collection letters or be named as a defendant in the resulting civil action to collect the delinquent debt. That is exactly what is alleged here.

## G.    Further Leave to Amend Should be Denied

The Court should deny leave to amend because Plaintiff cannot avoid the conclusion that his claims against the Trusts are compulsory counterclaims that are barred and in addition, each of his claims fails as a matter of law. The Ninth Circuit uses a five-factor test to determine whether leave to amend should be granted:

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 17
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1
2

> Five factors are taken into account to assess the propriety of a
> motion for leave to amend: bad faith, undue delay, prejudice to the
> opposing party, futility of amendment, and whether the plaintiff has
> previously amended the complaint.

3
4

*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The factors are not afforded even weight

5
and "[f]utility alone can justify denial of a motion to amend." *Id.* (quoting *Nunes v. Ashcroft*, 348

6
F.3d 815, 818 (9th Cir. 2003)).

7
Here, the Trusts move for dismissal with prejudice based on the fact that each of Plaintiff's

8
claims are compulsory counterclaims that had to be asserted in the Collection Lawsuits, and so he

9
is barred from asserting them here. Given the clear basis on which to apply the compulsory

10
counterclaim rule, amendment would be futile. *DZ Bank AG Deutsche Zentral-*

11
*Genossenschaftsbank v. Connect Ins. Agency, Inc.*, No. C14-5880JLR, 2015 WL 3797162, at *6

12
(W.D. Wash. June 17, 2015) (denying leave to amend where claims barred by compulsory

13
counterclaim rule); *Gilchrist*, *supra*, 2018 WL 317267, at *3 (same).

14
Further, Plaintiff cannot show that the Trusts committed an unfair or deceptive trade or

15
practice by its attempts to enforce the undisputedly delinquent Student Loans by the Collection

16
Lawsuits. He similarly cannot establish a basis for injunctive relief or actionable invasion of

17
privacy.

### IV.    CONCLUSION

18
Plaintiff's claims against the Trusts in this action had to be asserted in the Collection

19
Lawsuits. Because Plaintiff failed to assert his claims in the Collection Lawsuits, he is barred from

20
doing so now under the compulsory counterclaim rule. Additionally, Plaintiff fails to state facts

21
that support any of his individual claims.

22
There is no basis on which Brown can further amend his complaint to avoid dismissal on

23
the grounds set forth herein. Accordingly, the Court should dismiss this action in its entirety as to

24
the Trusts and without further leave to amend.

25
26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 18
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2      DATED: April 26, 2022                    By: s/ Kristine E. Kruger
                                                By: s/ Thomas N. Abbott
3                                               Kristine E. Kruger #44612
                                                Thomas N. Abbott #53024
4                                               **Perkins Coie LLP**
                                                1201 Third Avenue, Suite 4900
5                                               Seattle, WA 98101-3099
                                                Telephone: 206.359.8000
6                                               Facsimile: 206.359.9000
                                                Email:  KKruger@perkinscoie.com
7                                                       TAbbott@perkinscoie.com

8

9                                               *Attorneys for Defendants*
                                                *U.S. Bank National Association and U.S.*
10                                              *Bank National Association, National*
                                                *Collegiate Student Loan Trust 2004-1,*
11                                              *National Collegiate Student Loan Trust*
                                                *2004-2, National Collegiate Student Loan*
12                                              *Trust 2005-1, National Collegiate Student*
                                                *Loan Trust 2005-2, National Collegiate*
13                                              *Student Loan Trust 2005-3, National*
                                                *Collegiate Student Loan Trust 2006-1,*
14                                              *National Collegiate Student Loan Trust*
                                                *2006-2, National Collegiate Student Loan*
15                                              *Trust 2007-1, National Collegiate Student*
                                                *Loan Trust 2007-2*
16

17

18

19

20

21

22

23

24

25

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 19
(No. 2:20-cv-00680-DGE)

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on April 26, 2022, a copy of the foregoing Motion to Dismiss

3

Plaintiff's Amended Complaint was electronically filed with the Clerk of Court using the

4

CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's

5

electronic filing system. Parties may access this filing through the Court's system.

6

DATED:  April 26, 2022

7

8

By *s/ Kristine E. Kruger*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE TRUSTS' MOTION TO DISMISS
AMENDED COMPLAINT – 1
(No. 2:20-cv-00680-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000