Hon. David G. Estudillo

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | | |
|---|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons, | ) ) ) | Case No.: 2:20-cv-00680-DGE |
| Plaintiffs, | ) ) ) | TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | ) ) ) | |
| TRANSWORLD SYSTEMS INC.; PATENAUDE & FELIX, APC; U.S. BANK, N.A.; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Note on Motion Calendar: Friday, June 17, 2022 ORAL ARGUMENT REQUESTED |
| Defendants. | ) ) ) | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

1

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................7

II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY ...........................8

III.   MOTION TO DISMISS STANDARD ...........................................................9

IV.   LAW AND ARGUMENT ..............................................................................10

     A.   Brown Has Not Pled A Viable Civil Conspiracy Claim Against TSI (Count I) ...........................................................................................10

     B.   Brown Fails To State A Claim For Violation Of The CAA Against TSI (Count II) .........................................................................................13

     C.   Brown's Claims Against TSI For A "Stand-Alone" Violation Of The CPA (Count III) And A "*Per Se*" Violation Of The CPA (Count IV) Must Be Dismissed ...........................................................................15

          1.   The FAC Does Not Plausibly Allege TSI's Conduct Caused Any Injury ............................................................................16

          2.   The FAC Fails To Allege An Unfair Or Deceptive Act By TSI ................17

     D.   Brown's Demand For Injunctive Relief (Count V) Must Be Dismissed Because There Are No Conceivable Future Collection Efforts To Enjoin ..............20

     E.   Brown's Claim For Invasion Of Privacy (Count VI) Must Be Dismissed .............20

V.    CONCLUSION ................................................................................................22

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 2

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).................................................................................................9

*Bailey v. City of Ann Arbor,*
860 F.3d 382 (6th Cir. 2017) ...............................................................................13

*Bank of New York Mellon as Tr. for Certificateholders of CWMBS, Inc, CHL Mortg. Pass-Through Tr. 2007-15 Mortg. Pass-Through Certificates, Series 2007-15 v. Stabenow,*
812 F. App'x 604 (9th Cir. 2020) .........................................................................19

*Carlile v. Harbour Homes, Inc.,*
147 Wn. App. 193 (2008)......................................................................................16

*Caruso v. Washington State Bar Ass'n,*
2017 WL 1957077 (W.D. Wash. May 11, 2017) ..................................................22

*Clark v. Main Street Acquisition Corp.,*
2013 WL 2295879 (S.D. Ohio May 24, 2013).......................................................18

*Corbit v. J.I. Case Co.,*
70 Wn.2d 522 (1967) ............................................................................................10

*Coventry Assocs. v. Am. States. Ins. Co.,*
136 Wn.2d 269 (1998) ..........................................................................................19

*Daviscourt v. United States,*
2020 WL 8273956, (W.D. Wash. Nov. 10, 2020), *report and recommendation adopted,*
2021 WL 22111 (W.D. Wash. Jan. 4, 2021) .........................................................20

*Doe v. Gonzaga Univ.,*
143 Wn.2d 687 (2001), *reversed on other grounds,*
536 U.S. 273 (2002)...............................................................................................21

*Dougherty v. City of Covina,*
654 F.3d 892 (9th Cir. 2011) ..................................................................................9

*E.K. v. Nooksack Valley Sch. Dist.,*
2021 WL 1531004 (W.D. Wash. Apr. 19, 2021).....................................................10

*Griffin v. Allstate Ins. Co.,*
108 Wn. App. 133 (2007).......................................................................................19

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 3

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778 (1986) ................................................................................15

*Hemmingsen v. Messerli & Kramer, P.A.*,
674 F.3d 814 (8th Cir. 2012) ......................................................................19

*Hoffman v. Transworld Sys. Inc.*,
2018 WL 5734641 (W.D. Wash. Nov. 2, 2018), *aff'd in part, rev'd in part*,
806 F. App'x 549 (9th Cir. 2020) ...............................................................14

*Hoffman v. Transworld Sys., Inc.*,
806 F. App'x 549 (9th Cir. 2020) ...............................................................17

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*,
162 Wn.2d 59 (2007) ..................................................................................16

*Kwai Ling Chan v. Chase Home Loans, Inc.*,
2012 WL 1576164 (W.D. Wash. May 4, 2012) .........................................11

*Leingang v. Pierce Cty. Med. Bureau, Inc.*,
131 Wn.2d 133 (1997) ................................................................................19

*Leishman v. Washington Att'y Gen.'s Off.*,
2021 WL 1140262 (W.D. Wash. Mar. 25, 2021) ..............................10, 11

*Lundquist v. First Nat'l Ins. Co. of Am.*,
2020 WL 5847590 (W.D. Wash. Oct. 1, 2020) ..........................................16

*Manlapaz v. Unifund*,
2009 WL 3015166 (N.D. Ill. Sept. 15, 2009) .............................................18

*MGIC Indem. Corp. v. Weisman*,
803 F.2d 500 (9th Cir. 1986) ........................................................................9

*Michaels v. CH2M Hill, Inc.*,
171 Wn.2d 587 (2011) ................................................................................16

*Nat'l City Bank, N.A. v. Republic Mortg. Home Loans*, LLC,
2010 WL 959925 (W.D. Wash. Mar. 12, 2010) .........................................21

*Nw. Laborers-Employers Health & Sec. Tr. Fund v. Philip Morris, Inc.*,
58 F. Supp. 2d 1211 (W.D. Wash. 1999) ...................................................13

*Panag v. Farmers Ins. Co. of Washington*,
166 Wash. 2d 27 (2009) .......................................................................15, 16

*Piland v. Nationstar Mortg., LLC*,
2013 WL 593790 (W.D. Wash. Feb. 15, 2013)...........................................21

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 4

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

*Reid v. Pierce County*,
136 Wn.2d 195 (1998) ...........................................................................20

*Rosales v. Unifund CCR Partners*,
2008 WL 5156681 (N.D. Ill. Dec. 5, 2008) ...........................................19

*Shetiwy v. Midland Credit Management*,
15 F.Supp.3d 437 (S.D. N.Y. 2014)........................................................18

*Silver v. Dystrup-Chiang*,
2022 WL 741903 (W.D. Wash. Mar. 11, 2022) ......................................21

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .................................................................10

*Tourgeman v. Collins Fin. Servs., Inc.*,
755 F.3d 1109 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31,
2014) .......................................................................................................18

*Van Hoven v. Buckles & Buckles, P.L.C.*,
947 F.3d 889 (6th Cir. Jan. 16, 2020) ...................................................19

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ...............................................................11

*Wasco Prod., Inc. v. Southwall Techs, Inc.*,
435 F.3d 989 (9th Cir. 2006) .................................................................10

*Wilson v. JPMorgan Chase, N.A.*,
2020 WL 885971  (W.D. Wash. Feb. 24, 2020), *reconsideration denied*,
2020 WL 6262106 (W.D. Wash. Oct. 23, 2020)......................................13

*Wilson v. State*,
84 Wn. App. 332 (1996).........................................................................10

*Wright v. Quality Loan Serv. Corp of Washington*,
2017 WL 3623763 (E.D. Wash. Apr. 18, 2017)..............................15, 20

**Statutes & Rules**

Collection Agency Act ("CAA"), RCW 19.16..............................................7

Consumer Protection Act ("CPA"), RCW 19.86...........................................7

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*.....................7

Fed. R. Civ. P. 12(b)(6)..........................................................................7, 9

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 5

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Fed. R. Civ. P. 9(b) ........................................................................................................10

Wash. Admin. Code 208-620-011(14) ...........................................................................15

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 6

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Defendant, Transworld Systems Inc. ("TSI"), through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves to dismiss the First Amended Complaint ("FAC") (Dkt. 104) filed by plaintiff, Tommy Brown ("Brown" or "Plaintiff").

## I.   INTRODUCTION

TSI is the post-default servicer and records custodian of student loans—including Brown's—owned by the Defendant Trusts.[1]  Brown seeks to recover damages from TSI under the Consumer Protection Act ("CPA"), RCW 19.86, the Collection Agency Act ("CAA"), RCW 19.16, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and for injunctive relief, all relating to TSI's provision of custodial records affidavits to attorneys for the Defendant Trusts who filed the affidavits in state court student loan collection actions against him.

In sum, Brown claims he was sued on student loan debts that were unprovable.  Brown's claims are not viable or well pled, and they should be dismissed.  Specifically, Brown claims TSI and the other defendants fraudulently conspired against him, *but* he has not alleged any conspiracy with the required particularity.  Brown claims TSI improperly collected interest and fees following a violation of the CAA, *yet* he does not (and cannot) allege any such predicate violation and he does not allege he ever paid TSI any such monies afterwards.  Brown claims TSI was not properly licensed as a student loan servicer, *but* his own allegations demonstrate TSI is exempt from those licensing requirements.  Brown asserts TSI violated the CPA, *however*—despite already amending his complaint—he has *still* not alleged any injury to his business or property to support any such claim or that TSI's conduct caused such injury.  And, except to contend TSI's affiants falsely alleged "personal knowledge" of his loans (which assertions do not violate the law, even if inaccurate), he has not sufficiently alleged TSI engaged in any unfair or deceptive conduct against him.  Brown seeks an injunction from prospective debt collection on the subject loans, *even though*

---

[1] The Defendant Trusts include the following nine Delaware Statutory Trusts: National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2. FAC ¶ 42.

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 7

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

his liability on the loans has already been adjudicated in his favor.  And he contends his privacy

has been invaded, *but* he had no reasonable expectation of privacy regarding the subject student

loan debts he acknowledges he incurred but never paid, and, regardless, the ordinary forms of

collection marshalled against him (collection letters sent by a co-defendant, and collection suits

filed by another co-defendant) are not "highly offensive," so as to support any invasion of privacy

claim.  For all of these reasons, and as more fully set forth below, this Motion to Dismiss should

be granted and the FAC should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Brown co-signed with his son 10 educational loans with Bank of America.  FAC ¶¶ 36, 71.

Brown never made any payments on the loans.  *Id.* ¶ 74.

In October 2018 (and again in January 2019), Brown received letters from the law firm

Patenaude & Felix, A.P.C. ("P&F") regarding the outstanding balances on the loans due to the

Defendant Trusts.  *Id.* ¶ 71 and 73.

In February 2019, Brown was served with 10 complaints alleging Brown was liable to the

Defendant Trusts on the loans.  *Id.* ¶ 74.  The Complaints were subsequently filed [in separate

cases] against Brown and his son in King County Superior Court on April 5, 2019.  *Id.* ¶ 75.

Concurrent with each Complaint filing, the Defendant Trusts also filed an affidavit signed

by a TSI employee.  *Id.* ¶ 79.  Exhibits were attached to each affidavit, including the following: a

notice identifying U.S. Bank as special servicer and TSI as subservicer on behalf of the Trust(s);

a "Loan Request / Credit Agreement" signature page for a Bank of America loan signed by Brown

and his son along with a "Note Disclosure Statement; and a "Pool Supplement" (evidencing the

sale of a pool of loans from Bank of America to The National Collegiate Funding, LLC ("NCF"))

with a "Deposit and Sale Agreement" (evidencing the sale of a pool of loans from NCF to each

Trust).  *Id.* ¶ 80.  The full lists or "schedules" of loans in each pool were not identified in or

included with the affidavits.  *Id.* ¶ 81.

The 10 separate collection actions were consolidated into one.  *Id.* ¶ 75.

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 8

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

On September 20, 2019, Brown and his son moved for summary judgment. *Id.* ¶ 84.

The Trusts opposed the summary judgment motion and, with it, submitted the affidavit of another TSI employee, Bradley Luke. *Id.* ¶ 82. Attached to the Luke affidavit were redacted excerpts of the loan schedules, which supported Luke's statements that Brown's loans were included in the pool sales described above. *Id.* ¶ 83.

On December 24, 2019, the King County Superior Court declared the Luke affidavit was hearsay and inadmissible in evidence[2] and, solely because the evidence was not admitted, the court granted summary judgment in favor of Brown. *Id.* ¶ 85 and 86. The judgment is final. *Id.* ¶ 87.

On April 6, 2020, Brown filed his original Complaint against TSI and others in King County Superior Court. The matter was subsequently removed to the Western District of Washington in the above-captioned and numbered matter (Dkt. 1). Following the Court's denial of Brown's motion to remand (*see* Dkt. 91), and ensuing Rule 12(b)(6) motions on Brown's original Complaint (see Dkts. 94, 96, 98, and 100), Brown filed the FAC on March 22, 2022 (Dkt. 104). This Motion to Dismiss is timely filed (*see* Dkt. 103, Stipulated Motion and Order to Set Case Schedule).

### III.  MOTION TO DISMISS STANDARD

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 547 (2007). A complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Mere legal conclusions 'are not entitled to the assumption of truth,'" and the complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). "Nor is the court required to accept as true allegations that are merely conclusory,

---

[2] The FAC implies the Luke affidavit was "struck" as improper. This accusation plainly contradicts the record in the consolidated state court collection action, of which this Court may take judicial notice. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (Judicial notice of public records is permissible on a motion to dismiss).

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 9

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*,

2    266 F.3d 979, 988 (9th Cir. 2001).

## IV.   LAW AND ARGUMENT

### A.   Brown Has Not Pled A Viable Civil Conspiracy Claim Against TSI (Count I)

Brown contends Defendants conspired to violate the CPA.  A claim for civil conspiracy

requires a plaintiff prove, "by clear, cogent and convincing evidence that (1) two or more people

combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by

unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of

the conspiracy." *Wilson v. State*, 84 Wn. App. 332, 350–51 (1996) (citing *Corbit v. J.I. Case Co.*,

70 Wn.2d 522, 528–29 (1967)).

Rather than specify the activity on which Brown's civil conspiracy count is grounded, the

FAC employs the intentionally vague and cumbersome approach of incorporating all preceding

complaint allegations (or about 120 allegations, not including subparts) in support of this count.

This Court is critical of such shotgun pleadings whereby each count adopts the allegations of all

preceding counts, causing each successive count to carry all that came before it.  *See, e.g., E.K. v.

NookFACk Valley Sch. Dist.*, 2021 WL 1531004, *3 (W.D. Wash. Apr. 19, 2021).  And where, as

here, a plaintiff's allegations of impropriety involve alleged fraudulent conduct,[3] this is a

particularly convoluted and improper pleading strategy.  *See, e.g., Wasco Prod., Inc. v. Southwall

Techs, Inc*., 435 F.3d 989, 990 (9th Cir. 2006) (holding that under federal law a plaintiff must

plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is

fraudulent); *see also* Fed. R. Civ. P. 9(b) (specifying that "[i]n alleging fraud . . . , a party must

state with particularity the circumstances constituting fraud"); *Leishman v. Washington Att'y

Gen.'s Off.*, 2021 WL 1140262, *9–10 (W.D. Wash. Mar. 25, 2021) (holding conspiracy claims

---

[3] *See* FAC ¶ 23–24, which implies TSI generally, but not specifically in connection with Brown's loans "manufactured" documents, ¶ 54, which alleges without any meaningful details that "TSI created false and forged documents purporting to reflect the Loan Schedules" and ¶ 110(f), which alleges "Defendants" caused false or forged evidence to be submitted in student loan collection actions.

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 10

sound in fraud and are thus subject to Rule 9(b)'s heightened pleading standard). In such cases, "[a] complaint adequately alleges fraud if it informs the defendant of *who* did *what*, and *describes* the fraudulent *conduct* and *mechanisms*." *Kwai Ling Chan v. Chase Home Loans, Inc.*, 2012 WL 1576164, *5 (W.D. Wash. May 4, 2012) (emphasis added). "The averments must include 'the who, what, when, where, and how' of the misconduct charged." *Leishman*, 2021 WL 1140262 at *9 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997))).

As best as TSI can discern, Defendants' alleged [fraudulent] conspiracy is premised on the following core conduct undertaken against Brown: (1) P&F sent 10 separate collection letters that were received by Brown (FAC ¶ 71); (2) the Trusts served (and then later filed) 10 separate complaints against Brown (*Id.* ¶ 74, 75); (3) the Trusts "concurrently filed" in each case an affidavit that was signed by a TSI employee (*Id.* ¶ 79); and (4) the Trusts "replaced" those affidavits in each case with a new affidavit signed by another TSI employee.

Even assuming solely for purposes of this motion that any of the above conduct—P&F sending letters; the Trusts serving/filing lawsuits; TSI executing affidavits[4]—was undertaken with the unlawful object of collecting from Brown a debt which Defendants cannot prove he owes to the Trusts, Brown's conspiracy claim still fails as a matter of law because he has not alleged any agreements by TSI and between the other Defendants, much less any concert of action between all the parties working together understandingly, with a single design for the accomplishment of a common unlawful purpose of achieving that unlawful object.

Instead, the FAC avers generally that an entity "[First Marblehead Corporation ("FMC")] came up with a "scheme" by which it would entice national banks to lend their charters to a marketing operation to be conducted by FMC for the banks," and, to that end, FMC entered into "a series of management agreements" with another entity, The Education Resources Institute

---

[4] Except for describing the contents of the TSI affidavits at issue, and parroting allegations that have been made against TSI in other cases or regulatory proceedings, the FAC is devoid of any specific allegations of malfeasance by the Trusts, U.S. Bank, and P&F explicitly against Brown.

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 11

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

("TERI").   FAC ¶¶ 3–4.   But the FAC does not assert any conspiracy claims against FMC or TERI, or otherwise allege how TSI (or any other Defendant) agreed to participate in FMC's supposed "scheme".

Likewise, the FAC alleges "TSI was appointed as special sub-servicer of the [Defendant Trusts]," (FAC ¶ 13) but does not state (much less explain with the required particularity) how that appointment was made, by whom it was made, which of the other Defendants, if any, participated in the decision to make that appointment, and whether and how it was made for the purpose of achieving unlawful debt collection from Brown through the fabrication of proofs.

The FAC also alleges "TSI retains a national network of law firms and attorneys," one of whom is Defendant P&F, but it does not articulate whether and how any such agreement with P&F was reached to accomplish unlawful collection activities, and whether, for example, by operation of that retention, TSI was somehow involved, participated in, or responsible for P&F sending its collection letters to Plaintiff.

At bottom, Brown asserts a nefarious scheme involving non-party entities or else mentions a smattering of benign business instruments, which roughly outline the relationships between the named Defendants without delineating "the who, what, when, where, and how" any agreements between the named Defendants created or fostered any conspiracy to fabricate evidence against Brown in support of the Trusts' collection actions.   In fact, some allegations in the FAC actually disprove any potential conspiratorial agreements.   For example, the FAC incorporates allegations that were raised by owners of a beneficial interest in the Trusts purportedly on behalf of the Defendant Trusts in certain Delaware Chancery Court litigation against TSI, for damages resulting from allegedly bringing suit against Trust debtors without sufficient proof of the debtors' loans in certain cases.   *See* FAC ¶ 96.   These allegations—incorporated into and relied upon in the FAC—affirmatively denounce any purported conspiracy between TSI and the Trusts or any other Defendant for that matter.   Where the "pleadings internally contradict verifiable facts central to [a

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 12

1  plaintiff's] claims, that makes [the plaintiff's] allegations implausible."  *Bailey v. City of Ann*

2  *Arbor*, 860 F.3d 382, 387 (6th Cir. 2017).

3  Brown's allegation of conspiratorial agreement between TSI and U.S. Bank is even more

4  tenuous.  The FAC alleges simply that "U.S. Bank agreed to be the Special Servicer of the Trusts

5  and to be responsible for collection of debts allegedly owed to the Trusts."  But this abstract

6  allegation does not inform any alleged conspiratorial agreement with TSI or any other defendant

7  in the slightest.  Is TSI a party to that agreement?  What about the other defendants?  Do any

8  agreements acknowledge loan documentation is missing or authorize any parties to re-construct

9  missing loan documentation?  The FAC simply does not say.

10  In view of all of the foregoing, Count I of the FAC should be dismissed.[5]

11  **B.  Brown Fails To State A Claim For Violation Of The CAA Against TSI (Count II)**

12  In Count II, Brown avers TSI violated the CAA in two respects: first, by collecting interest

13  and fees following the purported commission of "acts prohibited by RCW 19.16.250" in violation

14  of RCW 19.16.450, and, second, by undertaking student loan servicing without first obtaining a

15  license as a student education loan servicer they contend is required under the Consumer Loan Act

16  ("CLA"), RCW 31.04.015.  *See* FAC ¶¶ 133 & 135.

17  The first averment is not well pled and the second is baseless.

18  At the outset, any contention that TSI improperly collected fees and interest from Brown

19  is nonsensical because Brown specifically admits "he had never made any payment on the loans"

20  by the time he was served with the state court collection lawsuits, and he subsequently prevailed

21  against the Trusts on those collection claims.  FAC ¶¶ 74 & 85.

22

23

24

---

[5] Moreover, to the extent each and every claim for relief lacks legal merit, as shown below, Brown's conspiracy claims

25  likewise fail.  "A conspiracy claim fails if the underlying act or claim is not actionable."  *Nw. Laborers-Employers Health & Sec. Tr. Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999).  "[A] civil conspiracy

26  claim cannot exist independently — it must be based on a separate underlying claim of wrongdoing.  *Wilson v. JPMorgan Chase, N.A.*, 2020 WL 885971, *5 (W.D. Wash. Feb. 24, 2020), *reconsideration denied*, 2020 WL 6262106

27  (W.D. Wash. Oct. 23, 2020).

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 13

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    The claim is otherwise ill pled.  As with Count I (and all other counts), the FAC's treatment

2    of Count II merely "incorporates all preceding paragraphs as if set forth fully herein," and,

3    similarly, avers that "Transworld [has] engaged in acts prohibited by the [CAA], as more

4    particularly set forth above."  On the basis of those vague cross-references to any and all of the

5    FAC's factual allegations *en masse*, the FAC concludes Defendants have collected interest and

6    fees in violation of RCW 19.16.450 following the commission of acts prohibited by some

7    provision of RCW 19.16.250, which the FAC also fails to specify.

8    Brown's failure to specify the factual basis for his CAA-violation claim in any meaningful

9    way, or otherwise identify which of the 29 "prohibited practices" specified in RCW 19.16.250

10   applies, dooms Count II.  Nevertheless, if this Court is inclined to entertain any suggestion of a

11   violation of RCW 19.16.450 in the absence of any specifically alleged predicate act, the Court

12   might be tempted to venture that Subsection 16—"the threat to take any action against the debtor

13   which the licensee cannot legally take at the time the threat is made"—may conceivably apply.  It

14   does not.  As this Court previously held in rejecting a motion to dismiss a similar contention in

15   another matter (also prosecuted by the same plaintiffs' counsel herein), "the Court is not aware of

16   [] a case applying [RCW 19.16.250(16)] to unlawful actions to collect debts, as opposed to threats

17   to take such action."  *Hoffman v. Transworld Sys. Inc.*, 2018 WL 5734641, *9 (W.D. Wash. Nov.

18   2, 2018), *aff'd in part, rev'd in part*, 806 F. App'x 549 (9th Cir. 2020).  As in that case, the

19   allegations here likewise concern the actual filing of lawsuits, not the threat to take such action

20   and, as such, fail to assert a predicate act giving rise to any potential violation of RCW 19.16.450.

21   As for Brown's contention that TSI has serviced student education loans without a "student

22   loan servicer license" under the CLA (which, he avers, is declared an unlawful practice of the

23   CAA, per RCW 19.16.440), that claim fails as a matter of law.  The agency charged with

24   administering and interpreting the CLA, the Department of Financial Institutions, has adopted

25   regulations deeming the term "student education loan servicer" does *not* include collection

26   agencies licensed in Washington under RCW 19.16 *et seq.*, when such agencies are engaged in the

27

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 14

1   activity of collecting student education loans in default.  Wash. Admin. Code 208-620-011(14).

2   Both of those conditions for exempting TSI from the licensing requirements of the CLA are met.

3   Specifically, the FAC alleges TSI is licensed as a collection agency.  *See* FAC ¶ 39(d).  And, as

4   the FAC makes clear, "TSI's only involvement with the [Defendant] Trusts began well after the

5   loans were made and after default[.]"  *Id.* ¶ 15.[6]  Because TSI is alleged to be licensed as a

6   collection agency and to have serviced student loans post-default, Brown's CAA claim based on

7   any allegation that TSI is not licensed as a "student education loan servicer" under the CLA fails

8   as a matter of law and must be dismissed based on Brown's own allegations.

9   **C.    Brown's Claims Against TSI For A "Stand-Alone" Violation Of The CPA (Count**

10  **III) And A "*Per Se*" Violation Of The CPA (Count IV) Must Be Dismissed**

11          To establish a "stand-alone" private CPA claim (*i.e.*, one that is not premised on a violation

12  of statutes which contain a specific legislative declaration of public interest impact, per RCW

13  19.86.093(2)), five elements must be established: "(1) [an] unfair or deceptive act or practice; (2)

14  occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her

15  business or property; (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.*

16  *Co.,* 105 Wn.2d 778, 780 (1986).  When, however, a CPA claim is predicated upon a *per se*

17  violation of statute, an act or practice that has the capacity to deceive substantial portions of the

18  public, or an unfair or deceptive act or practice not regulated by statute but in violation of public

19  interest—*i.e.*, "*per se*" violations of the CPA"—the first 2 or 3 *Hangman Ridge* elements are met.

20  *See Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 53 (2009); *see also Wright v.*

21  *Quality Loan Serv. Corp of Washington*, 2017 WL 3623763, *6 (E.D. Wash. Apr. 18, 2017).  Thus,

22  whether a "stand alone" or "*per se*" CPA claim is asserted, causal injury to the plaintiff's business

23  or property is always required.

24

25  _____

26  [6] *See also* ¶ 14 ("As Special Subservicer, TSI oversees the collection of student loans purportedly owned by the Trusts that go *into default*[;]" and ¶ 68 ("TSI becomes the default [*i.e.*, preselected] student loan servicer for the loan accounts at issue here and the loan accounts of certain of the putative class members at a time when it believed the loans were

27  *in default*.") (emphasis added).

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 15

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

As established below, Brown fails to allege an injury to his business or property caused by any conduct of TSI, which is fatal to Brown's CPA claims in Counts III and IV. Brown's CPA claims also fail because he has not alleged that TSI falsified any documents in the state court collection actions filed against him, and, otherwise, because the assertions of "personal knowledge" contained in the affidavits that were filed in those state court collection cases—even if erroneous—do not violate the predicate FDCPA statute upon which Brown's *per se* CPA claim is founded.[7]

1.    *The FAC Does Not Plausibly Allege TSI's Conduct Caused Any Injury*

To be actionable under the CPA, a deceptive act or practice must have "proximately caused" injury to the plaintiff's "business or property." *Panag*, 204 P.3d at 902. "The focus in the legal causation analysis is whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability" and is an issue of law. *Lundquist v. First Nat'l Ins. Co. of Am.*, 2020 WL 5847590, *6 (W.D. Wash. Oct. 1, 2020) (quoting *Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 611 (2011)). Further, a plaintiff must also show that "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 83 (2007) (quoting RCW 19.86.020); *see also Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 214–215 (2008).

Here, the FAC does not allege TSI's affidavits caused injury to Brown's property or business. Again, as with all other counts, Brown first incorporates without specificity all of the preceding paragraphs of the FAC. With respect to his stand-alone CPA claim, Brown asserts that, "[s]uch conduct has damaged the Plaintiff by without limitation, making him unable to manage his finances and causing him to incur out of pocket expenses to determine his legal rights and responsibilities which caused loss of time away from his [unspecified] business." FAC ¶ 140. And he concludes with respect to his *per se* CPA claim that "Defendants TSI and P&Fs' conduct

---

[7] TSI agrees for purposes of this motion that a violation of the FDCPA may constitute a *per se* violation of the CPA.

1   in violation of the CPA has proximately caused and continues to cause injury to Plaintiff . . . in

2   [his] business or property." *Id.* ¶ 155.  These are conclusory and factually insufficient allegations

3   of injury and causation.

4        If any conduct of TSI truly impacted Brown's cognitive ability or capacity to manage his

5   financial affairs, factual allegations supporting that conclusion have simply not been pled and,

6   regardless, does not constitute an injury to business or property.  And as for Brown's allegation

7   that he incurred unidentified and uncategorized "out of pocket expenses" (a legal conclusion in

8   itself), he has not even alleged how TSI's conduct caused Brown to incur them.  In other words,

9   Brown has not alleged how he would have acted any differently if TSI's affidavits containing any

10   alleged false representations had not been filed.  The facts are that Brown was sued; he successfully

11   defended the consolidated state court collection actions; and he won the case without ever making

12   any payments on the loans.  Whether the affidavits were filed (or not), what is the resulting,

13   consequential injury to Brown's business or property?  The FAC does not (and cannot) say.

14        In addressing similar, vacuous allegations of injury made in another complaint the same

15   opposing counsel filed against TSI in another matter, the Ninth Circuit required plaintiffs "to

16   address whether [the plaintiffs] have paid money to the Defendants and thus incurred an injury as

17   a result of the default judgment obtained through the allegedly false affidavits."  *Hoffman v.*

18   *Transworld Sys., Inc.*, 806 F. App'x 549, 553 (9th Cir. 2020) (designated not for publication).

19   Brown can *never* conceivably make such an allegation in this case that would satisfy the Ninth

20   Circuit's requirement, for Brown specifically alleges that "he had never made any payment on the

21   loans" by the time he was served with the state court collection lawsuits, and he subsequently

22   prevailed against the Trusts on those collection claims.  FAC ¶¶ 74 & 85.

23        2.    *The FAC Fails To Allege An Unfair Or Deceptive Act By TSI*

24        Brown contends TSI committed unfair or deceptive acts in violation of the FDCPA (thus

25   giving rise to a *per se* violation of the CPA) in either of two ways: by falsifying, forging, or

26   fabricating loan documents (*see, e.g.*, FAC ¶ 23 & 24, and 103) or else by making false assertions

27

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 17

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

of "personal knowledge" in affidavits filed in Trust loan collection cases (*see, e.g.*, FAC ¶ 18, 52, & 54).[8]  Neither of these allegations is viable.

In particular, the FAC contains no explicit allegation that TSI falsified Brown's loan documents.  To be clear, and with respect to the TSI affidavits concurrently filed with the state court collection complaints, the FAC alleges only that loan schedules pertaining to Brown's loans were not attached.  And with respect to the Luke affidavit, which likewise did not attach the loan schedules pertaining to Brown's loans and merely attached excerpts of the schedules, Brown has not alleged that the excerpts (or the loan information contained therein) were falsified.

Brown's allegations regarding the "personal knowledge" representations contained in the affidavits also are defective.  Affidavit (mis)representations of "personal knowledge," without more, generally do *not* give rise to viable FDCPA claims.  Simply stated, "[a]n affiant's assertion, by itself, that he has personal knowledge based on business records is not a violation of the FDCPA."  *Clark v. Main Street Acquisition Corp.*, 2013 WL 2295879, *4 (S.D. Ohio May 24, 2013) (citing *Manlapaz v. Unifund*, 2009 WL 3015166, *5 (N.D. Ill. Sept. 15, 2009) ("the falsity of [the affiant's] statement that she had personal knowledge of facts that she gleaned from a review of business records is a technicality which would not mislead the unsophisticated consumer")); *see also Shetiwy v. Midland Credit Management*, 15 F.Supp.3d 437, 446–447 (S.D. N.Y. 2014) (recognizing that affidavits purportedly filed without "personal knowledge" of the underlying debt but which did not otherwise mislead the putative debtor as to the nature or legal status of the underlying debt or impede a consumer's ability to respond to or dispute collection, do not violate the FDCPA).  Affidavits falsely asserting personal knowledge concern deficiencies relating to state

---

[8] Whether conduct violates the FDCPA is an objective test that is determined as a matter of law on a motion to dismiss under Rule 12(b)(6).  *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117–18 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 31, 2014).  Under the FDCPA, debt collectors are prohibited from "making false representations of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(a)(5), and the "use of any false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. § 1692e(10).  The FDCPA also prohibits "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 18

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1  court pleading requirements rather than the overarching policy concerns behind the FDCPA.  *See*

2  *Rosales v. Unifund CCR Partners*, 2008 WL 5156681, *2 (N.D. Ill. Dec. 5, 2008).

3  Regardless, the statement that an affiant possesses personal knowledge is, at best, a

4  statement of opinion or a representation of law.  *See Bank of New York Mellon as Tr. for*

5  *Certificateholders of CWMBS, Inc, CHL Mortg. Pass-Through Tr. 2007-15 Mortg. Pass-Through*

6  *Certificates, Series 2007-15 v. Stabenow*, 812 F. App'x 604, 605 (9th Cir. 2020) ("[P]ersonal

7  knowledge includes opinions and inferences grounded in observations and experience.").  To the

8  extent any affiants' statements regarding their personal knowledge imparts an opinion about

9  admissibility of their testimony under the rules of evidence, they are quasi-legal opinions.

10  However, "[a] representation of law is not actionably false every time it turns out wrong."  *Van*

11  *Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889 (6th Cir. Jan. 16, 2020).  "[L]egal contentions

12  must be objectively baseless, not just later proved wrong, to be actionable" under the FDCPA.  *Id.*

13  at 896; *see also Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012) ("it

14  was not false or misleading [for a law firm debt collector] to submit a client affidavit and legal

15  memorandum arguing [defendant's] legal position" even though "a state court judge rejected the

16  contention.").  This comports with CPA case law, which recognizes that a CPA claim cannot be

17  based on a "good faith mistake."  *Griffin v. Allstate Ins. Co.*, 108 Wn. App. 133, 143–44 (2007);

18  *see also Coventry Assocs. v. Am. States. Ins. Co.*, 136 Wn.2d 269, 280 (1998).  "Acts performed

19  in good faith under an arguable interpretation of existing law do not constitute unfair conduct

20  violative of the consumer protection law."  *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 131 Wn.2d

21  133, 155 (1997).

22  Yet plaintiff has not alleged any affiant's statements of opinion as to their personal

23  knowledge of the facts to which they attested are objectively unreasonable.  At most, the affidavits

24  purport to assert an opinion of personal knowledge to establish the admissibility into evidence of

25  the documents attached.

26

27

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 19

1    Further, insofar as the alleged conduct does not meet the lower threshold of liability under

2   the FDCPA, this Court may conclude the alleged conduct likewise does not constitute a violation

3   under a non-strict liability statute like the CPA. *Wright v. Quality Loan Serv. Corp of Washington*,

4   2017 WL 3623763, *6 (E.D. Wash. Apr. 18, 2017) (courts have discretion to determine whether

5   an action is unfair or deceptive).

6   **D.    Brown's Demand For Injunctive Relief (Count V) Must Be Dismissed Because There Are No Conceivable Future Collection Efforts To Enjoin**

7

8        Brown seeks to enjoin TSI from recovering the Defendant Trusts' loans in Washington

9   through state court collection litigation.  FAC, Count V.  However, there is no actual controversy

10  between Brown and TSI relating to the student loans at issue, and, hence, nothing to enjoin,

11  because 1) the state court judgments resolved in Brown's favor any issues regarding his liability

12  on the loans and precludes any further collection attempts on the loans, and 2) Brown does not and

13  cannot allege TSI has attempted or undertaken ongoing collection of any of the loans that have

14  been adjudicated in Brown's favor.  Brown's injunctive relief claim against TSI (and, indeed, all

15  the Defendants) must be dismissed.

16  **E.    Brown's Claim For Invasion Of Privacy (Count VI) Must Be Dismissed**

17       "Washington recognizes a claim for invasion of privacy under the common law."

18  *Daviscourt v. United States*, 2020 WL 8273956, *8 (W.D. Wash. Nov. 10, 2020), *report and*

19  *recommendation adopted*, 2021 WL 22111 (W.D. Wash. Jan. 4, 2021) (citing *Reid v. Pierce*

20  *County*, 136 Wn.2d 195, 206 (1998) (citing the Restatement (Second) of Torts).  "To establish an

21  invasion of privacy claim, a plaintiff must prove the following elements: (1) '[A]n intentional

22  intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or his private affairs;'

23  (2) '[W]ith respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a

24  legitimate and reasonable expectation of privacy;' (3) '[T]he intrusion would be highly offensive

25  to a reasonable person; and' (4) '[T]hat the defendant's conduct was a proximate cause of damage

26  to the plaintiff.'"  *Id.* (quoting *Doe v. Gonzaga Univ.*, 143 Wn.2d 687, 705-706 (2001), *reversed*

27

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 20

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

*on other grounds*, 536 U.S. 273 (2002) (referencing Restatement (Second) of Torts § 652B (1977)).

Brown's contention that he had a reasonable expectation that his privacy would not be intruded upon regarding the subject student loan debts fails on the pleadings. Notably, TSI is not alleged to have authored the pre-suit demand letters or lawsuits that are alleged to have intruded on his privacy. *See* FAC ¶¶ 71, 74 & 75 (alleging P&F sent letters and the Defendant Trusts served and filed the lawsuits). Regardless, such activities were reasonably anticipated and, indeed, likely and expected where, as here, Brown acknowledges he co-signed for the subject student loans but never made a single payment on them. FAC ¶¶ 36 & 74. Brown could have no expectation of privacy regarding the subject indebtedness under these circumstances, and his invasion of privacy claim fails accordingly.

Brown also contends the "demand letters and lawsuits" were "highly offensive." *See* FAC ¶¶ 166, 167. To the contrary, such activities are ordinary debt collection activities, which creditors and debt collectors generally have a right to pursue. *See, e.g.*, *Silver v. Dystrup-Chiang*, 2022 WL 741903, *2 (W.D. Wash. Mar. 11, 2022) (simple wage garnishment not "unreasonable collection effort"); *Piland v. Nationstar Mortg., LLC*, 2013 WL 593790, *4 (W.D. Wash. Feb. 15, 2013) (holding "retaining a collection law firm, pulling Plaintiff's credit report, and repeatedly sending payment demands" is not highly offensive). The FAC side-steps this reality and suggests that the otherwise benign conduct at issue—sending letters and filing suits—became "highly offensive" where those activities were conducted with "knowledge that [Defendants] did not have any legitimate legal claims" on the loans. FAC ¶ 167.

Plaintiff is mistaken for at least three reasons. First, any legal conclusion that any student loan collection claim against him was illegitimate is just that—a legal conclusion—masquerading as factual assertion, which this Court need not consider or adopt on a motion to dismiss. *Nat'l City Bank, N.A. v. Republic Mortg. Home Loans*, LLC, 2010 WL 959925, *1 (W.D. Wash. Mar. 12, 2010) ("The Court need not … accept as true legal conclusions masquerading as factual

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1  allegations."); *see also Caruso v. Washington State Bar Ass'n*, 2017 WL 1957077, *3 (W.D. Wash.

2  May 11, 2017) (applying *Twombly* standard to reject plaintiff's argument based on legal

3  conclusion couched as fact).

4       Second, and relatedly, while Brown avers Defendants knew the collection claims were

5  illegitimate, that conclusion is not supported by any facts.  To be precise, the balance of the FAC

6  outlines only the fallacy that evidence supporting the claims was fabricated to replace lost

7  documents and, consequently un-provable, *not* that the loans themselves were illegitimate.[9]  As

8  the FAC plainly alleges, "[i]n sum, Defendants' conduct amounts to an effort to lead consumers

9  and the courts to believe that the Defendants have the right to collect consumer debts when they

10  cannot show a satisfactory factual basis for their claims," (FAC ¶ 2), and that "TSI [was] aware

11  that [it] lacked the ability to prove [] ownership of any loans taken out by . . . Tommy Brown[.]"

12  (FAC ¶ 101).

13       And, finally, but perhaps more importantly, the FAC's conclusions regarding the purported

14  "highly offensive" nature of the intrusion confuses the conduct at issue (here, sending letters and

15  filing lawsuits), with a scienter component which is not supported by Washington case law.

16  Viewing objectively the conduct of sending of letters and filing of lawsuits, the Court should

17  conclude the mere sending of 10 letters (a separate one for each loan) and filing of 10 lawsuits (a

18  separate one for each loan) fails to allege conduct that would be highly offensive to a reasonable

19  person and dismiss Brown's invasion of privacy claim.

## V.    CONCLUSION

21       For all of the foregoing reasons, the FAC fails to state a claim against TSI and,

22  consequently, should be dismissed with prejudice.

23  Dated: April 26, 2022          By:    */s/ Justin H. Homes*_____

24

25  [9] And, to be sure, the schedules are most certainly not "missing" or ever "lost."  TSI is fully prepared to submit the

26  loan schedules to the Court for *in camera* inspection immediately upon the Court's request.  The schedules are voluminous and contain sensitive information about thousands of individual student loan borrowers in Washington and throughout the country, but they will quickly show the Court two very important things: first, the schedules do,

27  in fact, exist and Brown has made false allegations; and second, Brown's loans are undisputedly included on them.

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 22

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Bryan C. Shartle, *Pro Hac Vice*
Justin H. Homes, *Pro Hac Vice*
Bradley J. St. Angelo, *Pro Hac Vice*
SESSIONS, ISRAEL & SHARTLE, LLC
3850 North Causeway Blvd, Suite 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
email: bshartle@sessions.legal
email: jhomes@sessions.legal
email: bstangelo@sessions.legal

CORR CRONIN LLP

Emily J. Harris, WSBA No. 35763
Benjamin C. Byers, WSBA No. 52299
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154-1051
email:eharris@corrcronin.com
email: bbyers@corrcronin.com

*Attorneys for Defendant Transworld Systems Inc.*

### CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury under the laws of the United States that on the date below I electronically filed with the Clerk of Court the foregoing Transworld Systems Inc.'s Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's First AMENDED COMPLAINT using the Court's Case Management/Electronic Case Filing System, which will send notification of such filing to all counsel of record.

Dated: April 26, 2022          By:      */s/ Justin H. Homes*
                                        Justin H. Homes

TRANSWORLD SYSTEMS INC.'S FED. R. CIV. P.
12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT – 23

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737