THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>Defendants. | Case No.:  No. 2:20-cv-00680-RSL<br><br>JOINT OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ON OVERLAPPING CLAIMS (DKT. NO. 105. 106, 107 AND 108) AND SPECIFIC OPPOSITON TO NCSLT TRUSTS' MOTION TO DISMISS ON ALL REMAIING CLAIMS (DKT. NO. 106)<br><br>NOTE ON MOTION CALENDAR:<br><br>**JUNE 17, 2022**<br><br>**(Oral Argument Requested)** |

Plaintiff Tommy Brown ("Plaintiff"), on his behalf and on behalf of similarly situated persons, hereby responds in joint opposition to U.S. Bank, National Association's ("U.S. Bank") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") (DKT. No. 107), Patenaude & Felix's ("P&F") Motion to Dismiss Plaintiff's FAC (DKT. No. 105), the Defendants National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan

HENRY & DeGRAAFF, P.S.<br>113 CHERRY STREET, PMB 58364<br>SEATTLE, WASHINGTON  98104<br>telephone (206) 330-0595<br>fax (206) 400-7609

Trust 2007-1, and National Collegiate Student Loan Trust 2007-2's (collectively, the "NCSLT Trusts" or "Trusts") Motion to Dismiss Plaintiff's FAC (DkT. No. 106), and Transworld Systems Inc's ("TSI") Motion to Dismiss Plaintiff's FAC (DT. No. 108) for the claims for civil conspiracy to violate the CPA (Count I), for injunctive relief (Count V), and invasion of privacy (Count VI).  The remaining argument for dismissal regarding violations of the Washington State Consumer Protection Act against NCSLT Trusts and US Bank("CPA") (Count III) and whether Plaintiff Tommy Brown waived all claims against the NCSLT Trusts for failing to bring them as compulsory counterclaims in state court should also be denied.

## I.   <u>INTRODUCTION</u>

This case concerns the Defendants' collective efforts to file court actions when they lack the ability to meet the standing requirements to sue consumers on defaulted student loan debt in court. At the direction and control of U.S. Bank, the Trusts, and other co-defendants, Plaintiff Tommy Brown received collection letters regarding ten separate debts he allegedly owed to the Defendant NCSLT Trusts, to which he sent requests for verification of the debt prior to any state court debt collection litigation. The NCSLT Trusts then brought lawsuits in their own names against the Plaintiff Tommy Brown when they could not prove that they had acquired the rights to collect against him and had no legal right to pursue collection actions against him. Plaintiff's well pled claims show that the NCSLT Trusts and their co-defendants had no way to know which loans belonged to which Trusts, that the Loan Schedules with a list identifying the individual loans related to the purported school loan programs are lost and they do not exist now, if they ever did. Thus, the NCLSTs and their co-defendants have no rights to collect these debts in their names, and/or the NCSLT Trusts and their co-defendants lack sufficient evidence to prove their right to collect and did so anyway, causing injury to the Plaintiff.

The NCSLT Trusts and their co-defendants independently argue that Plaintiff's claims against them should be dismissed for several reasons. As to the conspiracy claims, first, the

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1  Defendants argue for dismissal of the claim of civil conspiracy because they claim the FAC

2  fails to allege plausible factual allegations that the Trusts and their co-defendants entered into an

3  agreement to accomplish an unlawful purpose and that the findings in a consent order between

4  the CFPB and TSI and the allegations by the Trusts in Delaware Chancery Court against US

5  Bank and others in a Verified Amended Complaint do not support allegations that the Trusts are

6  part of a civil conspiracy. And according to the Defendants, a civil conspiracy claim does not

7  stand on its own but necessarily relies on a separately valid underlying claim. Last, Defendants

8  claim that since all of the Plaintiff's claim are based in fraud, the failure to allege any plausible

9  claims with particularity under Fed. R. Civ. P. 9(b) eliminates any possibility of winning on the

10  merits and necessarily defeats any claim for conspiracy.

11      The Defendants say Plaintiff cannot be granted injunctive relief because there is no

12  immediate controversy if Plaintiff cannot win any substantive claim. They also say there can be

13  no claim for invasion of privacy because Defendant Tommy Brown did not pay the loans. As

14  the detailed FAC contains plausible factual allegations that support Plaintiff's legal claims for

15  civil conspiracy, injunctive relief and invasion of privacy, the motions to dismiss as to these

16  claims should be denied against all Defendants.

17      As to the NCSLT Trusts alone, the trusts argue that Tommy Brown's failure to file

18  compulsory counterclaims waive all the claims against them. Dkt No. 160 at p. 5. Additionally,

19  the Trusts argue that claims against the Trusts for CPA violations based on a state law order are

20  not actionable as the findings in the order are not about ownership of the loans but rather about

21  actions taken by TSI in the course of litigation with no bearing on the validity of the loans

22  claimed to be owned by the Trusts. Dkt No. 106 at p. 10-11. The NCSLT Trusts' arguments to

23  dismiss claims against them have no basis in the law, and thus this court should deny their

24  motion in its entirety.

25

26

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 3

**HENRY & DeGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

## II.    FACTS ALLEGED WITHIN THE FIRST AMENDED COMPLAINT AGAINST THE NCSLT TRUSTS

The NCLST Trust defendants are investment vehicles that allegedly engage in the practice of buying large numbers of purported education-related consumer loans and collecting payments from the borrowers for the benefit of investors. Dkt. No. 104 at ¶ 66. The Trusts have participated in significant litigation over whether they have assets and are aware that their purported student loans are unenforceable. *Id.* at ¶¶ 48-55; 88- 90 and Exhibit C. Despite this known inability to prove the ownership of the student loans they allegedly hold, the Trustees for the Trusts continue to assign their non-delegable contractual and legal duties to collect on defaulted loans to others while disclaiming any responsibility for their performance. *Id.* at ¶ 67. Astoundingly, the Trusts claim to have no responsibility for the actions of TSI in the debt collection lawsuits they file (*see* Dkt. No. 106 at p. 10-12), even though the debt collection lawsuits are filed in the names of the Trusts, which have no employees or management, and can only act through their affiliates, partners and agents to carry out their business activities. *Id.* at ¶¶ 61-63.

As alleged in the FAC, the NCLST Trusts, in concert with their co-defendants U.S. Bank, TSI, and P&F, were aware that they lacked the ability to prove their ownership of the loans taken out by Osure Brown and Tommy Brown and that the debt is uncollectible by them. *Id.* at ¶¶ 97-103. The Defendant NCSLT Trusts mailed Tommy Brown (and his son) debt collections letters stating that it would initiate collection efforts regarding an outstanding balance owed to the Trusts. Dkt. No. 104 at ¶ 71. In pre-litigation communications with the NCSLT Trusts' debt collector law firm, P&F, Tommy Brown sent written disputes about the debts alleged and requested debt verifications which included multiple misrepresentations about the alleged debt owed and his responsibility to pay it. *Id.* at ¶ 72. Tommy Brown also received offers to settle, followed shortly thereafter with a process server handing over ten separate unfiled complaints alleging that he had liability on debt allegedly disbursed to him more than

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 4

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1  ten years prior even though he had never made any payment on the loans. *Id.* at ¶¶ 73-74. On

2  April 5, 2019, the NCSLT Trusts filed the ten previously served lawsuits against Plaintiff

3  Tommy Brown, into ten lawsuits with ten separate judges. They were all subsequently

4  consolidated into cause No. 19-2-09402. *Id.* at ¶ ¶ 75-78.

5       When the NCSLT Trusts voluntarily filed these court actions, they knew that they would

6  have to show they had standing to assert claims against the Browns. *Id.* at ¶¶ 97-103. Soon after

7  consolidation, the Plaintiff Tommy Brown (and his son) moved for summary judgment to

8  dismiss the ten court actions, contending that the NCSLT Trusts lacked the requisite standing to

9  file and sustain lawsuits against them. *Id.* at ¶ 84. The state court granted their motion. No

10  appeal of that order was taken and is a final judgment of the state court. *Id.* at ¶¶ 85-86;

11  Declaration of Christina L Henry ("Henry Dec."), at ¶ 2, Ex. B and C.

12       The Defendants in this action include the various entities involved in causing the lawsuit

13  to be filed against Plaintiff Tommy Brown in the name of the Defendant NCSLT Trusts. Among

14  them, U.S. Bank sits at the helm of this enterprise, responsible for engaging and directing the

15  actions of the other various entities who act on behalf of the Trusts. *Id.* at ¶¶ 47-53. U.S. Bank

16  serves as the "indenture trustee" for the NCSLT Trusts and also acts on behalf of the investors /

17  noteholders with a dual role as the Special Servicer for the Trusts. *Id*. at ¶¶ 10, 45 and 66. In its

18  capacity as the Indenture Trustee, U.S. Bank makes various decisions for the NCSLT Trusts,

19  which means it is acting on behalf of various creditors and investors to whom the NCSLT

20  Trusts owe money. *Id.* at ¶ 10. In turn, to the extent these creditors are persons engaged in other

21  relationships with U.S. Bank, any payments recovered for these creditors provides an additional

22  benefit to U.S. Bank. *Id.* at ¶ 66. As the Special Servicer for the Trusts, US Bank acts through

23  contractual agreements to collect debt and service loans on behalf of the NCSLT Trusts with the

24  Trusts outlining their oversight responsibility of others acting on behalf of the Trusts, including

25  Turnstile, AES, TSI, P&F, TSI's Attorney Network or any other person engaged in collection

26  for the Trusts in Washington and elsewhere. *Id.* at ¶ 51. Sworn statements of the Trusts in a

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 5

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1    lawsuit filed in Delaware Chancery Court against US Bank, TSI and others, claims that those

2    carrying out the collection of loans on behalf of the Trusts are engaged in "wrongful and

3    fraudulent" actions that that they made "reckless falsehoods" to consumer borrowers, directly

4    subjecting the Trusts to liability. *Id*. at ¶¶ 47; 60-63; 95-96. Similar allegations were made

5    against TSI by the CFPB. *Id.* at ¶¶ 96-97

6         In this action, to remedy the injuries sustained by these actions, the Plaintiff asks the

7    court to deny the Trusts' Motion to Dismiss and for purposes of this motion, the joint claims by

8    the Trusts and their co-defendants.

## III.    ARGUMENT

### A.    Civil Conspiracy

11        Civil conspiracy requires a showing that factual circumstances are "inconsistent with a

12   lawful or honest purpose and reasonably consistent only with the existence of the conspiracy."

13   *Woody v. Stapp,* 146 Wn. App. 16, 22, 189 P.3d 807 (2008). Liability is found when there is

14   proof of concerted action or other circumstantial evidence that naturally infers than an

15   "unlawful overt act was committed in furtherance of a common design, intention, and purpose

16   of the alleged conspirators." *Sterling Bus. Forms, Inc. v. Thorpe,* 82 Wash. App. 446, 453–54,

17   918 P.2d 531, 534–35 (1996). Direct evidence is not required, as such evidence is ordinarily in

18   the possession and control of the alleged conspirators and is seldom attainable and

19   circumstantial evidence generally suffices. *Id.* Civil conspiracy is also not an independent claim.

20   "The mere agreement to do a wrongful act can never alone amount to a tort." *W.G. Platts, Inc.*

21   *v. Platts*, 73 Wash. 2d 434, 439 (1968). Thus¸ a claim for civil conspiracy requires the

22   successful pleading of an underlying actionable tort or other illegal act. *Ioppolo v. Port of*

23   *Seattle*, No. C15-0358-JCC, 2015 WL 13187674, at *6 (W.D. Wash. June 30, 2015).

24        The NCSLT Trusts challenge their ability to act in concert with their co-defendants as

25   they claim they lack a meeting of the minds to file false affidavits in debt collection lawsuits.

26   Dkt No. 106 at pp. 9-10. U.S. Bank asserts that the Plaintiff has failed to allege an affirmative

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 6

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

act and that US Bank entered into agreements to achieve an unlawful purpose. Dkt. No. 107 at pp. 17-18. TSI says the acts of P&F sending out letters, the Trusts serving/filing lawsuits, and TSI executing materially false affidavits to unlawfully collect debt which Defendants cannot legitimately show Tommy Brown owes to the Trusts is not enough as there is no agreement for an unlawful purpose to achieve an unlawful outcome. Dkt No. 108 at p. 11. Lastly, P&F alleges that a civil conspiracy cannot exist between an attorney and a client. Dkt No. 105 at pp. 5-6.

As the Trusts have no employees and the actions of the Trusts are performed only nominally by the NCSLT Trusts, their duties and obligations are actually performed by "its board and management structure, servicers, or by the attorneys hired by the servicers." Dkt No. 104 at ¶ 67. As alleged, TSI is an agent of U.S. Bank, under the Special Servicing Agreement ("SSA") and U.S. Bank was responsible for 'the enforcement, collection and servicing of Delinquent Loans and Defaulted Loans. *Id.* at ¶ 48. Debt collection and loan servicing are central to the NCSLT Trusts' business as the failure to enforce debtors' obligations would make their pool of loans and note sold to investors less valuable. The Trusts cannot disclaim responsibility, as even passive debt buyer entities enter into contracts with servicers and subservicers to collect debt and service loans are considered debt collectors. In the Ninth Circuit, an entity is a debt collector if its principal purpose is the collection of debts, which includes a business that "buys consumer debt and hires debt collectors to collect on it." *McAdory v. M.N.S. & Associates, LLC*, 952 F.3d 1089, 1094–95 (9th Cir. 2020). *See also, Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Loan Tr.,* No. 1:17-CV-1323-SB, 2021 WL 5936404, at *4 (D. Del. Dec. 13, 2021), *motion to certify appeal granted,* No. 1:17-CV-1323-SB, 2022 WL 548123 (D. Del. Feb. 11, 2022) (Allegations of unfair and deceptive debt collection practices in lawsuits filed in the name of the Trusts could have only proceeded with the Trusts' involvement: with narrow exceptions, "a party ... must assert his own legal rights and interests." *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (internal quotation marks omitted)).

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 7

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1  When the NCSLT, U.S. Bank, and their co-defendants claim that terms of the

2  agreements between the parties, including the Special Servicing Agreement ("SSA") that proves

3  they could not have engaged in a concerted action for an unlawful purpose, they are wrong. *See*

4  Dkt No. 107 at pp. 14-15; 106 at p. 9; 108 at p. 13. As the United States District Court for the

5  Middle District of Pennsylvania in *Gosse v. Transworld Sys. Inc.*, No. 3:20-CV-1446, Dkt No.

6  90 at *4-5 (M.D. Pa. May 3, 2022)[1] recently held in an order on motions to dismiss in a class

7  action lawsuit brought against TSI, U.S. Bank, two NCSLT Trust entities, and their attorneys,

8  that the duties and obligations of the entities who act on behalf of the Trusts as delineated in the

9  Special Servicing Agreement ("SSA")(see Dkt No. 97-1) are disputed, allowing the Plaintiff's

10  plausible claims to survive a motion to dismiss for civil conspiracy. Henry Dec., at ¶ 2, Ex. A.

11  In this case, U.S. Bank makes the same arguments under provisions of the SSA, that they are

12  not permitted to engage in any servicing activity on behalf of the Trusts under SSA § 8.A which

13  prevents them from "undertak[ing] direct collection or enforcement activities." *Id.* However, as

14  the *Gosse* court found, SSA § 8.A does not preclude the existence of an indirect role in

15  collection and enforcement activities. *Id.* Additionally, as to vicarious liability, although "U.S.

16  Bank is not required to 'supervise or monitor the performance' of Servicers or Subservicers

17  quoting SSA§ 8.D, this provision does not preclude supervisory activity by Defendant U.S.

18  Bank but merely states that such activity is "not required." *Id.* As the same issues are argued

19  here, this court should adopt the ruling in Gosse and find that the SSA agreement does not

20  preclude a claim of civil conspiracy.

21  The Court is not obligated to accept Defendants' self-serving legal conclusions set forth in

22  the agreement. *Winne v. National Collegiate Student Loan Trust 2005–1*, 228 F.Supp.3d 141, 150

23

24  [1] U.S. Bank's motion to dismiss referred to the Report and Recommendation at *Gosse v. Transworld Sys. Inc.*, No. 3:20-CV-1446, 2021 WL 5761733, at *2, *7 (M.D. Pa. Jul. 13, 2021)

25  ("R&R"). Dkt No. 107 at p. 17. However, U.S. Bank failed to tell this court at significant parts of that R&R regarding plausible liability for the defendants for vicarious liability and civil

26  conspiracy were not adopted by the District Court in its May 3, 2022 ruling.

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 8

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1   (D.Me., 2017)("Moreover, the characterization of the relationship as one between independent

2   contractors in the NCO Agreement, although relevant, does not dictate the outcome of the

3   constitutional analysis. As the Restatement (Third) of Agency points out, the term 'independent

4   contractor' is often used to describe parties that are in fact in an agency relationship. See

5   Restatement (Third) of Agency § 1.01 cmt. c (Am. Law Inst. 2006). The Restatement further notes

6   that the characterization of a relationship in an agreement between the parties is not controlling. *Id.*

7   at § 1.02.").

8          As U.S. Bank assigned the collections of the alleged accounts to TSI, and since the

9   NCSLT Trusts have no employees or management, the only person who can direct

10  Transworld's day-to-day collections on behalf of the NCSLT Trusts is U.S. Bank. *Id.* ¶¶ 17, 19-

11  21, 35, 65. Allegations in the FAC plausibly assert an agency relationship through US Bank's role

12  as the Special Servicer for the Trusts with responsibility for the "enforcement, collection and

13  servicing of Delinquent Loans and Defaulted Loans…" under the Special Servicing

14  Agreement("SSA")(*Id.* ¶ 48) and through US Bank's duty to supervise and control the activities of

15  TSI and its Attorney Network which it has plausible claims for a principal agency relationship were

16  pled (FAC at ¶¶ 47). As Plaintiffs allege, US Bank negligently delegated its responsibilities under

17  the SSA to Turnstile Management, LLC ("Turnstile"), (*Id.* ¶ 47), thereby violating its duty to

18  supervise and control the activities of Transworld and its Attorney Network under the SSA. *Id.* at ¶¶

19  47, 50-51. Although U.S. Bank seeks to insulate itself from any liability for its efforts on behalf

20  of the creditors of the NCSLT Trusts or TSI through its series of paper transactions which

21  purport to make it seem as if the NCSLT Trusts have engaged TSI directly and therefore, any

22  bad acts by TSI cannot be attributable to U.S. Bank, this ruse will not work. Since the NCSLT

23  Trusts are without employees, the decisions are made by U.S. Bank, and since U.S. Bank has

24  knowledge of TSI's wrongful acts and the right to control the acts of TSI and those who act on

25  behalf of the Trusts, even if indirectly, they cannot deny liability. *See Id.* ¶¶ 56-62. Despite the

26  delegation of its authority, US Bank had actual knowledge of Transworld's negligent performance

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 9

Henry & DeGraaff, P.S.
113 Cherry Street, PMB 58364
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

1   as the Transworld Stipulation and Consent Order issued by the CFPB noted Transworld's unfair and

2   deceptive acts and practices in servicing the NCSLTS and U.S. Bank permitted, consented to, and

3   aided and abetted their actions. *Id.* ¶ 50, 56. Since U.S. Bank was and is bound by the TSI Consent

4   Order, their failure to act in accordance with the affirmative and prohibitory duties imposed by that

5   Consent Order to ensure and enforce Transworld's compliance with that Consent Order establishes

6   the factual allegations necessary to support a claim of agency. *Id.* ¶¶ 56-58.

7          As to other allegations in the FAC alleging civil conspiracy, circumstantial evidence that

8   supports the Plaintiff's allegations of a concerted action are found in the existence of

9   governmental actions against those who collect on behalf of the Trusts support the Plaintiff's

10  allegations. The Consumer Financial Protection Bureau ("CFPB") found that actions done by

11  TSI and its Attorney Network in the name of the Trusts violate federal laws. *Id.* at ¶¶ 96-97.

12  Although the Trusts reject the relevance of the CFPB's Stipulation and Consent Order against

13  TSI for their collection and loan servicing activities on behalf of the Trusts, *see* Dkt No. 106 at

14  p. 10-12, the Ninth Circuit has already addressed this issue and found that the "consent order

15  that TSI entered into with the [CFPB] makes it plausible….......[that] documentation was lost or

16  missing." *Hoffman v. Transworld Sys., Inc*., 806 F. App'x 549, 551 (9th Cir. 2020). On a motion

17  to dismiss, it's the Court's duty to read the complaint in the light most favorable to the Plaintiff,

18  and in doing so, the consent order that TSI entered into with the Consumer Financial Protection

19  Bureau ("CFPB") and the other government actions against TSI support the Plaintiff's

20  allegations about the unfair and deceptive debt collection and loan servicing practices employed

21  by the Trusts and their co-defendants. Findings in the New York Attorney General Assurance of

22  Discontinuance, *Id.* at ¶ 25-26, and in actions taken against TSI by the Connecticut Department

23  of Banking, *Id.* at ¶ 28-29, and the Massachusetts Attorney General, *Id.* at ¶ 30-31, lend at a

24  minimum plausible circumstantial evidentiary support to plausible allegations that the Trusts

25  worked with the co-defendants to collectively orchestrate to illegally, unfairly, and deceptively

26

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 10

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58564
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1   collect and attempt to collect alleged debts owned by the Trusts through the improper means

2   described herein and confirmed by multiple government investigations. *Id.* at ¶ 32.

3          P&F's argument related to attorney-client privilege and civil conspiracy is misplaced. It

4   is true that under Washington law an attorney and client have a principal /agent relationship.

5   *Herman v. Safeco Ins. Co. of Am.*, 17 P.3d 631, 633 n.3 (Wash. Ct. App. 2001) (quoting 7A

6   C.J.S. ATTORNEY & CLIENT § 180 at 282 (1980)). However, the agency rule does not hold

7   when the agent is acting outside the scope of his or her agency, and/or the agent's acts are

8   legally considered to be the acts of the principal. *Buchholtz v. Renard,* 188 F. Supp. 888, 891

9   (S.D.N.Y. 1960). If Plaintiff's claims concerned an alleged conspiracy between a client and a

10  party acting solely in the capacity of an attorney, the contention might have merit. However,

11  P&F's arguments do not apply to the well pled facts of this case and cannot in any event serve

12  as a basis to dismiss this action at this stage in the case. There are factual issues as to P&F's

13  actual role in these transactions and the well pled conspiracy involves other parties not subject

14  to the attorney-client relationship. P& F is alleged to have conspired with non-clients. There are

15  sufficient facts alleged in the complaint to show that the first two exceptions to the rule apply

16  under the facts alleged by the Plaintiff.

17         It is alleged that P&F was "fully aware of, countenanced, permitted, and the conduct of

18  the other Defendants." FAC at ¶¶ 41(g), 101. As to P&F's role, it was not hired by the Trusts

19  but instead by TSI. *Id.,* at ¶ 48, Ex. D. Its relationship with the Trusts as its "counsel" was

20  compromised, if not eliminated, given that it entered into an Attorney Network Agreement with

21  TSI. FAC at ¶ 39(c), 47, 51, 54, 69-70. This diversion of its loyalty raises factual issues of

22  whether it was acting as an agent of the Trusts at all. Washington's R.P.C. 1.7 prohibits

23  representation when "there is a significant risk that the representation of one or more clients will

24  be materially limited by the lawyer's responsibilities to another client, a former client or a third

25  person or by a personal interest of the lawyer."

26

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 11

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1       Allegations in a complaint for civil conspiracy and the CPA do not require a heightened

2  pleading standard. The FAC alleges specific and detailed allegations about how the Trusts have

3  no way of knowing which loans belong to which Trusts, *Id.* at ¶ 27, that the Loan Schedules

4  related to the purported school loans are lost, and they do not exist now, if they ever did. *Id.* at ¶

5  103 These allegations support the notion that the Trusts have no right to collect these debts

6  against the Plaintiff. The FAC also makes specific allegations that the NCSLT Trusts and their

7  co-defendants lack sufficient evidence *to prove* their right to collect and did so anyway, as they

8  lack personal knowledge to present evidence concerning the alleged ownership of loans by

9  specific Trusts as demonstrated by Luke's affidavit in the state court lawsuits against the

10  Browns. *Id.* at ¶¶ 32; 83 and 101-102.

11       In the 9th circuit case, *Wasco Prod., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 991–92

12  (9th Cir. 2006), civil conspiracy based on California state law tort did not require a heightened

13  pleading standard under Rule 9(b), as the underpinning of the civil conspiracy was not based (as

14  is this case) in fraud, therefore there is no precedent for a heightened pleading standard. In

15  Washington, the law mirrors California, as allegations for civil conspiracy that derive from

16  deceptive trade practices claims do not require heightened pleadings. *Lara v. First Nat'l Ins. Co.*

17  *of Am.*, 25 F.4th 1134, 1136, n.2 (9th Cir. 2022);[2] *See also*, *W. G. Platts, Inc. v. Platts*, 73

18  Wash.2d 434, 438 P.2d 867 (1968); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 643 F. Supp. 2d

19  1256, 1265 (W.D. Wash. 2009)(Fraud or intentional misrepresentation may be an unfair or

20  deceptive acts for which a consumer may seek relief under consumer protection statutes in

21  Washington State. If these are the claims, Rule 9(b) does not apply when the plaintiff "has not

22  alleged fraud as an element of his CPA claim or 'grounded' his CPA claim in fraud"),

23

24

---

25     [2] "Participation by each conspirator in every detail in the execution of the conspiracy is

26  unnecessary to establish liability…." *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n,* 620 F.2d

1360, 1367 (9th Cir. 1980).

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 12

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1    Alternatively, if this Court finds that the FAC's allegations "sound in fraud" even

2    though no fraud claim has been pled and the claims are therefore subject to the particularity

3    requirement of Rule 9(b), the FAC meets the requirements for civil conspiracy. At the pleading

4    stage, the Plaintiff is not required to proffer evidence. Even for fraud, plausible allegations will

5    suffice. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). For information that is "most

6    certainly in Defendants' possession" and "easily discoverable" even under a heightened fraud

7    standard, this court will not be prevented from finding that Plaintiff has plausible claims. *Clark*

8    *v. Eddie Bauer LLC,* No. C20-1106-JCC, 2021 WL 1222521, at *3 (W.D. Wash. Apr. 1, 2021).

9    The specificity requirement for Rule 9(b) in any event is merely to determine whether the

10   Defendants can make a meaningful denial. *Nemykina v. Old Navy, LLC,* 461 F. Supp. 3d 1054,

11   1059–60 (W.D. Wash. 2020). Here there is no denying that the Plaintiff met those standards.

12   Defendants are keenly aware of the claims asserted by Plaintiff.

13   Lastly, Plaintiff concedes that a civil conspiracy is not a stand alone claim. *Ioppolo*,

14   2015 WL 13187674, at *6. Plaintiff concedes that he must survive his CPA claims to maintain a

15   plausible claim of civil conspiracy. *Id.*

16   **B.    The Allegations Under the CPA are Plausible Claims**

17   The NCSLT Trusts claim that the Plaintiff has failed to plausibly allege a violation of

18   the CPA against them. Although the Trusts claim generally that the Plaintiff fails to meet all

19   five elements of the CPA, the motion only challenges two elements specifically, failure to allege

20   an unfair or deceptive act and failure to allege an injury. These arguments are wrong and easily

21   defeated by the allegations in the complaint. Additionally, if claims are plausible against the

22   NCSLT Trusts, the same would be true for US Bank as they are vicariously liable for the

23   actions of the Trusts as discussed above.

24   **1.    Unfair and Deceptive Acts by the Trusts**

25   The NCSLT Trusts act through affiliates, partners, and agents, and thus those who

26   engage in bad acts on their behalf with full knowledge from the Trustees of the Trusts impute

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 13

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

1   liability to the Trusts. When the Trusts file debt collection lawsuits with the assistance of

2   entities and engage in acts that mirror those that were already admonished by the CFPB in the

3   Transworld Consent Order and by other government agencies in their enforcement actions

4   against the Trusts' collectors, those actions are unfair and deceptive. *Id.* at ¶ 139.

5        As asserted in the Amended Complaint, the CFPB found that TSI engaged in unfair and

6   deceptive acts when it filed lawsuits against borrowers without the complete documentation

7   needed to prove the NCSLT Trusts owned the loans, filed affidavits in support of collections

8   lawsuits in which the affiant swore they had personal knowledge of the debt when in fact they

9   had no knowledge of the chain of assignment records necessary to prove that the relevant Trust

10  owned the loans, and filed lawsuits when they had no intent or ability to prove the claims, if

11  contested. *Id.* at ¶ 93. Yet, despite these findings, the actions of the NCSLT Trusts in regard to

12  Osure Brown and Tommy Brown were substantially identical to the actions that were identified

13  in the Consent Order. *Id.* at 100.

14       In filing ten deficient affidavits, Jennifer A. Audet, an employee of TSI, repeated the

15  deceptive acts NCSLT had done before by failing to file an associated Schedule (variously

16  Schedule 1, Schedule 2, or Schedule 3; collectively the "Loan Schedules") of the associated

17  Pool Supplement to prove ownership of the loan, despite the claim in the affidavits that Exhibit

18  C "is a true and correct copy of the assignment Agreement(s) described herein." *Id.* at ¶ 81. The

19  affidavits also claimed that Tommy Brown had made payments on the loan, with the last

20  payment made for various loans in 2017 and 2018, without disclosing that any payments made

21  on the accounts were not made by Tommy Brown. *Id.* at ¶ 82. When challenged, the Trusts

22  responded by replacing them with a new affidavit by Bradley Luke, whose affidavit was

23  stricken by the court because Mr. Luke was not employed by the entity that had custody and

24  possession of the records and did not have knowledge of the retention policies of BOA, the

25  alleged originator of the loans. *Id.* at ¶ 86. Additional findings against TSI by the New York

26  Attorney General Assurance of Discontinuance, *Id.* at ¶ 25-26, the Connecticut Department of

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

Banking, *Id.* at ¶ 28-29, and the Massachusetts Attorney General, *Id.* at ¶ 30-31, support the plausible allegations in this lawsuit that the Trusts unfairly and deceptively collect and attempt to collect debts allegedly owned by the Trusts through improper means. *Id.* at ¶ 32.

### 2.    The Plaintiff has made Plausible Claims for Injury and Injunctive Relief

CPA claims require that a plaintiff allege that he suffered an injury to his or her business or property to be actionable. The allegations in the Amended Complaint are that Tommy Brown was injured by incurring expenses to send debt verification letters and notices of appearances in response to collection letters and the receipt of ten unfiled lawsuits. *Id.* at 140. Additionally, these debt collection actions caused Tommy Brown to struggle to manage his finances and spend time away from his business to determine his legal rights and responsibilities. *Id.* Although the validity of the debt is not relevant to a CPA claim, where the NCSLT Trusts did not even have the requisite documents or ability to enforce any of the claims against him, Tommy Brown's failure to pay a debt he did not even owe is especially relevant to any injury claim. Dkt No. 106 at p. 14-15. Viewed in light of the non-moving party, the injury element is established and since there is a substantive CPA claim pled injunctive relief is appropriate. As a result of this, claims against U.S. Bank and is likewise liable for violations under the CPA, through a vicarious liability theory. In turn the Civil Conspiracy claims also are plausible.

### C.    Invasion of Privacy

In Washington, to prove invasion of privacy, a plaintiff must show that a defendant "intentionally intrude[d] ... upon the solitude or seclusion" of the plaintiff or his private affairs in a manner that "would be highly offensive to a reasonable person." *Mark v. Seattle Times,* 96 Wash.2d 473, 497, 635 P.2d 1081 (1981). Plaintiff alleges that the NCSLT Trusts knowingly attempted to collect on debts that they did not own and/or could not prove their ownership to enforce claims against Tommy Brown. The NCSLT Trusts through their collectors sent ten collection letters and ten lawsuits to Tommy Brown, demanding payment it was not owed.

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 15

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

These acts intruded on Tommy Brown's solitude and invaded his solitude and seclusion in a manner that would be offensive to any reasonable person, alleging plausible claims. *Id.* at ¶ 165-169.

### D.    Plaintiff has Pled Plausible Claims for Declaratory and Injunctive Relief

The FAC sufficiently alleges a controversy upon which the Court can grant injunctive relief that is authorized by Washington Consumer Protection Act, as well as the federal Fair Debt Collection Practices Act. Contrary to the Defendants' assertion that there is no underlying claim or that the underlying claim has failed, a number of courts have extended equitable relief to consumers suing under the FDCPA and other consumer claims. *Irwin v. Mascott*, 112 F.Supp.2d 937 (N.D. Ca. 2000) (a district court granted declaratory and injunctive relief to plaintiffs who had brought suit under the FDCPA*); Loigman v. Kings Landing Condo. Ass'n., Inc.,* 324 N.J. Super*. 97, 734 A.2d 367 (Ch. Div. 1999) (Court held that equitable relief was* available to condominium owners suing their condominium association and the association's attorney under the FDCPA). If not under the FDCPA, injunctive relief is provided for under the CPA. The available forms of relief in a private CPA action include injunctive relief, actual and treble damages, and attorney fees and costs. RCW 19.86.090. As recently found by *Nemykina v. Old Navy, LLC,* 461 F. Supp. 3d 1054, 1062 (W.D. Wash. 2020), equitable relief can be found even when a Plaintiff appears to not suffer from imminent harm. The future harm here is the protection from being deceived in the future by creditors and purveyors of financial loan products which is an unacceptable risk. *Id.*

Under the CPA, a plaintiff "may bring a civil action ... to enjoin further violations, to recover the actual damages ..., or both, together with the costs of the suit, including a reasonable attorney's fee." RCW 19.86.090. "By the very language of the statute, [Plaintiffs] may obtain injunctive relief in addition to recovering actual damages. "*Hoffman v. Transworld Sys. Inc.,* No. C18-1132 TSZ, 2021 WL 22590, at *7 (W.D. Wash. Jan. 4, 2021)(quoting *Hockley v. Hargitt*, 82 Wn.2d 337, 350, 510 P.2d 1123 (1973)).

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 16

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

Plaintiff seek an injunction prohibiting Defendants and P&F from using their unlawful collection tactics, including but not limited to demanding money that is not owed, using Washington courts to extort payments and monies out of its residents by disregarding court rules and applicable law, misstating the law in collection lawsuits, providing insufficient or false affidavits, presenting altered documents as originals, and attempting to collect grossly inflated and illegal collection fees. *Id.* at ¶160. To the extent future harms are not sufficiently articulated in the FAC, the Plaintiff requests leave to amend to detail out those future harms.

**E.    Remaining Claims Against the Trusts - Consumer Protection Statutes Are Not Compulsory Counterclaims to Debt Collection Lawsuits**

Under Washington State law, a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Wash. Super. Ct. Civ. R. 13. Although there are overlapping facts between this lawsuit and the ten separate state court debt collection lawsuits filed against the Plaintiff in state court, the "transactions" are fundamentally different. The debt collection lawsuits involve claims that the Plaintiff owed money under certain loan transactions and it determined if there was liability under the transactions that created the debts. This lawsuit, in contrast, is about unfair and deceptive means to collect and attempt to collect debts allegedly owned by the Trusts through improper means and through the reckless use of false and misleading representations to the Plaintiff. The claims in this lawsuit are that the NCSLT Trusts lack the ability to prove ownership to validly collect debt both prior to and after filing the lawsuits. Their method of collection is fundamentally different and although there may be overlapping fact, the state and federal cases do not comprise the same transaction or causes of action, and Plaintiffs' claims are not barred by claim preclusion.

JOINT OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ON OVERLAPPING CLAIMS AND SPECIFIC OPPOSITON TO NCSLT TRUSTS' MOTION TO DISMISS ON ALL REMAIING CLAIMS – 17

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

**1.     Plaintiff's Claims Were Not Litigated in State Court**

Under Washington law, the doctrine of issue preclusion bars a plaintiff from relitigating "issues actually litigated and necessarily determined." *Energy Nw. v. Hartje*, 148 Wash. App. 454, 465, 199 P.3d 1043 (2009). The elements that need to be present for the doctrine to apply are: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. *Id.*

Every court in Washington that has considered these issues has held that claims brought pursuant to consumer protection statutes arise from a different transaction or occurrence than an earlier action for judgment on a debt and, therefore, may be raised in a separate action. *See Olson v. Armada Corp.,* No. C20-0429JLR, 2021 WL 4948189, at *4–5 (W.D. Wash. Oct. 22, 2021) and cases cited therein. Where the transaction raised in state court is about a valid contractual agreement for a debt, claims about the process of collecting that debt either prior to or after commencing litigation is a different transaction. *Olsen,* 2021 WL 4948189, at *4–5.

The Trusts argue that *Gilchrist v. First National Bank of Omaha*, 2018 WL 317267, at *3 (W.D. Wash. January 8, 2018), involving a *pro se* plaintiff, supports their argument that CPA claims are compulsory counterclaims. In *Gilchrist* it is true that the court ruled that Plaintiff's TCPA claims were compulsory counterclaims finding there were factual similarities. The *pro se* plaintiff apparently did not argue or point out that the TCPA claims were not logically related because of the differences in the elements of the legal claims. The determination that there is no logical connection in these cases apply equally to eschew claims that Tommy Brown's counterclaims matured at the time he filed his answer to the complaint. *See* Dkt No. 106 at p. 7-8. The evidence needed to support claims for false and deceptive acts is different than an action that was filed to collect the debt, as the Plaintiff in this lawsuit will need evidence of the allegedly false and deceptive practices, "including evidence regarding the

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 18

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609

specific actions of the defendant" and the other defendants. *Olsen,* 2021 WL 4948189, at *4–5; *Hoffman v. Transworld Sys. Inc.,* No. C18-1132 TSZ, 2021 WL 22590, at *4 (W.D. Wash. Jan. 4, 2021) (Even if the "transactional nucleus of facts" in both the state court action and this action overlap, the actions do not involve the same evidence or rights).

Fatal to the Trusts' claims is that CR 13 does not *mandate* that a defendant bring all counterclaims under CR 13 if they require additional parties. CR 13(a). CR 13(a) merely encourages a defendant to bring all counterclaims, by allowing a defendant to bring counterclaims that require additional parties. *Id.* As the Trusts note, the Washington's compulsory counterclaim rule follows the federal rule, thus rulings from other federal courts are persuasive. *Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*, No. C12-276 RAJ, 2014 WL 1350788, at *4 (W.D. Wash. Apr. 3, 2014). The Seventh Circuit in *Pace v. Timmermann's Ranch & Saddle Shop Inc.* explained that Rule 13 does not "*compel* the joinder of additional parties" needed for a counterclaim. 795 F.3d 748, 755 (7th Cir. 2015). "To hold that Rule 13(a) requires the joinder of additional parties through the use of Rule 20 would read the term 'opposing party' out of Rule 13(a)." *See Id. at* 755. As the NCSLT Trusts have no employees and act through their agents, claims involving the false and deceptive actions against the Plaintiff to collect on debt that they do not owe to the NCSLTs requires additional defendants. Claims that require additional defendants is permitted, but Tommy Brown was not compelled to join additional parties. Thus, the filing of this complaint in this court was appropriate. *Pace,* 795 F.3d at 754.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiff prays that this court deny the motions to dismiss claims against the Trusts and co-defendants for civil conspiracy to violate the CPA (Count I), for injunctive relief (Count V), and invasion of privacy (Count VI). As to the Trusts and US Bank deny the dismissal of the Washington State Consumer Protection Act ("CPA") (Count III)

and claims that the Plaintiff waived his claims in state court by failing to allege compulsory counterclaims.

Dated this June 14, 2022.

HENRY & DEGRAAFF, P.S.

By: /s/ Christina L. Henry
Christina L. Henry, WSBA No. 31273
113 Cherry St, PMB 58364
Seattle, WA 98104
Telephone: 206.330.0595
Facsimile: 206.400.7609
chenry@HDM-legal.com

*Counsel for Plaintiff*

BORISON FIRM, LLC

By: /s/ Scott Borison
Scott Borison, *Pro Hac Vice*
1900 S. Norfolk St., Suite 350
San Mateo, CA 94403
Telephone: 301.620.1016
scott@borisonfirm.com
*Counsel for Plaintiff*

CONSUMER LAW CENTER, LLC

By: /s/ Phillip Robinson
Phillip Robinson, *Pro Hac Vice*
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
phillip@marylandconsumer.com

*Counsel for Plaintiff*

JOINT OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS ON OVERLAPPING CLAIMS AND
SPECIFIC OPPOSITON TO NCSLT TRUSTS'
MOTION TO DISMISS ON ALL REMAIING
CLAIMS – 20

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON  98104
telephone (206) 330-0595
fax (206) 400-7609