UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | Case No.: No. 2:20-cv-00680-RSL<br><br>OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S MOTIONS TO DISMISS (ECF NO. 105 and 108)<br><br>NOTE ON MOTION CALENDAR:<br><br>JUNE 17, 2022<br><br>(Oral Argument Requested) |

Plaintiff's First Amended Complaint ("FAC") contains a total of 169 numbered paragraphs of detailed allegations identifying Defendant Patenaude & Felix, A.P.C. ("P&F") as debt collectors conspiring with co-defendants and Transworld Systems, Inc. ("TSI"), U.S. Bank, NA ("U.S. Bank") and Defendants National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 1

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 (collectively "NCSLT Trusts" or "the Trusts") to violate the Washington Consumer Protection Act ("CPA") through per se violations of the Washington Collection Agency Act ("CAA"), and the Fair Debt Collections Practices Act ("FDCPA"), acting in furtherance of a civil conspiracy. Their actions in violation of the CPA subject them to injunctive relief under RCW 19.86.090 and for invasion of the Plaintiff's privacy. Additionally, the Plaintiff incorporates the facts and arguments made in the Joint Opposition Brief concurrently herein at Dkt No. 114.

## I. INTRODUCTION

The lawsuit is brought against TSI and P&F and their co-defendants as they are engaged in unlawful collection tactics, including but not limited to demanding money that is not owed, using Washington courts to extort payments and monies out of its residents by disregarding court rules and applicable law, misstating the law in collection lawsuits, submitting insufficient or false affidavits, presenting altered documents as originals, and attempting to collect grossly inflated and illegal collection fees. Plaintiff Tommy Brown alleges that Defendants TSI and P&F and their co-defendants knowingly used unfair and deceptive collection practices in the filing of debt collection lawsuits. Due to prior admissions to the Consumer Financial Protection Bureau ("CFPB") in the September 2017 Stipulation and Consent Order, Dkt No. 104 at ¶¶ 99-100, Ex. C, and in other governmental actions against TSI, through findings in the New York Attorney General Assurance of Discontinuance, *Id.* ¶ 25-26, Ex. H, in actions taken against TSI by the Connecticut Department of Banking, *Id.* at ¶ 28-29, Ex. I, and in those done by the Massachusetts Attorney General, *Id.* at ¶ 30-31 at n 5., there is more than plausible support for the allegation of unfair and deceptive debt collection and loan servicing practices employed by the TSI, P&F and their co-defendants. Despite these enforcement actions against TSI, with the assistance of P&F and other entities involved in the affairs of the NCSLT Trusts, lawsuits have continued to flood the courts when there was had no reasonable basis to do so. Moreover, these

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 2

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

lawsuits continued to be riddled with the same problems before the government enforcement actions.

### A. FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT AGAINST TSI AND P&F

#### 1. The Reckless and Injurious Actions Done on Behalf of the NCSLTS Trusts

Since the NCSLTs have no employees, any actions performed nominally by the NCSLT Trusts or on their behalf are actually performed by their agents. *Id.* at ¶ 67. The crux of the class allegations center on the fact that in 2017, prior to the ten lawsuits filed against the Plaintiff, Defendant TSI was the subject of a CFPB investigation that resulted in the September 2017 Stipulation and Consent Order, Dkt No. 104 at ¶¶ 99-100, Ex. C. In that Consent Order, The CFPB found that TSI and its Attorney Network of which P&F is a member, did things in the in the name of the Trusts that violated federal laws. *Id.* ¶¶ 96-97. In the TSI Consent Order, the CFPB found that the lawsuits Transworld Systems Inc. filed on behalf of the NCSLT Trusts lacked the complete documentation needed to prove that the NCSLT Trusts owned the loans they were suing upon. *Id.* ¶¶ 91, Ex. C. They also determined that the affidavits filed in those lawsuits were without personal knowledge and that the lawsuits were filed without any intent or ability to prove the claims if contested. *Id.* ¶¶ 92-94, Ex. C at ¶¶ 53b-c. The TSI Consent Order required the Defendants to stop filing NCSLT lawsuits supported by false affidavits, but the lawsuits continued. *Id.* Additionally, the TSI Consent Order imposed both affirmative and prohibitory duties upon agents for the NCSLT Trusts, and yet they failed to and/or refused to act in accordance with its duties under the TSI Consent Order. *Id.* ¶¶ 19; 33, 56, 58, 93.

Then in 2018, the Collective NCSLT Trusts, through the Trusts' Owners (as defined in the Trust Agreements), filed suit in Delaware Chancery Court against Transworld and two codefendants for breach of contract, charging them with costing the Collective NCSLT Trusts billions of dollars and with causing "wrongful and fraudulent …cases being brought against thousands of borrowers." *Id.* ¶ 48-53, Ex D. The Verified Amended Complaint established that U.S. Bank and TSI were fully aware that key portions of instruments which allegedly

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 3

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

transferred the Discharged Loans or servicing rights thereto, including Schedule 1, Schedule 2, or Schedule 3 (collectively the "Loan Schedules") to those instruments, do not exist. *Id.* ¶ 52. It also established that U.S. Bank, and Transworld knew that the declarations and affidavits, submitted to support claims made in the name of NCSLT Trusts, concerning loan documentation were made without personal knowledge. *Id.* ¶ 54. TSI, with the knowledge and consent of U.S. Bank, has failed to disclose these material facts and has continued in many cases, in Washington and elsewhere, to file affidavits and/or declarations under oath which falsely, recklessly, and knowingly testify that the Loan Schedules exist, and that the affiant or declarant has personal knowledge of their existence (when he/she does not) to mislead as to the true nature of the loans. *Id.* ¶ 96. Furthermore, TSI not only failed to disclose material facts but also created false documents purporting to reflect the Loan Schedules from the original "Pool Supplement Agreements" and, through its employees and through its Attorney Network, falsely represented, through false affidavits and/or declarations, and by false statements in pleadings, and by testimony that such documents were genuine loan documents and that the attorney, affiant or declarant had personal knowledge of their authenticity. *Id.* ¶ 26, 103. The same or similar activities happen to this day.

Paragraphs 40-41, 69-74 and 99-101 of the FAC describe the specific conduct that Defendant P&F has taken in concert with TSI and the co-defendants. The FAC alleges that P&F is a debt collection law firm and that its method of debt collection is the filing of lawsuits and use of the mails. *Id.* ¶¶ 40, 41, 41(c), 41(d), 41(g). As a state licensed collection agency, it is subject to laws that govern the practice of such agencies, including the FDCPA, the CAA and the CPA. *Id.* ¶ 70. There is no doubt that the FAC alleges violations of those statutes. *See Id.* at ¶¶ 71-74, Additionally, due to P&F's participation in TSI's Attorney Network, *Id.*¶¶ 69-70, P&F is also on notice about the CFPB's Consent order with TSI that found TSI did not have complete documentation needed to prove the NCSLT Trusts owned the loans, knew that TSI's affidavits were suspect as to their knowledge of a valid chain of assignment, and that they were accused of filing numerous lawsuits without the intent or ability to prove their claims. *Id.* ¶¶ 93,

OPPORTUNITY TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 4

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

93(a) – (c). In the ten lawsuits against the Plaintiff, the actions were substantially identical to the actions that the Consent Order. *Id.* ¶ 100. The complaint makes plausible claims that Defendants P&F and TSI, are aware that they lacked the ability to prove the ownership of any loans taken out by Osure Brown and Tommy Brown at the time they filed their collection action against them. *Id.* ¶ 101.

TSI and P&F and their co-defendants are also aware that the Loan Schedule related to the purported student loans acquired by them are lost, and they do not exist now, if they ever d*Id.* No entity has the Loan Schedules and thus these loans are uncollectible by any successor because no one can prove valid assignment and history of the loans. *Id.* ¶ 52. In all of their actions, TSI and P&F are vicariously liable for the torts and other wrongful conduct committed against Plaintiff and others in Washington by TSI and/or its Attorney Network. *Id.* ¶ 47.

**B.  The Plaintiff is Sued in State Court**

. On behalf of the NCSLT, P&F,TSI and the other co-defendants, mailed Tommy Brown (and his son) debt collections letters stating that it would initiate collection efforts regarding an outstanding balance owed to the Trusts. Dkt. No. 104 at ¶ 71. In pre-litigation communications with the NCSLT Trusts' debt collector law firm, P&F, Tommy Brown sent written disputes about the debts alleged and requested debt verifications which included multiple misrepresentations about the alleged debt owed and his responsibility to pay it. *Id.* at ¶ 72. Tommy Brown also received offers to settle, followed shortly thereafter with a process server handing over ten separate unfiled complaints alleging that he had liability on debt allegedly disbursed to him more than ten years prior even though he had never made any payment on the loans. *Id.* at ¶¶ 73-74.

On April 5, 2019, TSI with the assistance of P & F, filed ten lawsuits with ten separate judges on behalf of the NCSLT Trusts against Plaintiff Tommy Brown and his son, in the King County Superior Court in the State of Washington without valid affidavits is evidence of a wider issue that this court should address. Dkt No. 104 at ¶¶ 75, 77-78. They were all subsequently consolidated into cause No. 19-2-09402. *Id.* The Plaintiff obtained an order in the

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 5

**Henry & DeGraaff, P.S.**
113 Cherry Street, PMB 58364
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

consolidated matter on December 24, 2019 dismissing ten lawsuits filed against him for lack of standing on the Browns' motion for summary judgment heard before this Court by the Hon. Nicole Gaines Phelps. *Id.* at ¶ 85; Declaration of Christina L Henry ("Henry Dec."). at ¶ 2, Ex. B. In finding for the Plaintiff and his son, the court also struck the affidavit of Bradley Luke as hearsay because Mr. Luke was not employed by the entity that had custody and possession of the records and did not have knowledge of the retention policies of BOA, the alleged originator of the loans. *Id.* at ¶ 86; Henry Dec. at ¶ 2, Ex. C. The NCSLT Trusts, and their debt collectors TSI and P&F, did not appeal the judgments entered against the Trusts in favor of the Browns. Those judgments are now final judgments. *Id.* at ¶ 87.

## II. LEGAL ARGUMENT

### A. Legal Standard

Complaints with enough facts to state a plausible claim to relief survive motions to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Claims are plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The court must assume the truth of all factual allegations and construe all inferences from them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.1996); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002); *Twombly*, at 555-56 (2007). Plausibility is a context-specific determination requiring reviewing courts to draw on common sense. Iqbal, 556 U.S. at 679.

District courts should grant leave to amend even if no such request was made, unless the pleading could not possibly be cured by the allegation of other facts. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968, (9th Cir. 2016). *See also Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995). The Ninth Circuit reviews district court denials for leave to amend de novo ensuring the "complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Svs., LLC.,* 629 F.3d 876 (9th Cir. 2010).

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 6

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

### 1. Plausible Complaints Survive Rule 12(b)(6) Motions to Dismiss

The Ninth Circuit has explained the "plausibility" requirement as follows:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6) … The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (citing *Iqbal*, 129 S. Ct. at 1951). Stated more succinctly, "*Iqbal* demands more of plaintiffs than bare notice pleading, but it does not require us to flyspeck complaints looking for any gap in the facts." *Lacey v. Maricopa County (Arpaio),* 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citations omitted) (emphasis added).

### B. Plaintiff's CPA claims are not barred by judicial-action privilege or Washington public policy.

Defendant P&F argues they are immunized from all actions taken against the Plaintiff by virtue of suing him and cite to *Jeckle v. Crotty*, 120 Wn. App. 374, 385, 85 P.3d 931, 937 (2004) for the proposition that "the 'judicial-action privilege' has extended immunity for lawyers' actions beyond defamation and litigation privilege." However, the Defendants intentionally left out the part that the privilege, if applicable, applies only to allegations based on tort claims and not statutory violations (i.e. per se claims). *See Jeckle*, 120 Wn.App. at 385, 85 P.3d at 937 (relying on *Demopolis v. Peoples Nat'l Bank,* 59 Wash.App. 105, 119, 796 P.2d 426 (1990) the *Jeckle* court found that defamatory allegations against opposing counsel could not meet the trade or commerce prong of the CPA). Finally, lawyers and law firms are specifically subject to the FDCPA, as explained by the U.S. Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291 (1995), and liability under the FDCPA is alleged in the FAC as a per se violation of the Consumer Protection Act.

Moreover, another judge in this same district has already found that P&F's deceptive practices taken in the course of judicial actions regarding the NCLST trusts went beyond legal representation. *Hoffman v. Transworld Sys. Inc.,* No. C18-1132 TSZ, 2021 WL 22590, at *2 (W.D. Wash. Jan. 4, 2021) ("Because Plaintiffs allege that Defendants P&F and Cheung regularly "collect[ed] money from consumers" and engaged in other pre-litigation, debt-

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 7

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

collection activity—as opposed to merely engaging in the practice of law—Defendants P&F and Cheung are not immune from liability based on this privilege…"). It would be against public policy to apply litigation privilege to absolve debt collectors of all conduct in debt-collection lawsuits as it would (1) encourage the volume filing of lawsuits against debtors without careful investigation of claims and pleadings, (2) leave CR 11 motions as the only means to reign in abusive conduct, and (3) eviscerate the statutory provisions and Supreme Court decisions of this state that require debt collectors to follow the rules established by the legislature and the FDCPA.

### 1. There is No limitation to Activities Occurring Outside of Court

Not all collection agency law firms refrain from traditional areas of law, such as litigation. To facilitate its debt collection business, P&F participates in TSI's Attorney Network, which assists in the filing of more than 1400 lawsuits through their sole attorney in Washington State, Matthew Cheung, as their primary means of debt collection. *Id.* ¶ 41(c). While P&F asserts that the Browns' CPA claims are predicated on actions P&F took while it was actively engaged in reasonable law firm activities, the Plaintiffs has alleged plausible claims that dispute these assertions. See *Id.* ¶¶ 40-41, 69-74, and 99-101. Moreover, there are material questions as to the exact role of P&F given the terms of the TSI's Attorney Network Agreement.

Debt collection is not limited to activities occurring outside of court. Under the FDCPA, there is no special treatment for attorneys in the definition of debt collector, and there is no distinction between legal and non-legal activities. Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1512(9th Cir. 1994). Thus, "attorneys who 'regularly' engage in consumer-debt-collection activity" are debt collectors under the Act, "even when that activity consists of litigation." *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2009) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)). Here, P&F admits to being a collection agency, as it holds a license under the Washington State Collection Agency, RCW 19.16.110 and thus its actions during legal representation are actionable. *See Mandelas v. Gordon*, 785 F. Supp. 2d

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 8

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

951, 960–61 (W.D. Wash. 2011); *Lang v. Gordon*, No. C 10–0819RSL, 2011 WL 62141, at *2 (W.D.Wash. Jan. 6, 2011).

### C. Plaintiff has Pled a Plausible CPA Claim against P&F and TSI based on Per Se Statutory Violations.

Plaintiff's alleges that P&F's and TSI's actions violated the CPA based on per se violations of the FDCPA and the CPA. Dkt No. 104 at ¶¶ 131-134, 144-157. Plaintiff has suffered actual economic and non-economic damages and have incurred out of pocket expenses to determine his legal rights and responsibilities which caused loss of time away from his business and made it impossible to manage his finances due to P&F and TSI's illegal debt collection practices and direct and indirect actions as described in the FAC which is a compensable injury under *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wash. 2d 412, 334 P.3d 529 (2014). *Id.* 104 at ¶¶ 35, 148(e).

Plaintiff alleges all the required elements sufficiently stating his claim under Washington's Consumer Protection Act ("CPA"): 1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or their business or property; (5) causation." *Panag v. Farmers Ins. Co. of Wash*., 166 Wash.2d 27, 37, 204 P.3d 885 (2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 784, 719 P.2d 531 (1986)). Moreover, "[w]hen a violation of debt collection regulations occurs," including violations of the FDCPA or the Collection Agency Act (Washington's "counterpart to the FDCPA"), such a violation "constitutes a per se violation of the CPA ... under state ... law." *Hoffman v. Transworld Sys. Inc.*, No. C18-1132 TSZ, 2021 WL 22590, at *5 (W.D. Wash. Jan. 4, 2021(citing *Panag*, 166 Wn.2d at 53–54. Such debt collection violation satisfies the first three *Hangman Ridge* elements. *Id.* at 53.

#### 1. The First Three Hangman Ridge Elements Are Met through Plausible Violations of the FDCPA

Debt collectors are strictly liable for misleading and unfair debt collection practices. *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175–76 (9th Cir. 2006). As addressed above, the FDCPA applies to debt collectors like P&F and TSI who "regularly"

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 9

**Henry & DeGraaff, P.S.**
113 Cherry Street, PMB 58364
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

engage in consumer-debt-collection activity, even when that activity consists of litigation. *See Infra Sec. B.1*. Regardless of whether actions occurred in or out of court, the FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz*, 514 U.S. at 292 (1995). The Plaintiff here has alleged that P&F and TSI use the instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and thus are Debt Collectors within the meaning of 15 U.S.C. § 1692a(6). *Id.* ¶¶ 41(d), 68, 70, 129, 148(a),

He also alleges that P&F and TSI (1) used false, deceptive, or misleading representations to communicate with the Plaintiff, directly and indirectly, by threatening and/or actually pursuing litigation that demanded sums not legally due from the Plaintiff in violation of 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10), and (2) used unfair or unconscionable means to collect a debt from the Plaintiff through its acts and omissions in relation to their knowledge of the Trust's inaccurate and incomplete records which are not sufficient to pursue debt collection in violation of 15 U.S.C. § 1692f. *Id.* at ¶ 148(b), (c). For TSI, additional claims are pled for being an unlicensed student loan servicer for defaulted loans, (*see Id.* ¶¶ 68. 69, 39(d), 148(b) under 15 U.S.C. § 1692e, § 1692f.

P&F and TSI are on notice of the Consent Order TSI signed with the CFPB and both have affirmative duties under the agreement to comply with terms concerning the filing of affidavits without personal knowledge, without proper documentation and without chain of title documents in debt collections lawsuits involving the NCSLT Trusts. *Id.* at ¶ 99-101.
*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 951 (9th Cir. 2011)(held that litigation conduct can sometimes violate the FDCPA even without a violation of the rules of civil procedure, let alone a sanctionable violation of those rules). Additionally, other government agencies that have punished TSI refer to their activities as debt collection. *Id.* ¶ 29

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 10

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Thus, the Plaintiff has alleged plausible claims that P&F and TSI are debt collectors under 15 U.S.C. § 1692a(6) and that they violated one of the FDCPA's substantive provisions. 15 U.S.C. 1692k(a); *see also Stimpson v. Midland Credit Mgmt., Inc.,* 944 F.3d 1190, 1195 (9th Cir. 2019). Since Plaintiff has alleged that it is plausible that P&F and TSI are debt collectors who are liable to the Plaintiff for violations under Section 1692k(a) of the FDCPA. The Plaintiff has made plausible allegations that the first three elements of *Hangman Ridge* are satisfied. *Panag*, 166 Wn.2d at 53.

### 2. Alternatively, the First Three Hangman Ridge Elements Are Met through Plausible Violations of the CAA

The Defendants argues that filing lawsuit and submitting affidavits on behalf of their client is not an unfair or deceptive act, and in any event, P&F and TSI are not bound by the state court's ruling that the affidavit was stricken as inadmissible hearsay because it was not a party to the lawsuit. Rather than accept this court's judicial decision in that case. P&F seeks to relitigate issues already determined by that Court. Dkt No. 105 at pp. 12-14; Dkt No. 108 at pp. 16-19. P & F and TSI ask this Court to review the judgment of the state court as if it were an appellate court and arrive at a different conclusion. This is absurd as this Court does not sit as an appellate court over state court judgments. *Rooker Feldman Doctrine from Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

As to acts done in the process of debt collection, a violation of RCW 19.16.250 is a per se unfair act or practice in the conduct of trade or commerce. RCW 19.16.440. Like the FDCPA discussed above, a violation of the CAA is a per se violation of the CPA that supports the first three *Hangman Ridge* elements. *See Infra Sec. III.C.1.* Brown claims that P&F and TSI "improperly collected interest and fees" following the commission, by one or more of them, or their agents, of acts prohibited for the Plaintiff. *Id.* ¶ 133. Despite P&F and TSI's claims otherwise, since the allegations against both of them include pre-litigation and post-litigation collection activity, *See Id.* 39, 40-41, 69-74 and 99-101, there is no basis to conclude that the actions at issue are limited to violations of RCW 19.16.250(21). However, as to the arguments

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 11

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

regarding RCW 19.16.250(21), P&F and TSI's claims are not valid. Both P&F and TSI are on notice as to the issues with filing lawsuits with supporting affidavit that lack personal knowledge, are missing documents and lack chain of title documentation through the TSI Consent Order with the CFPB and other government enforcement actions against TSI. Additionally, they both have affirmative duties and obligations under the TSI Consent Order with the CFPB to refrain from this activity in the future and yet the affidavits filed by Audet failed to even include any document purporting to be a loan schedule evidencing the Plaintiff's loan. *Id.* ¶ 81. Additionally, as pled in the FAC, the Audet affidavits failed to claim whether any of the payments alleged where even made by Tommy Brown. *Id.* ¶ 82. Then Luke's replacement affidavit contained a "roster" that was not part of the original pool supplement at origination, but was instead created for litigation purposed. *Id.* ¶ 83. The FAC make allegations about these rosters and TSI has already been punished for using "rosters" by the NewYork Attorney General. *Id.* ¶ 24, 25. 26. 83, 103. Other courts are also seeing the same issues wit affidavits and assignments. *Nat'l Collegiate Student Loan Tr. 2006-2 v. Gimple*, 318 Or. App. 672, 681, 508 P.3d 561, 566 (2022). Plaintiff sufficiently alleges per se violations against P&F. *Id.*

### 3. Alternatively the Plaintiff has Plausible Claims against P&F under the First Three Elements of Hangman Ridge on an Individual Basis

P&F and TSI claim that the dismissal of the ten lawsuits filed against Osure Brown and Tommy Brown for lack of standing has no bearing on the outcome of this lawsuit. The state court decision on standing was based on a finding that the Trusts did not have any admissible evidence to support their claims. Rather than accept the state court's judicial decision in that case, P&F seeks to relitigate issues already determined by that Court. Dkt No. 105 at p. 12-14; Dkt No.108 at p. 17-19. P&F and TSI are wrong. Their efforts to avoid the state court judgment leads nowhere. What admissible evidence would P&F and TSI offer that would be different than what it offered on behalf of the Trusts in the state court action? None. There is no admissible evidence that P&F and TSI can offer on the issues decided by the state court. It

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 12

Henry & DeGraaff, P.S.
113 Cherry Street, PMB 58364
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

would be simply an effort to relitigate the state court judgment through P&F and TSI as a surrogate for the Trusts.

### a. P&F and TSI are Collaterally Estopped from Relitigating Issues of Fact Between the Parties

Under federal common law, the preclusive effect of a prior federal diversity judgment is determined by reference to the law of the state where the court sat. *NTCH-WA Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019). In Washington, the doctrine of collateral estoppel prevents the endless re-litigation of issues already actually litigated by the parties (or their privies) and decided by a competent tribunal. *Billings v. Town of Steilacoom*, 408 P.3d 1123, 1131 (Wash. Ct. App. 2017), review denied, 190 Wn.2d 1014, 415 P.3d 1199 (2018). Collateral estoppel, or issue preclusion, applies when the subsequent suit involves a different claim but the same issue. To establish collateral estoppel, a party must establish the following: (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied. Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 307, 957 (2004).

### b. The Issue in the Earlier Proceeding was Identical

Claims against P&F and TSI in this matter involve the identical ten lawsuits previously litigated and ruled upon in King County Superior Court. P&F and TSI, the are in this case. P&F represented the NCSLTS Trusts in state court, the plaintiffs in the earlier matter, and defended against Osure Brown and Tommy Brown's motion for summary judgment and to strike the Luke Affidavit as inadmissible hearsay and their arguments already failed in state court. *Id.* at ¶ 85-86. TSI provided the affidavits that were filed and stricken by the state court judge because they contained hearsay and did support standing for the claims pursued against the Browns. *Id.* at ¶ 85-86; Henry Dec. at ¶ 2, B and C.

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 13

**Henry & DeGraaff, P.S.**
113 Cherry Street, PMB 58364
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

### c. The Earlier Proceeding Ended in a Judgment on the Merits

In its order granting summary judgment, the King County Superior Court considered substantially similar argument made by P&F and TSI on behalf of the NCSLT Trusts and dismissed the action with prejudice. *Id.* at ¶ 85-86; Henry Dec. at ¶ 2, B and C. The decision was not appealed. *Id.* at ¶ 87.

### d. Privity is Found in an Agency Relationship

In Washington, courts have found privity where there is a "special relationship" between the defendants in each suit. *See U.S. v. Deaconess Medical Ctr. Empire Health Srvc.*, 140 Wn.2d 104, 111, 94 P.2d 830 (2000) (case dealing with res judicata). Broadly speaking, one is in privy when he is "so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case." Smith v. Jenkins, 562 A.2d 610, 615 (D.C. 1989). Thus, one form of privity may arise when two parties are bound by an agency relationship. *See Herrion v. Children's Hosp. Nat'l Med. Ctr.*, 786 F.Supp.2d 359, 371 (D.C. Cir. 2011). In that case, a medical center was held vicariously liable for the actions taken by security officers in the course of their employment, and the officers were subsequently sued individually for the same actions. *Id.* The court found that the two suits "share[d] a common nucleus of fact and both turn[ed] on the same conduct allegedly taken in the scope of the Security Officer's agency relationship with Children's National." *Id.* In the first lawsuit, *Herrion* claimed the officers were the center's "agents" and the center was liable for the officers' actions. The court agreed and held that the center and officers were in effect "one and the same party" for the purposes of res judicata. *Id.* at 372.

The *Herrion* reasoning in regard to privity applies here. P&F represented the NCSLT Trusts in the ten state court lawsuits filed against Tommy Brown and Osure Brown and they acted as debt collectors and agents to the NCSLT Trusts. *McNair v. Maxwell & Morgan, PC*, 893 F.3d 680, 683 (9th Cir. 2018). It is undisputed that P&F and the NCSLT Trusts had an agency relationship as they were the attorneys of record in that lawsuit. As such, their actions were adequately represented in the action since they were the ones actually litigating the claims

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 14

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

and are thus in privity with NCSLT Trusts. *See Hackler v. Hackler*, 37 Wash. App. 791, 794-95, 683 P.2d 241, 243 (1984). (There is an exception to the privity requirement where a person who is fully acquainted with a lawsuit's character and object and interested in its results is estopped by the judgment as fully as if he had been a party).

### e. Collateral Estoppel Will Work No Injustice Toward P&F and TSI

"The injustice component is generally concerned with procedural, not substantive irregularity," and "the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the first forum." *Christensen*, 152 Wn. 2d. at 309, 96 P.3d at 962. P&F litigated the case at the trial court on behalf of the NCSLT Trusts and presumably were involved in the decision not to appeal the court's decision. If P&F and TSI believe that they never had a full and fair opportunity to litigate the issue—on which its own interests are substantially identical to those of the NCSLT Trusts—they have not alleged that in this motion to dismiss. And since P&F and TSI were the attorneys was the subservicer providing the affidvaits, presumably they would have advanced the best argument they had at the time. *See Smith v. Bank of New York Mellon*, No. C19-0538-JCC, 2019 WL 2994695, at *2 (W.D. Wash. July 9, 2019)( The law firm who represented the Bank of New York Mellon in a judicial foreclosure that was dismissed was found to be in privity with its client in a new lawsuit was collaterally estopped from re-litigating issues established in the prior case). As to the case P&F cites in its brief, *Paradise Orchards Gen. P'ship v. Fearing*, 122 Wn. App. 507, 514-15, 94 P.3d 372, 376-77 (2004), that case is inapposite as it was brought by the client under a legal malpractice claim, where the attorney arguably did not have a full and fair opportunity to litigate the issue the first time around, which is not the case here.

### 4. Unfair and Deceptive Act or Practice.

A plaintiff may establish an unfair or deceptive act or practice occurring in trade or commerce for purposes of a CPA claim through the letter communications to Tommy Brown to demand debt, when its client lacked standing to prove its claims in court and ultimately failed to do so after P&F filed ten debt collection lawsuits against him. Here, the FAC alleges further that

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 15

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

P&F through the direction of US Bank through TSI, sent written debt collection correspondence to the Plaintiff demanding payment on debt without reference to the original creditor Bank of America, any breakdown of interest or service charge, collection costs, or late payment charges, if any, that might have been added to the original obligation by the original creditor, or the last payment made on the loans. *Id.* at 71. The Plaintiff had no idea that the demands from P&F contained inaccurate and inconsistent representations regarding the amount due and owing and P&F failed to sufficiently respond to his requests for debt validation. *Id.* at 72. With the help of P&F, through the direction of US Bank by way of TSI, the NCSLT Trusts falsely and deceptively alleged that Tommy Brown had liability to them for each of the ten Bank of America loans subsequently purchased by the Trusts in the form of consolidated loan pools when there is no basis to support those allegations. *Id.* at 52, 72, 103. The FAC alleges that despite knowing that the NCSLT Trusts lacked the ability to prove their ownership of any loans, P&F through the direction of TSI through US Bank (either directly or indirectly) as they control the actions of the Trusts and continued to demand payment on the debt, facilitated the filing of lawsuits against him in state court, and caused him to be unable to manage his finances and causing him to incur out of pocket expenses to determine his legal rights and responsibilities which caused loss of time away from his business. *Id.* at 140. The alleged acts are unfair and deceptive and claims are established for both P&F and TSI.

### 5. Trade or Commerce.

Where the FAC alleges that P&F and TSI engaged in unfair and deceptive acts by threatening to file and filing lawsuits against Tommy Brown for debts that he did now owe and using the court system as a conduit to advance their for-profit enterprise whereupon they sued him in ten separate lawsuits with ten separate judges in King County Superior Court and received attorney fees as a result of such lawsuit, the Defendants' business as a debt collection lawyer has occurred in trade or commerce. *Id.* at ¶ 77. *Short v. Demopolis,* 103 Wash.2d 52, 691 P.2d 163, 168 (1984). (Washington Supreme Court held that certain entrepreneurial aspects of the practice of law may fall within the "trade or commerce" definition of the CPA); *Rhodes v.*

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 16

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

*Rains*, 195 Wn.App. 235 (2016) (Alleged fabrication of bogus entries after the fact for purpose of attorney's fees is actionable under the CPA). Contrary to the assertions in the motion to dismiss, P&F's actions directly involve their billing practices which is an entrepreneurial aspect of the practice of law. *Michael v. Mosquera-Lacy,* 165 Wn.App. 595, 603 (2009) (In a legal practice entrepreneurial aspects include how the price of legal services is determined, billed, and collected and the way a law firm obtains, retains, and dismisses clients There is no reason to distinguish the legal practice from the medical practice for claims of violations of the Washington Consumer Protection Act). Therefore, like the attorneys in *Short v Demopolous*, the Defendants' business model is to increase their billing exponentially through debt collection practices in violation of the law. 103 Wash.2d 52, 691 P.2d 163, 168. As for TSI, the Plaintiff alleges that TSI is a debt collection agency, so its activities occurred within trade or commerce for purposes of the CPA. *See Evergreen Collectors v. Holt s*, 60 Wash.App. 151, 803 P.2d 10, 13 (1991)..

As for TSI,

### 6. Plaintiff's allegations sufficiently state that P&F and TSI's conduct has the capacity to injure other persons to meet the Public Interest Prong

Although P&F reserved its claims to the Public Intrest prong of the CPA, it is easily satisfied for both P&F and TSI. In a private action in which an unfair or deceptive act or practice is alleged under RCW 19.86.020, a claimant may establish that the act or practice is injurious to the public interest because it:

(1) Violates a statute that incorporates this chapter;

(2) Violates a statute that contains a specific legislative declaration of public interest impact; or

(3)(a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons.

Here, the FAC alleges that P&F and TSI's actions violate the FDCPA and the CAA and under the public interest prong of the ordinary CPA since P&F and TSI regularly engage in debt collection activities on behalf of the NCSLT Trusts. Therefore, Plaintiff sufficiently states a real

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 17

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

and substantial potential for repetition, and not just the hypothetical possibility of the repetition of P&F's unfair or deceptive acts. *See Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604, 200 P.3d 695 (2009); *see also Hangman Ridge*, 719 P.2d at 538 (In a private transaction, it is "the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest.")

### 7. P&F and TSI's Conduct Proximately Caused Alleged Injury

To plead and prove a CPA claim, "the injury involved need not be great, but it must be established." Hangman Ridge, 719 P.2d at 539. Quantifiable monetary loss is not required. *Frias v. Asset Foreclosure Services, Inc.*, 334 P.3d 529, 538 (Wash. 2009). "The injury element will be met if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Mason v. Mortgage America, Inc.*, 792 P.2d 142, 148 (Wash. 1990). Here, the FAC alleges that P&F and TSI damaged him by "making him unable to manage his finances and causing him to incur out of pocket expenses to determine his legal rights and responsibilities which caused loss of time away from his business. Dkt. No.104 at ¶ 140. When viewed in light of the non-moving party, the Plaintiff has made a plausible claim of injury against P&F and TSI.

### D. Plaintiff's Pled a sufficient claim of Invasion of Privacy and for Declaratory and Injunctive against TSI and P&F

The Plaintiff incorporates the arguments made in the Joint Opposition Brief at Section III.C and III.D filed concurrently herein regarding Invasion of Privacy that is filed concurrently with this brief.

### III. CONCLUSION

P&F and TSI have not met their burden on motion to dismiss and its motion to dismiss should be denied in its entirety. Alternatively, the Plaintiff's request leave to amend this complaint to allege additional claims.

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 18

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Dated this June 14, 2022.

| | |
|---|---|
| HENRY & DEGRAAFF, P.S. | CONSUMER LAW CENTER, LLC |
| By: /s/ Christina L. Henry<br>Christina L. Henry, WSBA No. 31273<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Telephone: 206.330.0595<br>Facsimile: 206.400.7609<br>chenry@HDM-legal.com | By: /s/ Phillip Robinson<br>Phillip Robinson, Pro Hac Vice<br>8737 Colesville Road, Suite 308<br>Silver Spring, MD 20910<br>phillip@marylandconsumer.com<br><br>Counsel for Plaintiff |
| Counsel for Plaintiff | |

BORISON FIRM, LLC

By: /s/ Scott Borison
Scott Borison, Pro Hac Vice
1900 S. Norfolk St., Suite 350
San Mateo, CA 94403
Telephone: 301.620.1016
scott@borisonfirm.com

Counsel for Plaintiff

OPPOSITION TO DEFENDANT PATENAUDE & FELIX, APC AND TRANSWORLD SYSTEMS, INC'S RULE 12(B)(6) MOTION TO DISMISS (ECF NO. 105 AND 108)- 19

**HENRY & DEGRAAFF, P.S.**
113 CHERRY STREET, PMB 58364
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609