THE HONORABLE DAVID G. ESTUDILLO

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| TOMMY BROWN, on his own behalf and on behalf of other similarly situated persons, | CASE NO.: 2:20-cv-00680-DGE |
| Plaintiff, | **TRANSWORLD SYSTEMS INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| TRANSWORLD SYSTEMS, INC.; *et al.*, | |
| Defendants. | |

10

11

12

13

14

15

16

Defendant, Transworld Systems Inc ("TSI"), by and through undersigned counsel,

17

and for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc.

18

104), states as follows:

19

20

21

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

# I.   <u>INTRODUCTION</u>

1.      TSI admits that plaintiff purports to bring this class action but denies the conduct attributed to it in ¶ 1.

2.      The allegations in ¶ 2 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 2.

3.      The allegations in ¶ 3 make no averment against TSI for which a response is required, and the referenced exhibit speaks for itself.  To the extent a response is required, TSI denies the allegations in ¶ 3.

4.      The allegations in ¶ 4 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 4 except to admit that The Education Resources, Inc. ("TERI") was a non-profit entity and guaranteed certain loans owned by, *inter alia*, codefendants, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, And National Collegiate Student Loan Trust 2007-2 (collectively, the "Defendant Trusts").

5.      The allegations in ¶ 5 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 5 except

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **2** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1  to admit that there exist contractual agreements between TERI and First Marblehead

2  Corporation ("FMC").

3        6.     The allegations in ¶ 6 make no averment against TSI for which a response

4  is required.  To the extent a response is required, TSI denies the allegations in ¶ 6 for

5  lack of information sufficient to justify a belief therein.

6        7.     The allegations in ¶ 7 make no averment against TSI for which a response

7  is required.  To the extent a response is required, TSI denies the allegations in ¶ 7 except

8  to admit that TERI filed bankruptcy, which bankruptcy proceedings speak for

9  themselves.

10        8.     The allegations in ¶ 8 make no averment against TSI for which a response

11  is required.  To the extent a response is required, TSI denies the allegations in ¶ 8 except

12  to admit that certain student loans were sold and assigned to, *inter alia*, the Defendant

13  Trusts and that the Defendant Trusts do not have employees.

14        9.     TSI admits that it sometimes acts on behalf of the Defendant Trusts

15  pursuant to the terms of certain contractual agreements.  Except as specifically admitted,

16  denies the allegations in ¶ 9 as written.

17        10.    The allegations in ¶ 10 make no averment against TSI for which a

18  response is required.  To the extent a response is required, TSI denies the allegations in

19  ¶ 10 except to admit that codefendant, U.S. Bank, National Association ("U.S. Bank"),

20  is the Indenture Trustee and Successor Special Servicer of the Defendant Trusts.

21

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **3** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

11.     The allegations in ¶ 11 make no averment against TSI for which a response is required, and the referenced exhibit, the conclusions of which are denied, speaks for itself.  To the extent a response is required, TSI denies the allegations in ¶ 11 except to admit that the Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("AES") is a pre-default servicer of the Defendant Trusts.

12.     TSI denies the allegations in ¶ 12.

13.     TSI admits that it is the Special Subservicer for the Defendant Trusts and that U.S. Bank is the Successor Special Servicer for the Defendant Trusts.  Except as specifically admitted, TSI denies the allegations in ¶ 13.

14.     TSI admits that its contractual responsibilities as Special Subservicer include the servicing of defaulted student loans owned by the Defendant Trusts and that it has access to AES's system of record for servicing loans owned by the Defendant Trusts.  Except as specifically admitted, TSI denies the allegations in ¶ 14.

15.     TSI admits it entered into its role as Special Subservicer for the Defendant Trusts following the origination and disbursement of the student loans owned by the Defendant Trusts, that its duties as Special Subservicer sometimes involves litigation involving the Defendant Trusts, and that it has access to AES's system of record for servicing loans owned by the Defendant Trusts, which it utilizes in the performance of its contractual duties as Successor Special Subservicer.  Except as specifically admitted, denies the allegations in ¶ 15 as written.

16.     TSI denies the allegations in ¶ 16.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **4** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

17.     TSI denies the allegations in ¶ 17.

18.     TSI admits that it sometimes provides custodial records affidavits relating to loans it services on behalf of the Defendant Trusts but denies the remaining allegations in ¶ 18.

19.     TSI denies the allegations in ¶ 19 except to admit the existence of the referenced administrative consent order (the "Consent Order") and related administrative proceeding, the docket of which speaks for itself.

20.     The referenced Consent Order speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 20 state otherwise, they are denied.

21.     The referenced Consent Order speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 21 state otherwise, they are denied.

22.     TSI denies the allegations in ¶ 22.

23.     TSI denies the allegations in ¶ 23.

24.     TSI denies the allegations in ¶ 24 as written.

25.     Exhibit H speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 25 state otherwise, they are denied.

26.     TSI denies the allegations in ¶ 26 as written.

27.     TSI denies the allegations in ¶ 27.

28.     Exhibit I speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 28 state otherwise, they are denied.

29.     TSI denies the allegations in ¶ 29 as written.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **5** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

30.   TSI denies the allegations in ¶ 30 as written.

31.   TSI denies the allegations in ¶ 31 as written.

32.   TSI denies the allegations in ¶ 32.

33.   TSI denies the allegations in ¶ 33.

34.   TSI denies the allegations in ¶ 34 as written.

35.   TSI denies the allegations in ¶ 35.

## II.   PARTIES, JURISDICTION, AND VENUE

36.   TSI admits the allegations in ¶ 36 upon information and belief.

37.   TSI denies the allegations in ¶ 37 as calling for a legal conclusion.   TSI leaves all matters of jurisdiction to the Court.

38.   TSI admits venue of this removed Action is proper in this Court.

39.   TSI admits that part of its business is the collection of unpaid obligations owed to third parties, that it uses the mail and telephone in the normal course of its business activities, that it is the Special Subservicer of the Defendant Trusts, that it maintains a registered agent and is licensed in the State of Washington, that it has a Board of Directors, and that it contracts with certain attorneys and law firms, including codefendant, Patenaude & Felix, APC (the "Patenaude Law Firm").   Except as specifically admitted, TSI denies the allegations in ¶ 39.

40.   The allegations in ¶ 40 make no averment against TSI for which a response is required.   To the extent a response is required, TSI denies the allegations in

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **6** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

¶ 40 for lack of knowledge or information sufficient to form a belief therein except to admit that the Patenaude Law Firm is a law firm.

41.    The allegations in ¶ 41 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein except to admit that the Patenaude Law Firm is a law firm, that Mr. Cheung is an attorney, and that the Patenaude Law Firm and Mr. Cheung sometimes represent the Defendant Trusts.

42.    TSI admits the Defendant Trusts are Delaware Statutory Trusts formed pursuant to Delaware law.  Except as specifically admitted, TSI denies the allegations in ¶ 42.

43.    TSI denies the allegations in ¶ 43.

44.    TSI admits the allegations in ¶ 44 on information and belief.

45.    TSI denies the allegations in ¶ 45 except to admit that U.S. Bank is the Indenture Trustee of the Defendant Trusts.

46.    TSI admits the allegations in ¶ 46.

47.    TSI denies the allegations in ¶ 47 as written.

48.    Exhibit D and the allegations therein speaks for themselves and are the best evidence of its contents.  TSI denies the allegation in ¶ 48 as written.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **7** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

49.     The allegations in ¶ 49 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 49.

50.     TSI denies the allegations in ¶ 50.

51.     TSI denies any wrongful conduct alleged in ¶ 51.

52.     TSI denies the allegations in ¶ 52.

53.     TSI denies the allegations in ¶ 53.

54.     TSI denies the allegations in ¶ 54.

55.     TSI denies the allegations in ¶ 55 as calling for a legal conclusion.

56.     TSI denies any wrongful conduct alleged in ¶ 56.

57.     TSI denies the allegations in ¶ 57 as calling for a legal conclusion and as written.

58.     TSI denies the wrongful conduct alleged in ¶ 58.

59.     The allegations in ¶ 59 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegation in ¶ 59 except to admit that Wilmington Trust Company is the Owner Trustee of the Defendant Trusts.

60.     TSI denies the allegations in ¶ 60 as written and as calling for legal conclusion.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **8** of 21

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

61.     The allegations in ¶ 61 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 61 as calling for a legal conclusion.

62.     The allegations in ¶ 62 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 62 as calling for a legal conclusion.

63.     The allegations in ¶ 63 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 63 as calling for a legal conclusion.

64.     TSI denies the allegations in ¶ 64 as calling for a legal conclusion.  TSI leaves all matters of jurisdiction to the Court.

65.     TSI denies the allegations in ¶ 65 as calling for a legal conclusion and as misidentifying the present venue of the Action.

### III.   FACTUAL BACKGROUND

**A.   NCSLT and TSI Background**

66.     The allegations in ¶ 66 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 66.

67.     Except to admit that TSI is the successor to NCO Financial Systems, Inc. and that the Defendant Trusts do not have employees, TSI denies the allegations in ¶ 67 as written.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **9** of 21

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

68.   TSI denies the allegations in ¶ 68 as written.

**1.    TSI attorney network**

69.   Except to admit that it sometimes retains law firms for the benefit of its clients, TSI denies the allegations in ¶ 69 as written.

70.   The allegations in ¶ 70 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 70 as calling for a legal conclusion.

**B.    Debt Collection Begins**

71.   The referenced letters speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 71 state otherwise, they are denied.

72.   The referenced verification responses speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 72 state otherwise, they are denied.

73.   The referenced letters speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 73 state otherwise, they are denied.

74.   TSI denies the allegations in ¶ 74 as stated.

**1.    The Trusts File Suit**

75.   The referenced case dockets speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 75 state otherwise, they are denied.

76.   TSI denies the allegations in ¶ 76 as written.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **10** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

77.     The referenced case dockets speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 77 state otherwise, they are denied.

78.     TSI denies the allegations in ¶ 78.

**2.      The Trusts could not substantiate their ownership of the loans**

79.     The referenced affidavits speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 79 state otherwise, they are denied.

80.     The referenced affidavits speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 80 state otherwise, they are denied.

81.     The referenced documents speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 81 state otherwise, they are denied.

82.     The referenced affidavits speaks for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 82 state otherwise, they are denied.

83.     The referenced affidavit speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 83 state otherwise, they are denied.

**C.      Summary Judgment is Granted in Favor of the Browns**

84.     The referenced court's docket speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 84 state otherwise, they are denied.

85.     The referenced court's docket speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 85 state otherwise, they are denied.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **11** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

86.    The referenced court's docket and order speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 86 state otherwise, they are denied.

87.    The referenced court's docket and judgments speak for themselves and are the best evidence of their contents.  To the extent the allegations in ¶ 87 state otherwise, they are denied.

**D.    The Trusts' Other Legal Woes Which Further Demonstrate Their Knowledge that They Chose to Conceal from the Plaintiff, Putative Class Members, and State Courts**

88.    The allegations in ¶ 88 make no averment against TSI for which a response is required.

89.    The referenced court's docket speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 89 state otherwise, they are denied.

90.    The referenced court's docket speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 90 state otherwise, they are denied.

91.    Exhibit C speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 91 state otherwise, they are denied.

92.    TSI denies the allegations in ¶ 92 as stated and as calling for a legal conclusion.

93.    The referenced Consent Order speaks for itself and is the best evidence of its contents.  To the extent the allegations om ¶ 92 state otherwise, they are denied.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **12** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

94.     The referenced Consent Order speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 94 state otherwise, they are denied.

95.     The referenced court's docket speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 95 state otherwise, they are denied.

96.     The referenced court's docket speaks for itself and is the best evidence of its contents.  To the extent the allegations in ¶ 96 state otherwise, they are denied.

97.     The allegations in ¶ 97 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 97 as written.

98.     The allegations in ¶ 98 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 98 as written and denies any allegations of wrongful conduct by TSI.

99.     The allegations in ¶ 99 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 99 as written and denies any allegations of wrongful conduct by TSI.

100.    TSI denies the allegations in ¶ 100.

101.    TSI denies the allegations in ¶ 101.

102.    TSI denies the allegations in ¶ 102.

103.    The allegations in ¶ 103 make no averment against TSI for which a response is required.  To the extent a response is required, TSI denies the allegations in ¶ 103.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **13** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1

## IV.   CLASS ALLEGATION

2      TSI admits that plaintiff purports to bring this Class Action on behalf of the class

3  as defined in the unnumbered paragraph and subparagraph "a", but denies that this

4  action meets the requirements of a class action.

5      104.   TSI admits plaintiff purports to exclude from the Class those individuals

6  listed, but denies this action meets the requirements of a class action. Except as

7  specifically admitted, TSI denies the allegations in ¶ 104.

8      105.   TSI denies the allegations in ¶ 105 as calling for a legal conclusion.

9      106.   TSI admits plaintiff purports to represent a class of individuals but denies

10  this action meets the requirements of a class action. Except as specifically admitted, TSI

11  denies the allegations in ¶ 106.

12      107.   TSI denies the allegations in ¶ 107 as calling for a legal conclusion and

13  further denies this action meets the requirements of a class action.

14      108.   TSI denies the allegations in ¶ 108 and further denies this action meets the

15  requirements of a class action.

16      109.   TSI denies the allegations in ¶ 109 as calling for a legal conclusion and

17  further denies that this action meets the requirements of a class action.

18      110.   TSI denies the allegations in ¶ 110 and further denies that this action meets

19  the requirements of a class action.

20      111.   TSI denies the allegations in ¶ 111 and further denies that this action meets

21  the requirements of a class action.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **14** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

112.    TSI denies the allegations in ¶ 112 and further denies that this action meets the requirements of a class action.

113.    TSI denies the allegations in ¶ 113 and further denies that this action meets the requirements of a class action.

114.    TSI denies the allegations in ¶ 114 and further denies that this action meets the requirements of a class action.

115.    TSI denies the allegations in ¶ 115 and further denies that this action meets the requirements of a class action.

116.    TSI denies the statute referenced in ¶ 116 is applicable to this action and that this action meets the requirements of a class action.

117.    TSI denies the allegations in ¶ 117 and further denies that this action meets the requirements of a class action.

118.    TSI denies the allegations in ¶ 118 and further denies that this action meets the requirements of a class action.

119.    TSI denies the allegations in ¶ 119 and further denies that this action meets the requirements of a class action.

120.    TSI denies the allegations in ¶ 120 and further denies that this action meets the requirements of a class action.

## V.    CAUSES OF ACTION

**A.    Count I: Civil Conspiracy to Violate the Washington State Consumer Protection Act on Behalf of the Named Plaintiff And The Washington Class Members**

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **15** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    121.    In response to ¶ 121, TSI repeats and realleges its answers to the preceding

2    paragraphs as though fully stated herein.

3    122.    TSI denies the allegations in ¶ 122.

4    123.    TSI denies the allegations in ¶ 123.

5    124.    TSI denies the allegations in ¶ 124.

6    125.    TSI denies the allegations in ¶ 125.

7    126.    TSI denies the allegations in ¶ 126.

8    127.    TSI denies the allegations in ¶ 127.

9    128.    TSI denies the allegations in ¶ 128.

10   129.    TSI denies the allegations in ¶ 129.

11   130.    TSI denies the allegations in ¶ 130.

12   **B.    Count II: Violations of The Washington Collection Agency Act on
     Behalf Of The Named Plaintiff And The Washington Class Against
13   TSI and P&F**

14   131.    In response to ¶ 131, TSI repeats and realleges its answers to the preceding

15   paragraphs as though fully stated herein.

16   132.    TSI denies the allegations in ¶ 132.

17   133.    TSI denies the allegations in ¶ 133.

18   134.    TSI denies the allegations in ¶ 134.

19   135.    TSI denies the allegations in ¶ 135.

20   **C.    Count III: Claim Against All Defendants: Violation of The
     Washington State Consumer Protection Act on Behalf of The
21   Washington Class**

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **16** of **21**

1    136.    In response to ¶ 136, TSI repeats and realleges its answers to the preceding

2    paragraphs as though fully stated herein.

3    137.    TSI denies the allegations in ¶ 137.

4    138.    TSI denies the allegations in ¶ 138.

5    139.    TSI denies the allegations in ¶ 139.

6    140.    TSI denies the allegations in ¶ 140.

7    141.    TSI denies the allegations in ¶ 141.

8    142.    TSI denies the allegations in ¶ 142.

9    143.    TSI denies the allegations in ¶ 143.

10   **D.    Count IV: Per Se Violation of Washington's Consumer Protection Act
     due to a Per Se Violation of the Fair Debt Collection Practices Act on
11   Behalf of The Washington Class Against TSI and P&F**

12   144.    In response to ¶ 144, TSI repeats and realleges its answers to the preceding

13   paragraphs as though fully stated herein.

14   145.    RCW 19.86.020 speaks for itself and is the best evidence of its contents.

15   To the extent the allegations in ¶ 145 state otherwise, they are denied.

16   146.    TSI denies the allegations in ¶ 146 as calling for a legal conclusion.

17   147.    TSI denies the allegations in ¶ 147 as calling for a legal conclusion.

18   148.    TSI denies the allegations in ¶ 148, including its subparts (a) through (e).

19   149.    TSI denies the allegations in ¶ 149.

20   150.    TSI denies the allegations in ¶ 150.

21   151.    TSI denies the allegations of wrongdoing in ¶ 151.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **17** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

152.    TSI denies the allegations in ¶ 152.

153.    TSI denies the allegations of wrongdoing in ¶ 153.

154.    TSI denies the allegations in ¶ 154.

155.    TSI denies the allegations in ¶ 155.

156.    TSI denies the allegations in ¶ 156.

157.    TSI denies the allegations in ¶ 157.

**E.      Count V: Injunctive Relief**

158.    TSI denies the allegations in ¶ 158 as calling for a legal conclusion.

159.    TSI denies that plaintiff is entitled to the relief sought in ¶ 159.

160.    TSI denies that plaintiff is entitled to the relief sought in ¶ 160.

161.    TSI denies the allegations in ¶ 161.

162.    TSI denies the allegations in ¶ 162.

163.    TSI denies the allegations in ¶ 163.

**F.      Count VI: Invasion of Privacy Against All Defendants on Behalf of the Washington Class.**

164.    In response to ¶ 164, TSI repeats and realleges its answers to the preceding paragraphs as though fully stated herein.

165.    TSI denies the allegations in ¶ 165.

166.    TSI denies the allegations in ¶ 166.

167.    TSI denies the allegations in ¶ 167.

168.    TSI denies the allegations in ¶ 168.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **18** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

169.   TSI denies the allegations in ¶ 169.

## VI.   REQUEST FOR RELIEF

TSI denies that plaintiff is entitled to the relief sought, including its subparts (a) through (h).

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Amended Complaint, Transworld Systems Inc. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

To the extent a violation of the FDCPA constitutes a per se violation of the Washington Consumer Protection Act, and to the further extent that a violation of the FDCPA is established, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## SECOND AFFIRMATIVE DEFENSE

Assuming Plaintiff suffered any damages, which is denied, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting his purported claims under the doctrines of res judicata, collateral estoppel, ratification, waiver, estoppel, and unclean hands.

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **19** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1

**FOURTH AFFIRMATIVE DEFENSE**

2      One or more of plaintiff's claims are barred by the applicable statute of

3   limitations and/or laches.

4

**FIFTH AFFIRMATIVE DEFENSE**

5      When the alleged acts of TSI complained of in this action occurred, TSI, as

6   Special Subservicer and a record keeper for the loans subject to TSI administration for

7   the Defendant Trusts, acted reasonably in relation to the development and preservation

8   of its business.  TSI had contractual requirements, standard operating procedures, and

9   training programs in place to ensure TSI possessed the relevant loan records supporting

10  the actions and affidavits at issue herein, and ensured TSI's affiants reviewed relevant

11  loan records and therefore possessed sufficient knowledge regarding the loans, loan

12  documentation, and TSI's Subservicing processes, to support the affidavits at issue

13  herein, such that its acts to prepare and execute affidavits were performed in good faith

14  under a reasonable interpretation of existing law and therefore do not constitute unfair

15  conduct in violation of the Washington Consumer Protection Act.

16      WHEREFORE, Defendant, Transworld Systems Inc., respectfully requests that

17  Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiffs' costs, pursuant to federal

18  and state law, and for all other general and equitable relief.

19  Dated: January 12, 2023

20              By:   */s/ Justin H. Homes* _____
                      Bryan C. Shartle, *Pro Hac Vice*
21                    Justin H. Homes, *Pro Hac Vice*

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **20** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1               Bradley J. St. Angelo *Pro Hac Vice*
              SESSIONS, ISRAEL & SHARTLE, LLC

2               3850 North Causeway Blvd, Suite 200
              Metairie, LA 70002-7227

3               Telephone: (504) 828-3700
              Facsimile: (504) 828-3737

4               bshartle@sessions.legal
              bstangelo@sessions.legal

5               jhomes@sessions.legal

6               Emily J. Harris
              Corr Cronin LLP

7               1015 Second Ave. 10th Floor
              Seattle, WA 98104

8               Phone: 206.625.8600
              Email: eharris@corrcronin.com

9

10               *Attorneys for Defendant, Transworld Systems Inc.*

### CERTIFICATE OF SERVICE

11

      I hereby certify that on January 12, 2023, I electronically filed the foregoing with

12 the Clerk of the Court using the CM/ECF system which will send notification of such

13 filing to all CM/ECF participants.

14                         By:*/s/ Justin H. Homes*

15

16

17

18

19

20

21

TRANSWORLD SYSTEMS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT
Page **21** of **21**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737