**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**IN TACOMA**

--------------------------------------------------------

TOMMY BROWN,                    )
                               )
          Plaintiff,           )   No. CV20-680DGE
                               )
   v.                          )
                               )
TRANSWORLD SYSTEMS, INC,        )
et al.,                        )
                               )
          Defendants.          )

--------------------------------------------------------

**SCHEDULING CONFERENCE**

--------------------------------------------------------

**February 23, 2023**

**BEFORE THE HONORABLE DAVID G. ESTUDILLO**
**UNITED STATES DISTRICT COURT JUDGE**

```
 1    APPEARANCES:

 2
      For the Plaintiff:          Scott Borison
 3                                BORISON FIRM

 4                                Christina Henry
                                  HENRY & DEGRAAFF
 5
                                  Phillip Robinson
 6                                CONSUMER LAW CENTER

 7    For the Defendant
      Transworld Systems,
 8    Inc.:                       Bryan Shartle
                                  SESSIONS ISRAEL & SHARTLE
 9
                                  Emily Harris
10                                CORR CRONIN

11    For the Defendant
      Patenaude & Felix APC:      Marc Rosenberg
12                                LEE SMART

13    For the Defendant US
      Bank:                       Albert Rota
14                                JONES DAY

15                                Thomas Abbott
                                  PERKINS COIE
16

17

18

19

20

21

22

23

24

25      Proceedings stenographically reported and transcript
          produced with computer-aided technology
```

09:02:24AM

09:02:24AM 1            THE CLERK:  This is the matter of Brown versus

09:02:28AM 2    Transworld Systems, Incorporated, Cause No. CV20-680DGE.

09:02:35AM 3    Counsel for plaintiff, please make an appearance.

09:02:38AM 4            MS. HENRY:  Christina Henry, attorney for the

09:02:41AM 5    plaintiff.

09:02:43AM 6            MR. BORISON:  Good morning, your Honor.  Scott

09:02:45AM 7    Borison, also for the plaintiff.

09:02:46AM 8            MR. ROBINSON:  Good morning, your Honor.  Phillip

09:02:48AM 9    Robinson on behalf of the plaintiff.

09:02:51AM 10           THE CLERK:  For defendants.

09:02:55AM 11           MR. ROTA:  This is Albert Rota from Jones Day,

09:02:59AM 12   for U.S. Bank.

09:03:01AM 13           MR. ABBOTT:  Thomas Abbott on behalf of defendant

09:03:05AM 14   U.S. Bank and the defendants Student Loan Trusts.

09:03:13AM 15           THE COURT:  Mr. Rosenberg, we see your lips

09:03:17AM 16   moving but you are muted.

09:03:20AM 17           MR. ROSENBERG:  I apologize.  Marc Rosenberg for

09:03:24AM 18   defendant Patenaude & Felix APC.

09:03:29AM 19           MS. HARRIS:  Your Honor, Emily Harris for

09:03:32AM 20   defendant TSI.

09:03:35AM 21           THE COURT:  All right.  Thank you and good

09:03:37AM 22   morning.  I think everybody identified themselves for the

09:03:40AM 23   record.  Just a note, so my kids' school was called for a

09:03:48AM 24   snow day today, so you might hear some people in the

09:03:51AM 25   background every once in a while yelling at each other,

09:03:54AM 1  and then you will see me immediately mute and probably

09:03:56AM 2  turn around and yell back at them to be quiet.  FYI.  I

09:04:01AM 3  have two teenage daughter and a boy who is almost a

09:04:05AM 4  teenager.  They fight about everything.  FYI.  Just

09:04:08AM 5  letting you know.

09:04:09AM 6      Good morning and welcome, everyone.  Glad to have you

09:04:12AM 7  all here.  I want to talk about scheduling, of course, and

09:04:16AM 8  other issues that you identified in the joint status

09:04:19AM 9  report that was filed.  I know everybody kind of knows

09:04:24AM 10 each other on this case because it has been around for a

09:04:27AM 11 little bit of time.  Hopefully we can kind of discuss

09:04:30AM 12 about what we are doing and how we are going to accomplish

09:04:34AM 13 getting this case ready for trial and/or resolution.

09:04:37AM 14     I think the big issue first is just to talk about the

09:04:41AM 15 basic scheduling.  Both parties have produced two proposed

09:04:44AM 16 schedules for the case to proceed.

09:04:48AM 17     A basic question, though, I have with regard to the

09:04:51AM 18 class certification, and this is for plaintiffs, I

09:04:55AM 19 suppose, what is your timeline?  What do you think your

09:04:59AM 20 timeline is to do what you need to do in order to present

09:05:02AM 21 a motion for class certification?

09:05:04AM 22     MR. BORISON:  Your Honor, this is Scott Borison.

09:05:07AM 23 The timeline is depending on -- it is really dependent on

09:05:12AM 24 the discovery we are able to access.  I would think we

09:05:15AM 25 would be in a position in a period of anywhere from 120 to

09:05:19AM 1    150 days to file a motion for class certification.

09:05:23AM 2             THE COURT:  And the reason I ask that is, of

09:05:25AM 3    course, both parties raised the one-way intervention rule.

09:05:30AM 4    Each side says, hey, the other side should not be allowed

09:05:33AM 5    to file a response to the motion until the class

09:05:36AM 6    certification issue is dealt with.  That just tells me,

09:05:42AM 7    well, geez, I think both parties are probably right.  We

09:05:45AM 8    probably need to get the class certification issue

09:05:48AM 9    resolved before we hear any dispositive motions.  Again,

09:05:52AM 10   both parties are raising the same issue as to why the

09:05:55AM 11   other side should not be allowed to file some type of

09:05:59AM 12   responsive motion.

09:06:00AM 13        My thoughts are, I want to see a scheduling order

09:06:04AM 14   that first focuses on class certification and anything

09:06:08AM 15   that needs to be done in order to have the parties ready

09:06:11AM 16   to brief that, and then argue it, of course, and then the

09:06:16AM 17   Court should make a decision.

09:06:17AM 18        I'm going to try to share my screen here, if I can,

09:06:22AM 19   and show you what I pulled from another case that we have

09:06:26AM 20   had before.  One second as I try to figure out how to do

09:06:32AM 21   this.  I used to be able to know how to do this.  There we

09:06:36AM 22   go.  Share screen.  Can you see that, what I have just put

09:06:48AM 23   up there?

09:06:54AM 24             MR. ABBOTT:  Your Honor, can you make that a

09:06:56AM 25   little bigger?

09:06:59AM 1          THE COURT:  Yeah.  So this is what was done in

09:07:02AM 2   another case.  Basically we identified dates for

09:07:06AM 3   disclosure of any experts related to the class

09:07:09AM 4   certification, basically focused on discovery related to

09:07:14AM 5   class first, and then set a briefing schedule, and then,

09:07:19AM 6   of course, a hearing to determine as is required by the

09:07:24AM 7   court.  And then after the court makes a decision on the

09:07:27AM 8   class certification, we come back together and set a more

09:07:31AM 9   formal schedule for opt-out period, any disclosure or fact

09:07:35AM 10  discovery, basically dispositive motions, et cetera, and

09:07:37AM 11  then identify the trial dates.

09:07:40AM 12        That's what I am thinking needs to be done in this

09:07:42AM 13  case, again, for the sole reason -- not the sole reason,

09:07:45AM 14  but the major reason is both parties agree the class

09:07:51AM 15  certification needs to be determined first before the

09:07:51AM 16  other side is allowed to file their motion for a

09:07:56AM 17  dispositive -- a dispositive motion, rather.

09:08:00AM 18          MR. BORISON:  Your Honor, from the plaintiff's

09:08:02AM 19  perspective, that's fine.  The one issue I would raise

09:08:04AM 20  with the Court is the bifurcation of discovery.  The

09:08:08AM 21  reason I raise that is because my experience is when we

09:08:11AM 22  start bifurcating between class and merits discovery, so

09:08:15AM 23  to speak, what ends up happening is we have collateral

09:08:19AM 24  litigation as to what's the scope of the discovery that we

09:08:22AM 25  are conducting at the time.  It seems to bog down the

09:08:27AM 1  ability to go ahead and complete the discovery necessary

09:08:29AM 2  to meet the schedule.

09:08:32AM 3      The only --  What I would suggest --  The other part

09:08:36AM 4  of that, your Honor, sometimes what ends up happening is

09:08:40AM 5  if we are limited to class discovery, so to speak, the

09:08:43AM 6  response or opposition often goes into merits issues,

09:08:48AM 7  explaining why the case shouldn't go forward as a class.

09:08:53AM 8      I have no problem with the schedule that you are

09:08:55AM 9  proposing.  I am bringing up the issue, if I understood

09:09:01AM 10 you correctly, saying bifurcating the discovery to limit

09:09:04AM 11 it to strictly class issues.

09:09:07AM 12     THE COURT:  I will hear from defense on this

09:09:08AM 13 issue.  Maybe I'm going a little too far on that.  Maybe

09:09:11AM 14 that's not exactly what I was hoping to express.  I do

09:09:14AM 15 think discovery needs to be done, no matter what, as to

09:09:18AM 16 the merits of the case.  And I don't disagree, why put

09:09:20AM 17 that on hold?  That should probably go forward.

09:09:22AM 18     What I want to do before setting any trial dates, any

09:09:25AM 19 final deadlines for quote/unquote dispositive motions and

09:09:33AM 20 closing discovery, I want to set those off until after we

09:09:36AM 21 make a decision on class certification.  That's really my

09:09:39AM 22 goal, let's get these deadlines put into place for class

09:09:44AM 23 certification.  But I don't disagree that ultimately the

09:09:47AM 24 parties need to do discovery on the merits of the case.

09:09:52AM 25 There is probably no reason to put that off, I suppose.

09:09:55AM 1   There really isn't, because it is going to happen.

09:09:58AM 2        Let me hear from defense.  Thoughts on a schedule?

09:10:03AM 3   My thought, again, is just to put this type of schedule in

09:10:06AM 4   for the sole purpose of setting a hearing date and/or

09:10:10AM 5   noting date for the class certification motion.  But it's

09:10:15AM 6   not to limit discovery solely to the class issues.  But I

09:10:20AM 7   do want this type of schedule so that we can focus on

09:10:23AM 8   class first, and then set another schedule afterwards,

09:10:28AM 9   after we determine class.  But thoughts from any defense

09:10:32AM 10  counsel on this type of schedule?

09:10:38AM 11       MR. ROTA:  Sure, your Honor.  This is Al Rota

09:10:42AM 12  from U.S. Bank.  On the initial issue of the one-way

09:10:43AM 13  intervention rule, that rule exists to protect defendants

09:10:49AM 14  from motions by plaintiffs -- dispositive motions by

09:10:55AM 15  plaintiffs prior to class certification.  Because, in

09:10:59AM 16  theory, if the plaintiff were to win a motion like that,

09:11:05AM 17  it would possibly apply, in the future, to class members

09:11:10AM 18  who would then want to opt in when perhaps they might have

09:11:14AM 19  wanted to opt out.

09:11:15AM 20       Whereas, if the defendant were to bring a motion

09:11:18AM 21  concerning an issue, which I think is what the defendants

09:11:21AM 22  contemplated here, one, that may not raise the specific

09:11:26AM 23  concerns that the one-way intervention rule exists to

09:11:30AM 24  protect.  But, also, it would be the defendants that take

09:11:35AM 25  the risk that the decision on such a motion will only

09:11:40AM 1    apply to the main defendant, and the decision would not

09:11:43AM 2    then apply to potential class members.  That's why we

09:11:52AM 3    proposed the scheduling in this matter.

09:11:53AM 4         And that kind of fits in hand with phasing the

09:11:56AM 5    discovery, in such a way that we could address what tends

09:12:01AM 6    to be the key issue in these types of cases, which is

09:12:05AM 7    whether or not the trusts owned the loans.  That's why the

09:12:08AM 8    defendants proposed the schedule they did.

09:12:11AM 9         I believe that even if we were to go through the

09:12:15AM 10   schedule that you set forth here, your Honor, the merits

09:12:19AM 11   that Mr. Borison raised in terms of the class will likely

09:12:24AM 12   turn on, as they did in Hoffman before Judge Zilly, the

09:12:28AM 13   same types of ownership questions that would be raised by

09:12:31AM 14   such phase discovery as the defendants suggest.

09:12:38AM 15        MR. SHARTLE:  This is Bryan Shartle on behalf of

09:12:42AM 16   the defendant TSI.  I will try not to repeat what Mr. Rota

09:12:45AM 17   has stated.  I do think, at a minimum, I would ask before

09:12:50AM 18   your Honor rule on this, if you are inclined to decide

09:12:53AM 19   certification, at least give us the opportunity to file

09:12:57AM 20   some papers on this, because there is a history behind the

09:13:01AM 21   one-way intervention rule.

09:13:02AM 22        As Mr. Rota explained, this rule was in place to

09:13:06AM 23   protect defendants.  Historically plaintiffs would file

09:13:12AM 24   early motions to get a ruling on liability, and then class

09:13:18AM 25   members would intervene into a class action after

09:13:22AM 1   liability has been decided in favor of the plaintiff

09:13:25AM 2   class.

09:13:26AM 3        That, obviously, is sort of a perversion of the

09:13:29AM 4   process and encouraged classes where liability had already

09:13:33AM 5   been established.

09:13:35AM 6        Fast forward in time, as the comments to Rule 23 make

09:13:39AM 7   very clear, there are a lot of reasons now why defendants

09:13:44AM 8   may choose to have the liability issue decided first.

09:13:47AM 9        If they prevail on that motion for summary judgment,

09:13:51AM 10  as Mr. Rota just noted, that ruling is only going to be

09:13:54AM 11  binding on the named parties.  It's not going to create

09:13:58AM 12  any binding liability for the class members.  That's the

09:14:02AM 13  risk that defendants take by filing that early motion for

09:14:06AM 14  summary judgment, is that there could be a subsequent bite

09:14:10AM 15  at the apple in a separate case with an unnamed plaintiff

09:14:14AM 16  that was a class member in the existing case.

09:14:18AM 17       So that's the risk that the defendants take, but that

09:14:21AM 18  does not permit the plaintiffs to seek an early finding of

09:14:26AM 19  liability.

09:14:27AM 20       Again, the one-way intervention rule, which the

09:14:31AM 21  plaintiffs speak of here, is to protect defendants.  So

09:14:35AM 22  the defendants are the ones that are asking for that

09:14:38AM 23  opportunity to file that motion.  That does not mean that

09:14:42AM 24  the plaintiffs should be given the same opportunity.

09:14:44AM 25       And, again, there is quite a bit of commentary out

09:14:47AM 1    there.  Even the Manual for Complex Litigation talks about

09:14:51AM 2    the fact that defendants should be given the opportunity

09:14:53AM 3    to file early dispositive motions if they so choose.

09:14:58AM 4        In this instance, it is going to avoid a lot of

09:15:02AM 5    expense and time for both the parties and the Court.  And

09:15:06AM 6    so we ask that we be given that opportunity.  And if your

09:15:10AM 7    Honor would like to see some papers on this issue, I have

09:15:14AM 8    previously briefed this issue before, this exact issue, as

09:15:17AM 9    to whether or not the plaintiffs should be given the

09:15:19AM 10   opportunity to file their early motion.

09:15:25AM 11       MR. ROTA:  If I may, just dropping in here again?

09:15:27AM 12   I think the motions that the defendants have contemplated

09:15:30AM 13   focuses on an issue.  That issue may or may not even raise

09:15:34AM 14   full liability.  It may narrow some claims.  But I'm not

09:15:39AM 15   sure that is a full liability determination.  And if there

09:15:45AM 16   were papers, I think we would be able to clarify that,

09:15:50AM 17   your Honor.

09:15:51AM 18       THE COURT:  Let me hear from any other defendants

09:15:53AM 19   first before I hear from plaintiff on this issue.

09:16:00AM 20   Plaintiffs' counsel, Mr. Borison?

09:16:05AM 21       MR. BORISON:  Yes, your Honor.  I think the

09:16:07AM 22   one-way intervention issue, as the Court framed it, is

09:16:09AM 23   really just a matter of fairness.  They would like the

09:16:12AM 24   Court to go ahead and give them the opportunity to go

09:16:14AM 25   ahead and move for summary judgment early in the case

09:16:16AM 1   before class certification, as they have addressed.  Not

09:16:21AM 2   only that, they want to limit discovery on those type of

09:16:24AM 3   issues so they tee up their motion without any sort of

09:16:28AM 4   discussion of the general.

09:16:31AM 5        The ownership issue is one of the issues, but the

09:16:35AM 6   claims that are here are the filing of complaints when

09:16:38AM 7   they don't have the proof in place.  As well, that's what

09:16:40AM 8   the Court decided in the motion to dismiss, that it was a

09:16:44AM 9   matter of an unfair and deceptive practice how they went

09:16:48AM 10  about trying to collect these things when they didn't have

09:16:51AM 11  information available at the time of filing.  So it is not

09:16:53AM 12  the only issue.  It is not the determinative issue here.

09:16:56AM 13       The idea that we should go ahead and spend time on

09:16:59AM 14  just this sole issue for some period of time, I guess --

09:17:03AM 15  I'm not even sure what they are proposing as far as the

09:17:07AM 16  period of time, but to bifurcate or, you know, even

09:17:10AM 17  trifurcate the case, is basically what they are saying,

09:17:13AM 18  that there should be three phases.  It should be a phase

09:17:16AM 19  dealing with their ability to file a motion for summary

09:17:18AM 20  judgment on a partial issue that does not resolve the

09:17:21AM 21  case, then we go to class certification, then we go to the

09:17:24AM 22  general merits.

09:17:26AM 23       All of that just creates collateral litigation in the

09:17:29AM 24  discovery phase of this case that is unnecessary.

09:17:32AM 25       The Court's proposal to go ahead and deal with the

09:17:35AM 1    class certification is a sound one, and one followed by

09:17:40AM 2    most courts.  With the exception of the traditional --

09:17:44AM 3    years ago the traditional thing was to bifurcate the class

09:17:48AM 4    certification and also bifurcate the discovery.  Given

09:17:52AM 5    recent cases, for instance Walmart versus Dukes, where the

09:17:56AM 6    Court said, no, you sort of have to delve into the merits,

09:17:59AM 7    that bifurcation issue -- the bifurcation of the motion

09:18:02AM 8    practice still exists, but the bifurcation of discovery

09:18:05AM 9    has basically disappeared, at least in my experience.

09:18:08AM 10          So I think there is no downside to --  We are going

09:18:12AM 11   to have to do this discovery going forward.  And this idea

09:18:18AM 12   that, as far as the ownership issue, for instance --  At a

09:18:21AM 13   minimum, your Honor, keep in mind that this case comes

09:18:24AM 14   before you after there has been decisions from the state

09:18:27AM 15   court that are entitled to full faith and credit.  At a

09:18:31AM 16   minimum, even if the Court doesn't give full faith and

09:18:35AM 17   credit and adopt the state court proceedings, there is

09:18:37AM 18   going to end up being some sort of factual issue based on

09:18:41AM 19   the state court pleadings and the state court motion

09:18:44AM 20   practice that would already exist.

09:18:47AM 21          The bottom line is, the idea that there is going to

09:18:50AM 22   be a summary judgment that is going to have -- be free of

09:18:54AM 23   any factual disputes is inaccurate here, because of the

09:18:58AM 24   state court proceedings that have already been determined,

09:19:02AM 25   that they did not -- that they were not able to show

09:19:04AM 1    ownership at that point.

09:19:06AM 2        So what they are proposing in this context is really

09:19:11AM 3    just sort of a collateral case to be tried that's not

09:19:18AM 4    going to resolve anything.  Ultimately, we are just going

09:19:21AM 5    to come back to the class certification.

09:19:23AM 6        I think we support the Court's idea of setting the

09:19:27AM 7    class certification schedule, get that resolved, and they

09:19:31AM 8    can raise whatever issues they want in contention -- in

09:19:35AM 9    conjunction with the class certification.

09:19:36AM 10       We also have the economy of doing the discovery

09:19:40AM 11   rather than taking a witness now, asking limited issues,

09:19:45AM 12   and then coming back and having to depose that same person

09:19:48AM 13   again, because, you know, the Court limited the discovery

09:19:52AM 14   the first round.  It just doesn't make any economical

09:19:56AM 15   sense for anyone.

09:19:57AM 16       Again, we are fully in support of the Court's

09:20:02AM 17   proposal, with the caveat that it shouldn't really limit

09:20:07AM 18   the discovery to class certification issues, so to speak.

09:20:16AM 19           MR. ROTA:  Your Honor, if I may?

09:20:18AM 20           THE COURT:  Yes.

09:20:19AM 21           MR. ROTA:  Just in response to Mr. Borison, I

09:20:21AM 22   don't think there is a likelihood your Honor would have to

09:20:24AM 23   have a three-phase case.  If you were to agree with

09:20:27AM 24   defendants that there could be a phasing as to the initial

09:20:30AM 25   ownership question, it would still result, I believe, in a

09:20:34AM 1  two-phase, with the second phase moving straight to the

09:20:38AM 2  full merits and class certification issues that

09:20:43AM 3  Mr. Borison spoke about.

09:20:45AM 4      By having the phasing, you would eliminate the

09:20:49AM 5  concern about getting through class certification

09:20:55AM 6  (inaudible), hear the motion that the defendants have

09:21:06AM 7  proposed.

09:21:06AM 8          THE COURT:  I'm debating in my head or

09:21:09AM 9  envisioning something that is kind of in between what both

09:21:12AM 10 sides want, and basically building into the same schedule

09:21:19AM 11 the same dates for your motion that you wish to file,

09:21:27AM 12 dispositive motion, basically putting in here plaintiff's

09:21:33AM 13 motion for class certification due on, and then pick a

09:21:36AM 14 date.  And likewise, on that same date defendant's

09:21:40AM 15 motion -- dispositive motion on ownership issues, and

09:21:45AM 16 follow the same briefing schedule.

09:21:48AM 17     The only reason I am thinking about that is because

09:21:51AM 18 there may be some interplay between the ability --  Again,

09:21:58AM 19 I hear plaintiff's perspective, well, there are other

09:22:01AM 20 issues involved.  But there may be some interplay between

09:22:04AM 21 whether or not the plaintiff would be an appropriate class

09:22:08AM 22 representative if in fact the defense dispositive motion

09:22:13AM 23 were successful.  So there is kind of an interplay there.

09:22:19AM 24     I think to balance that, it may be best then to just

09:22:24AM 25 put the same deadline in for filing of class certification

09:22:31AM 1    and the same deadline for the dispositive motion that the

09:22:35AM 2    defendants want to bring.  And still everybody doing the

09:22:39AM 3    discovery that needs to be done.  And then we would still,

09:22:47AM 4    after we make decisions on the class certification

09:22:49AM 5    issue -- which, again, we will make a decision on the

09:22:52AM 6    summary judgment issue that defendants want to raise.

09:22:55AM 7    When we do both of those at the same time, then depending

09:22:59AM 8    on what pans out after that, we could then set final dates

09:23:03AM 9    for completion of discovery, which hopefully would be

09:23:06AM 10    fairly short by then, and a trial date that would work

09:23:09AM 11    with everybody.

09:23:13AM 12         MR. ROTA:  I have one further question there,

09:23:15AM 13    your Honor.  I can see the interplay that you raised in

09:23:20AM 14    terms of the named plaintiff and his ability to advocate

09:23:26AM 15    fully on behalf of the class.  I'm not commenting on that

09:23:29AM 16    here, but I understand the issue.

09:23:33AM 17        Would the parties in what you just discussed have an

09:23:36AM 18    opportunity to brief final summary judgment motions after

09:23:41AM 19    the class certification question?  I ask that because I

09:23:47AM 20    don't know if plaintiff is contemplating a motion.  I

09:23:50AM 21    believe they have brought such motions in other cases.

09:23:54AM 22        I think outside of the ownership question, the

09:23:57AM 23    defendants would likely have other summary judgment issues

09:24:01AM 24    that they would be able to raise at the completion of

09:24:01AM 25    (inaudible).

09:24:06AM 1      THE COURT:  My thought process was, yes, there

09:24:08AM 2  would still be a subsequent dispositive motion deadline

09:24:12AM 3  for both parties at that point.

09:24:17AM 4      MR. SHARTLE:  Your Honor, I have one related

09:24:20AM 5  question.  That deadline that you are talking about tying

09:24:21AM 6  the class cert motion deadline for the filing of

09:24:24AM 7  dispositive motion, that dispositive motion, again, I

09:24:28AM 8  would ask that it be limited to the defendant being

09:24:31AM 9  permitted to file a motion at that time, not plaintiff.

09:24:38AM 10  Again, that would, in my view, be contrary to the one-way

09:24:42AM 11  intervention rule.

09:24:43AM 12      If defendant decides to file an early motion that --

09:24:47AM 13  again, I would still ask that it be earlier than the class

09:24:50AM 14  cert deadline.  But I hear your Honor.  To the extent you

09:24:54AM 15  want that filing to occur simultaneously, that it only be

09:24:58AM 16  defendants that are permitted to file that, not

09:25:00AM 17  plaintiffs.  And at any subsequent motion for summary

09:25:02AM 18  judgment, at some later point, defendants could rebrief

09:25:06AM 19  any other legal issue, and then at that time plaintiffs

09:25:09AM 20  could file any type of motion for summary judgment they

09:25:12AM 21  like.

09:25:17AM 22      THE COURT:  The one issue that has popped into my

09:25:20AM 23  head, inevitably defendants are going to say, we believe

09:25:24AM 24  we have ownership of this -- have ownership of these notes

09:25:31AM 25  or loans.  The counterargument from the plaintiffs will

09:25:39AM 1   be -- at least one of them will be, this issue has already

09:25:42AM 2   been decided and they are precluded from raising this

09:25:46AM 3   issue. And so inevitably it's almost as if -- Assuming

09:25:54AM 4   there is -- If in fact the Court were to deny your motion

09:26:00AM 5   based on that ground that defendant -- excuse me, that

09:26:04AM 6   plaintiffs argue this was already -- is precluded, it's

09:26:10AM 7   almost like a summary judgment motion, in a sense, the

09:26:13AM 8   other way. Because if I rule against you in favor of

09:26:17AM 9   plaintiff on that issue, then it's just a matter of them

09:26:23AM 10   turning it around and saying, your Honor, you already

09:26:26AM 11   ruled on it, basically, and we want the summary judgment

09:26:28AM 12   going the other way on this issue. So it is kind of going

09:26:31AM 13   to be decided almost -- potentially, that particular

09:26:34AM 14   issue.

09:26:35AM 15       MR. ROSENBERG: Your Honor, I think you could

09:26:39AM 16   decide it --

09:26:39AM 17       THE COURT: If I were to grant your motion -- I

09:26:39AM 18   apologize, Mr. Rosenberg. If I were to grant your motion

09:26:42AM 19   on that ground, then by definition I think plaintiff's

09:26:48AM 20   motion in the future, even though they might want to file

09:26:51AM 21   it again, would probably -- I would deny it right away,

09:26:54AM 22   saying, look, I already decided this issue by letting -- I

09:26:57AM 23   granted it on your side.

09:27:02AM 24       MR. SHARTLE: The only thing I would respectfully

09:27:05AM 25   disagree with, your Honor, is the denial of our motion is

09:27:07AM 1   just denial -- not necessarily some legal finding that

09:27:11AM 2   supports the plaintiff's theory, but that there are

09:27:15AM 3   genuine issues of material fact. I don't see that as

09:27:19AM 4   necessarily requiring a subsequent granting of a motion

09:27:22AM 5   the other way.

09:27:23AM 6       And I would say, respectfully, your Honor, that I

09:27:26AM 7   think this issue -- this is a pure legal issue as to

09:27:31AM 8   whether NCSLT meeting is evidentiary burdening, and a

09:27:37AM 9   state court trial is some kind of binding legal conclusion

09:27:41AM 10   that they don't own the loan. That is a simple legal

09:27:44AM 11   issue that I think we will be able to quickly resolve.

09:27:48AM 12       It is true that, as defendants point out, putting

09:27:52AM 13   forth all sorts of evidence, and plaintiff's counsel is

09:27:56AM 14   well aware of this evidence, they have seen it, as to why

09:28:00AM 15   trusts do in fact own these loans. And we are going to

09:28:03AM 16   present that to your Honor, and show you the caselaw that

09:28:05AM 17   there is no binding legal conclusion as the plaintiff

09:28:10AM 18   suggests here.

09:28:11AM 19       Again, I don't think that, if you were to not agree

09:28:14AM 20   with the evidence we present, that means that plaintiffs

09:28:19AM 21   ultimately prevail on their summary judgment. There is

09:28:23AM 22   the possibility of a gray in between area.

09:28:26AM 23       THE COURT: I think you're right, there probably

09:28:28AM 24   is a possibility of a gray in between area, but there is

09:28:32AM 25   also a possibility that there is no gray in between area.

09:28:37AM 1  It may in fact go the other way.  You're right, there is a

09:28:41AM 2  possibility of a gray in between, but ultimately once we

09:28:44AM 3  make a decision we will find out if there is a gray in

09:28:48AM 4  between or not.

09:28:49AM 5         MR. SHARTLE:  What about this -- as a

09:28:52AM 6  possibility, your Honor, what if we briefed the legal

09:28:54AM 7  issue of issue preclusion now?  I mean, that doesn't

09:28:59AM 8  require any discovery.  That is a legal brief on the law.

09:29:09AM 9         THE COURT:  Hold on.  Let me hear from plaintiff,

09:29:13AM 10  Mr. Rota, and then we will have you comment.

09:29:15AM 11         MR. BORISON:  Your Honor, I think what you point

09:29:16AM 12  out is sort of the tension between how Rule 56 operates

09:29:19AM 13  and this issue of one-way intervention.  Rule 56 basically

09:29:23AM 14  says, as the issues are presented to the Court, that the

09:29:26AM 15  Court can still -- whether it grants it in toto or not,

09:29:30AM 16  there are still determinations that can be made by the

09:29:34AM 17  Court as part of that proceeding.

09:29:37AM 18      One of the issues that's, you know, going to be

09:29:40AM 19  presented is what the Court has pointed out, which is what

09:29:43AM 20  if that state court finding is preclusive?  Basically they

09:29:51AM 21  are asking you to do a modified version of the Rule 56,

09:29:54AM 22  don't do the full rule that provides for those type of

09:29:59AM 23  determinations by the court, even if the motion is not

09:30:02AM 24  granted in part.  So they are really asking to modify

09:30:06AM 25  Rule 56 on the basis of a one-way intervention.

09:30:09AM 1      But it really doesn't make sense, because, first of

09:30:14AM 2  all, they are going to have to come in and say there is no

09:30:16AM 3  genuine issue as to a material fact which presents a legal

09:30:19AM 4  issue for the Court to decide.  And if you decide that

09:30:22AM 5  legal issue against them, as the Court points out, that's

09:30:27AM 6  basically a ruling in favor of the plaintiff.  So this

09:30:30AM 7  idea that somehow we can, you know, limit how you approach

09:30:33AM 8  Rule 56 in this particular instance is inconsistent with

09:30:39AM 9  how the rule is set up.

09:30:40AM 10       MR. ROSENBERG:  Your Honor, Marc --  Sorry.  I

09:30:42AM 11  thought you were done.

09:30:43AM 12       THE COURT:  Mr. Rosenberg, it is going to be

09:30:45AM 13  Mr. Rota next.

09:30:47AM 14       MR. ROTA:  Your Honor, I hear Mr. Borison,

09:30:50AM 15  Mr. Shartle, and your comments.  What I might suggest here

09:30:55AM 16  is that we set up a schedule that gives the defendants the

09:30:59AM 17  option to file the contemplated motion at or around the

09:31:04AM 18  date of class certification motions, as you suggested.  To

09:31:08AM 19  the extent we think there might be some kind of a legal

09:31:14AM 20  issue, the way that you have raised and then Mr. Borison

09:31:19AM 21  discussed, the parties can think through that prior to

09:31:21AM 22  making some kind of motion.  If we have to, if we think it

09:31:25AM 23  is worthwhile, perhaps in advance we can meet and confer

09:31:29AM 24  with plaintiffs and request leave from you to file a

09:31:33AM 25  motion, such as Mr. Shartle suggested.

09:31:36AM 1      I think for purposes of setting a schedule now and

09:31:38AM 2  getting this case moving, I think that the defendants

09:31:42AM 3  should have the option, which they may or may not take, to

09:31:46AM 4  file a summary judgment motion on the issue of class

09:31:49AM 5  ownership at or around the same time as class

09:31:53AM 6  certification.  And then I think we can cut through a lot

09:31:56AM 7  of the back and forth we just had.

09:32:01AM 8          THE COURT:  Thank you.  Mr. Rosenberg, one last

09:32:03AM 9  comment.

09:32:04AM 10          MR. ROSENBERG:  Yes, your Honor.  I think a

09:32:05AM 11  little bit of clarification might be helpful here.  People

09:32:08AM 12  have been saying plaintiffs and defendants.  There are

09:32:11AM 13  separate defendants.  I believe it would just be the

09:32:13AM 14  trust --  Other defendant counsel can correct me if I'm

09:32:17AM 15  wrong.  It is just the trust that would be moving on the

09:32:20AM 16  loan ownership issue.

09:32:22AM 17      In regard to my client, Patenaude & Felix, which was

09:32:27AM 18  the attorney in the underlying case, there would be no

09:32:30AM 19  issue preclusion.  There is caselaw in Washington and

09:32:32AM 20  other caselaw basically saying issue preclusion or claim

09:32:37AM 21  preclusion does not apply to an attorney who did not have

09:32:42AM 22  an opportunity to defend their own interests in the

09:32:45AM 23  underlying case.  And we can present that to you.

09:32:50AM 24      I would note, also, your Honor, plaintiffs had

09:32:54AM 25  indicated that basically it would limit discovery, they

09:33:00AM 1  may have to come back and, for example, depose someone

09:33:04AM 2  twice.  But I would note, your Honor, if the Court does

09:33:07AM 3  permit the trust to proceed and make this motion, it would

09:33:11AM 4  only relate to the one loan in regard to Mr. Brown.

09:33:18AM 5      And then if the defendants were to prevail, there is

09:33:21AM 6  potentially a lot of non-parties and even parties who

09:33:26AM 7  would not need to give any discovery, at least certainly

09:33:29AM 8  not on certain issues.

09:33:31AM 9      I think the final thing I would say is, and this is a

09:33:34AM 10  minor point, I guess, plaintiffs also argued that somehow

09:33:38AM 11  the 12(b)(6) motion decided anything.  It is just a motion

09:33:45AM 12  on the pleadings.  The Court decided that the pleadings

09:33:49AM 13  plausibly state a claim.  There were no findings on that.

09:33:52AM 14  So the statement that the Court made findings and

09:33:55AM 15  decisions in the ruling on the 12(b)(6), will not, I don't

09:34:01AM 16  believe, control the factual issues as they go forward on

09:34:04AM 17  the case.

09:34:06AM 18      I think that's what I was going to say, your Honor.

09:34:09AM 19  Thank you.

09:34:10AM 20          THE COURT:  All right.  Thank you, Mr. Rosenberg.

09:34:12AM 21  I also appreciate that last comment, the 12(b)(6) motion

09:34:17AM 22  basically at this point only does minor things which keep

09:34:22AM 23  the claims alive.  Ms. Henry, you have a comment.

09:34:24AM 24          MS. HENRY:  Your Honor, I was the attorney on the

09:34:27AM 25  state court case.  It was a motion for summary judgment.

09:34:30AM 1    It was a dispositive motion in state court.

09:34:33AM 2        THE COURT:  Thank you.  I think this is what I'm

09:34:38AM 3    going to do:  I'm going to have after this hearing --  My

09:34:44AM 4    share screen left.  After this hearing I'm going to have

09:34:48AM 5    my courtroom deputy send you this table without these

09:34:54AM 6    dates.  Again, these dates are from another case.  I will

09:34:59AM 7    have my courtroom deputy send you this table, and then you

09:35:03AM 8    can modify it to also include a line -- or lines rather

09:35:07AM 9    for the single dispositive motion that the defendant

09:35:15AM 10    U.S. Bank has identified to correspond with the deadlines

09:35:21AM 11    for the motion for class certification.  And then the

09:35:24AM 12    response, reply, et cetera, include that in there.

09:35:32AM 13    And I want the parties, of course, to meet and confer

09:35:35AM 14    to come up with dates, when they think they would have the

09:35:39AM 15    discovery necessary to present those motions, when they

09:35:42AM 16    think that discovery will be completed by, come up with

09:35:44AM 17    dates, and then fill in the responses.  Hopefully the

09:35:49AM 18    parties can come to agreement with that.

09:35:52AM 19    If the parties cannot come to agreement on dates,

09:35:57AM 20    then, of course, file a joint status report that submits

09:36:03AM 21    from each side's perspective what they believe the correct

09:36:06AM 22    dates should be, I will review, and eventually I will just

09:36:11AM 23    pick dates that I think are appropriate given what the

09:36:13AM 24    parties have suggested.

09:36:15AM 25    But I am hoping the parties can come up with a

09:36:17AM 1  schedule that they agree with based on this table that I

09:36:21AM 2  have here.

09:36:23AM 3       But I'm not limiting discovery, because, again, I

09:36:26AM 4  think the parties should move forward with discovery.

09:36:29AM 5  It's not limited simply to the class issues.  Discovery is

09:36:33AM 6  available for all issues.

09:36:36AM 7       And once then we make decisions on that initial

09:36:39AM 8  discovery -- excuse me, the initial dispositive motion

09:36:44AM 9  that U.S. Bank wants to bring, and make a decision on the

09:36:48AM 10 class certification, once we do that we will then meet

09:36:51AM 11 again and finalize a final schedule for final dispositive

09:36:58AM 12 motions, pretrial dates and deadlines, and the trial date,

09:37:03AM 13 which hopefully won't be too far out, because most of the

09:37:06AM 14 discovery should have been done by now -- or by that point

09:37:09AM 15 in time.

09:37:11AM 16      Questions?  Questions on that?

09:37:16AM 17          MR. BORISON:  Your Honor, from the plaintiff, the

09:37:19AM 18 only question I have is, and it might help, I assume

09:37:22AM 19 whatever date the motions are due, that they would be the

09:37:26AM 20 same?  I anticipate the defendants coming back and saying,

09:37:31AM 21 well, they should file theirs before the class cert.  The

09:37:35AM 22 only thing I would ask is whether you anticipate that

09:37:39AM 23 deadline for motions would apply equally to both?

09:37:42AM 24          THE COURT:  Right now I am saying they apply

09:37:45AM 25 equally to both.  If the parties somehow think they can

09:37:49AM 1  reach agreement on a different date, I will leave that to

09:37:52AM 2  you to come up with an agreement.  If you can't come up

09:37:55AM 3  with an agreement on that then the issue is flagged, and I

09:37:57AM 4  will decide the motion at the same time basically.

09:38:00AM 5       Again, I think there may be some interplay there.  Of

09:38:02AM 6  course, we won't know until we see it.  There may be some

09:38:05AM 7  interplay about is this an appropriate plaintiff for the

09:38:08AM 8  class, whatever the class is proposed to be, if in fact

09:38:13AM 9  this motion for the defense is granted would that still be

09:38:18AM 10 an appropriate plaintiff.  That's why I think there is

09:38:21AM 11 some interplay there.

09:38:22AM 12      All right.  I will ask the parties to --  When do you

09:38:26AM 13 think you can meet and confer and get back to me with a

09:38:29AM 14 proposed schedule, and/or a joint status report that says

09:38:32AM 15 here is plaintiff's proposed schedule, and here are the

09:38:37AM 16 other parties' proposed schedules?  Three weeks?  I know

09:38:40AM 17 there are many of you so I don't know how easy it is for

09:38:43AM 18 all of you to get together.

09:38:45AM 19      MR. SHARTLE:  Your Honor, if you are willing to

09:38:47AM 20 give us three weeks, I think that would be great.  We

09:38:49AM 21 would appreciate it.

09:38:50AM 22      THE COURT:  Three-week deadline from today.  That

09:38:52AM 23 puts us out to February 16th.  You can meet and confer and

09:38:59AM 24 get us a joint agreed schedule.  If not, then your

09:39:03AM 25 competing schedules filed in one document, so I can look

09:39:07AM 1  at one document by February -- March 16th.

09:39:13AM 2            MR. SHARTLE:  Thank you, your Honor.

09:39:14AM 3            MR. ROSENBERG:  Thank you, your Honor.

09:39:15AM 4            THE COURT:  A couple of other issues I still want

09:39:17AM 5  to talk about.  Obviously, we put in there the deadline

09:39:20AM 6  for any additional parties, 30 days from today's date or

09:39:26AM 7  from entry of the order.  Also, 30 days for amended

09:39:28AM 8  pleadings.  Initial disclosures, apparently have been done

09:39:33AM 9  already.

09:39:34AM 10       ESI, there was a suggestion from one side -- maybe

09:39:43AM 11 one individual defendant, I'm not sure if it was all

09:39:45AM 12 defendants, on a proposed ESI agreement.  My default is

09:39:53AM 13 I'm not going to be here trying to wordsmith the ESI

09:39:56AM 14 agreement.  Unfortunately --  I know the one defendant at

09:40:00AM 15 least has some thoughts on how that agreement should look

09:40:03AM 16 like.  The reality is, I'm just not going to wordsmith it.

09:40:07AM 17 My default is the Court's model agreement.  And it is my

09:40:12AM 18 hope that either the parties can agree to the model

09:40:15AM 19 agreement and/or modifications to it somehow.  If not,

09:40:21AM 20 then I'm just going to default to the model agreement,

09:40:24AM 21 quite frankly.

09:40:25AM 22       But I do want the parties to meet and confer and see

09:40:27AM 23 if there are certain modifications to the model agreement

09:40:32AM 24 that they can agree on.  So as part of this deadline in

09:40:34AM 25 three weeks, I will also want you to submit either an

09:40:37AM 1    agreed ESI agreement, or if you don't have one, then I

09:40:43AM 2    expect at least one party to submit the model agreement,

09:40:46AM 3    which I will likely then enter at that point in time.

09:40:50AM 4        So, again, hopefully you can meet and confer and come

09:40:53AM 5    up with an agreement to modify the model agreement.  But

09:40:57AM 6    if not, then I expect at least one party to give me the

09:41:00AM 7    model agreement filled out with the proper action and all

09:41:02AM 8    that.  And then I will just enter that if the parties

09:41:08AM 9    can't agree to modifications to it.

09:41:10AM 10        MR. ROSENBERG:  Your Honor, Marc Rosenberg here.

09:41:12AM 11   I am not anticipating this will sway anything, but I have

09:41:20AM 12   certain objections to the current model ESI protocol which

09:41:24AM 13   was adopted by the court prior to the Zubulake cases and

09:41:28AM 14   prior to the Supreme Court's overhaul of the civil rules

09:41:31AM 15   in regard to the amount of discovery that can be done.

09:41:36AM 16        In my opinion, which of course doesn't control here,

09:41:41AM 17   yours does, the model ESI agreement could use an overhaul.

09:41:49AM 18   I don't think it's the best format.  I have successfully

09:41:53AM 19   used many different agreements with parties rather than

09:41:58AM 20   the ESI protocol.  It's my hope that we can do that here,

09:42:04AM 21   as well.

09:42:05AM 22        THE COURT:  My only comment on that is our local

09:42:08AM 23   civil rules committee from our local Federal Bar

09:42:13AM 24   Association just reviewed the model agreement and made

09:42:15AM 25   changes to it within the last three months, I think.

09:42:19AM 1          MR. ROSENBERG:  Oh.

09:42:20AM 2          THE COURT:  Not that it would be major changes

09:42:24AM 3  that would address all of your concerns, quite frankly.

09:42:27AM 4  They looked at it, and they said, we think this is the

09:42:30AM 5  latest and greatest that we can propose at this time.  We

09:42:34AM 6  are going with it unless, again, the parties think you can

09:42:39AM 7  change it somehow and agree to it.  By all means, go ahead

09:42:42AM 8  and agree to it.  I'm just not going to try to wordsmith

09:42:46AM 9  it.

09:42:47AM 10          I'm not as smart as the committee that was reviewing

09:42:50AM 11  it.  I know some of you individuals probably have your

09:42:54AM 12  thoughts on why and how it could be tweaked.  I don't feel

09:42:58AM 13  I'm in a position to really do that at this point in time.

09:43:01AM 14          MR. ROSENBERG:  Thank you, your Honor.

09:43:03AM 15          THE COURT:  Thank you.  All right.  Privileged

09:43:08AM 16  documents, I know there are going to be some issues that

09:43:11AM 17  were raised in the joint status report that was filed here

09:43:13AM 18  about privilege, especially because one of the defendants

09:43:16AM 19  is a law firm and, actually, they will have some arguments

09:43:19AM 20  about communications that possibly are privileged.

09:43:26AM 21          All I'm going to say to that is, I'm not going to

09:43:28AM 22  enter any type of order that says there is a blanket

09:43:31AM 23  waiver if there is not compliance with the rules.  I think

09:43:34AM 24  the rules -- Rule 26(b)(5) talks about what needs to be

09:43:40AM 25  provided in a priv log.  I will also say caselaw, if I'm

09:43:47AM 1    not mistaken, says, hey, to the extent the parties are

09:43:48AM 2    claiming it is privileged, it is their burden to make sure

09:43:51AM 3    they put forth information to confirm or for the Court at

09:43:55AM 4    least to evaluate and make a determination as to whether

09:43:58AM 5    it is in fact privilege communication or work product.

09:44:02AM 6         So to the extent you are not able to submit and

09:44:07AM 7    support the privilege basis, then that's going to be up to

09:44:12AM 8    you.  That means your log better be complete, and it

09:44:17AM 9    better comply with the rule.  Because if you have not

09:44:19AM 10   completed it and it is not in compliance with the rule, it

09:44:22AM 11   is very easy for me afterwards to say, you didn't meet the

09:44:25AM 12   rule -- you didn't meet your burden of proving it was

09:44:27AM 13   privileged, and it has been waived at that point.  I will

09:44:30AM 14   just --  I am just putting you on notice, make sure you

09:44:33AM 15   comply with the rule.

09:44:34AM 16        But I am not going to enter an order at this point

09:44:36AM 17   saying, if there is noncompliance it is automatically

09:44:40AM 18   waived.  I will have to look at it on a case-by-case

09:44:43AM 19   basis, frankly.  You are on notice.  You better make sure

09:44:46AM 20   you are supporting the basis for why you are claiming it

09:44:48AM 21   is privileged with all the information necessary to comply

09:44:51AM 22   with the rule.  Because if it comes in front of me, again,

09:44:54AM 23   I'm going to say, one way or the other, either it meets

09:44:57AM 24   the rule and it is privileged or it doesn't meet the rule

09:45:00AM 25   and you failed to provide enough information to support

09:45:02AM 1    it, so now it has been waived.  FYI.

09:45:07AM 2         With regard to objections, again, I know there were

09:45:13AM 3    some comments in there about objections.  I think a lot of

09:45:15AM 4    us just in general -- I think attorneys and judges alike,

09:45:20AM 5    we don't like those blanket objections, quite frankly.  I

09:45:23AM 6    don't know exactly what they do sometimes, because even

09:45:26AM 7    though they are blanket objections at the beginning, what

09:45:28AM 8    does that really mean, depending on what the individual

09:45:32AM 9    question or interrogatory may be or request may be?

09:45:35AM 10        Just make sure you follow the rules, both the

09:45:41AM 11   interrogatory rule and the request for production rule.

09:45:46AM 12   They must state -- your objections or grounds must be

09:45:49AM 13   stated with specificity.  So to the extent you are raising

09:45:53AM 14   objections, you should make sure it is specific as to why

09:45:57AM 15   that particular request is objected to.  Again, if this

09:46:03AM 16   comes up I will look at it, and if you haven't stated it

09:46:07AM 17   with specificity, your objection may be waived completely

09:46:11AM 18   at that point.

09:46:14AM 19        All right.  By way of background, my normal practice

09:46:21AM 20   is -- for discovery disputes, my normal practice is for

09:46:25AM 21   the parties to meet and confer and submit a joint

09:46:27AM 22   statement of what the dispute is, kind of summarize it,

09:46:33AM 23   and then tell me.  This way we can have a status hearing

09:46:36AM 24   and hopefully work through those issues.

09:46:38AM 25        I have found, in general terms, it is very helpful,

09:46:42AM 1   because it either narrowed down the issues or we are able

09:46:45AM 2   to resolve the issues by way of a status hearing.

09:46:49AM 3       With that said, I think this case is going to be a

09:46:51AM 4   little bit more complicated, especially when it comes to

09:46:55AM 5   the issues of possible privilege issues, and possibly some

09:47:01AM 6   other issues.  So I don't know if my standard discovery

09:47:06AM 7   process is going to work.

09:47:09AM 8       I think, though -- I guess I will hear from the

09:47:11AM 9   parties on this to see what they think, but I think I'm

09:47:14AM 10  going to bite on the suggestion that the parties should

09:47:18AM 11  use our Local Rule 37(a) as the means for resolving

09:47:25AM 12  discovery disputes.  This way it's a joint document and I

09:47:29AM 13  know the parties have met and conferred, they have

09:47:32AM 14  discussed with each other what their positions are, they

09:47:35AM 15  have laid it out in one document.  And then I can review

09:47:38AM 16  the motion in one document instead of getting five or six

09:47:41AM 17  motion -- not motions, but pleadings from each different

09:47:44AM 18  party, saying, here is why we think the other side is

09:47:47AM 19  wrong, et cetera.  I would rather have it in one document

09:47:52AM 20  so I am not having to cross-reference different parties'

09:47:55AM 21  perspectives in different documents.

09:47:58AM 22      My suggestion -- not my suggestion, I am going to

09:48:00AM 23  impose the 37(a) Local Rule requirement for any discovery

09:48:05AM 24  disputes.

09:48:09AM 25      I will hear comments on this, but I think my mind is

09:48:13AM 1 set. It is up to you if you want to comment.

09:48:19AM 2 MR. BORISON: No comment from the plaintiff's

09:48:22AM 3 end.

09:48:23AM 4 THE COURT: That will be the issue then with the

09:48:26AM 5 discovery disputes. You are required to use 37(a) as the

09:48:30AM 6 method of bringing those to the Court's attention for

09:48:33AM 7 resolution.

09:48:36AM 8 Those are the only issues that I kind of picked out.

09:48:40AM 9 Obviously, some of it has already been resolved by way of

09:48:44AM 10 asking me to come up with a schedule. Are there other

09:48:47AM 11 issues that the parties think we need to discuss before we

09:48:50AM 12 leave today?

09:48:55AM 13 MR. ROBINSON: Your Honor, this is Phillip

09:48:57AM 14 Robinson on behalf of the plaintiffs. You just raised the

09:48:59AM 15 thought in my head, when we are presenting the motions

09:49:03AM 16 later or other issues, is it your Honor's preference and

09:49:07AM 17 for ease of the Court if we present the exhibits in some

09:49:09AM 18 kind of combined appendix, and then the motion papers cite

09:49:13AM 19 to the appendix pages as opposed to filing a bunch of

09:49:17AM 20 separate exhibits?

09:49:18AM 21 THE COURT: Actually, I have not done that

09:49:21AM 22 before, I will be honest. But that sounds more feasible

09:49:24AM 23 in my mind, because you're right, there will be

09:49:26AM 24 individuals -- I am just thinking about some of my other

09:49:30AM 25 cases, where stuff is duplicative and unnecessary, because

09:49:34AM 1  one side has already submitted it or a different party

09:49:36AM 2  submitted it.

09:49:37AM 3  　　How has that worked in your practice that you have

09:49:40AM 4  seen?  Do the parties meet and confer ahead of time to

09:49:42AM 5  identify all documents that are cross-referenced?  How do

09:49:46AM 6  the parties work it out?

09:49:47AM 7  　　　　MR. ROBINSON:  Typically the parties try to work

09:49:50AM 8  it out.  But then wherever possible they can cite to what

09:49:53AM 9  is already in the record.  There is a case management

09:49:55AM 10  order I have from another case.  We can confer, along with

09:49:58AM 11  the Court's suggestion, and see if we can provide some

09:50:02AM 12  language to that that we are all in agreement.  I don't

09:50:05AM 13  think the defendants here disagree with trying to reduce

09:50:08AM 14  the amount of conflicting exhibits.

09:50:14AM 15  　　　　THE COURT:  I agree.  As part of your meet and

09:50:20AM 16  confer, please do discuss that procedure, see if you can

09:50:23AM 17  come up with some language that directs the parties on how

09:50:26AM 18  to submit exhibits when the motions come up.  This way

09:50:29AM 19  everybody is working off one set versus trying to

09:50:33AM 20  cross-reference the different parties' declaration, and

09:50:36AM 21  whatnot.  That would be very helpful I think to everybody.

09:50:39AM 22  　　　　MR. ROBINSON:  Thank you, your Honor.

09:50:42AM 23  　　　　THE COURT:  Any other issues that anyone thinks

09:50:45AM 24  we need to identify?

09:50:52AM 25  　　　　MR. BORISON:  Nothing else from plaintiff, your

09:50:54AM 1    Honor.

09:50:54AM 2            THE COURT:  I look forward to receiving no later

09:50:59AM 3    than three weeks the proposed schedule, and, likewise, in

09:51:03AM 4    receiving the ESI agreement or document.  We will get

09:51:10AM 5    those entered very soon thereafter.

09:51:13AM 6        Thank you, everyone, for being here.  I appreciate

09:51:15AM 7    your time.  I'm sure we will be discussing this case again

09:51:19AM 8    at some point here in the future.

09:51:22AM 9            MR. ROBINSON:  Thank you, your Honor.

09:51:27AM 10           MS. HENRY:  Thank you, your Honor.

09:51:29AM 11           MR. SHARTLE:  Thank you, your Honor.

        12                  (Proceedings concluded.)

        13

        14

        15

        16

        17

        18

        19

        20

        21

        22

        23

        24

        25

1    **C E R T I F I C A T E**

2

3

4       I, Barry Fanning, Official Court Reporter for the

5    United States District Court, Western District of

6    Washington, certify that the foregoing is a true and

7    correct transcript from the record of proceedings in the

8    above-entitled matter.

9

10

11

12    _____
      /s/ Barry Fanning
13    Barry Fanning, Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25